**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ABACUS GLOBAL MANAGEMENT, Inc., a corporation

Plaintiff,

v.

Case No.: 6:25-cv-1401-RBD-RMN

COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual

Defendants.

---

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

### 1. Date and Attendees

| |
|---|
| The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1). |

The parties conducted the planning conference on Friday, August 22, 2025 via Zoom. Counsel for Plaintiff, Abacus Global Management, Inc. ("Abacus" or "Plaintiff"), Alex Zuckerman, Jason Sternberg, and Kathleen S. Messinger of Quinn Emanuel Urquhart & Sullivan, LLP and counsel for Defendants, Coventry First LLC ("Coventry") and Alan Buerger (individually, "Defendant" and collectively, "Defendants"), Andrew Levander, Michael McGinley, Eric Austander, and Brian Kulp of Dechert LLP and Glennys Ortega Rubin and Benjamin Elliott of Shutts & Bowen LLP attended the conference.

### 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 9/17/2025 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 11/17/2025 |
| Deadline to propound discovery, including any subpoena to third-party witnesses for deposition testimony or written discovery. | 3/23/2026 |
| Deadline for completing fact discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 6/1/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | |
| Plaintiff | 7/2/2026 |
| Defendant | 8/14/2026 |
| Rebuttal | 9/14/2026 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Mediator to be determined by the parties or court. | 10/15/2026 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 11/2/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 3/12/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 3/19/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 3/26/2027 |
| Month and year of the trial term. | 4/2027 |

The trial will last approximately 2-3 weeks and be

☒ jury.

☐ non-jury.

**3. Description of the Action**

Plaintiff's Description: This is a commercial defamation and business tort action arising from Defendants' systematic campaign to damage Plaintiff's reputation and business through false or misleading statements. Plaintiff, a publicly-traded company that specializes in alternative assets including life settlements, alleges that Defendants, a competitor and its chairman, orchestrated a coordinated effort to disseminate false or misleading information about Plaintiff's business practices (including that Plaintiff only/primarily used a particular life expectancy ("LE") provider) and valuation methodologies, culminating in the publication of false or misleading statements to investors or potential investors, federal and state regulators, life insurance brokers or agents, customers or clients, potential customers or clients, and other key stakeholders in the life insurance industry.

The case involves claims for defamation, defamation per se, defamation by implication, violation of Florida's Deceptive and Unfair Trade Practices Act, and tortious interference with business relations. Defendants' conduct has caused extensive reputational harm and financial injury to Plaintiff.

Defendants' Description: Plaintiff, a public company operating in the life settlement market, brings unsubstantiated and meritless claims for defamation and related business torts against one of its competitors, a private company, and that competitor's chairman, for alleged statements concerning Plaintiff's valuation and business practices. Plaintiff's claims are an attempt to muzzle competitors and others that have expressed their protected opinions—and highlighted true facts—about Plaintiff's business and its relationship with a now-defunct life expectancy provider, Lapetus Solutions, Inc.

**4. Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6. Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss entry of a protective order.

## 8. Discovery Practice

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☒ No; instead, the parties agree to these changes: the due date for the parties' mutual exchange of initial disclosures is extended to September 17, 2025.

B. Discovery may be needed on these subjects:*

Plaintiff's Proposed Subjects:

- Defendants' role, participation, and/or financial contribution towards the preparation or dissemination of the Morpheus Short Reports published on June 4, 2025 and June 12, 2025.

- Defendants' factual basis (if any) for the statements within the Morpheus Short Reports about Abacus or Lapetus Solutions, Inc. ("Lapetus"), or knowledge that the statements were false, among other things.

- Buerger's statements (1) about Abacus, Lapetus, and Lapetus's CEO, Dr. Jay Olshansky, given at the 2024 LISA Conference or (2) contained in the Tegus Interview, or knowledge that the statements were false, among other things.

- The studies commissioned and/or published by Defendants about Lapetus, and the subsequent press releases issued by Coventry related to the same, or Defendants' own internal analysis or evaluation of Lapetus.

- Defendants' relationship with and to Lapetus and/or Dr. Olshansky, including Coventry's use of Lapetus as an LE provider.

- Defendants' relationship and business practices with and to LE providers and/or life settlement brokers other than Lapetus, as identified in Plaintiff's complaint.

