**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br>Plaintiff,<br>v.<br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br>Defendants. | Civil Action No. 6:25-cv-01401-RBD-RMN |

**DEFENDANTS' AGREED TIME-SENSITIVE MOTION FOR EXTENSION TO RESPOND TO FAC AND LEAVE TO EXCEED PAGE LIMITS AS TO MOTION TO DISMISS FAC**

Defendants Coventry First LLC and Alan Buerger, by and through their undersigned counsel and for good cause, hereby move for an extension of the deadline to respond to Plaintiff Abacus Global Management, Inc.'s ("Abacus") *First Amended Complaint* (ECF 38) ("FAC"). Specifically, Defendants seek an extension from October 2, 2025 to October 14, 2025. In addition, Defendants request an additional five (5) pages for their Motion to Dismiss, so that they may fully and adequately address the allegations and claims in Abacus's expanded 80-page pleading. Abacus consents to both the requested time extension and request for additional pages.

Pursuant to Local Rule 3.01(e), Defendants state that they seek time-sensitive relief as the present deadline to respond to the FAC is October 2, 2025. As such, prompt resolution of this matter is needed so that Defendants may be appropriately guided in preparing their response before expiration of the current deadline. Accordingly, Defendants request a ruling on this Motion by September 29, 2025.

## I. LEGAL STANDARD

"When an act may or must be done within a specified time, the court may, for good cause, extend the time" where the request is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013).

Local Rule 3.01(a) permits a party to seek leave to exceed the page limit set forth therein. Further, this Court has the authority and discretion to control its docket. *See, e.g.*, *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 366 (M.D. Fla. 2013).

## II. ARGUMENT

The present deadline to respond to the FAC is October 2, 2025. *See* Fed. R. Civ. P. 15(a)(3). In drafting their response, Defendants have determined that they cannot meet this 14-day deadline despite their due diligence. The FAC asserts five claims across 252 paragraphs of allegations. And it challenges over a dozen separate statements as defamatory, while adding claims for violation of the Florida Deceptive and Unfair Trade Practices Act and tortious interference with business relations.

Defendants require additional time to analyze these allegations—many of which are new—and to formulate a response. The requested extension will permit Defendants to appropriately do so in light of counsel's other obligations, including attending to discovery matters in this case, and it will further help to accommodate a pre-existing vacation schedule of Coventry's general counsel. Defendants have good cause for the requested extension as they cannot, despite their due diligence, address

the expansive issues in the FAC within the current time frame.

The Court should also grant leave to file five (5) excess pages for Defendants' motion to dismiss, as it did before. *See* ECF 30. Abacus added dozens of paragraphs to what was already a sprawling multi-count complaint. In addition, these allegations address a complex and nuanced industry and discuss the various business practices of Abacus, Defendants, and third parties. While Defendants will endeavor to meet the standard 25-page limit, they will likely require additional space to provide the Court with the explanation necessary to respond to Abacus's lengthy pleading.

WHEREFORE, Defendants request that this Court enter an Order extending the time for Defendants to respond to the FAC until October 14, 2025, and enlarging the page limit of Defendants' forthcoming motion to dismiss the FAC by five (5) additional pages, for a total of thirty (30) pages (not inclusive of exhibits).

**LOCAL RULE 3.01(g) CONFERRAL**

Defendants' Counsel conferred with Abacus's counsel via email on September 25, 2025, and Abacus does not oppose and agrees to the relief sought herein.

Dated: September 26, 2025

Respectfully submitted,

*/s/ Andrew J. Levander*

MICHAEL H. MCGINLEY, ESQ.
(*pro hac vice*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
michael.mcginley@dechert.com

ANDREW J. LEVANDER, ESQ.
(*pro hac vice*)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
andrew.levander@dechert.com

*Counsel for Defendants Coventry First LLC and Alan Buerger*