**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br>Plaintiff,<br><br>v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br>Defendants. | Case No. 6:25-cv-01401-RBD-RMN |

**DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, WITH PREJUDICE**

Pursuant to Local Rule 3.01, Defendants Coventry First LLC and Alan Buerger (together, "Defendants") hereby move for leave to reply to Plaintiff Abacus Global Management, Inc.'s ("Abacus") Response in Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 51) ("Response"). A reply is necessary to address new issues raised by the Response (which exceeded the allotted page limit, pursuant to the Court's Order) (Dkt. 50), to correct false statements of law, and to aid the Court in resolving the Motion.

**ARGUMENT**

A reply is warranted upon a showing of good cause to rebut new law or facts in the Response and where it would aid resolution of a motion. *Tardif v. People for Ethical Treatment of Animals*, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011); *Goines v. Lee Mem'l Health Sys.*, 2018 WL 4383057, at *1 n.1 (M.D. Fla. Sept. 14, 2018).

The Response recasts Abacus's theory of the case. Abacus abandons many of the alleged defamatory statements in its Amended Complaint by not attempting to defend them. *Compare* Resp. at 6–7 & 11–12, *with* FAC ¶¶ 199, 214, 230. And Abacus now devotes inordinate attention to statements about its discount rates, Resp. at 11–12, which it did not identify as among the defamatory statements in Counts 1 through 3 of the Amended Complaint. *See* FAC ¶¶ 199, 214, 230. A reply would explain that this protean approach exacerbates the problem with Abacus's shotgun pleading.

In addition, Abacus now rests its Florida Deceptive and Unfair Trade Practice Act ("FDUTPA") claim on an alleged "smear campaign and destruction of Lapetus." Resp. at 20; *id.* at 8 ("Lapetus was collateral damage."). A reply would allow

Defendants to address Abacus's improper reliance on the alleged harm to Lapetus, which raises third-party standing problems.

As to Abacus's tortious-interference claim, the Response focuses on Abacus's alleged relationship with an unspecified credit union and abandons any claims related to Abacus's "business relationships with several large investors." *Compare* Resp. at 25, *with* FAC ¶ 247. That revised theory warrants reply as well.

The Response also raises many new and incorrect legal arguments. For instance, Abacus's cursory defense of its shotgun pleading suggests that *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1324 (11th Cir. 2015), provides safe harbor so long as "[t]he allegations of each count are not rolled into every successive count." Resp. at 9–10. That is wrong. Defendants thus seek an opportunity to provide the Court with appropriate authority in rebuttal. *See, e.g.*, *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018). Defendants also seek to highlight the significance of the Response's failure to deny that Abacus misused its pleadings as "a megaphone for public relations" to "rage against an adversary." *Trump v. N.Y. Times Co.*, __ F. Supp. 3d __, 2025 WL 2680597, at *1–2 (M.D. Fla. 2025).

Abacus's other new theories misstate basic legal principles and misconstrue case law not addressed in the Motion. For example, Abacus wrongly suggests that a truth defense cannot be resolved at the motion-to-dismiss stage. Resp. at 10 n.6. A reply would permit Defendants to point to Eleventh Circuit decisions—one issued just this week—holding otherwise. *See Trump v. CNN*, No. 23-14044, Slip Op. 6 (Nov. 18, 2025); *Turner v. Wells*, 879 F.3d 1254, 1262–63 (11th Cir. 2018). Abacus also raises

new arguments about the actual malice and public figure analysis. Resp. at 15–18. Those arguments ignore and contradict binding precedent, as would be demonstrated in reply. *See, e.g.*, *Silvester v. Am. Broadcasting Cos.*, 839 F.2d 1491, 1497 (11th Cir. 1988). And Abacus oddly argues that falsity is not required where a party is alleged to have "bad motives." Resp. at 13 n.7. A reply would explain how this argument does not accord with the First Amendment and binding precedent. *See Turner*, 879 F.3d at 1262.

As to Abacus's pruned tortious-interference claim, the Response represents that under *Total Mktg. Techs., Inc. v. Angel Medflight Worldwide Air Ambulance Servs., LLC*, 2012 WL 33150, at *3 (M.D. Fla. Jan. 6, 2012), Abacus need only allege a business relationship that "refers to a group of third parties narrower than the general population." Resp. at 25. But that language is nowhere to be found in the opinion and merits a reply that cites controlling case law.

Finally, Abacus seeks, in the alternative, leave to amend. Resp. at 25 n.12. But the Response cites no case law in support of this request, and Abacus has not provided any proposed amendments, as it is required to do. *Id.* Defendants seek the opportunity to explain why, under Eleventh Circuit precedent, Abacus has no grounds for filing a second amended complaint. *See Jackson*, 898 F.3d at 1358–59.

## CONCLUSION

Defendants respectfully request the Court grant this Motion and afford them leave to file a reply to the Response, not to exceed seven (7) pages in length, within seven (7) business days of the Court's order on this Motion.

**LOCAL RULE 3.01(g) CERTIFICATION**

Defendants certify that on November 19, 2025, counsel for Defendants conferred with counsel for Plaintiff, via telephone, regarding the relief sought herein. Plaintiff informed Defendants that it opposes this Motion.

Dated: November 20, 2025

Respectfully Submitted,

*/s/ Andrew J. Levander*

MICHAEL H. MCGINLEY (*pro hac vice*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

ALFRED J. BENNINGTON, JR.
GLENNYS ORTEGA RUBIN
BENJAMIN F. ELLIOTT
SHUTTS & BOWEN LLP
300 South Orange Ave.
Suite 1600
Orlando, FL 32801

ANDREW J. LEVANDER (*pro hac vice*)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
andrew.levander@dechert.com

ERIC AUSLANDER (*pro hac vice*)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006

*Counsel for Defendants Coventry First LLC and Alan Buerger*