**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ABACUS GLOBAL MANAGEMENT, INC., a corporation,

Plaintiff,

v.

COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,

Defendants.

Case No. 6:25-cv-01401

**DEFENDANTS' SHORT FORM[1] MOTION TO ENFORCE SUBPOENA AND COMPEL PRODUCTION OF DOCUMENTS**

Abacus Global Management, Inc. ("Plaintiff") asserts the "core claim" in this matter is whether Plaintiff "intentionally overvalue[s] the policies it buys and sells." *First Am. Compl.*, ¶ 6 [Dkt. 38]. Plaintiff declares that "Abacus's auditor…has approved Abacus's valuation methodology quarter after quarter…" Dkt. 51, pp. 2-3. Accordingly, Plaintiff placed its auditor Grant Thornton, LLP ("GT") in the middle of this litigation. Defendants seek documents via subpoena ("Subpoena") (**Composite Exhibit A**) from GT related to GT's audit of Plaintiff.

Initially, GT's objections ("Objections") (**Exhibit B**) are defective. Objections must be specific to individual requests rather than blanket objections. *See Nat'l Staffing Sols., Inc. v. Sanchez*, No: 6:21-cv-1590-PGB-LHP, 2022 WL 19354640, at *3 (M.D. Fla. Sept. 12, 2022). The Court should overrule GT's generic objections.

[1] Pursuant to the Court's *Order on Short-Form Discovery Motions* available at: https://www.flmd.uscourts.gov/sites/flmd/files/judges/forms/flmd-norway-order-on-short-form-discovery-motions.pdf.

Nevertheless, the Objections are substantively defective. First, *Plaintiff put GT's audit at issue* stating "Abacus's financial statements and internal controls over its financial reporting have been found in compliance with…GAAP…by a respected public company auditor, Grant Thornton, in every annual audit since the Company's inception." *First Am. Compl.*, ¶ 11; *see also id.* ¶¶ 8, 76, 114, 115, 146(d). Plaintiff's reliance on GT overcomes the generic breadth, burden, and proportionality objections. *See* Objections, Nos. 1, 2, 4, 5.

Second, contention that materials are available from Plaintiff; Objection, No. 3; mischaracterizes the requests. Defendants seek GT's internal records not available from Plaintiff. Moreover, Defendant *has* sought Plaintiff's records related to GT but Plaintiff has presently not committed to produce responsive materials it may also possess.

Third, GT's confidentiality objection fails. Objections, No. 7. The Parties executed a confidentiality agreement which GT may employ. **Exhibit C**, ¶ 9. Moreover, confidentiality concerns cannot block discovery. *See Byron v. Avant Healthcare Professionals, LLC,* No: 6:23-cv-1645-JSS-LHP, 2024 WL 4818494, at *4 (M.D. Fla. Nov. 18, 2024).

Fourth, GT's privilege claim fails. Objections, No. 6. There is no federal accountant-client privilege. *See Matter of Int'l Horizons, Inc.*, 689 F.2d 996, 1004 (11th Cir. 1982). State law accountant privilege would not apply to an *independent auditor* like GT. *United States v. Arthur Young & Co.*, 465 U.S. 805, 817 (1984) ("[T]he

independent auditor assumes a public responsibility transcending any employment relationship with the client); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. KPMG Peat Marwick*, 742 So. 2d 328, 331 (Fla. Dist. Ct. App. 1999), *approved*, 765 So. 2d 36 (Fla. 2000) (Accounting malpractice claim assignable because independent auditor lacked relationship akin to attorney). Indeed, disclosure of attorney communication to an independent auditor destroys privilege. *Colonial BancGroup Inc. v. PriceWaterhouseCoopers LLP*, No. 2:11-CV-746-BJR, 2016 WL 9711528, at *2 (M.D. Ala. June 24, 2016). Moreover, privileges are regularly set aside when—like here—plaintiff puts the supposedly protected topics at issue. *See e.g. Scheff v. Mayo,* 645 So. 2d 181, 182 (Fla. Dist. Ct. App. 1994) (No psychotherapist privilege where mental state at-issue).

Fifth, the Objections fail to indicate the specifics of any cost-shifting measure.

WHEREFORE, the Court should overrule the Objections and compel production of responsive documents.

**CERTIFICATE OF GOOD FAITH CONFERRAL**

Counsel for defendants conferred with counsel for Grant Thornton via telephone on October 28, 2025 in regard to Grant Thornton's response to the aforementioned subpoena. Thereafter, Counsel for both parties continued conferral via email on October 31 and November 3, 6, 10, 11, 13, 18, 20, and 21. Despite such efforts, the parties were unable to resolve the above-referenced issues.

Respectfully submitted,

Dated: November 25, 2025

*/s/ Alfred J. Bennington, Jr.*
ALFRED J. BENNINGTON, JR., ESQ.
GLENNYS ORTEGA RUBIN, ESQ.
BENJAMIN F. ELLIOTT, ESQ.
SHUTTS & BOWEN LLP
300 South Orange Ave.
Suite 1600
Orlando, FL 32801
Telephone: (407) 423-3200
Facsimile: (407) 425-8316
bbenington@shutts.com
grubin@shutts.com
belliott@shutts.com

*Counsel for Defendants Coventry First LLC and Alan Buerger*