FALKENBERG IVES LLP

**THOMAS F. FALKENBERG**
DIRECT: (312) 566-4801
FAX: (312) 566-4810
TFF@FALKENBERGIVES.COM

**VIA EMAIL**

October 14, 2025

Alfred J. Bennington, Jr.
Shutts & Bowen, LLP
300 S. Orange Ave., Ste. 1600
Orlando, FL 32801
Bbennington2shutts.com

**Re: Abacus Global Management v. Coventry First**

Dear Bud,

I write regarding the Subpoena addressed to Grant Thornton LLP ("Grant Thornton") in the above-referenced matter (the "Action"). Although I remain willing to discuss the Subpoena, please be advised that pending our discussions, Grant Thornton objects to the Subpoena for the reasons detailed below and reserves all rights relating to this matter, including but not limited to the right to move to quash the Subpoena and/or seek a protective order.

Pursuant to Fed.R.Civ.P. 45, and other governing rules and case law (the "applicable Rules"), Grant Thornton's objections to the Subpoena are as follows:

1. Grant Thornton objects to the Subpoena to the extent that it is overly broad, unduly burdensome, oppressive, cumulative, or duplicative, including to the extent the Requests contained therein seek "all documents" concerning broad subject matters referenced in the Subpoena. For instance, the first request in essence seeks any and all documents of any kind relating to the audits Grant Thornton was retained to perform, without any attempt at all to narrow what is actually needed based on the Action. If and when Grant Thornton produces documents, Grant Thornton will conduct document searches within reasonable limits, directed at those custodians and files most likely to have responsive documents.

2. Grant Thornton objects to the Subpoena to the extent that it calls for information that is not relevant to the Action or that is not reasonably calculated to lead to the discovery of admissible evidence. In addition to the above, requests 12 and 13 seek Grant Thornton's internal policies and procedures, yet it is not a party in this Action and these requests go way beyond what is at issue in the Action.

3. Grant Thornton objects to the Subpoena to the extent that it seeks information available from the parties to the Action, such that Grant Thornton, a non-party to the Action, should not be put through the time and expense of producing documents where the parties could obtain the information from each other or from their own files.



EXHIBIT B

4. Grant Thornton objects to the Subpoena to the extent that it purports to impose an obligation to preserve and/or produce any documents or information that is newly created or received after the receipt of the Subpoena because efforts to preserve and/or produce such documents or information would interfere unduly with the performance of ongoing professional services and also would impose an undue burden and require an unreasonable expense, which Grant Thornton, as a non-party to the Action, is not required to undertake.

5. Grant Thornton objects to the Subpoena to the extent that it purports to impose an obligation to produce emails on the ground that efforts to preserve and/or produce such documents would require an undue burden and unreasonable expense that Grant Thornton, a non-party to the Action, is not required to undertake.

6. Grant Thornton objects to the Subpoena to the extent that it purports to require the production of documents that are protected by the attorney-client privilege, the work product doctrine, the accountant-client privilege, or any other applicable privilege, rule, or duty of confidentiality which precludes or limits production or disclosure of information therein. Inadvertent disclosure of information subject to any privilege does not waive the privilege as to other information or documents regarding the same subject or content.

7. The Subpoena requests confidential information of Grant Thornton and of its clients. Therefore, Grant Thornton objects to the Subpoena absent entry of a confidentiality order protecting the confidentiality of the documents. No documents will be produced absent a suitable confidentiality and protective order.

8. Grant Thornton objects to producing the materials sought by the Subpoena in the absence of your client's prior commitment to pay for all reasonable costs of production, including the cost of processing electronic documents.

For the reasons noted above, Grant Thornton will not produce any documents at this time. We would like to resolve our objections without burdening the court with motion practice. I look forward to discussing the Subpoena with you. In the meantime, please provide me with a copy of any confidentiality or protective order entered by the Court.

Very truly yours,

*/s/ Thomas F. Falkenberg*
Thomas F. Falkenberg