# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br>　　　　Petitioners,<br><br>v.<br><br>LAPETUS SOLUTIONS, INC.,<br>　　　　Third Party. | Misc. Case: No. 3:25-mc-00169 |
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br>　　　　Plaintiff,<br><br>v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br>　　　　Defendants. | Related Case: No. 25-cv-01401-RBD-RMN (M.D. Fla. 2025)<br><br>**CONSENT MOTION TO TRANSFER MOTION TO COMPEL DOCUMENTS RESPONSIVE TO SUBPOENA TO THIRD-PARTY LAPETUS SOLUTIONS, INC., TO MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION** |

Pursuant to Federal Rule of Civil Procedure 45(f), Defendants Coventry First LLC ("Coventry") and Alan Buerger ("Mr. Buerger") (together, "Defendants") move to transfer their Motion to Compel Documents Responsive to the Rule 45 Subpoena Issued to Third Party Lapetus Solutions, Inc. ("Lapetus"), ECF No. 1, to the Middle District of Florida, Orlando Division. Lapetus consents to transfer the Motion to Compel to the docket of the underlying litigation, *Abacus Global Management, Inc. v.*

1

*Coventry First LLC et al.*, No. 25-cv-01401-RBD-RMN (M.D. Fla. 2025), since such transfer would reduce the burden on Lapetus and promote judicial economy and efficient case management.

## CERTIFICATE OF GOOD FAITH CONFERRAL

On December 16, 2025, before filing the Motion to Compel, Counsel for Defendants met and conferred with counsel for Lapetus. Counsel for Lapetus consents to transferring the Motion to Compel to the Middle District of Florida, Orlando Division.

## CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's Local Standing Order related to the use of artificial intelligence platforms ("AI") in connection with the submission of briefs and other filings before this Court, *In Re: Use of Artificial Intelligence*, Case No. 3:24-mc-104 (W.D.N.C. June 18, 2024), Defendants certify as follows:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to any authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

## CERTIFICATE OF SERVICE

All counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of the Motion via electronic mail on December 19, 2025 through the Court's electronic filing system.

/s/ Eric Evans
Eric Evans
DECHERT LLP
300 South Tryon Street, Suite 800
Charlotte, NC, 28202

Michael H. McGinley (*pro hac vice forthcoming*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

*Counsel for Defendants Coventry First LLC and Alan Buerger*

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br>　　　　Petitioners,<br><br>v.<br><br>LAPETUS SOLUTIONS, INC.,<br>　　　　Third Party. | Misc. Case: No. 3:25-mc-00169 |
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br>　　　　Plaintiff,<br><br>v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br>　　　　Defendants. | Related Case: No. 25-cv-01401-RBD-RMN (M.D. Fla. 2025) |

**PROPOSED ORDER**

Upon consideration of Defendants' Motion to Transfer their Motion to Compel Documents Responsive to the Rule 45 Subpoena Issued to Third-Party Lapetus Solutions, Inc. ("Lapetus"), ECF No. 1, to the Middle District of Florida, Orlando Division, it is hereby **ORDERED** that the Motion to Transfer, ECF No. 2, is **GRANTED**. It is further **ORDERED** that Defendants' Motion to Compel, ECF No.

1

1, is **TRANSFERRED** to the Middle District of Florida, Orlando Division, as part of the underlying litigation in *Abacus Global Management, Inc. v. Coventry First LLC et al.*, No. 25-cv-01401-RBD-RMN (M.D. Fla. 2025).

**BY THE COURT:**

_____

2

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br>　　　　Petitioners,<br><br>v.<br><br>LAPETUS SOLUTIONS, INC.,<br>　　　　Third Party.<br><br>ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br>　　　　Plaintiff,<br><br>v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br>　　　　Defendants. | Misc. Case: No. 3:25-mc-00169<br><br><br><br><br><br>Related Case: No. 25-cv-01401-RBD-RMN (M.D. Fla. 2025)<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF CONSENT MOTION TO TRANSFER MOTION TO COMPEL DOCUMENTS RESPONSIVE TO SUBPOENA TO THIRD-PARTY LAPETUS SOLUTIONS, INC., TO MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION** |

　　　　Defendants Coventry First LLC ("Coventry") and Alan Buerger ("Mr. Buerger") (together, "Defendants") request this Court transfer their Motion to Compel Documents Responsive to the Rule 45 Subpoena Issued to Third-Party Lapetus Solutions, Inc. ("Lapetus"), ECF No. 1, to the underlying litigation's docket in the

1

Middle District of Florida, Orlando Division. *See Abacus Global Management, Inc. v. Coventry First LLC et al.*, No. 25-cv-01401-RBD-RMN (M.D. Fla. 2025). Lapetus's consent to transfer, alone, warrants transfer under Federal Rule of Civil Procedure 45(f). Moreover, several exceptional circumstances for transfer exist.

