**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br><br>Defendants. | Case No.: 6:25-cv-01401-RBD-RMN |

**PLAINTIFF'S FIRST SHORT FORM MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS**

Pursuant to Fed. R. Civ. P. 37, Plaintiff moves to compel Defendants to produce documents in response to Plaintiff's First Requests for Production Nos. 29–31 (Coventry) and 30–32 (Buerger) (collectively, "Requests"). Defs.' R&Os (**Exh. A**).

Defendants refuse to produce communications with government entities relating to (1) Lapetus; (2) the Defamatory Statements[1]; and (3) Coventry's Office of Insurance Regulation Writ. Defendants assert (a) a potential qualified privilege against liability that does not bar discovery and (b) an investigatory privilege that is only the government's to invoke.

[1] Defined in Plaintiff's 10/24/2025 Letter (**Exh. B** at 5–6).

The Parties exchanged seven letters and conferred via Zoom four times without resolution. *See* Pl.'s 10/24/2025 Ltr. (**Exh. B** at 6–7); Pl.'s 11/17/2025 Ltr. (**Exh. C** at 8–9); Defs.' 11/26/2025 (**Exh. D** at 3–4); Pl.'s 12/12/2025 Ltr. (**Exh. E** at 3); Defs.' 12/23/2025 Ltr. (**Exh. F** at 4); Pl.'s 12/29/2025 Ltr. (**Exh. G** at 3); Defs.' 1/3/2026 Ltr. (**Exh. H** at 6).[2]

Defendants' objections fail. ***First***, the *Noerr-Pennington* doctrine does not bar defamation claims or discovery into defamation claims. *Kinsman v. Winston*, 2015 WL 12839267, at *7 & n.9 (M.D. Fla. Sept. 15, 2015) (noting *Noerr-Pennington* "does not immunize petitioning activity consisting of false statements"); *Verbena Prods. LLC v. Pierre Fabre Dermo-Cosmetique USA, Inc.*, 2020 WL 2988587, at *6 (S.D. Fla. Feb. 28, 2020). Defendants' sole authority, *Nodar v. Galbreath*, 462 So. 2d 803 (Fla. 1984), addresses liability—not discovery. **Exh. D** at 3. Even assuming this affirmative defense to liability applied, Plaintiff would be entitled to discovery on that defense. *Life Ins. Settlement Ass'n, Inc. v. Fin. Rsch. Ass'n, LLC*, 2007 WL 3171305, at *1 (M.D. Fla. Oct. 25, 2007) (plaintiff need not "*disprove* Defendant's affirmative defense before ... obtain[ing] discovery on its own claim").

***Second***, the investigatory privilege belongs exclusively to the government, not private litigants. *See, e.g.*, Fla. Stat. § 626.989(5) (protecting

---

2 The Parties conferred on November 4, 5, 7, 2025 and January 5, 2026.

"the office's and the department's papers"); *White v. City of Fort Lauderdale*, 2009 WL 1298353, at *3–4 (S.D. Fla. May 8, 2009). Yet Defendants claim Plaintiff must obtain government approval to discover documents from a private party. **Exh. D** at 3–4. No rule or case supports this position.

***Third***, the documents are relevant because the FAC alleges Defendants made defamatory statements to regulators. FAC (Dkt. 38) ¶¶ 8, 116. And the communications bear on Defendants' state of mind—issues Defendants introduced by moving to dismiss on public figure grounds. *See* Dkt. 47 at 15–16; *Cable News Network, Inc. v. Black*, 308 So. 3d 997, 1001 (Fla. 4th DCA 2020) ("[A] plaintiff is entitled to prove the defendant's state of mind through circumstantial evidence") (citation modified)).

* * *

Plaintiff respectfully requests that the Court overrule Defendants' objections and compel production.

**<u>Local Rule 3.01(g) Certificate</u>**

Pursuant to Local Rule 3.01(g), I hereby certify that Plaintiff's counsel conferred with Defendants' counsel by letter, video conference, and email in advance of filing this motion. Defendants oppose the relief requested in this motion.

DATED: January 6, 2026

*/s/ Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
Osvaldo Rodriguez (Fla. Bar No. 1039307)
osvaldorodriguez@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Attorneys for Plaintiff Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 6, 2026, a true and correct copy of the foregoing document was electronically served via the CM/ECF system on all parties authorized to accept service by CM/ECF.

/s/ *Alex Zuckerman*
Alex Zuckerman