# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ABACUS GLOBAL MANAGEMENT, INC., a corporation,
Plaintiff,

v.

COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,
Defendants.

Case No. 6:25-cv-01401-RBD-RMN

**DEFENDANT ALAN BUERGER RESPONSES AND OBJECTIONS TO PLAINTIFF ABACUS GLOBAL MANAGEMENT, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and subject to its right to supplement these responses based on further investigation and discovery, Defendant Alan Buerger ("Mr. Buerger"), by and through his undersigned counsel, hereby makes the following responses and objections to Plaintiff Abacus Global Management, Inc.'s ("Abacus" or "You") First Set of Requests for Production of Documents (each a "Request").

Mr. Buerger reserves the right to produce additional documents or other evidence at any time, and to object on appropriate grounds to the introduction into evidence of any portion of its Responses or any documents that may be produced in response to the document Requests. The production of any given document pursuant to the document Requests is not an admission or acknowledgement by Mr. Buerger that such document is relevant to any claim or defense in this action. Mr. Buerger further reserves the right to contend at trial or in any other context or proceeding, in

this action or otherwise, that such document is inadmissible, irrelevant, immaterial, or not the proper basis for discovery; and is without prejudice to, or waiver of, any objection to any future use of such document that Mr. Buerger may choose to make. Mr. Buerger further reserves the right at any time to revise, correct, supplement, clarify and/or amend the responses and objections set forth herein.

**GENERAL OBJECTIONS**

Each of Mr. Buerger's responses herein, in addition to any specifically stated objection, is subject to and incorporates the following General Objections. These General Objections are incorporated by reference into each individual document Request response as if fully set forth therein, whether or not specifically stated in the individual response. Accordingly, the inclusion of any Specific Objection to a Request in any response below is neither intended as, nor shall in any way be deemed, a waiver of any General Objection or of any other Specific Objection made herein or that may be asserted at a later date. All of Mr. Buerger's Responses and Objections are stated to the best of Mr. Buerger's knowledge based on the information currently known to Mr. Buerger regarding the scope of documents and communications that exist and may be response to these Requests.

1. Mr. Buerger objects to all Definitions, Instructions, Relevant Time Periods, and Requests that purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States Court for the Middle District of Florida, or any other applicable law, rule, or Order entered by the Court.

2. Mr. Buerger objects to each Request to the extent it seeks the production of documents from sources that are not reasonably accessible because of undue burden or cost.

3. Mr. Buerger objects to each Request to the extent it contains requests for documents that are overlapping, cumulative, or duplicative of other Request(s).

4. Mr. Buerger objects to each Request to the extent it calls for the production of documents already in possession of the Plaintiff, or otherwise available from public sources or documents that are on file with the Court or that could be obtained from other sources that are more convenient, efficient, and less burdensome or expensive than obtaining the same information from Mr. Buerger.

5. Mr. Buerger objects to each Request to the extent it seeks information and calls for documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, government privileges, and/or any other applicable privilege, immunity, or protection from discovery. Any inadvertent disclosure of any information or documents protected by such privileges shall not be deemed or construed as a waiver of any privilege, immunity, protection, or right of Mr. Buerger, and Mr. Buerger reserves its right to demand that Plaintiff return to Mr. Buerger or destroy any such documents and all copies thereof.

6. Mr. Buerger objects to each Request that seeks the disclosure of any trade secrets or any proprietary or non-public information of a commercially or financially sensitive nature. Mr. Buerger's business practices are not at issue in this action. Similarly, Mr. Buerger objects to each Request that seeks the disclosure of personally

identifiable information and personal health information. In responding to each Request, Mr. Buerger will only provide information or documents that are relevant to the subject matter of this action and proportional to the needs of this case. Furthermore, any such information or documents shall be produced subject to the terms of an agreement between the parties concerning the protection of confidential information.

7. Mr. Buerger objects to each Request to the extent it requires Mr. Buerger to create documents that are not already in existence or that do not exist in a format specified by Plaintiff.

8. Mr. Buerger objects to each Request that calls for the production of documents not presently in its possession but in the possession of third parties or separate legal entities. Mr. Buerger will only search for and produce documents that are reasonably accessible and within Mr. Buerger's possession, custody, and control.

9. Mr. Buerger objects to Definition No. 3 ("Complaint") as it fails to differentiate between the original, inoperative Complaint and the First Amended Complaint.

10. Mr. Buerger objects to Definition No. 6 ("Coventry Studies") as it is overbroad and overinclusive to the extent it seeks "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint.

11. Mr. Buerger objects to Definition No. 7 ("Defamatory Statements") as ambiguous, as it references an inoperative complaint. Mr. Buerger further objects to Definition No. 7 as ambiguous as the Counts referenced in the inoperative complaint fail to define the universe of alleged defamatory statements. Accordingly, Mr. Buerger will interpret "Defamatory Statements" to include only those listed in Counts I-III of the First Amended Complaint.

12. Mr. Buerger objects to Instruction No. 4, which purports to require Mr. Buerger to produce each document without redactions. Mr. Buerger reserves the right to redact materials that are privileged, subject to confidentiality obligations under data privacy laws and regulations, or which contain trade secrets or any proprietary or non-public information of a commercial, financial, or personal nature.

13. Mr. Buerger objects to Instruction Nos. 6 and 7, which purport to govern how documents are to be produced, to the extent they require Mr. Buerger to produce any information in a way other than how such information is maintained in the ordinary course of business. Mr. Buerger will produce documents in accordance with Federal Rule of Civil Procedure 34(b)(2)(E).

14. Mr. Buerger objects to Instruction No. 10, which overburdens Defendant by purporting to require the production of duplicate documents even if they are entirely identical, to the extent that it requires the production of duplicate documents.

15. Mr. Buerger objects to Instruction No. 13, which purports to require a privilege log containing extensive descriptive information, to the extent it requires the disclosure of any information protected by attorney-client privilege, work product

doctrine, government privileges, or any other privilege or protection. Mr. Buerger wishes to meet and confer concerning a mutual exchange of privilege logs.

**SPECIFIC RESPONSES AND OBJECTIONS**

**1. Documents and Communications relating to the Defamatory Statements.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it calls for the production of documents that are publicly available or otherwise already in Abacus's possession. Mr. Buerger further objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Mr. Buerger also objects to this Request as overbroad and duplicative of other, more specific, requests concerning the alleged Defamatory Statements. Finally, Mr. Buerger objects to the Request because it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Mr. Buerger wishes to meet and confer concerning the scope of documents sought in response to this Request.

**2. Documents and Communications relating to the Coventry Studies, including any drafts, data sets, or working papers related to any of the Coventry Studies.**

**RESPONSE:** Mr. Buerger objects to the extent this Request seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case. Mr. Buerger also objects to this Request on the grounds that it seeks personally identifiable

information and personal health information. Mr. Buerger additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Mr. Buerger further objects to this Request to the extent it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature. Finally, Mr. Buerger objects to the definition of "Coventry Studies" as overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint will include documents not relevant to the claims and defenses in this case.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications related to the Coventry Studies referenced in the First Amended Complaint, subject to and without waiving the foregoing objections. Mr. Buerger will not produce underlying life expectancy reports on an individual-by-individual basis.

**3. Documents and Communications relating to Your dissemination of the Coventry Studies, including but not limited to Documents and Communications sufficient to identify all Persons to whom You sent, provided access to, or otherwise disseminated the Coventry Studies to.**

**RESPONSE:** Mr. Buerger objects to the extent the Request requires Mr. Buerger to create documents that are not already in existence. Mr. Buerger also objects to the extent it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case, including to the extent the Request seeks documents

concerning dissemination of the Coventry Studies to Coventry's own personnel. Finally, Mr. Buerger objects to the definition of "Coventry Studies" as overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint will include documents not relevant to the claims and defenses in this case.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**4. Documents and Communications sufficient to identify all Persons that requested access to the Coventry Studies via Coventry's website, as described in Paragraphs 81 and nn.15–16 and 82 of the Complaint, and were either granted or denied access.**

**RESPONSE:** Mr. Buerger objects to the extent the Request requires Mr. Buerger to create documents that are not already in existence. Mr. Buerger also objects to the extent it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case. Finally, Mr. Buerger objects to the definition of "Coventry Studies" as overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced

in the Complaint will include documents not relevant to the claims and defenses in this case.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**5. Communications between You and Morpheus Research relating to Abacus.**

**RESPONSE:** Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**6. Communications between You and Morpheus Research relating to Lapetus.**

**RESPONSE:** Mr. Buerger objects to the extent this Request seeks documents duplicative of those responsive to other requests. Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**7. Communications between You and Morpheus Research relating to the Short Reports including all allegations, statements, contents, and topics contained therein.**

**RESPONSE:** Mr. Buerger objects to the extent this Request seeks documents duplicative of those responsive to other requests. Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**8. Communications between You and Hindenburg Research or Nate Anderson relating to Abacus.**

**RESPONSE:** Mr. Buerger objects to the extent this Request seeks documents duplicative of those responsive to other requests. Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**9. Communications between You and Hindenburg Research or Nate Anderson relating to Lapetus**.

**RESPONSE:** Mr. Buerger objects to the extent this Request seeks documents duplicative of those responsive to other requests. Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**10. Documents and Communications relating to the Short Reports including the allegations, statements, contents, and topics contained therein.**

**RESPONSE:** Mr. Buerger objects to the Request to the extent it seeks documents duplicative of those sought in response to any other request. Mr. Buerger further objects to the extent the Request is overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as Abacus does not allege that all "statements, contents, and topics" contained in the Short Reports are the subject of its claims.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**11. Documents and Communications sufficient to identify all Persons to whom You sent, provided access to, or otherwise disseminated the Short Reports to**.

**RESPONSE:** Mr. Buerger objects to the Request to the extent it seeks documents duplicative of those sought in response to any other request.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**12. Communications between You and Professors Daniel Bauer and Nan Zhu, or any other professor, academic, consultant, forensic accountant, or Third-Party engaged to create, review, or validate any of the Coventry Studies, or the allegations, conclusions, observations, or statements contained therein.**

**RESPONSE:** Mr. Buerger objects to the definition of "Coventry Studies" as overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint will include documents not relevant to the claims and defenses in this case. Mr. Buerger also objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection or other confidentiality obligation. Mr. Buerger further objects to this Request to the extent it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections. Mr. Buerger will not produce underlying life expectancy reports on an individual-by-individual basis.

**13. Communications between You and any Person/Third-Party relating to commissioning or undertaking an independent Third-Party analysis, evaluation, study, etc. about Abacus.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request seeks documents relating to any third-party analysis, even commercially sensitive analyses entirely unrelated to the claims and defenses in this case.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged communications between Mr. Buerger and any Person/Third Party relating to independent analyses of Abacus which relate to the claims or defenses in this case, subject to and without waiving the foregoing objections.

