**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br><br>Defendants. | Case No.: 6:25-cv-01401-RBD-RMN |

**PLAINTIFF'S SECOND SHORT FORM MOTION TO COMPEL DEFENDANTS' PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 37, Plaintiff Abacus Global Management, Inc. moves to compel Defendants Coventry First LLC and Alan Buerger to produce documents in response to Abacus's First Requests for Production Nos. 43–51, 66–67 (Coventry) and 43–49 (Buerger) (collectively, "Requests"). Defs.' R&Os (Dkt. 66-1). These Requests seek documents and communications related to Coventry's financials, valuations, and market activities. Defendants made defamatory statements about Abacus with regard to these same topics, and have claimed to speak with authority on these issues based on their experience competing with Abacus. *See, e.g.*, FAC (Dkt. 38) ¶¶ 146, 199, 214.

Although Abacus has narrowed its Requests,[1] Defendants refuse to provide discovery about Coventry's business practices, claiming they are not relevant because Coventry is private while Abacus is publicly-traded. Dkts. 66-3 at 6–7; 66-4 at 6–8. Those objections fail.

***First***, Defendants have not shown *lack* of relevance. *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) ("The party resisting production … bears the burden of establishing lack of relevancy.")

***Second***, Defendants have not provided ***any*** authority recognizing the private/public distinction as an absolute bar to discovery. *See* Dkts. 66-4; 66-6; 66-8.

***Third***, the Requests bear directly on Defendants' state of mind and go to the truth or falsity of Defendants' defamatory statements about Abacus's business practices. *See* Dkt. 66-3 at 6–7; *Cable News Network, Inc. v. Black*, 308 So. 3d 997, 1001 (Fla. 4th DCA 2020) ("[A] plaintiff is entitled to prove the defendant's state of mind through circumstantial evidence.") (citation modified)). Similarities (or lack thereof) between the Parties' business practices go to Defendants' knowledge or reckless disregard of the truth about Abacus. *See ExxonMobil Oil Corp. v. S. Cal. Edison Co.*, 2014 WL 12629698, at *3 (C.D. Cal. Apr. 3, 2014) ("[A] party's own internal practices" are relevant to "industry standards.").

---

[1] *See* Dkt. 66 at 2 for the Parties' meet and confer history.

For example, drawing on Coventry's experience competing with Abacus, Buerger claimed that Abacus's discount rate was "not realistic," and that Abacus's value was "grossly overstated." FAC ¶¶ 105–06; *see* Dkts. 66-7 at 5; 66-5 at 5. Those statements open the door to discovery about Coventry's own discount rates and valuations. Defendants' sole authority, *Caliber Home Loans, Inc. v. Bales*, 2017 WL 8341699 (M.D. Fla. Aug. 17, 2017), is inapposite. There, the court denied discovery into "regular business practices" because it was only relevant to a "potential" "unpled counterclaim." *Id.* at *1–2. Here, Abacus seeks discovery related to Defendants' defamatory statements that form the basis of the operative pleading.

***Finally***, the Parties have a confidentiality agreement. Thus, Defendants' confidentiality objection cannot be used to "block discovery." Dkt. 54 at 2 (Defendants rejecting third-party confidentiality objection).

* * *

Plaintiff respectfully requests that the Court overrule Defendants' objections and compel production of documents responsive to Coventry RFP Nos. 43–51, 66–67 and Buerger RFP Nos. 43–49.

**Local Rule 3.01(g) Certificate**

Pursuant to Local Rule 3.01(g), I hereby certify that Plaintiff's counsel conferred with Defendants' counsel by letter, video conference, and email in

advance of filing this motion. Defendants oppose the relief requested in this motion.

DATED: January 6, 2026

*/s/ Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
Osvaldo Rodriguez (Fla. Bar No. 1039307)
osvaldorodriguez@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Attorneys for Plaintiff Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 6, 2026, a true and correct copy of the foregoing document was electronically served via the CM/ECF system on all parties authorized to accept service by CM/ECF.

/s/ *Alex Zuckerman*
Alex Zuckerman