# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br>　　　　Plaintiff,<br><br>　　v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br>　　　　Defendants. | Case No. 6:25-cv-01401-RBD-RMN<br><br>**DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS FOR THE TIME PERIOD RESPONSIVE TO THEIR REQUESTS FOR PRODUCTION** |

Defendants Coventry First LLC and Alan Buerger (together, "Defendants") move to compel Plaintiff Abacus Global Management, Inc. ("Abacus") to produce documents responsive to their Requests for Production ("RFPs") for the relevant time period. Ex. A, Instruction 23.

This case arises from Abacus's questionable relationship with Lapetus Solutions, Inc. ("Lapetus"), a now defunct life expectancy provider. The timeframe for Defendants' RFPs, generally June 1, 2021 to the present, is wholly relevant to the litigation. Abacus baselessly seeks to cut off production for most requests to July 3, 2023—the date Abacus became a public company—even though the conduct in question predates that arbitrary date. Ex. B ¶ 11.

1

The entire period is relevant because it marks the beginning of Abacus's shift from a service business to a direct acquirer of policies, *see* Ex. C, which Abacus places at the center of the litigation. Abacus's First Amended Complaint rests on the claim that Defendants made defamatory statements about this business model. *See, e.g.*, Ex. D ¶¶ 4, 6. Obtaining documents dating back to June 2021 is essential to determining the accuracy of Defendants' statements.

Abacus's artificial line drawing at July 2023 would exclude highly relevant evidence. The period of Defendants' RFPs directly relates to Abacus's long-term reliance on Lapetus life expectancies ("LEs") and whether Abacus changed its valuation methods around the time it went public, including by using Lapetus LEs more frequently. And since 2022, Abacus has boasted of using "Lapetus Life Event Solutions." Ex. E at 16. Documents *before* Abacus's go-public date are thus necessary to (1) understand the extent of Abacus's "partnership" with Lapetus, (2) discover any change in valuation methods over time, and (3) evaluate Abacus's motivations for making any changes.

Without documents from this period, Defendants will be deprived of critical information concerning the relationship between Abacus and Lapetus, which underlies all of Abacus's claims. Indeed, as Abacus alleges in its First Amended Complaint, "Defendants' *core claim* is that Lapetus life expectancies are too short, and that Abacus relies on those estimates to intentionally overvalue the policies it buys and sells." Ex. D ¶ 6 (emphasis added).

Discovery to date confirms the relevance of this timeframe. Abacus's June 10, 2025 press release defending its valuations misleadingly characterized a report it commissioned, which used LEs from the pre-IPO period and non-commercial "internal LE's" that involved Lapetus's work and pre-IPO valuations. Ex. F. Furthermore, in February 2022, Abacus CEO Jay Jackson noted that he was "so impressed with a new service provided by [Lapetus] that he has put the firm on his list of primary life expectancy providers he uses to price policies." Ex. G. And in November 2020, Jackson emailed Lapetus's CEO inviting him to an "intro call" with Abacus's business partner, KKR. Ex. H. Production dating back to June 2021 will reveal critical information about the Lapetus/Abacus partnership, Abacus's business methods, and Abacus's misstatements to the market.

## CONCLUSION

WHEREFORE, Defendants request an Order enforcing the RFPs for the entire relevant period, beginning on June 1, 2021.

## LOCAL RULE 3.01(g) CERTIFICATION

Defendants certify that on November 4, 5, and 7, 2025, and January 5 and 7, 2026, Counsel for Defendants met and conferred with counsel for Plaintiff, via teleconference, to no avail. Between those conferrals, Defendants sent several substantive letters in a good faith effort to resolve the issues raised by this Motion. *See* Exs. I–Q. Despite such efforts, the parties were unable to resolve the above-referenced disputes, and Plaintiff opposes this Motion in its entirety.

Dated: January 7, 2026									Respectfully Submitted,

										/s/ *Andrew J. Levander*

MICHAEL H. MCGINLEY (*pro hac vice*)				ANDREW J. LEVANDER (*pro hac vice*)
DECHERT LLP									DECHERT LLP
Cira Centre									Three Bryant Park
2929 Arch Street								1095 Avenue of the Americas
Philadelphia, PA 19104							New York, NY 10036
										Telephone: (212) 698-3500
ALFRED J. BENNINGTON, JR.						Facsimile: (212) 698-3599
GLENNYS ORTEGA RUBIN							andrew.levander@dechert.com
BENJAMIN F. ELLIOTT
SHUTTS & BOWEN LLP							ERIC AUSLANDER (*pro hac vice*)
300 South Orange Ave.							DECHERT LLP
Suite 1600									1900 K Street, NW
Orlando, FL 32801								Washington, DC 20006


*Counsel for Defendants Coventry First LLC and Alan Buerger*

4

## CERTIFICATE OF SERVICE

All counsel who are deemed to have consented to electronic service are being served with a true and correct copy of the Motion via electronic mail on January 7, 2026 through the Court's electronic filing system.

*/s/ Andrew J. Levander*
ANDREW J. LEVANDER