- Defendants' communications about Abacus to, among others, (1) federal and state regulators, (2) Abacus's auditor, Grant

* The parties do not agree that each side's respective Proposed Subjects are relevant to the claims and defenses in this action, and the parties accordingly reserve their right to object to specific discovery requests as appropriate.

Thornton, (3) stock analysts, including TD Securities, (4) Abacus's investors and potential investors or clients or customers or potential clients or customers, (5) life insurance brokers or agents, and (6) media platforms including but not limited to Morpheus Research, Hindenburg Research, Nate Anderson, Donna Horowitz, or the Deal.

- Coventry's own valuation methodology and any valuation reports either internally prepared or prepared by third parties and/or similar business or financial records pertaining to Coventry's financial performance and/or its valuation process.

- Coventry's market share historically, both before and after the public listing of Abacus stock.

Defendants' Proposed Subjects:

- All alleged statements by Defendants described in the complaint, including Plaintiff's analysis of, or communications concerning, the statements.

- Plaintiff's business practices and those of its affiliates, including practices concerning life expectancies, acquisitions of or by related parties, investment funds, or relevant third parties.

- Plaintiff's communications concerning its business practices, affiliates, and related parties, including, without limitation, communications with regulators.

- Plaintiff's relationship and interactions with or concerning Lapetus and other LE providers.

- Plaintiff's relationship, transactions, and interactions with or concerning Carlisle Asset Management.

- Plaintiff's valuation of life settlement policies, including Lapetus's role in calculating life expectancies.

- Plaintiff's valuation process, including the use of the "fair value method" versus the net present value (NPV) methodology used in Plaintiff's Life Settlement Calculator.

- Calculation of life settlement policy values for Plaintiff's financial statements, including discovery of assumptions and factors underlying those financial statements.

- Audits and accounting records concerning Plaintiff and its affiliates.

- Independent assessments and audits of Plaintiff's LE providers.

- Analyst reports, notes, or communications discussing Plaintiff's pricing, financial statements, or stock performance.

- Analysis of any studies commissioned by Coventry.

- Plaintiff's status as a public figure, including its advertising and public relations efforts.

- Alleged market impact, reputational damage, or any drop in stock price traceable to Defendants' statements.

- Plaintiff's communications with shareholders, customers, investors, potential investors, analysts, or regulators about Defendants' statements or the alleged harm caused by such statements.

- Existence of any intervening events or third-party actions that may have contributed to Plaintiff's alleged harm.

- Efforts undertaken (or not undertaken) by Plaintiff to mitigate any asserted damages.

- Alternative reasons for any drop in Plaintiff's market valuation, distinct from Defendants' alleged statements or conduct.

- Facts and communications regarding Plaintiff's reputation and position in the marketplace.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; .

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐No.
☒ Yes; the parties intend to seek early discovery from third-parties with relevant ESI in their possession to protect against the spoliation of that information.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.
☒ Yes; 20 depositions per side; 50 interrogatories per side.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, .

☐ unilaterally requests special handling. Specifically, .

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

*/s/ Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar. No. 72887)
jasonsternberg@quinnemanuel.com
David M. Walsh (Fla. Bar No. 1048823)
davidwalsh@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice* )
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

*Attorneys for Plaintiff Abacus Global Management, Inc.*

*/s/ Andrew J. Levander*

**DECHERT LLP**
Andrew J. Levander (*pro hac vice*)
andrew.levander@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500

Michael H. McGinley (*pro hac vice*)
michael.mcginley@dechert.com

Brian A. Kulp (*pro hac vice*)
brian.kulp@dechert.com
Cira Centre
2929 Arch Street Philadelphia, PA 19104
(215) 994-4000

Eric Auslander (*pro hac vice*)
eric.auslander@dechert.com
1900 K Street NW
Washington, DC 20006
(202) 261-3300

**SHUTTS & BOWEN LLP**
Alfred J. Bennington, Jr.
bbenington@shutts.com
Benjamin F. Elliott
belliott@shutts.com
Glennys Ortega Rubin
grubin@shutts.com
300 South Orange Ave.
Suite 1600
Orlando, FL 32801
(407) 423-3200

*Attorneys for Defendants Coventry First LLC and Alan Buerger*