Federal Rule of Civil Procedure 45 governs subpoenas issued to nonparties. Fed. R. Civ. P. 45. The underlying subpoena must be issued by the court where the underlying action is pending, Fed. R. Civ. P. 45(a)(2), but a motion to compel or a challenge to a subpoena "to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). However, the court of the district where compliance is sought may "transfer a motion . . . to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

Defendants and Lapetus met and conferred several times regarding Defendants' discovery requests. During the most recent conferral, Lapetus consented to transferring any forthcoming motion to compel to the issuing court in the Middle District of Florida, Orlando Division. Consistent with Federal Rule of Civil Procedure 37(a)(2), Defendants filed their Motion to Compel in this Court. *See* ECF No. 1. And consistent with Federal Rule of Civil Procedure 45(f), Defendants now seek to transfer their Motion to Compel to the docket in *Abacus Global Management, Inc. v. Coventry First LLC et al.*, No. 25-cv-01401-RBD-RMN (M.D. Fla. 2025).

Lapetus's consent, alone, is sufficient to warrant transfer. "'[T]he prime concern' animating" Rule 45(f) "is to avoid burdening 'local nonparties subject to

2

subpoenas.'" *Bogard Construction Inc. v. Oil Price Information Service, LLC*, 2022 WL 1213307, at *2 (D. Md. Apr. 25, 2022) (quoting Fed. R. Civ. P. 45, advisory comm. notes, 2013 amend., subdiv. (f)). Lapetus has consented to transferring the Motion, thus "obviat[ing] the need for such protections." *Bogard Construction Inc.*, 2022 WL 1213307, at *2. "This alone ends the matter" and justifies transfer. *Id.*; *see also Hall v. Marriott Int'l Inc.*, 2021 WL 3129598, at *2 (N.D. Cal. July 23, 2021) ("Rule 45(f) presents no bar to transfer the motion to enforce compliance [with nonparty subpoena] back to the issuing court, and [the nonparty's] proactive consent to the transfer provides sufficient grounds . . . to grant [the] motion to transfer.").

The Motion should also be transferred for the independent reason that several exceptional circumstances for transfer exist under Federal Rule of Civil Procedure 45(f), as recognized in Fourth Circuit case law. *First*, transfer would promote the goals of judicial economy, efficient case management, and the administration of justice. *See Grupo Petrotemex S.A. de C.V. v. Polymetrix AG*, 2019 WL 7000080, at *2 (W.D.N.C. Dec. 20, 2019) (noting that these policy goals were best served by transfer to the issuing court). The Middle District of Florida is already familiar with the complex and fact-intensive issues in the underlying litigation, many of which are squarely presented in Defendants' Motion to Compel.

*Second*, and relatedly, courts find exceptional circumstances where "transfer would prevent disrupting the issuing court's management of the underlying litigation." *In re Bayer Cropscience in Civ. Action No. 5:14-CV-117*, 2016 WL 7429201, at *3 (E.D.N.C. June 14, 2016) (citing Fed. R. Civ. P. 45, advisory comm. notes, 2013

3

amend., subdiv. (f)).  The Middle District of Florida has thus far managed all discovery matters in this complex litigation.

*Finally*, exceptional circumstances are found where, as here, "the issuing court is already coordinating discovery for the underlying litigation and has issued subpoenas to parties in various districts that will likely inspire third parties to raise the same issues." *In re Bayer*, 2016 WL 7429201, at *3 (citing *In re Niaspan Antitrust Litig.*, 2015 WL 3407543, at *1 (D. Md. May 26, 2015)).  Indeed, the parties have issued various third-party subpoenas thus far, and the subpoena to Lapetus raises issues overlapping with many of those other subpoenas.

## CONCLUSION

In sum, Lapetus's consent to transfer to the Middle District of Florida is enough to warrant transfer under Federal Rule of Civil Procedure 45(f).  And for good measure, several exceptional circumstances exist that further support transfer.  Defendants therefore request this Court transfer Defendants' Motion to Compel, ECF No. 1, to the underlying litigation's docket in the Middle District of Florida, Orlando Division.  *See Abacus Global Management, Inc. v. Coventry First LLC et al.*, No. 25-cv-01401-RBD-RMN (M.D. Fla. 2025).

Dated: December 19, 2025     Respectfully Submitted,

*/s/ Eric Evans*
Eric Evans
DECHERT LLP
300 South Tryon Street, Suite 800
Charlotte, NC, 28202

Michael H. McGinley (*pro hac vice forthcoming*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

*Counsel for Defendants Coventry First LLC and Alan Buerger*