**14. Communications between You and any Person/Third-Party relating to commissioning or undertaking an independent Third-Party analysis, evaluation, study, etc. about Lapetus.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent that it is overbroad and seeks irrelevant documents—including any documents relating to any Third-Party analysis of Lapetus done in connection with Mr. Buerger's decision to or not to engage with Lapetus as a life expectancy provider.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged communications between Mr. Buerger and any Person/Third Party relating to independent analyses of Lapetus which relate to the claims or defenses in this case, subject to and without waiving the foregoing objections.

**15. Communications between You and Tegus relating to Abacus.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it seeks documents duplicative of those responsive to other requests.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged communications between Mr. Buerger and Tegus relating to Abacus, subject to and without waiving the foregoing objections.

**16. Communications between You and Tegus relating to Lapetus.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case—specifically, any documents relating to Lapetus that do not relate to Abacus. Mr. Buerger also objects to this Request to the extent that it seeks documents duplicative of those responsive to other requests.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged communications between Mr. Buerger and Tegus relating to Lapetus and the claims and defenses in this action, subject to and without waiving the foregoing objections.

**17. Communications between You and Tegus relating to the Tegus Interview.**

Mr. Buerger objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case. Mr. Buerger also objects to this Request to the extent that it seeks documents duplicative of those responsive to other requests.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**18. All Documents and Communications relating to the Tegus Interview, including all recordings, transcripts, presentations, notes, or drafts of the Tegus Interview.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case—specifically, any documents that do not relate to Abacus or the claims or defenses in this case. Mr. Buerger also objects to this Request to the extent that it seeks documents duplicative of those responsive to other requests.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**19. All Documents and Communications relating to any materials You considered, reviewed, or relied on in preparing for the Tegus Interview and any other material You prepared in advance for the Tegus Interview, including any notes or drafts.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in

this case—specifically, any documents that do not relate to Abacus or the claims or defenses in this case. Mr. Buerger also objects to this Request to the extent it calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**20. Documents and Communications sufficient to identify all Persons to whom You sent, provided access to, or otherwise disseminated the Tegus Interview to.**

**RESPONSE:** Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**21. Documents and Communications relating to the 2024 LISA Conference, including but not limited to recordings, transcripts, presentations, or notes from Your October 24, 2024 "Fireside Chat" presentation.**

**RESPONSE:** Mr. Buerger objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Mr. Buerger also objects to this Request to the extent it seeks documents publicly available or already in Abacus's possession.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**22. All Documents and Communications relating to any materials You considered, reviewed, or relied on in preparing for the "Fireside Chat," and any other material You prepared in advance for the "Fireside Chat" debate between You and Dr. Olshansky at the 2024 LISA Conference, including any notes or drafts.**

**RESPONSE:** Mr. Buerger objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**23. Documents and Communications relating to the transcript of the 2024 LISA Conference "Fireside Chat" as reflected in Exhibit 5 to Your Motion to Dismiss.**

**RESPONSE:** Mr. Buerger objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Mr. Buerger also objects to this Request on the grounds that it is ambiguous what is meant by "relating to the transcript."

Accordingly, Mr. Buerger will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**24. Documents and Communications relating to Your dissemination of the "Fireside Chat" between You and Dr. Jay Olshansky at the 2024 LISA Conference—in any form (e.g., links to a video recording of the "Fireside Chart," transcripts, etc.)—including but not limited to Documents and Communications sufficient to identify all Persons to whom You sent, provided access to, or otherwise disseminated the "Fireside Chat" to.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case, including to the extent the Request seeks documents concerning dissemination of the Fireside Chat to Coventry's own personnel.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**25. Documents and Communications relating to any of Your press releases, media statements, or public communications regarding Abacus.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it seeks documents that are publicly available. Mr. Buerger further objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Mr. Buerger additionally objects to this Request to the extent that it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case—namely, any public communications not related to the claims or defenses in this case. Mr. Buerger also objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**26. Documents and Communications relating to any of Your press releases, media statements, or public communications regarding Lapetus.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it seeks documents that are publicly available. Mr. Buerger further objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Mr. Buerger additionally objects to this Request to the extent that it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case—namely, any public communications that discuss Lapetus unrelated to Abacus or the claims and defenses in this case. Mr. Buerger also objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**27. Documents and Communications relating to any of Your press releases, media statements, or public communications regarding the Defamatory Statements.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it seeks documents that are publicly available. Mr. Buerger further objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Mr. Buerger further objects to this Request on the grounds that it is

ambiguous—specifically, it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements. Mr. Buerger also objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Accordingly, Mr. Buerger wishes to meet and confer concerning the scope of documents sought in response to this Request.

**28. Documents and Communications between You and any Short Seller relating to Abacus.**

**RESPONSE:** Mr. Buerger objects to the extent this Request seeks documents duplicative of those sought in response to any other request. Mr. Buerger also objects to this Request as overbroad and objects to the extent that it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case.

Accordingly, Mr. Buerger wishes to meet and confer concerning the scope of documents sought in response to this Request.

**29. Documents and Communications between You and any Short Seller relating to the Defamatory Statements**.

**RESPONSE:** Mr. Buerger objects to the extent this Request seeks documents duplicative of those sought in response to any other request. Mr. Buerger also objects to this Request as overbroad. Finally, Mr. Buerger objects to this Request on the grounds that it is ambiguous—specifically, it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an

inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Mr. Buerger wishes to meet and confer concerning the scope of documents sought in response to this Request.

**30. Documents and Communications between You and any Government Entity relating to Abacus.**

**RESPONSE:** Mr. Buerger objects to this Request in its entirety as it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case, as communications with a government entity cannot form the basis of Abacus's claims. Mr. Buerger also objects to this Request as it seeks documents duplicative of those responsive to other requests. Mr. Buerger further objects as this Request seeks documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, statutory privileges or other privileges or protections, including without limitation Fla Stat. §§ 624.319(3), 626.601(6), 626.989(5).

Accordingly, Mr. Buerger will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**31. Documents and Communications between You and any Government Entity relating to Lapetus.**

**RESPONSE:** Mr. Buerger objects to this Request in its entirety as it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case, as communications with a government entity cannot form the basis of Abacus's claims, and separately, certain documents may relate to Lapetus but not to Abacus. Mr. Buerger objects to this Request as it seeks documents duplicative of those

responsive to other requests. Mr. Buerger further objects as this Request seeks documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, statutory privileges or other privileges or protections, including without limitation Fla Stat. §§ 624.319(3), 626.601(6), 626.989(5).

Accordingly, Mr. Buerger will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**32. Documents and Communications between You and any Government Entity relating to the Defamatory Statements.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it seeks documents duplicative of those responsive to other requests. Mr. Buerger further objects to the extent this Request seeks documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, statutory privileges or other privileges or protections, including without limitation Fla Stat. §§ 624.319(3), 626.601(6), 626.989(5). Finally, Mr. Buerger objects to this Request on the grounds that it is ambiguous—specifically, it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Mr. Buerger wishes to meet and confer concerning the scope of documents sought in response to this Request.

**33. Documents and Communications relating to the OIR Writ.**

**RESPONSE:** Mr. Buerger objects to the extent this Request seeks documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, statutory privileges or other privileges or protections, including without limitation Fla Stat. §§ 624.319(3), 626.601(6), 626.989(5). Mr. Buerger also objects to the extent it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**34. Documents and Communications sufficient to identify all Persons to whom You sent, provided access to, or otherwise disseminated the OIR Writ to.**

**RESPONSE:** Mr. Buerger objects to this Request as overbroad to the extent it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case, including to the extent the Request seeks documents concerning dissemination of the OIR Writ to Coventry's own personnel. Mr. Buerger further objects to the extent it seeks documents duplicative of those sought in response to any other request.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**35. Documents and Communications between You and Grant Thornton relating to Abacus**.

**RESPONSE:** Mr. Buerger objects to this Request as overbroad to the extent it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Mr. Buerger further objects to this Request to the extent it seeks documents duplicative of those sought in response to any other request.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**36. Documents and Communications between You and Grant Thornton relating to the Defamatory Statements**.

**RESPONSE:** Mr. Buerger objects to this Request to the extent it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Mr. Buerger further objects to the extent it seeks documents duplicative of those sought in response to any other request. Finally, Mr. Buerger objects to this Request on the grounds that it is ambiguous—specifically, it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Mr. Buerger wishes to meet and confer concerning the scope of documents sought in response to this Request.

**37. Documents and Communications between You and any Market Analyst, including TD Securities, relating to Abacus.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Mr. Buerger further objects to the extent it seeks documents duplicative of those sought in response to any other request.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**38. Documents and Communications between You and any Market Analyst, including TD Securities, relating to the Defamatory Statements.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Mr. Buerger further objects to the extent it seeks documents duplicative of those sought in response to any other request. Finally, Mr. Buerger objects to this Request on the grounds that it is ambiguous—specifically, it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Mr. Buerger wishes to meet and confer concerning the scope of documents sought in response to this Request.

**39. Documents and Communications relating to the creation, development, data collection, methodology, peer review, or publication of the Coventry Studies.**

**RESPONSE:** Mr. Buerger objects to the extent this Request seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case. Mr. Buerger also objects on the grounds that it seeks personally identifiable information and personal health information. Mr. Buerger objects to the extent it seeks documents or data that are unduly burdensome to collect and produce. Mr. Buerger objects to the extent that this Request seeks documents duplicative of those responsive to other requests. Mr. Buerger further objects to this Request to the extent it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature. Finally, Mr. Buerger objects to the definition of "Coventry Studies" as overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint will include documents not relevant to the claims and defenses in this case.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications related to the Coventry Studies referenced in the First Amended Complaint, subject to and without waiving the foregoing objections. Mr. Buerger will not produce underlying life expectancy reports on an individual-by-individual basis.

**40. Documents sufficient to show what Abacus public filings, SEC documents, or other public disclosures You reviewed, including any notes, summaries, or analyses of the aforementioned documents.**

**RESPONSE:** Mr. Buerger objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents, subject to and without waiving the foregoing objections.

**41. Documents and Communications containing any analysis of Abacus's financial statements, SEC filings, or public disclosures.**

**RESPONSE:** Mr. Buerger objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Mr. Buerger objects to this Request to the extent it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature, including as it relates to any analysis comparing Coventry's business to Abacus's.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications related to the claims and defenses in this case, subject to and without waiving the foregoing objections.

**42. Documents and Communications relating to Yours or Coventry's use of Lapetus as a Life Expectancy Provider, including but not limited to contracts, invoices, life expectancy reports, underlying data, pricing analyses, or any Documents reflecting policies You or Coventry have purchased, priced, or offered for sale using Lapetus life expectancy estimates.**

**RESPONSE:** Mr. Buerger objects to this request because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case.

Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Mr. Buerger's business practices are not at issue. Mr. Buerger also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Mr. Buerger additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Mr. Buerger objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature, including information as sensitive and irrelevant as underlying data, pricing analysis, and the other described information.

Accordingly, Mr. Buerger will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**43. Documents and Communications relating to Yours or Coventry's valuation of life insurance policies.**

**RESPONSE:** Mr. Buerger objects to this request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as the business practices of Coventry and Mr. Buerger—including their valuation of life insurance policies—are not at issue. Finally, Mr. Buerger objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature, including

overbroad requests for documents core to Mr. Buerger's and Coventry's business related to valuation of life insurance policies.

Accordingly, Mr. Buerger will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**44. Documents and Communications relating to Yours or Coventry's valuation of life insurance policies transacted on the Tertiary Market.**

**RESPONSE:** Mr. Buerger objects to this request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as the business practices of Coventry and Mr. Buerger—including their valuation of life insurance policies transacted on the Tertiary Market—are not at issue. Mr. Buerger also objects to this Request as it seeks personally identifiable information and personal health information. Finally, Mr. Buerger objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature, including overbroad requests for documents core to Mr. Buerger's and Coventry's business related to valuation of life insurance policies.

Accordingly, Mr. Buerger will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**45. Documents and Communications relating to Yours or Coventry's valuation of life insurance policies transacted on the Secondary Market.**

**RESPONSE:** Mr. Buerger objects to this request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in

this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as the business practices of Coventry and Mr. Buerger—including their valuation of life insurance policies transacted on the Secondary Market—are not at issue. Mr. Buerger also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Mr. Buerger additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Mr. Buerger objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature, including overbroad requests for documents core to Mr. Buerger's and Coventry's business related to valuation of life insurance policies.

Accordingly, Mr. Buerger will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**46. Documents and Communications relating to Yours or Coventry's use of fair market valuation.**

**RESPONSE:** Mr. Buerger objects to this request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Mr. Buerger's business practices are not at issue, nor is whether Coventry uses fair market valuation. Mr. Buerger also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Mr. Buerger additionally objects to

the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Mr. Buerger objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Mr. Buerger will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**47. Documents and Communications relating to any other valuation methodology You or Coventry employ.**

**RESPONSE:** Mr. Buerger objects to this request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Mr. Buerger's business practices are not at issue nor is his or Coventry's valuation methodology. Mr. Buerger also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Mr. Buerger additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Mr. Buerger objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Mr. Buerger will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**48. Documents and Communications relating to Yours or Coventry's transactions in the Tertiary Market, including but not limited to offering tapes, bid**

**lists, or Communications with institutional investors regarding the purchase or sale of life insurance policies.**

**RESPONSE:** Mr. Buerger objects to this request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Mr. Buerger's business practices are not at issue, nor are Coventry's offering tapes, bid lists, or Communications with investors. Mr. Buerger also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Mr. Buerger additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Mr. Buerger objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Mr. Buerger will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**49. Documents and Communications relating to Yours or Coventry's transactions in the Secondary Market, including but not limited to Documents showing how You or Coventry derive the price offered to policyholders for their life insurance policies and the profit margins You or Coventry expect to earn from secondary market purchases.**

**RESPONSE:** Mr. Buerger objects to this request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Mr. Buerger's business practices

are not at issue. Mr. Buerger also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Mr. Buerger additionally objects to the Request as ambiguous and objects to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Mr. Buerger objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Mr. Buerger will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**50. Documents containing any internal analysis of Abacus's transactions in the Secondary Market or Tertiary Market.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it seeks documents from a competitor that are not relevant to, nor probative of, the claims and defenses in this case. Mr. Buerger also objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature. Mr. Buerger additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents, subject to and without waiving the foregoing objections, related to analyses of Abacus's transactions in the Secondary Market or Tertiary Market that are relevant to the claims and defenses in this case. Mr. Buerger

will not produce analysis relating directly to transactions where Mr. Buerger competed directly with Abacus for the relevant business.

**51. Documents and Communications sufficient to reflect Your understanding of or use of the term "asset-backed debt" in the context of life settlements.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it is ambiguous as to what documents are sought. Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**52. Documents and Communications between You and Lapetus and/or Dr. Olshansky relating to Abacus.**

**RESPONSE:** Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**53. Documents and Communications between You and Lapetus and/or Dr. Olshansky relating to the length, accuracy, or methodology of Lapetus's life expectancy estimates.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it seeks documents not relevant to, nor probative of, the claims and defenses in this case.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**54. Documents and Communications between You and Lapetus and/or Dr. Olshansky relating to the Defamatory Statements.**

**RESPONSE:** Mr. Buerger objects to the extent this Request seeks documents duplicative of those responsive to other requests. Mr. Buerger also objects to the Request because it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Mr. Buerger wishes to meet and confer concerning the scope of documents sought in response to this Request.

**55. Documents and Communications between You and any Life Expectancy Provider other than Lapetus relating to Abacus.**

**RESPONSE:** Mr. Buerger objects to this Request to the extent it seeks documents not relevant to, nor probative of, the claims and defenses in this case.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**56. Documents and Communications between You and any Life Expectancy Provider other than Lapetus relating to Lapetus.**

**RESPONSE:** Mr. Buerger objects to this Request in its entirety because it is overbroad and because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case—namely, communications with potential commercial service providers regarding a competitor unrelated to Abacus or the claims and defenses asserted in this case.

Accordingly, Mr. Buerger will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**57. Documents and Communications between You and any Life Expectancy Provider other than Lapetus relating to the Defamatory Statements.**

**RESPONSE:** Mr. Buerger objects to the extent this Request seeks documents duplicative of those responsive to other requests. Mr. Buerger also objects to the Request because it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Mr. Buerger wishes to meet and confer regarding the scope of documents sought in response to this Request.

**58. Documents and Communications between You and any Life Expectancy Provider other than Lapetus relating to the length, accuracy, or methodology of the Life Expectancy provider's life expectancy estimates.**

**RESPONSE:** Mr. Buerger objects to this request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's and Mr. Buerger's business practices are not at issue, nor are communications with potential commercial service providers about the services they provide or may provide to Coventry or Mr. Buerger. Mr. Buerger also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Finally, Mr. Buerger objects to this

Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Mr. Buerger will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**59. Documents containing any internal analysis, comparison, or evaluation of Life Expectancy Providers, including but not limited to any analysis of the accuracy, methodology, or comparative performance of different Life Expectancy Providers**

**RESPONSE:** Mr. Buerger objects to this request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as neither Coventry's nor Mr. Buerger's sensitive business practices are at issue, nor are Coventry's internal business analyses of life expectancy providers not referenced in the Complaint. Mr. Buerger also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Finally, Mr. Buerger objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Mr. Buerger will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**60. Documents and Communications relating to any procedures, practices, or actions You employed or undertook to verify the accuracy of statements You made or published about Abacus and/or Lapetus before You made any statements about either of them.**

**RESPONSE:** Mr. Buerger objects to the extent this Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**61. Documents and Communications relating to ABL Longevity Growth and Income Fund or any other Abacus investment vehicle or fund.**

**RESPONSE:** Mr. Buerger objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Mr. Buerger also objects to the extent that this Request seeks documents not related to, nor meaningfully probative of, the claims or defenses in this case.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**62. Documents and Communications that You rely upon or may rely upon for Your responses to the interrogatories in this Action.**

**RESPONSE:** Mr. Buerger objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product

doctrine, litigation privilege, or any other privilege or protection. Mr. Buerger also objects to the extent that this Request seeks documents already available to Abacus.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**63. Documents and Communications You rely upon or reference in Your Motion to Dismiss in this Action.**

**RESPONSE:** Mr. Buerger objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Mr. Buerger also objects to the extent that this Request seeks documents already available to Abacus. Finally, Mr. Buerger objects to this Request on the grounds that it is ambiguous what is meant by "Motion to Dismiss" in light of Abacus's filing of its First Amended Complaint.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**64. Documents and Communications that tend to support or negate the allegations contained in the Complaint.**

**RESPONSE:** Mr. Buerger objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Mr. Buerger also objects to the extent that this Request seeks documents already available to Abacus.

Mr. Buerger additionally objects to this Request on the grounds that it is overbroad and ambiguous regarding what is meant by "tend to support or negate." Specifically, the Complaint is an improper shotgun pleading that fails to put Defendants on notice of the allegations against them, therefore making it impossible to discern the universe of documents that would comply with this request.

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**65. Documents and Communications You may rely upon or introduce at a deposition, proceeding, or trial in this Action.**

**RESPONSE:** Mr. Buerger objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Mr. Buerger also objects to the extent that this Request seeks documents already available to Abacus. Finally, Mr. Buerger objects to this Request on the grounds that it is ambiguous what is meant by "rely upon."

Mr. Buerger will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

Dated: October 8, 2025

Respectfully Submitted,

*/s/ Michael H. McGinley*
MICHAEL H. MCGINLEY (*pro hac vice*)
BRIAN A. KULP (*pro hac vice*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
michael.mcginley@dechert.com
brian.kulp@dechert.com

ERIC AUSLANDER (*pro hac vice*)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333
eric.auslander@dechert.com

ANDREW J. LEVANDER (*pro hac vice*)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
andrew.levander@dechert.com

ALFRED J. BENNINGTON, JR.
GLENNYS ORTEGA RUBIN
BENJAMIN F. ELLIOTT
SHUTTS & BOWEN LLP
300 South Orange Ave.
Suite 1600
Orlando, FL 32801
Telephone: (407) 423-3200
Facsimile: (407) 425-8316
bbenington@shutts.com
grubin@shutts.com
belliott@shutts.com

*Counsel for Defendants Coventry First LLC and Alan Buerger*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2025, the foregoing was served upon Plaintiff's counsel via electronic mail.

*/s/ Michael H. McGinley*
Michael H. McGinley

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ABACUS GLOBAL MANAGEMENT, INC., a corporation,
Plaintiff,

v.

COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,
Defendants.

Case No. 6:25-cv-01401-RBD-RMN

**DEFENDANT COVENTRY FIRST LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF ABACUS GLOBAL MANAGEMENT, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and subject to its right to supplement these responses based on further investigation and discovery, Defendant Coventry First LLC ("Coventry"), by and through its undersigned counsel, hereby makes the following responses and objections to Plaintiff Abacus Global Management, Inc.'s ("Abacus" or "You") First Set of Requests for Production of Documents (each a "Request").

Coventry reserves the right to produce additional documents or other evidence at any time, and to object on appropriate grounds to the introduction into evidence of any portion of its Responses or any documents that may be produced in response to the document Requests. The production of any given document pursuant to the document Requests is not an admission or acknowledgement by Coventry that such document is relevant to any claim or defense in this action. Coventry further reserves the right to contend at trial or in any other context or proceeding, in this action or

otherwise, that such document is inadmissible, irrelevant, immaterial, or not the proper basis for discovery; and is without prejudice to, or waiver of, any objection to any future use of such document that Coventry may choose to make. Coventry further reserves the right at any time to revise, correct, supplement, clarify and/or amend the responses and objections set forth herein.

## GENERAL OBJECTIONS

Each of Coventry's responses herein, in addition to any specifically stated objection, is subject to and incorporates the following General Objections. These General Objections are incorporated by reference into each individual document Request response as if fully set forth therein, whether or not specifically stated in the individual response. Accordingly, the inclusion of any Specific Objection to a Request in any response below is neither intended as, nor shall in any way be deemed, a waiver of any General Objection or of any other Specific Objection made herein or that may be asserted at a later date. All of Coventry's Responses and Objections are stated to the best of Coventry's knowledge based on the information currently known to Coventry regarding the scope of documents and communications that exist and may be response to these Requests.

1. Coventry objects to all Definitions, Instructions, Relevant Time Periods, and Requests that purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States Court for the Middle District of Florida, or any other applicable law, rule, or Order entered by the Court.

2. Coventry objects to each Request to the extent it seeks the production of documents from sources that are not reasonably accessible because of undue burden or cost.

3. Coventry objects to each Request to the extent it contains requests for documents that are overlapping, cumulative, or duplicative of other Request(s).

4. Coventry objects to each Request to the extent it calls for the production of documents already in possession of the Plaintiff, or otherwise available from public sources or documents that are on file with the Court or that could be obtained from other sources that are more convenient, efficient, and less burdensome or expensive than obtaining the same information from Coventry.

5. Coventry objects to each Request to the extent it seeks information and calls for documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, government privileges, and/or any other applicable privilege, immunity, or protection from discovery. Any inadvertent disclosure of any information or documents protected by such privileges shall not be deemed or construed as a waiver of any privilege, immunity, protection, or right of Coventry, and Coventry reserves its right to demand that Plaintiff return to Coventry or destroy any such documents and all copies thereof.

6. Coventry objects to each Request that seeks the disclosure of any trade secrets or any proprietary or non-public information of a commercially or financially sensitive nature. Coventry's business practices are not at issue in this action. Similarly, Coventry objects to each Request that seeks the disclosure of personally

identifiable information and personal health information. In responding to each Request, Coventry will only provide information or documents that are relevant to the subject matter of this action and proportional to the needs of this case. Furthermore, any such information or documents shall be produced subject to the terms of an agreement between the parties concerning the protection of confidential information.

7. Coventry objects to each Request to the extent it requires Coventry to create documents that are not already in existence or that do not exist in a format specified by Plaintiff.

8. Coventry objects to each Request that calls for the production of documents not presently in its possession but in the possession of third parties or separate legal entities. Coventry will only search for and produce documents that are reasonably accessible and within Coventry's possession, custody, and control.

9. Coventry objects to Definition No. 4 ("Complaint") as it fails to differentiate between the original, inoperative Complaint and the First Amended Complaint.

10. Coventry objects to Definition No. 7 ("Coventry Studies") as it is overbroad and overinclusive to the extent it seeks "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint.

11. Coventry objects to Definition No. 8 ("Defamatory Statements") as ambiguous, as it references an inoperative complaint. Coventry further objects to

Definition No. 8 as ambiguous as the Counts referenced in the inoperative complaint fail to define the universe of alleged defamatory statements. Accordingly, Coventry will interpret "Defamatory Statements" to include only those listed in Counts I-III of the First Amended Complaint.

12. Coventry objects to Instruction No. 4, which purports to require Coventry to produce each document without redactions. Coventry reserves the right to redact materials that are privileged, subject to confidentiality obligations under data privacy laws and regulations, or which contain trade secrets or any proprietary or non-public information of a commercial, financial, or personal nature.

13. Coventry objects to Instruction Nos. 6 and 7, which purport to govern how documents are to be produced, to the extent they require Coventry to produce any information in a way other than how such information is maintained in the ordinary course of business. Coventry will produce documents in accordance with Federal Rule of Civil Procedure 34(b)(2)(E).

14. Coventry objects to Instruction No. 10, which overburdens Defendant by purporting to require the production of duplicate documents even if they are entirely identical, to the extent that it requires the production of duplicate documents.

15. Coventry objects to Instruction No. 13, which purports to require a privilege log containing extensive descriptive information, to the extent it requires the disclosure of any information protected by attorney-client privilege, work product doctrine, government privileges, or any other privilege or protection. Coventry wishes to meet and confer concerning a mutual exchange of privilege logs.

## SPECIFIC RESPONSES AND OBJECTIONS

**1. Documents and Communications relating to the Defamatory Statements.**

**RESPONSE:** Coventry objects to the extent the Request calls for documents that are publicly available or otherwise already in Abacus's possession. Coventry also objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to this Request as overbroad and duplicative of other, more specific, Requests concerning the alleged Defamatory Statements. Finally, Coventry objects to the Request because it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**2. Documents and Communications relating to the Coventry Studies, including any drafts, data sets, or working papers related to any of the Coventry Studies.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly

burdensome to collect and produce. Coventry further objects to this Request to the extent it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature. Finally, Coventry objects to the definition of "Coventry Studies" as overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint will include documents not relevant to the claims and defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications related to the Coventry Studies referenced in the First Amended Complaint, subject to and without waiving the foregoing objections. Coventry will not produce underlying life expectancy reports on an individual-by-individual basis.

**3. Documents and Communications relating to Your dissemination of the Coventry Studies, including but not limited to Documents and Communications sufficient to identify all Persons to whom You sent, provided access to, or otherwise disseminated the Coventry Studies to.**

**RESPONSE:** Coventry objects to the extent the Request requires Coventry to create documents that are not already in existence. Coventry also objects to the extent it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case, including to the extent the Request seeks documents concerning dissemination of the Coventry Studies to Coventry's own personnel. Finally,

Coventry objects to the definition of "Coventry Studies" as overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint will include documents not relevant to the claims and defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**4. Documents and Communications sufficient to identify all Persons that requested access to the Coventry Studies via Coventry's website, as described in Paragraphs 81 and nn.15–16 and 82 of the Complaint, and were either granted or denied access.**

**RESPONSE:** Coventry objects to the extent the Request requires Coventry to create documents that are not already in existence. Coventry also objects to the extent it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case. Finally, Coventry objects to the definition of "Coventry Studies" as overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint will include documents not relevant to the claims and defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**5. Communications between You and Morpheus Research relating to Abacus.**

**RESPONSE:** Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**6. Communications between You and Morpheus Research relating to Lapetus.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests. Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**7. Communications between You and Morpheus Research relating to the Short Reports including all allegations, statements, contents, and topics contained therein.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**8. Communications between You and Hindenburg Research or Nate Anderson relating to Abacus.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests. Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**9. Communications between You and Hindenburg Research or Nate Anderson relating to Lapetus**.

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests. Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**10. Documents and Communications relating to the Short Reports including the allegations, statements, contents, and topics contained therein.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests. Coventry further objects to the extent the Request is overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as Abacus does not allege that all "statements, contents, and topics" contained in the Short Reports are the subject of its claims.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**11. Documents and Communications sufficient to identify all Persons to whom You sent, provided access to, or otherwise disseminated the Short Reports to**.

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**12. Communications between You and Professors Daniel Bauer and Nan Zhu, or any other professor, academic, consultant, forensic accountant, or Third-Party engaged to create, review, or validate any of the Coventry Studies, or the allegations, conclusions, observations, or statements contained therein.**

**RESPONSE:** Coventry objects to the definition of "Coventry Studies" as overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint will include documents not relevant to the claims and defenses in this case. Coventry further objects to this Request to the extent it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature. Coventry also objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection or other confidentiality obligation.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections. Coventry will not produce underlying life expectancy reports on an individual-by-individual basis.

**13. Communications between You and any Person/Third-Party relating to commissioning or undertaking an independent Third-Party analysis, evaluation, study, etc. about Abacus.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request seeks documents relating to any Third-Party analysis, even commercially sensitive analyses entirely unrelated to the claims and defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections, between Coventry and any Person/Third Party relating to independent analyses of Abacus which relate to the claims or defenses in this case.

**14. Communications between You and any Person/Third-Party relating to commissioning or undertaking an independent Third-Party analysis, evaluation, study, etc. about Lapetus.**

**RESPONSE:** Coventry objects to this Request to the extent that it is overbroad and seeks irrelevant documents—including any documents relating to any Third-Party analysis of Lapetus done in connection with Coventry's decision to or not to engage with Lapetus as a life expectancy provider.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications between Coventry and any Person/Third Party relating to independent analyses of Lapetus which relate to the claims or defenses in this case, subject to and without waiving the foregoing objections.

**15. Communications between You and Tegus relating to Abacus.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications between Coventry and Tegus relating to Abacus, subject to and without waiving the foregoing objections.

**16. Communications between You and Tegus relating to Lapetus.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case—specifically, any documents relating to Lapetus that do not relate to Abacus. Coventry also objects to the extent this Request seeks documents duplicative of those responsive to other requests.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications between Coventry and Tegus relating to Lapetus and the claims and defenses in this action, subject to and without waiving the foregoing objections.

**17. Communications between You and Tegus relating to the Tegus Interview.**

Coventry objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case. Coventry also objects to the extent this Request seeks documents duplicative of those responsive to other requests.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**18. All Documents and Communications relating to the Tegus Interview, including all recordings, transcripts, presentations, notes, or drafts of the Tegus Interview.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case—specifically, any documents that do not relate to Abacus or the claims or defenses in this case. Coventry also objects to the extent this Request seeks documents duplicative of those responsive to other requests.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**19. Documents and Communications sufficient to identify all Persons to whom You sent, provided access to, or otherwise disseminated the Tegus Interview to.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case,

including to the extent the Request seeks documents concerning dissemination of the Tegus Interview to Coventry's own personnel.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**20. Documents and Communications relating to the 2024 LISA Conference, including but not limited to recordings, transcripts, presentations, or notes from Buerger's October 24, 2024 "Fireside Chat" presentation.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case—specifically, any documents that do not relate to Abacus or the claims or defenses in this case. Coventry additionally objects to this Request to the extent it seeks documents publicly available or already in Abacus's possession.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**21. Documents and Communications relating to the transcript You created, approved, or otherwise approved to include the Coventry logo, of the 2024 LISA Conference "Fireside Chat" as reflected in Exhibit 5 to Your Motion to Dismiss.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to this Request on the grounds that it is ambiguous what is meant by "relating to the transcript."

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**22. Documents and Communications relating to Your dissemination of the "Fireside Chat" between Buerger and Dr. Jay Olshansky at the 2024 LISA Conference—in any form (e.g., links to a video recording of the "Fireside Chart," transcripts, etc.)—including but not limited to Documents and Communications sufficient to identify all Persons to whom You sent, provided access to, or otherwise disseminated the Coventry Studies to.**

**RESPONSE:** Coventry objects to this Request to the extent that is ambiguous how "disseminat[ion] of the Coventry Studies" relates to dissemination of the Fireside Chat. Coventry also objects to the extent it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case, including to the extent the Request seeks documents concerning dissemination of the Coventry Studies or the Fireside Chat to Coventry's own personnel.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**23. Documents and Communications relating to any of Your press releases, media statements, or public communications regarding Abacus.**

**RESPONSE**: Coventry objects to this Request to the extent it seeks documents that are publicly available. Coventry further objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to this Request to the extent that it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**24. Documents and Communications relating to any of Your press releases, media statements, or public communications regarding Lapetus.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents that are publicly available. Coventry further objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to this Request to the extent that it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**25. Documents and Communications relating to any of Your press releases, media statements, or public communications regarding the Defamatory Statements.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents that are publicly available. Coventry further objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry additionally objects to this Request on the grounds that it is ambiguous—specifically, it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements. Coventry also objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**26. Documents and Communications between You and any Short Seller relating to Abacus.**

**RESPONSE:** Coventry objects to this Request as overbroad and objects to the extent that it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case. Coventry further objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**27. Documents and Communications between You and any Short Seller relating to Lapetus.**

**RESPONSE:** Coventry objects to this Request as overbroad and objects to the extent that it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case. Coventry further objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**28. Documents and Communications between You and any Short Seller relating to the Defamatory Statements.**

**RESPONSE:** Coventry objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request. Coventry also objects to this Request as overbroad. Coventry further objects to this Request on the grounds that it is ambiguous—specifically, it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**29. Documents and Communications between You and any Government Entity relating to Abacus**.

**RESPONSE:** Coventry objects to this Request in its entirety as it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case, as communications with a government entity cannot form the basis of Abacus's claims. Coventry also objects to this Request as it seeks documents

duplicative of those sought in response to any other request. Coventry further objects as this Request seeks documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, statutory privileges or other privileges or protections, including without limitation Fla Stat. §§ 624.319(3), 626.601(6), 626.989(5).

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**30. Documents and Communications between You and any Government Entity relating to Lapetus.**

**RESPONSE:** Coventry objects to this Request in its entirety as it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case, as communications with a government entity cannot form the basis of Abacus's claims, and separately, certain documents may relate to Lapetus but not to Abacus. Coventry objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request. Coventry further objects to the extent this Request seeks documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, statutory privileges or other privileges or protections, including without limitation Fla. Stat. §§ 624.319(3), 626.601(6), 626.989(5). Finally, Coventry objects to this request to the extent it is overbroad, in that it seeks any documents relating to Lapetus that do not relate to Abacus or the claims or defenses in this case.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**31. Documents and Communications between You and any Government Entity relating to the Defamatory Statements.**

**RESPONSE:** Coventry objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request. Coventry further objects to the extent this Request seeks documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, statutory privileges or other privileges or protections, including without limitation Fla. Stat. §§ 624.319(3), 626.601(6), 626.989(5). Finally, Coventry objects to this Request on the grounds that it is ambiguous—specifically, it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**32. Documents and Communications relating to the OIR Writ.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, statutory privileges or other privileges or protections, including without limitation Fla. Stat. §§ 624.319(3), 626.601(6), 626.989(5).

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**33. Documents and Communications sufficient to identify all Persons to whom You sent, provided access to, or otherwise disseminated the OIR Writ to.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to the extent it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case, including to the extent the Request seeks documents concerning dissemination of the OIR Writ to Coventry's own personnel.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections, sufficient to identify Persons to whom Coventry sent, provided access to, or otherwise disseminated the OIR Writ to.

**34. Documents and Communications between You and Grant Thornton relating to Abacus.**

**RESPONSE:** Coventry objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**35. Documents and Communications between You and Grant Thornton relating to Lapetus.**

**RESPONSE:** Coventry objects to this Request as overbroad to the extent it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Coventry further objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**36. Documents and Communications between You and Grant Thornton relating to the Defamatory Statements.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Coventry further objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request. Finally, Coventry objects to this Request on the grounds that it is ambiguous—specifically, it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**37. Documents and Communications between You and any Market Analyst, including TD Securities, relating to Abacus.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Coventry further objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**38. Documents and Communications between You and any Market Analyst, including TD Securities, relating to Lapetus.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Coventry further objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**39. Documents and Communications between You and any Market Analyst, including TD Securities, relating to the Defamatory Statements.**

**RESPONSE:** Coventry objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request. Finally, Coventry objects to this Request on the grounds that it is ambiguous—specifically, it is ambiguous what is meant by the "Defamatory Statements," as the definition of

"Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**40. Documents and Communications relating to the creation, development, data collection, methodology, peer review, or publication of the Coventry Studies.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case. Coventry also objects on the grounds that it seeks personally identifiable information and personal health information. Coventry further objects to this Request to the extent it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature. Coventry objects to the extent it seeks documents or data that are unduly burdensome to collect and produce. Coventry objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request. Finally, Coventry objects to the definition of "Coventry Studies" as overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint will include documents not relevant to the claims and defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications related to the Coventry Studies referenced in the First Amended Complaint, subject to and without waiving the foregoing objections. Coventry will not produce underlying life expectancy reports on an individual-by-individual basis.

**41. Documents and Communications containing any analysis of Abacus's financial statements, SEC filings, or public disclosures.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry objects to this Request to the extent it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature, including as it relates to any analysis comparing Coventry's business to Abacus's.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications related to the claims and defenses in this case, subject to and without waiving the foregoing objections.

**42. Documents and Communications relating to Your use of Lapetus as a Life Expectancy Provider, including but not limited to contracts, invoices, life expectancy reports, underlying data, pricing analyses, or any Documents reflecting policies You have purchased, priced, or offered for sale using Lapetus life expectancy estimates.**

**RESPONSE:** Coventry objects to this Request because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to

be raised in this case, as Coventry's business practices are not at issue. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature, including information as sensitive and irrelevant as Coventry's underlying data and pricing analyses.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**43. Documents and Communications relating to Your audited and unaudited consolidated financial statements from 2014 to present.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue, nor are the past 11 years of Coventry's financial statements. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**44. Documents and Communications relating to Your policies, procedures, or practices for valuing life insurance policies.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices, including how it values life insurance policies are not at issue. Coventry also objects to this Request as it seeks personally identifiable information and personal health information. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature, including without limitation, Coventry's core business practices.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**45. Documents and Communications relating to Your valuation of life insurance policies.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices, including how it values life insurance policies, are not at issue. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public

information of a commercially, financially, or personally sensitive nature, including overbroad requests for documents core to Coventry's business related to valuation of life insurance policies.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**46. Documents and Communications relating to Your valuation of life insurance policies transacted on the Tertiary Market.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices, including its valuation of life insurance policies on the Tertiary Market, are not at issue. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature, including overbroad requests for documents core to Coventry's business related to valuation of life insurance policies.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**47. Documents and Communications relating to Your valuation of life insurance policies transacted on the Secondary Market.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices, including its valuation of life insurance policies on the Secondary Market, are not at issue. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature, including overbroad requests for documents core to Coventry's business related to valuation of life insurance policies.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**48. Documents and Communications relating to Your use of fair market valuation.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue, nor is whether Coventry uses fair market valuation. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and

personal health information. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**49. Documents and Communications relating to any other valuation methodology You employ.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as neither Coventry's business practices nor its valuation methods are at issue in this case. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Coventry additionally objects to the Request as ambiguous and objects to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Coventry objects to this Request as it seeks trade secrets and

proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**50. Documents and Communications relating to Your transactions in the Tertiary Market, including but not limited to offering tapes, bid lists, or Communications with institutional investors regarding the purchase or sale of life insurance policies.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue, nor are Coventry's offering tapes, bid lists, or Communications with investors. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**51. Documents and Communications relating to Your transactions in the Secondary Market, including but not limited to Documents showing how You derive the price offered to policyholders for their life insurance policies and the profit margins You expect to earn from secondary market purchases.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue, nor are its prices offered to policyholders or expected profit margins on secondary market purchases. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**52. Documents containing any internal analysis of Abacus's transactions in the Secondary Market or Tertiary Market.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents from a competitor that are not relevant to, nor probative of, the claims and defenses in this case. Coventry also objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce.

Subject to and without waiving the foregoing General and Specific Objections, Coventry will conduct a reasonable search for and produce copies of responsive, non-privileged documents related to analyses of Abacus's transactions in the Secondary Market or Tertiary Market that are relevant to the claims and defenses in this case. Coventry will not produce analysis relating directly to transactions where Coventry competed directly with Abacus for the relevant business.

**53. Documents and Communications sufficient to reflect Your understanding or use of the term "asset-backed debt" in the context of life settlements.**

**RESPONSE:** Coventry objects to this Request to the extent it is ambiguous as to what documents are sought. Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**54. Documents and Communications between You and Lapetus and/or Dr. Olshansky relating to Abacus.**

**RESPONSE:** Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**55. Documents and Communications between You and Lapetus and/or Dr. Olshansky relating to the length, accuracy, or methodology of Lapetus's life expectancy estimates.**

**RESPONSE:** Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**56. Documents and Communications between You and Lapetus and/or Dr. Olshansky relating to the Defamatory Statements.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests. Coventry also objects to the Request because it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**57. Documents and Communications between You and any Life Expectancy Provider other than Lapetus relating to Abacus.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents not relevant to, nor probative of, the claims and defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**58. Documents and Communications between You and any Life Expectancy Provider other than Lapetus relating to Lapetus.**

**RESPONSE:** Coventry further objects to this Request in its entirety because it is overbroad and because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case—namely, communications with potential commercial service providers regarding a competitor unrelated to Abacus or the claims and defenses asserted in this case.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**59. Documents and Communications between You and any Life Expectancy Provider other than Lapetus relating to the Defamatory Statements.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests. Coventry also objects to the Request because it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Coventry wishes to meet and confer regarding the scope of documents sought in response to this Request.

**60. Documents and Communications between You and any Life Expectancy Provider other than Lapetus relating to the length, accuracy, or methodology of the Life Expectancy provider's life expectancy estimates.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue, nor are communications with potential commercial service providers about the services they provide or may provide to Coventry. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Finally, Coventry objects to this Request as it seeks trade secrets and

proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**61. Documents containing any internal analysis, comparison, or evaluation of Life Expectancy Providers, including but not limited to any analysis of the accuracy, methodology, or comparative performance of different Life Expectancy Providers.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue, nor are Coventry's sensitive internal business analyses of life expectancy providers not referenced in the Complaint. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**62. Documents and Communications sufficient to show who at Coventry runs or operates the Coventry website, https://www.coventry.com/.**

**RESPONSE:** Coventry objects to this Request on the grounds that it is ambiguous what is meant by "runs or operates."

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**63. Documents and Communications sufficient to show who at Coventry drafts the press releases or "news" entries on the Coventry website, https://www.coventry.com/news/.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**64. Documents and Communications sufficient to show who at Coventry approves the press releases or "news" entries on the Coventry website, https://www.coventry.com/news/.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**65. Documents and Communications relating to Your policies, procedures, or practices for verifying the accuracy of statements made before publication or dissemination, including statements You make about competitors.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**66. Documents and Communications relating to Your profit margins on life insurance policies, including but not limited to presentations, offering memoranda, marketing materials, or Communications with potential or actual investors.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue, nor are its communications with investors. Finally, Coventry objects to this Request as it calls for proprietary or non-public information of a commercially, financially, or personally sensitive nature, including information as sensitive as its own profit margins.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**67. Documents sufficient to show Your revenues, profits, and market share in the life settlements industry from 2022 to present.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses

likely to be raised in this case, as Coventry's business practices, revenues, and profits are not at issue. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**68. Documents and Communications relating to any analysis of competitive threats posed by Abacus or the impact of Abacus's business model on Your business.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue. Coventry further objects to this Request on the grounds that it is ambiguous what is meant by "competitive threats." Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**69. Documents and Communications relating to Your attempts to securitize life insurance policies or create investment funds backed by life insurance policies for Tertiary Market investors.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in

this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue, nor is whether Coventry has ever attempted to securitize life insurance policies or create investment funds backed by life insurance policies. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**70. Documents and Communications relating to ABL Longevity Growth and Income Fund or any other Abacus investment vehicle or fund.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to the extent that this Request seeks documents not related to, nor meaningfully probative of, the claims or defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**71. Documents and Communications You rely upon or may rely upon for Your responses to the interrogatories in this Action.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to the extent that this Request seeks documents already available to Abacus.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**72. Documents and Communications You rely upon or reference in Your Motion to Dismiss in this Action.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to the extent that this Request seeks documents already available to Abacus. Finally, Coventry objects to this Request on the grounds that it is ambiguous what is meant by "Motion to Dismiss" in light of Abacus's filing of its First Amended Complaint.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**73. Documents and Communications that tend to support or negate the allegations contained in the Complaint.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to the

extent that this Request seeks documents already available to Abacus. Coventry additionally objects to this Request on the grounds that it is overbroad and ambiguous regarding what is meant by "tend to support or negate." Specifically, the Complaint is an improper shotgun pleading that fails to put Defendants on notice of the allegations against them, therefore making it impossible to discern the universe of documents that would comply with this request.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**74. Documents and Communications that You may rely upon or introduce at a deposition, proceeding, or trial in this Action.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to the extent that this Request seeks documents already available to Abacus. Finally, Coventry objects to this Request on the grounds that it is ambiguous what is meant by "rely upon."

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

Dated: October 8, 2025

Respectfully Submitted,

/s/ Michael H. McGinley
MICHAEL H. MCGINLEY (*pro hac vice*)
BRIAN A. KULP (*pro hac vice*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
michael.mcginley@dechert.com
brian.kulp@dechert.com

ERIC AUSLANDER (*pro hac vice*)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333
eric.auslander@dechert.com

ANDREW J. LEVANDER (*pro hac vice*)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
andrew.levander@dechert.com

ALFRED J. BENNINGTON, JR.
GLENNYS ORTEGA RUBIN
BENJAMIN F. ELLIOTT
SHUTTS & BOWEN LLP
300 South Orange Ave.
Suite 1600
Orlando, FL 32801
Telephone: (407) 423-3200
Facsimile: (407) 425-8316
bbenington@shutts.com
grubin@shutts.com
belliott@shutts.com

*Counsel for Defendants Coventry First LLC and Alan Buerger*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2025, the foregoing was served upon Plaintiff's counsel via electronic mail.

*/s/ Michael H. McGinley*
Michael H. McGinley

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ABACUS GLOBAL MANAGEMENT, INC., a corporation,
Plaintiff,

v.

COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,
Defendants.

Case No. 6:25-cv-01401-RBD-RMN

**DEFENDANT COVENTRY FIRST LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF ABACUS GLOBAL MANAGEMENT, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and subject to its right to supplement these responses based on further investigation and discovery, Defendant Coventry First LLC ("Coventry"), by and through its undersigned counsel, hereby makes the following responses and objections to Plaintiff Abacus Global Management, Inc.'s ("Abacus" or "You") First Set of Requests for Production of Documents (each a "Request").

Coventry reserves the right to produce additional documents or other evidence at any time, and to object on appropriate grounds to the introduction into evidence of any portion of its Responses or any documents that may be produced in response to the document Requests. The production of any given document pursuant to the document Requests is not an admission or acknowledgement by Coventry that such document is relevant to any claim or defense in this action. Coventry further reserves the right to contend at trial or in any other context or proceeding, in this action or

otherwise, that such document is inadmissible, irrelevant, immaterial, or not the proper basis for discovery; and is without prejudice to, or waiver of, any objection to any future use of such document that Coventry may choose to make. Coventry further reserves the right at any time to revise, correct, supplement, clarify and/or amend the responses and objections set forth herein.

## GENERAL OBJECTIONS

Each of Coventry's responses herein, in addition to any specifically stated objection, is subject to and incorporates the following General Objections. These General Objections are incorporated by reference into each individual document Request response as if fully set forth therein, whether or not specifically stated in the individual response. Accordingly, the inclusion of any Specific Objection to a Request in any response below is neither intended as, nor shall in any way be deemed, a waiver of any General Objection or of any other Specific Objection made herein or that may be asserted at a later date. All of Coventry's Responses and Objections are stated to the best of Coventry's knowledge based on the information currently known to Coventry regarding the scope of documents and communications that exist and may be response to these Requests.

1. Coventry objects to all Definitions, Instructions, Relevant Time Periods, and Requests that purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States Court for the Middle District of Florida, or any other applicable law, rule, or Order entered by the Court.

2. Coventry objects to each Request to the extent it seeks the production of documents from sources that are not reasonably accessible because of undue burden or cost.

3. Coventry objects to each Request to the extent it contains requests for documents that are overlapping, cumulative, or duplicative of other Request(s).

4. Coventry objects to each Request to the extent it calls for the production of documents already in possession of the Plaintiff, or otherwise available from public sources or documents that are on file with the Court or that could be obtained from other sources that are more convenient, efficient, and less burdensome or expensive than obtaining the same information from Coventry.

5. Coventry objects to each Request to the extent it seeks information and calls for documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, government privileges, and/or any other applicable privilege, immunity, or protection from discovery. Any inadvertent disclosure of any information or documents protected by such privileges shall not be deemed or construed as a waiver of any privilege, immunity, protection, or right of Coventry, and Coventry reserves its right to demand that Plaintiff return to Coventry or destroy any such documents and all copies thereof.

6. Coventry objects to each Request that seeks the disclosure of any trade secrets or any proprietary or non-public information of a commercially or financially sensitive nature. Coventry's business practices are not at issue in this action. Similarly, Coventry objects to each Request that seeks the disclosure of personally

identifiable information and personal health information. In responding to each Request, Coventry will only provide information or documents that are relevant to the subject matter of this action and proportional to the needs of this case. Furthermore, any such information or documents shall be produced subject to the terms of an agreement between the parties concerning the protection of confidential information.

7. Coventry objects to each Request to the extent it requires Coventry to create documents that are not already in existence or that do not exist in a format specified by Plaintiff.

8. Coventry objects to each Request that calls for the production of documents not presently in its possession but in the possession of third parties or separate legal entities. Coventry will only search for and produce documents that are reasonably accessible and within Coventry's possession, custody, and control.

9. Coventry objects to Definition No. 4 ("Complaint") as it fails to differentiate between the original, inoperative Complaint and the First Amended Complaint.

10. Coventry objects to Definition No. 7 ("Coventry Studies") as it is overbroad and overinclusive to the extent it seeks "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint.

11. Coventry objects to Definition No. 8 ("Defamatory Statements") as ambiguous, as it references an inoperative complaint. Coventry further objects to

Definition No. 8 as ambiguous as the Counts referenced in the inoperative complaint fail to define the universe of alleged defamatory statements. Accordingly, Coventry will interpret "Defamatory Statements" to include only those listed in Counts I-III of the First Amended Complaint.

12. Coventry objects to Instruction No. 4, which purports to require Coventry to produce each document without redactions. Coventry reserves the right to redact materials that are privileged, subject to confidentiality obligations under data privacy laws and regulations, or which contain trade secrets or any proprietary or non-public information of a commercial, financial, or personal nature.

13. Coventry objects to Instruction Nos. 6 and 7, which purport to govern how documents are to be produced, to the extent they require Coventry to produce any information in a way other than how such information is maintained in the ordinary course of business. Coventry will produce documents in accordance with Federal Rule of Civil Procedure 34(b)(2)(E).

14. Coventry objects to Instruction No. 10, which overburdens Defendant by purporting to require the production of duplicate documents even if they are entirely identical, to the extent that it requires the production of duplicate documents.

15. Coventry objects to Instruction No. 13, which purports to require a privilege log containing extensive descriptive information, to the extent it requires the disclosure of any information protected by attorney-client privilege, work product doctrine, government privileges, or any other privilege or protection. Coventry wishes to meet and confer concerning a mutual exchange of privilege logs.

## SPECIFIC RESPONSES AND OBJECTIONS

**1. Documents and Communications relating to the Defamatory Statements.**

**RESPONSE:** Coventry objects to the extent the Request calls for documents that are publicly available or otherwise already in Abacus's possession. Coventry also objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to this Request as overbroad and duplicative of other, more specific, Requests concerning the alleged Defamatory Statements. Finally, Coventry objects to the Request because it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**2. Documents and Communications relating to the Coventry Studies, including any drafts, data sets, or working papers related to any of the Coventry Studies.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly

burdensome to collect and produce. Coventry further objects to this Request to the extent it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature. Finally, Coventry objects to the definition of "Coventry Studies" as overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint will include documents not relevant to the claims and defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications related to the Coventry Studies referenced in the First Amended Complaint, subject to and without waiving the foregoing objections. Coventry will not produce underlying life expectancy reports on an individual-by-individual basis.

**3. Documents and Communications relating to Your dissemination of the Coventry Studies, including but not limited to Documents and Communications sufficient to identify all Persons to whom You sent, provided access to, or otherwise disseminated the Coventry Studies to.**

**RESPONSE:** Coventry objects to the extent the Request requires Coventry to create documents that are not already in existence. Coventry also objects to the extent it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case, including to the extent the Request seeks documents concerning dissemination of the Coventry Studies to Coventry's own personnel. Finally,

Coventry objects to the definition of "Coventry Studies" as overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint will include documents not relevant to the claims and defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**4. Documents and Communications sufficient to identify all Persons that requested access to the Coventry Studies via Coventry's website, as described in Paragraphs 81 and nn.15–16 and 82 of the Complaint, and were either granted or denied access.**

**RESPONSE:** Coventry objects to the extent the Request requires Coventry to create documents that are not already in existence. Coventry also objects to the extent it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case. Finally, Coventry objects to the definition of "Coventry Studies" as overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint will include documents not relevant to the claims and defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**5. Communications between You and Morpheus Research relating to Abacus.**

**RESPONSE:** Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**6. Communications between You and Morpheus Research relating to Lapetus.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests. Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**7. Communications between You and Morpheus Research relating to the Short Reports including all allegations, statements, contents, and topics contained therein.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**8. Communications between You and Hindenburg Research or Nate Anderson relating to Abacus.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests. Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**9. Communications between You and Hindenburg Research or Nate Anderson relating to Lapetus**.

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests. Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**10. Documents and Communications relating to the Short Reports including the allegations, statements, contents, and topics contained therein.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests. Coventry further objects to the extent the Request is overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as Abacus does not allege that all "statements, contents, and topics" contained in the Short Reports are the subject of its claims.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**11. Documents and Communications sufficient to identify all Persons to whom You sent, provided access to, or otherwise disseminated the Short Reports to**.

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**12. Communications between You and Professors Daniel Bauer and Nan Zhu, or any other professor, academic, consultant, forensic accountant, or Third-Party engaged to create, review, or validate any of the Coventry Studies, or the allegations, conclusions, observations, or statements contained therein.**

**RESPONSE:** Coventry objects to the definition of "Coventry Studies" as overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint will include documents not relevant to the claims and defenses in this case. Coventry further objects to this Request to the extent it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature. Coventry also objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection or other confidentiality obligation.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections. Coventry will not produce underlying life expectancy reports on an individual-by-individual basis.

**13. Communications between You and any Person/Third-Party relating to commissioning or undertaking an independent Third-Party analysis, evaluation, study, etc. about Abacus.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request seeks documents relating to any Third-Party analysis, even commercially sensitive analyses entirely unrelated to the claims and defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections, between Coventry and any Person/Third Party relating to independent analyses of Abacus which relate to the claims or defenses in this case.

**14. Communications between You and any Person/Third-Party relating to commissioning or undertaking an independent Third-Party analysis, evaluation, study, etc. about Lapetus.**

**RESPONSE:** Coventry objects to this Request to the extent that it is overbroad and seeks irrelevant documents—including any documents relating to any Third-Party analysis of Lapetus done in connection with Coventry's decision to or not to engage with Lapetus as a life expectancy provider.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications between Coventry and any Person/Third Party relating to independent analyses of Lapetus which relate to the claims or defenses in this case, subject to and without waiving the foregoing objections.

**15. Communications between You and Tegus relating to Abacus.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications between Coventry and Tegus relating to Abacus, subject to and without waiving the foregoing objections.

**16. Communications between You and Tegus relating to Lapetus.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case—specifically, any documents relating to Lapetus that do not relate to Abacus. Coventry also objects to the extent this Request seeks documents duplicative of those responsive to other requests.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications between Coventry and Tegus relating to Lapetus and the claims and defenses in this action, subject to and without waiving the foregoing objections.

**17. Communications between You and Tegus relating to the Tegus Interview.**

Coventry objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case. Coventry also objects to the extent this Request seeks documents duplicative of those responsive to other requests.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged communications, subject to and without waiving the foregoing objections.

**18. All Documents and Communications relating to the Tegus Interview, including all recordings, transcripts, presentations, notes, or drafts of the Tegus Interview.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case—specifically, any documents that do not relate to Abacus or the claims or defenses in this case. Coventry also objects to the extent this Request seeks documents duplicative of those responsive to other requests.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**19. Documents and Communications sufficient to identify all Persons to whom You sent, provided access to, or otherwise disseminated the Tegus Interview to.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case,

including to the extent the Request seeks documents concerning dissemination of the Tegus Interview to Coventry's own personnel.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**20. Documents and Communications relating to the 2024 LISA Conference, including but not limited to recordings, transcripts, presentations, or notes from Buerger's October 24, 2024 "Fireside Chat" presentation.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry objects to this Request to the extent it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case—specifically, any documents that do not relate to Abacus or the claims or defenses in this case. Coventry additionally objects to this Request to the extent it seeks documents publicly available or already in Abacus's possession.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**21. Documents and Communications relating to the transcript You created, approved, or otherwise approved to include the Coventry logo, of the 2024 LISA Conference "Fireside Chat" as reflected in Exhibit 5 to Your Motion to Dismiss.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to this Request on the grounds that it is ambiguous what is meant by "relating to the transcript."

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**22. Documents and Communications relating to Your dissemination of the "Fireside Chat" between Buerger and Dr. Jay Olshansky at the 2024 LISA Conference—in any form (e.g., links to a video recording of the "Fireside Chart," transcripts, etc.)—including but not limited to Documents and Communications sufficient to identify all Persons to whom You sent, provided access to, or otherwise disseminated the Coventry Studies to.**

**RESPONSE:** Coventry objects to this Request to the extent that is ambiguous how "disseminat[ion] of the Coventry Studies" relates to dissemination of the Fireside Chat. Coventry also objects to the extent it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case, including to the extent the Request seeks documents concerning dissemination of the Coventry Studies or the Fireside Chat to Coventry's own personnel.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**23. Documents and Communications relating to any of Your press releases, media statements, or public communications regarding Abacus.**

**RESPONSE**: Coventry objects to this Request to the extent it seeks documents that are publicly available. Coventry further objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to this Request to the extent that it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**24. Documents and Communications relating to any of Your press releases, media statements, or public communications regarding Lapetus.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents that are publicly available. Coventry further objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to this Request to the extent that it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**25. Documents and Communications relating to any of Your press releases, media statements, or public communications regarding the Defamatory Statements.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents that are publicly available. Coventry further objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry additionally objects to this Request on the grounds that it is ambiguous—specifically, it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements. Coventry also objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**26. Documents and Communications between You and any Short Seller relating to Abacus.**

**RESPONSE:** Coventry objects to this Request as overbroad and objects to the extent that it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case. Coventry further objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**27. Documents and Communications between You and any Short Seller relating to Lapetus.**

**RESPONSE:** Coventry objects to this Request as overbroad and objects to the extent that it seeks documents not relevant to, nor meaningfully probative of, the claims and defenses in this case. Coventry further objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**28. Documents and Communications between You and any Short Seller relating to the Defamatory Statements.**

**RESPONSE:** Coventry objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request. Coventry also objects to this Request as overbroad. Coventry further objects to this Request on the grounds that it is ambiguous—specifically, it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**29. Documents and Communications between You and any Government Entity relating to Abacus**.

**RESPONSE:** Coventry objects to this Request in its entirety as it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case, as communications with a government entity cannot form the basis of Abacus's claims. Coventry also objects to this Request as it seeks documents

duplicative of those sought in response to any other request. Coventry further objects as this Request seeks documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, statutory privileges or other privileges or protections, including without limitation Fla Stat. §§ 624.319(3), 626.601(6), 626.989(5).

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**30. Documents and Communications between You and any Government Entity relating to Lapetus.**

**RESPONSE:** Coventry objects to this Request in its entirety as it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case, as communications with a government entity cannot form the basis of Abacus's claims, and separately, certain documents may relate to Lapetus but not to Abacus. Coventry objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request. Coventry further objects to the extent this Request seeks documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, statutory privileges or other privileges or protections, including without limitation Fla. Stat. §§ 624.319(3), 626.601(6), 626.989(5). Finally, Coventry objects to this request to the extent it is overbroad, in that it seeks any documents relating to Lapetus that do not relate to Abacus or the claims or defenses in this case.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**31. Documents and Communications between You and any Government Entity relating to the Defamatory Statements.**

**RESPONSE:** Coventry objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request. Coventry further objects to the extent this Request seeks documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, statutory privileges or other privileges or protections, including without limitation Fla. Stat. §§ 624.319(3), 626.601(6), 626.989(5). Finally, Coventry objects to this Request on the grounds that it is ambiguous—specifically, it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**32. Documents and Communications relating to the OIR Writ.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, statutory privileges or other privileges or protections, including without limitation Fla. Stat. §§ 624.319(3), 626.601(6), 626.989(5).

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**33. Documents and Communications sufficient to identify all Persons to whom You sent, provided access to, or otherwise disseminated the OIR Writ to.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to the extent it seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case, including to the extent the Request seeks documents concerning dissemination of the OIR Writ to Coventry's own personnel.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections, sufficient to identify Persons to whom Coventry sent, provided access to, or otherwise disseminated the OIR Writ to.

**34. Documents and Communications between You and Grant Thornton relating to Abacus.**

**RESPONSE:** Coventry objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**35. Documents and Communications between You and Grant Thornton relating to Lapetus.**

**RESPONSE:** Coventry objects to this Request as overbroad to the extent it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Coventry further objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**36. Documents and Communications between You and Grant Thornton relating to the Defamatory Statements.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Coventry further objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request. Finally, Coventry objects to this Request on the grounds that it is ambiguous—specifically, it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**37. Documents and Communications between You and any Market Analyst, including TD Securities, relating to Abacus.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Coventry further objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**38. Documents and Communications between You and any Market Analyst, including TD Securities, relating to Lapetus.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Coventry further objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**39. Documents and Communications between You and any Market Analyst, including TD Securities, relating to the Defamatory Statements.**

**RESPONSE:** Coventry objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request. Finally, Coventry objects to this Request on the grounds that it is ambiguous—specifically, it is ambiguous what is meant by the "Defamatory Statements," as the definition of

"Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**40. Documents and Communications relating to the creation, development, data collection, methodology, peer review, or publication of the Coventry Studies.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents not relevant to, or meaningfully probative of, the claims and defenses in this case. Coventry also objects on the grounds that it seeks personally identifiable information and personal health information. Coventry further objects to this Request to the extent it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature. Coventry objects to the extent it seeks documents or data that are unduly burdensome to collect and produce. Coventry objects to this Request to the extent that it seeks documents duplicative of those sought in response to any other request. Finally, Coventry objects to the definition of "Coventry Studies" as overbroad and overinclusive of documents not relevant to the claims and defenses in this case, as "any and all studies, analyses, reports, reviews, or assessments created, commissioned, sponsored, or disseminated by You concerning Lapetus or its life expectancy estimates" without limitation to the studies referenced in the Complaint will include documents not relevant to the claims and defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications related to the Coventry Studies referenced in the First Amended Complaint, subject to and without waiving the foregoing objections. Coventry will not produce underlying life expectancy reports on an individual-by-individual basis.

**41. Documents and Communications containing any analysis of Abacus's financial statements, SEC filings, or public disclosures.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry objects to this Request to the extent it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature, including as it relates to any analysis comparing Coventry's business to Abacus's.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications related to the claims and defenses in this case, subject to and without waiving the foregoing objections.

**42. Documents and Communications relating to Your use of Lapetus as a Life Expectancy Provider, including but not limited to contracts, invoices, life expectancy reports, underlying data, pricing analyses, or any Documents reflecting policies You have purchased, priced, or offered for sale using Lapetus life expectancy estimates.**

**RESPONSE:** Coventry objects to this Request because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to

be raised in this case, as Coventry's business practices are not at issue. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature, including information as sensitive and irrelevant as Coventry's underlying data and pricing analyses.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**43. Documents and Communications relating to Your audited and unaudited consolidated financial statements from 2014 to present.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue, nor are the past 11 years of Coventry's financial statements. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**44. Documents and Communications relating to Your policies, procedures, or practices for valuing life insurance policies.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices, including how it values life insurance policies are not at issue. Coventry also objects to this Request as it seeks personally identifiable information and personal health information. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature, including without limitation, Coventry's core business practices.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**45. Documents and Communications relating to Your valuation of life insurance policies.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices, including how it values life insurance policies, are not at issue. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public

information of a commercially, financially, or personally sensitive nature, including overbroad requests for documents core to Coventry's business related to valuation of life insurance policies.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**46. Documents and Communications relating to Your valuation of life insurance policies transacted on the Tertiary Market.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices, including its valuation of life insurance policies on the Tertiary Market, are not at issue. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature, including overbroad requests for documents core to Coventry's business related to valuation of life insurance policies.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**47. Documents and Communications relating to Your valuation of life insurance policies transacted on the Secondary Market.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices, including its valuation of life insurance policies on the Secondary Market, are not at issue. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature, including overbroad requests for documents core to Coventry's business related to valuation of life insurance policies.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**48. Documents and Communications relating to Your use of fair market valuation.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue, nor is whether Coventry uses fair market valuation. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and

personal health information. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**49. Documents and Communications relating to any other valuation methodology You employ.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as neither Coventry's business practices nor its valuation methods are at issue in this case. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Coventry additionally objects to the Request as ambiguous and objects to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Coventry objects to this Request as it seeks trade secrets and

proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**50. Documents and Communications relating to Your transactions in the Tertiary Market, including but not limited to offering tapes, bid lists, or Communications with institutional investors regarding the purchase or sale of life insurance policies.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue, nor are Coventry's offering tapes, bid lists, or Communications with investors. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**51. Documents and Communications relating to Your transactions in the Secondary Market, including but not limited to Documents showing how You derive the price offered to policyholders for their life insurance policies and the profit margins You expect to earn from secondary market purchases.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue, nor are its prices offered to policyholders or expected profit margins on secondary market purchases. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**52. Documents containing any internal analysis of Abacus's transactions in the Secondary Market or Tertiary Market.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents from a competitor that are not relevant to, nor probative of, the claims and defenses in this case. Coventry also objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature. Coventry additionally objects to the Request to the extent it seeks documents or data that are unduly burdensome to collect and produce.

Subject to and without waiving the foregoing General and Specific Objections, Coventry will conduct a reasonable search for and produce copies of responsive, non-privileged documents related to analyses of Abacus's transactions in the Secondary Market or Tertiary Market that are relevant to the claims and defenses in this case. Coventry will not produce analysis relating directly to transactions where Coventry competed directly with Abacus for the relevant business.

**53. Documents and Communications sufficient to reflect Your understanding or use of the term "asset-backed debt" in the context of life settlements.**

**RESPONSE:** Coventry objects to this Request to the extent it is ambiguous as to what documents are sought. Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**54. Documents and Communications between You and Lapetus and/or Dr. Olshansky relating to Abacus.**

**RESPONSE:** Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**55. Documents and Communications between You and Lapetus and/or Dr. Olshansky relating to the length, accuracy, or methodology of Lapetus's life expectancy estimates.**

**RESPONSE:** Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**56. Documents and Communications between You and Lapetus and/or Dr. Olshansky relating to the Defamatory Statements.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests. Coventry also objects to the Request because it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Coventry wishes to meet and confer concerning the scope of documents sought in response to this Request.

**57. Documents and Communications between You and any Life Expectancy Provider other than Lapetus relating to Abacus.**

**RESPONSE:** Coventry objects to this Request to the extent it seeks documents not relevant to, nor probative of, the claims and defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**58. Documents and Communications between You and any Life Expectancy Provider other than Lapetus relating to Lapetus.**

**RESPONSE:** Coventry further objects to this Request in its entirety because it is overbroad and because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case—namely, communications with potential commercial service providers regarding a competitor unrelated to Abacus or the claims and defenses asserted in this case.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**59. Documents and Communications between You and any Life Expectancy Provider other than Lapetus relating to the Defamatory Statements.**

**RESPONSE:** Coventry objects to the extent this Request seeks documents duplicative of those responsive to other requests. Coventry also objects to the Request because it is ambiguous what is meant by the "Defamatory Statements," as the definition of "Defamatory Statements" refers to an inoperative complaint, the language of which fails to limit the universe of alleged defamatory statements.

Accordingly, Coventry wishes to meet and confer regarding the scope of documents sought in response to this Request.

**60. Documents and Communications between You and any Life Expectancy Provider other than Lapetus relating to the length, accuracy, or methodology of the Life Expectancy provider's life expectancy estimates.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue, nor are communications with potential commercial service providers about the services they provide or may provide to Coventry. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Finally, Coventry objects to this Request as it seeks trade secrets and

proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**61. Documents containing any internal analysis, comparison, or evaluation of Life Expectancy Providers, including but not limited to any analysis of the accuracy, methodology, or comparative performance of different Life Expectancy Providers.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue, nor are Coventry's sensitive internal business analyses of life expectancy providers not referenced in the Complaint. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**62. Documents and Communications sufficient to show who at Coventry runs or operates the Coventry website, https://www.coventry.com/.**

**RESPONSE:** Coventry objects to this Request on the grounds that it is ambiguous what is meant by "runs or operates."

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**63. Documents and Communications sufficient to show who at Coventry drafts the press releases or "news" entries on the Coventry website, https://www.coventry.com/news/**.

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**64. Documents and Communications sufficient to show who at Coventry approves the press releases or "news" entries on the Coventry website, https://www.coventry.com/news/.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**65. Documents and Communications relating to Your policies, procedures, or practices for verifying the accuracy of statements made before publication or dissemination, including statements You make about competitors.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**66. Documents and Communications relating to Your profit margins on life insurance policies, including but not limited to presentations, offering memoranda, marketing materials, or Communications with potential or actual investors.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue, nor are its communications with investors. Finally, Coventry objects to this Request as it calls for proprietary or non-public information of a commercially, financially, or personally sensitive nature, including information as sensitive as its own profit margins.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**67. Documents sufficient to show Your revenues, profits, and market share in the life settlements industry from 2022 to present.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses

likely to be raised in this case, as Coventry's business practices, revenues, and profits are not at issue. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**68. Documents and Communications relating to any analysis of competitive threats posed by Abacus or the impact of Abacus's business model on Your business.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue. Coventry further objects to this Request on the grounds that it is ambiguous what is meant by "competitive threats." Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**69. Documents and Communications relating to Your attempts to securitize life insurance policies or create investment funds backed by life insurance policies for Tertiary Market investors.**

**RESPONSE:** Coventry objects to this Request in its entirety because it seeks documents not related to, nor meaningfully probative of, the claims and defenses in

this case. Specifically, this Request does not relate to any part of the claims or defenses likely to be raised in this case, as Coventry's business practices are not at issue, nor is whether Coventry has ever attempted to securitize life insurance policies or create investment funds backed by life insurance policies. Coventry also objects to this Request on the grounds that it seeks personally identifiable information and personal health information. Finally, Coventry objects to this Request as it seeks trade secrets and proprietary or non-public information of a commercially, financially, or personally sensitive nature.

Accordingly, Coventry will not search for, and to the extent they exist, will not produce, any documents in response to this Request.

**70. Documents and Communications relating to ABL Longevity Growth and Income Fund or any other Abacus investment vehicle or fund.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to the extent that this Request seeks documents not related to, nor meaningfully probative of, the claims or defenses in this case.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**71. Documents and Communications You rely upon or may rely upon for Your responses to the interrogatories in this Action.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to the extent that this Request seeks documents already available to Abacus.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**72. Documents and Communications You rely upon or reference in Your Motion to Dismiss in this Action.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to the extent that this Request seeks documents already available to Abacus. Finally, Coventry objects to this Request on the grounds that it is ambiguous what is meant by "Motion to Dismiss" in light of Abacus's filing of its First Amended Complaint.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**73. Documents and Communications that tend to support or negate the allegations contained in the Complaint.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to the

extent that this Request seeks documents already available to Abacus. Coventry additionally objects to this Request on the grounds that it is overbroad and ambiguous regarding what is meant by "tend to support or negate." Specifically, the Complaint is an improper shotgun pleading that fails to put Defendants on notice of the allegations against them, therefore making it impossible to discern the universe of documents that would comply with this request.

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

**74. Documents and Communications that You may rely upon or introduce at a deposition, proceeding, or trial in this Action.**

**RESPONSE:** Coventry objects to the extent the Request calls for the production of documents protected by attorney-client privilege, attorney work product doctrine, litigation privilege, or any other privilege or protection. Coventry also objects to the extent that this Request seeks documents already available to Abacus. Finally, Coventry objects to this Request on the grounds that it is ambiguous what is meant by "rely upon."

Coventry will conduct a reasonable search for and will produce copies of responsive, non-privileged documents and communications, subject to and without waiving the foregoing objections.

Dated: October 8, 2025

Respectfully Submitted,

*/s/ Michael H. McGinley*
MICHAEL H. MCGINLEY (*pro hac vice*)
BRIAN A. KULP (*pro hac vice*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
michael.mcginley@dechert.com
brian.kulp@dechert.com

ERIC AUSLANDER (*pro hac vice*)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333
eric.auslander@dechert.com

ANDREW J. LEVANDER (*pro hac vice*)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
andrew.levander@dechert.com

ALFRED J. BENNINGTON, JR.
GLENNYS ORTEGA RUBIN
BENJAMIN F. ELLIOTT
SHUTTS & BOWEN LLP
300 South Orange Ave.
Suite 1600
Orlando, FL 32801
Telephone: (407) 423-3200
Facsimile: (407) 425-8316
bbenington@shutts.com
grubin@shutts.com
belliott@shutts.com

*Counsel for Defendants Coventry First LLC and Alan Buerger*

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2025, the foregoing was served upon Plaintiff's counsel via electronic mail.

*/s/ Michael H. McGinley*
Michael H. McGinley