# EXHIBIT B

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ABACUS GLOBAL
MANAGEMENT, INC.,
a corporation,

      Plaintiff,

v.                                                        Case No.: 6:25-cv-1401-RBD-RMN

COVENTRY FIRST LLC,
a limited liability company;
ALAN BUERGER, an individual

      Defendants.

---

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

In accordance with Federal Rules of Civil Procedure 26 and 34, Plaintiff Abacus Global Management, Inc. ("Abacus") hereby responds and objects to Defendants Coventry First LLC and Alan Buerger's First Set of Requests for Production dated September 19, 2025 (the "Requests").

Abacus is available to meet and confer regarding its responses to any of Defendants' Requests.

### General Objections

Abacus objects to the Requests to the extent they reflect a fundamental, deliberate mischaracterization of Abacus's claims and business model, including by seeking material related to life expectancy ("LE") estimate models produced by LE providers. The Requests further seek to impose unreasonable

discovery burdens on Abacus based solely on Defendants' choice to have made false and defamatory statements about Abacus and its valuation model and represent a fishing expedition designed to harass Abacus and retaliate against it for filing this lawsuit.

Abacus objects to the Requests to the extent they seek Documents that are not relevant to the claim or defense of any party, or not reasonably calculated to the lead to the discovery of admissible evidence.

Abacus objects to the Requests to the extent they seek Documents that are not in Abacus's possession, custody, or control.

Abacus objects to the Requests to the extent they call for information that is not known or reasonably available to Abacus.

Abacus objects to the Requests to the extent they seek Documents that are already in Defendants' possession, custody, or control.

Abacus objects to the Requests, including to the Definitions and Instructions contained therein, to the extent they seek to impose obligations on Abacus beyond those required by the Local Rules of the United States District Court for the Middle District of Florida and the Federal Rules of Civil Procedure ("FRCP"). Abacus's responses to the Requests will be made in accordance with those rules, and any Court orders relevant to the proper scope, timing, and extent of discovery in this Action.

Abacus objects to the Requests to the extent they seek Documents protected from discovery by the attorney-client privilege, work-product doctrine, or any other privilege or immunity recognized in law or equity (collectively, "Privileged Information"). Abacus hereby asserts all applicable privileges and protections and will exclude Privileged Information from any production of documents in response to the Requests. Any inadvertent production of Documents containing Privileged Information is not intended as, and shall not be deemed to be, a waiver of the attorney-client privilege, work-product doctrine, or any other applicable privilege. Abacus reserves the right to demand the return of all copies of such privileged Document(s) or Documents containing Privileged Information inadvertently produced in response to the Requests.

Abacus objects to the Requests to the extent they seek Documents that are proprietary, are competitively sensitive, or are confidential, including Documents that if disclosed, could constitute an unwarranted invasion of a third party's rights to privacy or confidentiality or that are protected from disclosure by any federal, state, or local law governing confidentiality of protected health information, including, but not limited to, the provisions of Title II, Subtitle F, §§ 261–264 of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996), United States Department of Health and Human Services regulations promulgated

thereunder (collectively, "HIPAA"), and/or the Health Information Technology for Economic and Clinical Health Act, as incorporated into the American Recovery and Reinvestment Act of 2009.

By producing documents in response to any of Defendants' Requests, Abacus does not in any way waive, or intend to waive, but rather intends to preserve and is preserving all objections as to competency, relevance, materiality, or admissibility, as well as any and all other objections and grounds which require the exclusion of evidence. Abacus reserves the right to make any and all such objections at trial and at any other proceeding relating to this Action.

These Responses and Objections reflect Abacus's present knowledge, information, and belief, and may be subject to modification based on facts and circumstances that may come to Abacus's attention, further discovery, or subsequent case developments. Abacus reserves the right to alter, supplement, amend, or otherwise modify its Objections and Responses to the Requests.

## Objections to Definitions and Instructions

1.     Abacus objects to Defendants' definition of "Abacus" (Definition 1) as it includes the undefined terms "employees, agents, officers, members, directors, representatives, consultants, accountants, and attorneys." Abacus interprets Defendants' definition of "Abacus" as referring to Abacus Global

Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

2.      Abacus objects to Defendants' definition of "Asset-Backed Loan" (Definition 4) as it includes the undefined terms "extension of credit, loan, advance, or other financial accommodation," "lien, pledge, security interest, collateral assignment, or other encumbrance," and "refinancing, renewal, restructuring, or replacement."

3.      Abacus objects to Defendants' definition of "Asset-Backed Lender" (Definition 5) as it includes the undefined terms "making, originating, purchasing, servicing, administering, or participating."

4.      Abacus objects to Defendants' definition of "Buy-Back Program" (Definition 6) as it includes the undefined terms "program, plan, policy, or other arrangement," and "insurer or reinsurer or any of their respective affiliates, subsidiaries, or divisions, as well as present or former officers, directors, employees, partners, agents, consultants, or any other person acting or purporting to act on behalf of such persons."

5.      Abacus objects to Defendants' definition of "Communication" (Definition 7) to the extent it is broader than required by the FRCP.

6.      Abacus objects to Defendants' definition of "life expectancy estimates" (Definition 19) as it includes the undefined terms "calculations, projections, assessments, or evaluations."

5

7.     Abacus objects to Defendants' definition of "You" (Definition 28) as misleading to the extent Defendants provide inconsistent definitions of the term in separate places. *See* Requests at 1. Consistent with Abacus's objection to Defendants' definition of "Abacus," Abacus interprets Defendants' definition of "You" as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

8.     Abacus objects to Defendants' Instructions 3, 4, 5, and 8 to the extent they impose greater burdens on Abacus than what is required by the FRCP. Abacus will produce non-privileged documents within Abacus's custody and control and responsive to Defendants' Requests for Production, subject to and without waiver of objections.

9.     Abacus objects to Defendants' Instruction 14 as it includes the undefined terms "agents, attorneys, representatives, employees, and successors."

10.     Abacus objects to Defendants' Instruction 15 as it includes the undefined terms "predecessors, successors, divisions, subsidiaries, parents, assigns, and affiliates, foreign or domestic, each other person that is directly or indirectly, wholly or in part, owned by, controlled by, or associated with them, and any others acting or purporting to act on their behalf for any reason, and the present and former officers, directors, partners, managers, advisors,

representatives, servants, employees, assigns, attorneys, and agents of any of them."

11.    Abacus objects to Defendants' Instruction 23 to the extent it seeks material "from June 1, 2021, through and including the present," a time period that is overbroad, unduly burdensome, and disproportionate to the needs of the case as it extends beyond the time period covered by Defendants' defamatory statements.  Abacus will produce non-privileged documents within Abacus's custody and control and responsive to Defendants' Requests for Production, subject to and without waiver of objections, for the time period beginning July 3, 2023, unless otherwise noted.

12.    Subject to the aforementioned General Objections and Objections to Definitions and Instructions and the Specific Objections below, Abacus will produce non-privileged, relevant documents within Abacus's custody and control and responsive to Defendants' Requests for Production, subject to the negotiation of reasonable search terms and subject to and without waiver of objections.

**Objections and Responses to Specific Requests for Production**

**REQUEST FOR PRODUCTION NO. 1:**  Documents and Communications with or concerning Lapetus, including any agreements, contracts, invoicing, pricing analyses, or business relationships.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation all Documents and Communications "with or concerning Lapetus," which under Defendants' definition of the term "concerning" could be read to encompass every document in Abacus's possession that implicates Lapetus.

The Request for Documents and Communications "with or concerning Lapetus," is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. The Documents and Communications between Abacus and Lapetus have no bearing upon the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus also objects to this Request to the extent it seeks disclosure of "protected health information" in violation of HIPAA.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms "invoicing," "pricing analyses," and "business relationships."

8

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as duplicative of Request Nos. 2-8, 14, 16, 17, 28-30, 40, and 46, which each seek a subset of all Documents and Communications "with or concerning Lapetus." Under Defendants' definition of the term "concerning," each Document or Communication responsive to Request Nos. 2-8, 14, 16, 17, 28-30, 40, and 46 is thus also responsive to this Request. Abacus incorporates its objections and responses to Request Nos. 2-8, 14, 16, 17, 28-30, 40, and 46 herein.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 2:**  Documents and Communications concerning Lapetus's August 18, 2025 email announcing that "Lapetus is Closing."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection.  Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus further objects to this Request as duplicative of Request No. 1, which seeks all Documents and Communications "with or concerning Lapetus" and—under Defendants' definition of "concerning"—thus necessarily includes any Documents or Communications responsive to this Request.  Abacus incorporates its objections and responses to Request No. 1 herein.

Subject to and without waiver of the above objections, Abacus will conduct a reasonable search and will produce responsive, non-privileged Documents and Communications.

**REQUEST FOR PRODUCTION NO. 3:**  Documents and Communications concerning Lapetus's decision to cease operations on August 31, 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation all Documents and Communications "concerning" an assumed "decision to cease operations" that Lapetus purportedly made. The overwhelming majority of Documents and Communications responsive to this Request are not in Abacus's possession, custody, or control.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms "decision" and "cease operations."

Abacus objects to this Request to the extent it seeks production of Documents and Communications about the circumstances leading to Lapetus's forced closure as a result of Defendants' defamatory statements, which are already in Defendants' possession, custody, or control.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or

information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as duplicative of Request No. 1, which seeks all Documents and Communications "with or concerning Lapetus" and—under Defendants' definition of "concerning"—thus necessarily includes any Documents or Communications responsive to this Request.   Abacus incorporates its objections and responses to Request No. 1 herein.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case.   Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 4:**  Documents and Communications concerning any decision related to You using Lapetus as a life expectancy provider or using Lapetus's life expectancy estimates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term "using."

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus further objects to this Request as duplicative of Request No. 1, which seeks all Documents and Communications "with or concerning Lapetus" and—under Defendants' definition of "concerning"—thus necessarily includes any Documents or Communications responsive to this Request.  Abacus incorporates its objections and responses to Request No. 1 herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection.  Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent it seeks Documents that are publicly available. Abacus disclosed that the ABL Longevity Growth and Income Fund (the "Fund") used Lapetus and the reasons why the Fund used Lapetus in its disclosures.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 5:** Documents and Communications concerning your relationship with Lapetus, including those concerning the relationship's formation or termination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case in seeking documents related to Abacus's purported "relationship with Lapetus," without limitation.

Abacus also objects to this Request to the extent it seeks disclosure of "protected health information" in violation of HIPAA.

Abacus objects to this Request in seeking Documents and Communications "concerning" Abacus's purported "relationship with Lapetus, including those concerning the relationship's formation and termination." The undefined term "relationship" is vague and ambiguous.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus further objects to this Request as duplicative of Request No. 1, which seeks all Documents and Communications "with or concerning Lapetus" and—under Defendants' definition of "concerning"—thus necessarily includes any Documents or Communications responsive to this Request. Abacus incorporates its objections and responses to Request No. 1 herein.

Abacus objects to this Request to the extent it seeks Documents that are publicly available. Abacus disclosed that the Fund used Lapetus and the reasons why the Fund used Lapetus in its disclosures. Abacus also made disclosures regarding Lapetus that are publicly available.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product

doctrine, or any other privilege or protection.  Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case.  Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 6:**  Documents and Communications concerning data and information used by or provided to Lapetus to develop any life expectancy table, including in connection with Lapetus Life Event Solutions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation all "Documents and Communications concerning data and

information used by or provided to Lapetus to develop any life expectancy table." This Request imposes an undue burden on Abacus, given that each life expectancy table is based on thousands of pages of information.

Abacus further objects to this Request to the extent that "Documents or Communications concerning data or information used by . . . Lapetus" are not within Abacus's possession, custody, or control.

This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. The "data and information used by or provided to Lapetus to develop any life expectancy table" has no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus also objects to this Request to the extent it seeks disclosure of "protected health information" in violation of HIPAA.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as duplicative of Request No. 1, which seeks all Documents and Communications "with or concerning Lapetus" and—under Defendants' definition of "concerning"—thus necessarily includes any Documents or Communications responsive to this Request. Abacus also objects to this Request as duplicative of Request No. 7, which seeks "Documents and Communications with Lapetus concerning Lapetus's life expectancy estimates" and thus necessarily includes any Documents or Communications responsive to this Request. Abacus incorporates its objections and responses to Request Nos. 1 and 7 herein.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:** Documents and Communications with Lapetus concerning Lapetus's life expectancy estimates, including any Documents related to concerns, issues, or questions relating to the accuracy of Lapetus's life expectancy estimates, and any Documents relating to Your attempts to modify or influence Lapetus's methodologies or life expectancy estimates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation all "with Lapetus concerning Lapetus's life expectancy estimates."

18

This Request imposes an undue burden on Abacus, given that each life expectancy estimate is based on thousands of pages of information.

This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. Communications "with Lapetus concerning Lapetus's life expectancy estimates" have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms "concerns, issues, or questions," "accuracy," and "modify or influence."

Abacus also objects to this Request to the extent it seeks disclosure of "protected health information" in violation of HIPAA.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-

19

product doctrine, or any other privilege or protection.  Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus further objects to this Request as duplicative of Request No. 1, which seeks all Documents and Communications "with or concerning Lapetus" and—under Defendants' definition of "concerning"—thus necessarily includes any Documents or Communications responsive to this Request.  Abacus incorporates its objections and responses to Request No. 1 herein.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case.  Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 8:**  Documents and Communications concerning or containing the Lapetus statement to investors referenced in ¶ 189 of Your Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  Lapetus is not a party to this case and its statements to its investors have no bearing on Abacus's claims.  Abacus

further objects to this Request because it requests documents not in Abacus's possession, custody or control.

Abacus further objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus further objects to this Request as duplicative of Request No. 1, which seeks all Documents and Communications "with or concerning Lapetus" and—under Defendants' definition of "concerning"—thus necessarily includes any Documents or Communications responsive to this Request. Abacus incorporates its objections and responses to Request No. 1 herein.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 9:** Documents and Communications concerning Your stock repurchase plans, including details of each trade and Your decisions to authorize such repurchases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation all Documents and Communications "concerning" all "stock repurchase plans," which are nothing more than routine transactions.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms "stock repurchase plans," "trade," and "decisions to authorize."

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 10:**  Documents and Communications concerning Your decision to account for all life insurance policies using the fair value method.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case, to the extent the phrase "Your decision" implies Abacus is not required by generally accepted accounting principles ("GAAP") and its auditors to account for the policies on its books using the fair value method.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term "decision."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection.  Abacus will withhold or redact responsive materials that are privileged or protected.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case.  Abacus will

produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 11:**  Documents and Communications concerning the life expectancy estimates that have been used to value Your policies using the fair value method.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term "used."

Abacus also objects to this Request to the extent it seeks disclosure of "protected health information" in violation of HIPAA.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case.  Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 12:** Documents and Communications concerning the trade spreads referenced in ¶ 48 of Your Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as duplicative of Request Nos. 85 and 86. Under Defendants' definition of "concerning," Abacus interprets Requests Nos. 85 and 86—when taken together—to seek all Documents and Communications concerning all of Abacus's transactions involving life settlements, including any trade spreads. Any Document responsive to this Request will thus be responsive to either Request No. 85 or 86. Abacus incorporates its objections and responses to Request Nos. 85 and 86 herein.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 13:** Documents and Communications concerning the life expectancy estimates that were used in the historical life settlement transactions referenced in ¶ 77 of Your Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. Paragraph 77 of the First Amended Complaint refers to the valuation methodology used by the Fund, which is a separate pending investment product, the value of which will be based on assets other than those Abacus holds on its balance sheet. The Fund's valuation methodology has no bearing on the falsity or misleading nature of Defendants' statements *about Abacus* that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims. Moreover, the presence of a life expectancy estimate in Abacus's historical life settlement transactions has no bearing on the ultimate transaction price.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term "used."

Abacus also objects to this Request to the extent it seeks disclosure of "protected health information" in violation of HIPAA.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as duplicative of Request Nos. 85 and 86. Under Defendants' definition of "concerning," Abacus interprets Requests Nos. 85 and 86—when taken together—to seek all Documents and Communications concerning all of Abacus's transactions involving life settlements, including any related life expectancy estimates. Any Document responsive to this Request will thus be responsive to either Request No. 85 or 86. Abacus incorporates its objections and responses to Request Nos. 85 and 86 herein.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:** Documents and Communications concerning (i) investments, (ii) convertible notes, or (iii) any other financial arrangements involving Lapetus.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation all Documents and Communications "concerning . . . any other financial arrangements involving Lapetus" which under Defendants' definitions of the terms "concerning" and "financial arrangements" could be read to encompass every document in Abacus's possession that implicates Lapetus.

Abacus further objects to this Request to the extent it seeks documents that are publicly available and to which Defendants already have access.

Abacus further objects to this Request as duplicative of Request No. 1, which seeks all Documents and Communications "with or concerning Lapetus" and—under Defendants' definition of "concerning"—thus necessarily includes any Documents or Communications responsive to this Request.  Abacus incorporates its objections and responses to Request No. 1 herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection.  Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 15:**  Documents and Communications concerning Jay Jackson's role with You or Lapetus, including as a director of Lapetus.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. Jay Jackson is the Chairman and CEO of Abacus and has been with the company for almost nine years. Mr. Jackson's "role" with Abacus has no bearing on the claims in this case, which relate to Defendants' defamatory statements about Abacus's accounting practices. Nor does any "role" Mr. Jackson may have had with Lapetus. The overwhelming majority of documents responsive to this Request will have no bearing on the claims in this case.

Abacus further objects to this Request to the extent it seeks documents that are publicly available and to which Defendants already have access.

To the extent it refers to Lapetus, Abacus further objects to this Request as duplicative of Request No. 1, which seeks all Documents and Communications "with or concerning Lapetus" and—under Defendants' definition of "concerning"—thus necessarily includes any Documents or Communications responsive to this Request and concerning Lapetus. Abacus incorporates its objections and responses to Request No. 1 herein.

Abacus objects to this Request as duplicative of Request No. 17. Under Defendants' definition of "concerning," any Document responsive to Request No. 17 will be responsive to this Request. Abacus incorporates its objections and responses to Request No. 17 herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**  Documents and Communications concerning Jay Jackson's co-authorship of any book or publication with any employee, officer, or affiliate of Lapetus, including Dr. Jay Olshansky, from July 26, 2018, to July 26, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  "[A]ny book or publication" Mr. Jackson may have co-authored has no bearing on the claims in this case, which relate to Defendants' defamatory statements about Abacus's accounting practices.

Abacus further objects to this Request to the extent it seeks material "from July 26, 2018, to July 26, 2020," a time period that is overbroad, unduly burdensome, and disproportionate to the needs of the case as it significantly predates the time period covered by Defendants' defamatory statements.

Abacus further objects to this Request as duplicative of Request No. 1, which seeks all Documents and Communications "with or concerning Lapetus" and—under Defendants' definition of "concerning"—thus necessarily includes

31

any Documents or Communications responsive to this Request. Abacus incorporates its objections and responses to Request No. 1 herein.

Based on the above objections, Abacus will not produce Documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:** Documents and Communications concerning Jay Jackson's decision to become a member of Lapetus's Board of Directors and his subsequent resignation of his Lapetus directorship.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague and ambiguous to the extent it uses the undefined term "decision."

Abacus further objects to this Request as duplicative of Request No. 1, which seeks all Documents and Communications "with or concerning Lapetus" and—under Defendants' definition of "concerning"—thus necessarily includes any Documents or Communications responsive to this Request. Abacus incorporates its objections and responses to Request No. 1 herein.

Abacus objects to this Request as duplicative of Request No. 15. Under Defendants' definition of "concerning," any Document responsive to this Request will be responsive to Request No. 15. Abacus incorporates its objections and responses to Request No. 15 herein.

32

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:** Documents and Communications concerning Your decision to enter into a business combination with East Resources Acquisition Company.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or

33

defenses. Abacus's "decision to enter into a business combination with East
Resources Acquisition Company" has no bearing on the falsity or misleading
nature of Defendants' statements that Abacus alleges in the First Amended
Complaint are defamatory, nor do they bear on the remainder of Abacus's
claims.

Abacus further objects to this Request as vague and ambiguous to the
extent it uses the undefined terms "decision," and "business combination."

Abacus further objects to this Request to the extent it seeks documents
that are publicly available and to which Defendants already have access.

Abacus objects to this Request to the extent that it seeks materials
shielded from disclosure by attorney-client privilege, the work-product
doctrine, or any other privilege or protection. Abacus will withhold or redact
responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing
information that Abacus has legal or contractual obligations not to disclose or
information about third parties whose privacy interests are protected by
federal or state law.

Based on the above objections, Abacus will not produce Documents
responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:** Documents and Communications
concerning Your relationship with Carlisle Management SCA, including the

initiation of the relationship, any transactions between You and Carlisle
Management SCA, and Your decision to acquire Carlisle Management SCA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Abacus incorporates the foregoing General Objections and Objections to
Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and
disproportionate to the needs of the case to the extent it encompasses
information not relevant to the damages alleged in the First Amended
Complaint.

Abacus further objects to this Request as vague and ambiguous to the
extent it uses the undefined terms "relationship," "initiation," and "decision."

Abacus further objects to this Request to the extent it seeks documents
that are publicly available and to which Defendants already have access.

Abacus objects to this Request to the extent that it seeks materials
shielded from disclosure by attorney-client privilege, the work-product
doctrine, or any other privilege or protection. Abacus will withhold or redact
responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing
information that Abacus has legal or contractual obligations not to disclose or
information about third parties whose privacy interests are protected by
federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 20:** Documents and Communications concerning Carlisle Management SCA's "pipeline of potential commitments to its ongoing fund raise," as referenced in the Amended Complaint, including all documents concerning its size, scope, membership, and diminishment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it encompasses information not relevant to the damages alleged in the First Amended Complaint.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 21:** Documents and Communications concerning the slowing or diminishment of Your "deal flow" as referenced in the Amended Complaint, including all "deal[s] in progress" and any reasons for the alleged diminishment of deal flow both related and unrelated to the claims in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it encompasses information not relevant to the damages alleged in the First Amended Complaint.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 22:** Documents and Communications concerning any lines of credit that You have sought.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. The Request seeks information related to "any lines of credit" that Abacus has sought without limitation. Abacus is a publicly traded financial services company and has several lines of credit at any given time. Given Defendants' broad definition of "concerning," this Request calls for Abacus to produce vast quantities of information that have no bearing on this case.

This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses.  Abacus's lines of credit have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term "sought."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection.  Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as duplicative of Request No. 23.  Under Defendants' definition of "concerning," any Document responsive to Request No. 23 will be responsive to this Request.  Abacus incorporates its objections and responses to Request No. 23 herein.

39

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 23:**  Documents and Communications concerning the termination or rejection of any lines of credit that You have sought, including any line of credit referenced in the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  The Request seeks information related to "the termination or rejection of any lines of credit" that Abacus has sought without limitation.  Abacus is a publicly traded financial services company and has several lines of credit at any given time.  Given Defendants' broad definition of "concerning," this Request calls for Abacus to produce vast quantities of information that have no bearing on this case.

This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses.  Abacus's lines of credit have no bearing on the falsity or misleading nature of Defendants' statements that

Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term "sought."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as duplicative of Request No. 22. Under Defendants' definition of "concerning," any Document responsive to this Request will be responsive to Request No. 22. Abacus incorporates its objections and responses to Request No. 22 herein.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:** Documents and Communications with or concerning the "large credit union"—including the credit union's Chief Financial Officer—referenced in ¶ 247 of Your Amended Complaint.

41

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 25:** Documents and Communications between You and any insurance carriers or reinsurers regarding underwriting and Buy-Back Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. Any underwriting or Buy-Back Programs have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26:**  Documents and Communications concerning life settlement policies that You sold or at any point offered for sale, including all bids received for such life settlement policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information with no bearing on the claims in this case, which relate to Defendants' defamatory statements about Abacus's accounting practices.  The Request seeks, without limitation, information related to "life settlement policies" Abacus has sold or offered for sale without specifying the nature of the information it requests.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term "offered for sale."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection.  Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as duplicative of Request Nos. 85 and 86. Under Defendants' definition of "concerning," Abacus interprets Requests Nos. 85 and 86—when taken together—to seek all Documents and Communications concerning all of Abacus's transactions involving life settlements. Any Document responsive to this Request will thus be responsive to either Request No. 85 or 86. Abacus incorporates its objections and responses to Request Nos. 85 and 86 herein.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 27:** Documents and Communications concerning audits, exams, reviews, or investigations of Abacus conducted by any state or federal agency, including the Florida Office of Insurance Regulation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  The Request seeks, without limitation, information "concerning audits, exams, reviews, or investigations of Abacus conducted by any state or federal agency."  Abacus is a publicly traded financial services company subject to routine regulatory review.  Given Defendants' broad definition of "concerning," this Request calls for Abacus to produce vast quantities of information that has no bearing on this case.

This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses.  The Documents and Communications responsive to this Request have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms "audits, exams, reviews, or investigations."

Abacus further objects to this Request to the extent it seeks documents that are publicly available and to which Defendants already have access.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product

46

doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 28:** Documents and Communications between You and any third party concerning Lapetus's life expectancy estimates or methodology, including Grant Thornton, TD Securities, and any market analyst or financial institution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. "Lapetus's life expectancy estimates or methodology" have no

47

bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as duplicative of Request No. 1, which seeks all Documents and Communications "with or concerning Lapetus" and—under Defendants' definition of "concerning"—thus necessarily includes any Documents or Communications responsive to this Request. Abacus incorporates its objections and responses to Request No. 1 herein.

Abacus further objects to this Request as duplicative of Request No. 29. The two Requests are functionally identical. Abacus incorporates its objections and responses to Request No. 29 herein.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29:** Documents and Communications between You and any person or third party concerning Lapetus's life expectancy estimates or methodologies, including discussions relating to any report, analysis, evaluation, or study.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. "Lapetus's life expectancy estimates or methodologies" have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

49

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as duplicative of Request No. 1, which seeks all Documents and Communications "with or concerning Lapetus" and—under Defendants' definition of "concerning"—thus necessarily includes any Documents or Communications responsive to this Request. Abacus incorporates its objections and responses to Request No. 1 herein.

Abacus further objects to this Request as duplicative of Request No. 28. The two Requests are functionally identical. Abacus incorporates its objections and responses to Request No. 28 herein.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 30:**  Documents and Communications concerning any reports, analyses, evaluations, or studies concerning life expectancy estimates and methodologies prepared by, obtained from, or concerning Lapetus or any other third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses.  "[L]ife expectancy estimates and methodologies" have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms "reports, analyses, evaluations, or studies."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as duplicative of Request No. 1, which seeks all Documents and Communications "with or concerning Lapetus" and—under Defendants' definition of "concerning"—thus necessarily includes any Documents or Communications responsive to this Request. Abacus incorporates its objections and responses to Request No. 1 herein.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 31:** Documents and Communications with Grant Thornton concerning Coventry, Lapetus, National Insurance Brokerage, LLC, and any of Your filings or communications with the Securities and Exchange Commission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  Documents and Communications concerning National Insurance Brokerage, LLC have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims or on any of Defendants' asserted claims or defenses.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection.  Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or

information about third parties whose privacy interests are protected by federal or state law.

To the extent it refers to Lapetus, Abacus further objects to this Request as duplicative of Request No. 1, which seeks all Documents and Communications "with or concerning Lapetus" and—under Defendants' definition of "concerning"—thus necessarily includes any Documents or Communications responsive to this Request and concerning Lapetus. Abacus incorporates its objections and responses to Request No. 1 herein.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 32:** Documents and Communications concerning any internal or external audits of Your financial statements, including those done by Grant Thornton.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. The Request seeks without limitation all Documents and Communications concerning "any internal or external audits of [Abacus's] financial statements." The overwhelming majority of those materials have no bearing on the falsity or misleading nature of Defendants'

statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims or on any of Defendants' asserted claims or defenses.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 33:** Documents and Communications concerning National Insurance Brokerage, LLC, including all commission statements, ledgers, payment records, employment records, member records, contracts, agreements, commission arrangements, distributions to members, financial records, 1099s, or tax filings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the

Request is likewise untethered to any of Defendants' asserted claims or defenses. National Insurance Brokerage, LLC has no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor does it bear on the remainder of Abacus's claims.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as duplicative of Request No. 34. Under Defendants' definition of "concerning," any Document responsive to Request No. 34 will be responsive to this Request. Abacus incorporates its objections and responses to Request No. 34 herein.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 34:** Documents and Communications concerning any life insurance policy that National Insurance Brokerage, LLC

placed, arranged, brokered, or otherwise procured for any person, including

applications, names of insureds, policy numbers, issuance dates, face amounts,

and communications with insurers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Abacus incorporates the foregoing General Objections and Objections to

Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and

disproportionate to the needs of the case.  This Request is not reasonably

tethered to any claims Abacus has asserted in this litigation, nor have

Defendants answered the allegations in the First Amended Complaint, so the

Request is likewise untethered to any of Defendants' asserted claims or

defenses.  National Insurance Brokerage, LLC has no bearing on the falsity or

misleading nature of Defendants' statements that Abacus alleges in the First

Amended Complaint are defamatory, nor do they bear on the remainder of

Abacus's claims.

Abacus objects to this Request to the extent that it seeks materials

shielded from disclosure by attorney-client privilege, the work-product

doctrine, or any other privilege or protection.  Abacus will withhold or redact

responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing

information that Abacus has legal or contractual obligations not to disclose or

information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as duplicative of Request No. 33. Under Defendants' definition of "concerning," any Document responsive to this Request will be responsive to Request No. 33. Abacus incorporates its objections and responses to Request No. 33 herein.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35:** Documents and Communications concerning the Life Insurance Settlements Association Conference.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information not related to the October 24, 2024, conference in Miami at which Buerger defamed Abacus. The overwhelming majority of Documents responsive to this Request have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims or on any of Defendants' asserted claims or defenses.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 36:** Documents and Communications concerning the Coventry Writ referenced in ¶ 131 of Your Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks information not specifically related to any claims Abacus has asserted in this litigation or any

of Defendants' asserted claims or defenses.  Given Defendants' broad definition
of "concerning," this Request calls for Abacus to produce vast quantities of
information that have no bearing on this case.

Abacus objects to this Request to the extent that it seeks materials
shielded from disclosure by attorney-client privilege, the work-product
doctrine, or any other privilege or protection.  Abacus will withhold or redact
responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing
information that Abacus has legal or contractual obligations not to disclose or
information about third parties whose privacy interests are protected by
federal or state law.

Subject to and without waiver of the above objections, Abacus is willing
to meet and confer with Defendants to determine a reasonable set of search
terms to limit this Request to material relevant to the case.  Abacus will
produce any responsive, non-privileged Documents or Communications located
by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 37:**  Documents and Communications
concerning Your purported loss of management fees, including on any "private
fund deal," as referenced in Your Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 38:** Documents and Communications concerning Your "Abacus Pays" portal or policy value calculator, including the methodologies used to approximate policy values, all policy values generated by Your "Abacus Pays" portal or policy value calculator, and the corresponding purchase price for every such policy that You acquired.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. The Request seeks without limitation all policy values generated by the Abacus Pays portal, which is a free public tool that has generated thousands of estimates. Given Defendants' broad definition of "concerning," this Request calls for Abacus to produce vast quantities of irrelevant information. The Request also seeks proprietary methodologies and trade secrets related to Abacus's business that have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims or on any of Defendants' asserted claims or defenses.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 39:** Documents and Communications concerning the development and organization of the ABL Longevity Growth and Income Fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. "Documents and Communications concerning the development and organization of the ABL Longevity Growth and Income Fund" have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims. Given Defendants' broad definition of "concerning," this Request calls for Abacus to produce vast quantities of irrelevant information.

Abacus further objects to this Request to the extent it seeks Documents that are publicly available and to which Defendants already have access.. The

Fund's        SEC        filings        are        available        at

https://www.sec.gov/edgar/browse/?CIK=1990804.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms "development and organization."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as duplicative of Request Nos. 40 and 52. Under Defendants' definition of "concerning," any Document responsive to Request Nos. 40 or 52 will be responsive to this Request. Abacus incorporates its objections and responses to Request Nos. 40 and 52 herein.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 40:** Documents and Communications concerning the decision to use Lapetus as ABL Longevity Growth and Income Fund's primary life expectancy provider, including those concerning the "data

set" referenced in ¶ 83 of Your Amended Complaint, or the origin of that data
set.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Abacus incorporates the foregoing General Objections and Objections to
Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and
disproportionate to the needs of the case.  The Fund's selection of "life
expectancy provider[s]" has no bearing on the falsity or misleading nature of
Defendants' statements that Abacus alleges in the First Amended Complaint
are defamatory, nor does it bear on the remainder of Abacus's claims or on any
of Defendants' asserted claims or defenses.

Abacus objects to this Request as vague and ambiguous to the extent it
uses the undefined terms "decision," "use," and "origin."

Abacus further objects to this Request as duplicative of Request No. 1,
which seeks all Documents and Communications "with or concerning Lapetus"
and—under Defendants' definition of "concerning"—thus necessarily includes
any Documents or Communications responsive to this Request.  Abacus
incorporates its objections and responses to Request No. 1 herein.

Abacus objects to this Request as duplicative of Request No. 39.  Under
Defendants' definition of "concerning," any Document responsive to this

Request will be responsive to Request No. 39.    Abacus incorporates its objections and responses to Request No. 39 herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 41:**  Documents and Communications concerning any Asset-Backed Loan, including any drafts, term sheets, proposals, offers, negotiations, discussions, and agreements, that You have negotiated, entered into, or sought to negotiate or enter into.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  This Request is not reasonably

tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. "Documents and Communications concerning any Asset-Backed Loan" have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus further objects to this Request because the term "Asset-Backed Loan" is vague and ambiguous.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms "negotiated, entered into, or sought to negotiate or enter into."

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management

Abacus objects to this Request as duplicative of Request No. 42.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product

doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus will not produce documents in response to this Request as no such documents exist.

**REQUEST FOR PRODUCTION NO. 42:**  Documents and Communications with any Asset-Backed Lender.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses.  "Documents and Communications with any Asset-Backed Lender" have no bearing on the falsity or misleading nature of Defendants' statements

that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus further objects to this Request because the term "Asset-Backed Lender" is vague and ambiguous.

Abacus objects to this Request as duplicative of Request No. 41.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus will not produce documents in response to this Request as no such documents exist.

**REQUEST FOR PRODUCTION NO. 43:**  Documents and Communications concerning press releases, website postings, conference presentations, and public remarks referencing Coventry, Lapetus's life expectancy estimates, or the valuation of life settlements, including final submissions and drafts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks all documents

concerning "the valuation of life settlements" without limitation, which would
encompass vast amounts of material unrelated to the claims in this case.

Abacus further objects to this Request to the extent it seeks documents
that are publicly available and to which Defendants already have access.

Abacus objects to this Request to the extent that it seeks materials
shielded from disclosure by attorney-client privilege, the work-product
doctrine, or any other privilege or protection. Abacus will withhold or redact
responsive materials that are privileged or protected.

Subject to and without waiver of the above objections, Abacus is willing
to meet and confer with Defendants to determine a reasonable set of search
terms to limit this Request to material relevant to the case. Abacus will
produce any responsive, non-privileged Documents or Communications located
by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 44:** Documents and Communications
concerning Coventry or Alan Buerger.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Abacus incorporates the foregoing General Objections and Objections to
Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and
disproportionate to the needs of the case. Coventry is Abacus's largest
competitor and Alan Buerger is its former CEO. The majority of Documents

responsive to this Request have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims or on any of Defendants' asserted claims or defenses.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as duplicative of Request No. 45. Under Defendants' definition of "concerning," any Document responsive to Request No. 45 will be responsive to this Request. Abacus incorporates its objections and responses to Request No. 45 herein.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 45:** Documents and Communications
with Your investors and prospective investors concerning Coventry or Alan
Buerger.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Abacus incorporates the foregoing General Objections and Objections to
Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and
disproportionate to the needs of the case. Coventry is Abacus's largest
competitor and Alan Buerger is its former CEO. The majority of Documents
responsive to this Request have no bearing on the falsity or misleading nature
of Defendants' statements that Abacus alleges in the First Amended
Complaint are defamatory, nor do they bear on the remainder of Abacus's
claims or on any of Defendants' asserted claims or defenses.

Abacus incorporates by reference its general objection to Defendants'
definition of "You" and "Abacus" and interprets those terms as referring to
Abacus Global Management, Inc., as well as any subsidiary whose financial
statements and/or disclosures are consolidated with those of Abacus Global
Management.

Abacus further objects to this Request as vague and ambiguous to the
extent it uses the undefined term "prospective investors."

Abacus further objects to this Request to the extent it seeks documents that are publicly available and to which Defendants already have access.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as duplicative of Request No. 44. Under Defendants' definition of "concerning," any Document responsive to this Request will be responsive to Request No. 44. Abacus incorporates its objections and responses to Request No. 44 herein.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 46:**  Documents and Communications with Your investors and prospective investors concerning Lapetus and Lapetus's life expectancy estimates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses.  Communications with investors concerning Lapetus have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term "prospective investors."

Abacus further objects to this Request to the extent it seeks documents that are publicly available and to which Defendants already have access.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus further objects to this Request as duplicative of Request No. 1, which seeks all Documents and Communications "with or concerning Lapetus" and—under Defendants' definition of "concerning"—thus necessarily includes any Documents or Communications responsive to this Request.  Abacus incorporates its objections and responses to Request No. 1 herein.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 47:**  Documents and Communications with Your investors and prospective investors concerning any short seller report.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks communications concerning "any short seller report" without limitation.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term "prospective investors."

Abacus further objects to this Request to the extent it seeks documents that are publicly available and to which Defendants already have access.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or

information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case.  Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodian files .

**REQUEST FOR PRODUCTION NO. 48:**  Documents and Communications from January 1, 2015, through December 31, 2017, concerning Your application for a life settlement provider's license in Florida, including all Documents and Communications concerning the Florida Office of Insurance Regulation's denial of Your application.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses.  Documents from 2015-2017 concerning a license application have no

bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 49:**  Documents and Communications concerning Your financial position on annual, quarterly, and monthly bases, including balance sheets, profit and loss statements, and statements of cash flow.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks without limitation all Documents and Communications Abacus's "financial position," which under Defendants' definition of the term "concerning" could be read to encompass virtually every document in Abacus's possession.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term "financial position."

Abacus further objects to this Request to the extent it seeks documents that are publicly available and to which Defendants already have access.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or

information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 50:**  Documents and Communications concerning Morpheus or the Morpheus Reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks all documents "concerning" Morpheus or the Morpheus Reports without limitation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 51:** Documents and Communications concerning Your Securities and Exchange Commission filings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks all documents "concerning" SEC filings without limitation. Moreover, Abacus's SEC filings are publicly available at https://www.sec.gov/edgar/browse/?CIK=1814287.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product

doctrine, or any other privilege or protection.  Abacus will withhold or redact

responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing

information that Abacus has legal or contractual obligations not to disclose or

information about third parties whose privacy interests are protected by

federal or state law.

Subject to and without waiver of the above objections, Abacus is willing

to meet and confer with Defendants to determine a reasonable set of search

terms to limit this Request to material relevant to the case.  Abacus will

produce any responsive, non-privileged Documents or Communications located

by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 52:**  Documents and Communications

concerning ABL Longevity Growth and Income Fund's Securities and

Exchange Commission filings and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Abacus incorporates the foregoing General Objections and Objections to

Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent it seeks Documents that are

publicly available and to which Defendants already have access..  The Fund's

SEC filings are available at https://www.sec.gov/edgar/browse/?CIK=1990804.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as duplicative of Request No. 39. Under Defendants' definition of "concerning," any Document responsive to this Request will be responsive to Request No. 39. Abacus incorporates its objections and responses to Request No. 39 herein.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 53:** Documents and Communications concerning the November 1, 2024, Securities and Exchange Commission Comment Letter on Abacus's Form S-1/S-3 filing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks all documents "concerning" the letter without limitation.  Moreover, the comment letter and Abacus's response are publicly available.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection.  Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 54:**  Documents and Communications with the Securities and Exchange Commission concerning You or the ABL Longevity Growth and Income Fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. Communications with the SEC have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

To the extent this Request relates to the ABL Longevity Growth and Income Fund, Abacus objects to this Request as duplicative of Request No. 52. Under Defendants' definition of "concerning," any Document responsive to this Request and related to the Fund will be responsive to Request No. 52. Abacus incorporates its objections and responses to Request No. 52 herein.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 55:**  Documents and Communications with any short sellers concerning Your valuation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks all communications with "any short sellers" without limitation.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to

Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 56:** Documents and Communications concerning Alan Buerger's interview with Tegus on May 22, 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product

doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 57:** Documents and Communications concerning Hindenburg Research or Nate Anderson.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus will not produce documents in response to this Request as no such documents exist.

**REQUEST FOR PRODUCTION NO. 58:**  Documents and Communications concerning the Morpheus Report with "one of [Abacus's] service providers" as mentioned in ¶ 167 of Your Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection.  Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as overbroad and oppressive because it is an improper contention request. *See* Middle District of Florida, Civil Discovery Handbook § IV(C)(2).

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 59:** Documents and Communications with the "intermediary representing a multi-trillion-dollar investment company" as referenced in ¶ 169 of Your Amended Complaint, including discussions about the forming of the "fund-of-one" and the decision to break off talks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as overbroad and oppressive because it is an improper contention request. *See* Middle District of Florida, Civil Discovery Handbook § IV(C)(2).

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 60:** Documents and Communications with the credit union referenced in ¶ 170 of Your Amended Complaint, including discussions about the forming of the "fund-of-one" and the decision to take a "wait-and-see approach."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 61:** Documents and Communications concerning the creation, development, collection, methodology, peer review, or publication of data used by You to calculate fair value and net present value of life insurance policies, including data related to age, gender, health, life expectancy, future premium projections, and the face value of the underlying policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as vague, overbroad, unduly burdensome and disproportionate to the needs of the case. The Request uses vague and ambiguous terms including "creation," "development," "collection," "methodology," and "peer review" without defining what Defendants are seeking. The Request also improperly seeks all data concerning fair value and NPV calculations without limitation, which would encompass proprietary methodologies and vast amounts of data unrelated to the claims in this case.

Abacus incorporates by reference its general objection to Defendants'
definition of "You" and "Abacus" and interprets those terms as referring to
Abacus Global Management, Inc., as well as any subsidiary whose financial
statements and/or disclosures are consolidated with those of Abacus Global
Management.

Abacus also objects to this Request to the extent it seeks disclosure of
"protected health information" in violation of HIPAA.

Abacus objects to this Request to the extent that it seeks materials
shielded from disclosure by attorney-client privilege, the work-product
doctrine, or any other privilege or protection. Abacus will withhold or redact
responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing
information that Abacus has legal or contractual obligations not to disclose or
information about third parties whose privacy interests are protected by
federal or state law.

Subject to and without waiver of the above objections, Abacus is willing
to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 62:** Documents and Communications
concerning any analysis of Your transactions in the secondary or tertiary
markets for life settlements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. The Request seeks without limitation all analyses of Abacus's transactions in the secondary and tertiary markets, which would encompass vast amounts of business records unrelated to the claims in this case.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as duplicative of Request Nos. 26 and 63.

Under Defendants' definition of "concerning," Abacus interprets Requests

Nos. 26 and 63—when taken together—to seek all Documents and

Communications concerning all of Abacus's transactions in the secondary or

tertiary markets for life settlements.   Any Document responsive to this

Request will thus be responsive to either Request No. 26 or 63.   Abacus

incorporates its objections and responses to Request Nos. 26 and 63 herein.

Abacus objects to this Request as duplicative of Request Nos. 85 and 86.

Under Defendants' definition of "concerning," Abacus interprets Requests

Nos. 85 and 86—when taken together—to seek all Documents and

Communications concerning all of Abacus's transactions involving life

settlements.  Any Document responsive to this Request will thus be responsive

to either Request No. 85 or 86.   Abacus incorporates its objections and

responses to Request Nos. 85 and 86 herein.

Subject to and without waiver of the above objections, Abacus is willing

to meet and confer with Defendants to determine a reasonable set of search

terms to limit this Request to material relevant to the case.   Abacus will

produce any responsive, non-privileged Documents or Communications located

by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 63:** Documents and Communications

concerning all purchases You have made on the tertiary market for life

settlements, including any life expectancies or other data used to determine the prices of those transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to the Request's false premise that life expectancies "determine the prices" of tertiary market transactions. As Defendants well know, tertiary market pricing is based on multiple factors including market conditions, investor demand, and portfolio composition, not solely or primarily on life expectancies.

Abacus also objects to this Request to the extent it seeks disclosure of "protected health information" in violation of HIPAA.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as duplicative of Request Nos. 85 and 86. Under Defendants' definition of "concerning," Abacus interprets Requests Nos. 85 and 86—when taken together—to seek all Documents and Communications concerning all of Abacus's transactions involving life settlements. Any Document responsive to this Request will thus be responsive to either Request No. 85 or 86. Abacus incorporates its objections and responses to Request Nos. 85 and 86 herein.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 64:** Documents and Communications with or concerning ClearLife Limited, ClearLife LLC, or any affiliated person or entity, including any data related to life expectancies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses.  "Documents and Communications with or concerning ClearLife Limited, ClearLife LLC, or any affiliated person or entity" have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection.  Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 65:**  Documents and Communications with or concerning Acumen Financial Advantage, LLC, including Documents relating to Your business practices and valuation methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case to the to the extent it seeks without limitation all Documents and Communications "concerning" Acumen Financial Advantage, LLC.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection.  Abacus will withhold or redact responsive materials that are privileged or protected.

99

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 66:** Documents and Communications with or concerning Lewis & Ellis, including any engagement letters, scopes of work, instructions, supporting documents, policy information (including premium streams, life expectancies, face values of policies and discount rates), drafts, and materials created in connection with Your engagement of Lewis & Ellis to review Your policy balance sheet, as referenced in Your press release dated June 10, 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks all documents "with or concerning Lewis & Ellis" without limitation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 67:** Documents and Communications with or concerning The Terry Group or any of its personnel, including any documents relating to any analyses of Your business practices, or of Lapetus, and any related audits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses.  "Documents and Communications with or concerning The Terry Group or any of its personnel" have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term "personnel."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 68:** Documents and Communications with or concerning Piper Sandler & Co., including any documents related to Your and Lapetus's business practices and valuation methods; reports, analyses, or ratings of Abacus; the Morpheus Reports; and Your transactions and financial arrangements with Piper Sandler & Co.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. Documents concerning Abacus's "transactions and financial arrangements" with Piper Sandler & Co., have no

bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims or on any of Defendants' asserted claims or defenses.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will

produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 69:** Documents and Communications with or concerning Northland Securities, Inc. or Northland Capital Markets, including any documents related to Your and Lapetus's business practices and valuation methods; reports, analyses, or ratings of Abacus; the Morpheus Reports; and Your transactions and financial arrangements with Northland Securities, Inc. or Northland Capital Markets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. "Documents and Communications with or concerning Northland Securities, Inc. or Northland Capital Markets" have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 70:**  Documents and Communications with or concerning B. Riley Securities, Inc. or B. Riley Financial, Inc. including any Documents related to Your and Lapetus's business practices and valuation methods; reports, analyses, or ratings of Abacus; the Morpheus Reports; and Your transactions and financial arrangements with B. Riley Securities, Inc. or B. Riley Financial, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. "Documents and Communications with or concerning B. Riley Securities, Inc. or B. Riley Financial, Inc." have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product

doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 71:** Documents and Communications with or concerning Daniel Bergman or TD Cowen, including any Documents related to Your and Lapetus's business practices and valuation methods; reports, analyses, or ratings of Abacus; the Morpheus Reports; and Your transactions and financial arrangements with Daniel Bergman or TD Cowen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or

defenses.    "Documents and Communications with or concerning Daniel Bergman or TD Cowen" have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 72:** Documents and Communications with or concerning Andrew Kligerman or TD Securities, Inc., including any

Documents related to Your and Lapetus's business practices and valuation methods; reports, analyses, or ratings of Abacus; the Morpheus Reports; and Your transactions and financial arrangements with Andrew Kligerman or TD Securities, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. Documents concerning Abacus's "transactions and financial arrangements" with Andrew Kligerman or TD Securities, Inc., have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims or on any of Defendants' asserted claims or defenses.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product

doctrine, or any other privilege or protection.  Abacus will withhold or redact

responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing

information that Abacus has legal or contractual obligations not to disclose or

information about third parties whose privacy interests are protected by

federal or state law.

Subject to and without waiver of the above objections, Abacus is willing

to meet and confer with Defendants to determine a reasonable set of search

terms to limit this Request to material relevant to the case.  Abacus will

produce any responsive, non-privileged Documents or Communications located

by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 73:**  Documents and Communications

with or concerning Maxim Group LLC, including any Documents related to

Your and Lapetus's business practices and valuation methods; reports,

analyses, or ratings of Abacus; and the Morpheus Reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Abacus incorporates the foregoing General Objections and Objections to

Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and

disproportionate to the needs of the case.  This Request is not reasonably

tethered to any claims Abacus has asserted in this litigation, nor have

Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. "Documents and Communications with or concerning Maxim Group LLC" have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 74:**  Documents and Communications with or concerning A.G.P./Alliance Global Partners, including Documents relating to Abacus's and Lapetus's business practices and any transactions and financial arrangements with A.G.P/Alliance Global Partners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses.  "Documents and Communications with or concerning A.G.P./Alliance Global Partners" have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial

statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 75:** Documents and Communications with or concerning KKR & Co., including Documents relating to Abacus's and Lapetus's business practices and financial arrangements with KKR & Co.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have

Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. "Documents and Communications with or concerning KKR & Co." have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus objects to this Request as duplicative of Request No. 80. Under Defendants' definition of "concerning," any Document responsive to this Request will be responsive to Request No. 80. Abacus incorporates its objections and responses to Request No. 80 herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or

information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 76:** Documents and Communications with or concerning Societe Generale Americas, including Documents relating to Abacus's and Lapetus's business practices and any transactions and financial arrangements with Societe Generale Americas.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. "Documents and Communications with or concerning Societe Generale Americas" have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 77:** Documents and Communications with or concerning Ladenburg Thalmann & Co., Inc., including Documents relating to Abacus's and Lapetus's business practices and any transactions and financial arrangements with Ladenburg Thalmann & Co., Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses.  "Documents and Communications with or concerning Ladenburg Thalmann & Co., Inc." have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection.  Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 78:**  Documents and Communications with or concerning Manorhaven Capital LLC and any of its affiliates, including Documents relating to Abacus's and Lapetus's business practices and any transactions and financial arrangements with Manorhaven Capital LLC or any of its affiliates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses.  "Documents and Communications with or concerning Manorhaven Capital LLC and any of its affiliates" have no bearing on the falsity or

misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined term "affiliates."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 79:**  Documents and Communications with or concerning ULI Funding, LLC, including any of its affiliates, subsidiaries, or divisions, as well as present or former officers, directors, employees, partners, agents, consultants, or any other person acting or purporting to act on behalf of such entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses.  "Documents and Communications with or concerning ULI Funding, LLC" have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms "affiliates, subsidiaries, or divisions, as well as present or former officers, directors, employees, partners, agents,

consultants, or any other person acting or purporting to act on behalf of such entity."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 80:** Documents and Communications with or concerning Nova Trading (US), LLC, Nova Holding (US) LP, or KKR & Co., including Documents and Communications concerning the sale of any life insurance policies, the repurchasing of any life insurance policies, the prices of those transactions, and the life expectancies relied upon by either side in those transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. "Documents and Communications with or concerning Nova Trading (US), LLC, Nova Holding (US) LP, or KKR & Co." have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus objects to this Request as duplicative of Request No. 75. Under Defendants' definition of "concerning," any Document responsive to Request No. 75 will be responsive to this Request. Abacus incorporates its objections and responses to Request No. 75 herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or

information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 81:** Documents and Communications with or concerning Daniel Zeplain or Treyled Life Settlements LLC, including any Documents relating to Jay Jackson or Coventry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. This Request is not reasonably tethered to any claims Abacus has asserted in this litigation, nor have Defendants answered the allegations in the First Amended Complaint, so the Request is likewise untethered to any of Defendants' asserted claims or defenses. "Documents and Communications with or concerning Daniel Zeplain or Treyled Life Settlements LLC" have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims.

Abacus further objects to this Request as vague and ambiguous to the extent it uses the undefined terms "affiliates, subsidiaries, or divisions, as well as present or former officers, directors, employees, partners, agents, consultants, or any other person acting or purporting to act on behalf of such entity."

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 82:** Documents and Communications with the "Industry insiders" referenced in ¶ 91 of Your Amended Complaint concerning Coventry's supposed plans "to damage the image and stock price of Abacus."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as overbroad and oppressive because it is an improper contention request. *See* Middle District of Florida, Civil Discovery Handbook § IV(C)(2).

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 83:** Documents and Communications concerning or supporting Your "belief" that Buerger contacted life expectancy providers to tell them to "lengthen their estimates," as stated in ¶ 96 of Your Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product

doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Abacus objects to this Request as overbroad and oppressive because it is an improper contention request. *See* Middle District of Florida, Civil Discovery Handbook § IV(C)(2).

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 84:** Documents concerning and Communications with the "consultancy" referenced in ¶ 167 of Your Amended Complaint relating to the Morpheus Reports or the alleged "agreement in principle" that the consultancy allegedly "broke off."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product

doctrine, or any other privilege or protection.  Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case.  Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 85:**  Documents and Communications concerning transactions where You, acting as principal for Your own account, have sold any life insurance policy to or purchased any life insurance policy from a client or affiliate, including any disclosures made and consents received in connection with such transactions, as well as Documents and Communications concerning the life expectancies used in those transactions, the prices of those transactions, and the realized spreads for those transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. The Request seeks without limitation all documents concerning any transaction where Abacus acted as principal, which would encompass vast amounts of business records unrelated to the claims in this case. Under Defendants' broad definition of "concerning," this Request and Request No. 86 together could be read to encompass virtually every document in Abacus's possession.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus also objects to this Request to the extent it seeks disclosure of "protected health information" in violation of HIPAA.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 86:** Documents and Communications concerning any transaction where You have sold any life insurance policy to or purchased any life insurance policy from any person or entity who is not affiliated with You, including Documents and Communications concerning the life expectancies used in those transactions, the prices of those transactions, and the realized spreads for those transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. The Request seeks without limitation all documents concerning any transaction with non-affiliates of Abacus, which would encompass vast amounts of business records unrelated to the claims in this case. Under Defendants' broad definition of "concerning," this Request

and Request No. 85 together could be read to encompass virtually every document in Abacus's possession.

Abacus incorporates by reference its general objection to Defendants' definition of "You" and "Abacus" and interprets those terms as referring to Abacus Global Management, Inc., as well as any subsidiary whose financial statements and/or disclosures are consolidated with those of Abacus Global Management.

Abacus also objects to this Request to the extent it seeks disclosure of "protected health information" in violation of HIPAA.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to discuss the scope of this Request.

**<u>REQUEST FOR PRODUCTION NO. 87</u>:** Documents and Communications concerning any meeting of Your Board of Directors or any committee thereof,

131

including any special, regular, and executive sessions, and including any agendas, board packets, minutes, transcripts, recordings, notes, presentations, and any other materials from Your Board of Directors or any individual director or attendee.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. The Request seeks without limitation all Board materials for all meetings, which encompass vast amounts of corporate governance documents that have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims or on any of Defendants' asserted claims or defenses.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Abacus objects to this Request to the extent it seeks materials containing information that Abacus has legal or contractual obligations not to disclose or

information about third parties whose privacy interests are protected by federal or state law.

Based on the above objections, Abacus will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 88:** Documents and Communications concerning Abacus's media and advertising, including any communications with journalists, reporters, representatives of any publication, or any other media members, Your television and radio commercials, and Your digital and print media advertising.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. The Request seeks without limitation all media and advertising materials, which encompass vast amounts of marketing materials that have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims or on any of Defendants' asserted claims or defenses.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search

terms to limit this Request to material relevant to the case. Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 89:** Documents and Communications concerning any press releases or statements to the public You have issued, including any documents demonstrating their reach, number of impressions, or placement in any publications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. The Request seeks without limitation all press releases and public statements, which encompass vast amounts of public communications that have no bearing on the falsity or misleading nature of Defendants' statements that Abacus alleges in the First Amended Complaint are defamatory, nor do they bear on the remainder of Abacus's claims or on any of Defendants' asserted claims or defenses. Defendants are welcome to visit Abacus's website to review these materials themselves.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case. Abacus will

produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 90:**  Documents and Communications concerning any distributor network from whom Abacus originates policies through agent or broker networks, including documents concerning any distributor network's decision to pause its listing of Abacus.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Subject to and without waiver of the above objections, Abacus is willing to meet and confer with Defendants to determine a reasonable set of search terms to limit this Request to material relevant to the case.  Abacus will produce any responsive, non-privileged Documents or Communications located by running such agreed-to terms within custodial files.

**REQUEST FOR PRODUCTION NO. 91:**  Documents and Communications that You rely upon or may rely upon for Your responses to the interrogatories in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as premature. Interrogatories have not been served in this action.

Based on the above objection, Abacus will not produce documents responsive to this Request at this time.

**REQUEST FOR PRODUCTION NO. 92:** Documents and Communications that you rely upon or reference, explicitly or implicitly, in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Subject to and without waiver of the above objections, Abacus will produce non-privileged documents referenced in the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 93:** Documents and Communications that tend to support or negate the allegations contained in Your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case. The Request improperly seeks all documents that "tend to support or negate" any allegation, which would encompass the entire universe of potentially relevant discovery and is premature at this stage of the litigation.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Based on the above objections, Abacus will not produce documents responsive to this Request at this time.

**REQUEST FOR PRODUCTION NO. 94:**  Documents and Communications produced to You by any non-party in response to any subpoena or any other discovery request in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as premature.  No non-parties have produced any Documents or Communications to Abacus in response to a subpoena or other discovery request in this Action.

Abacus will not produce documents in response to this Request as no such documents exist at this time.

**REQUEST FOR PRODUCTION NO. 95:**  Documents and Communications You may rely upon or introduce in any expert report, at any deposition, at trial, or during any other proceeding in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Abacus incorporates the foregoing General Objections and Objections to Definitions and Instructions by reference as though fully set forth herein.

Abacus objects to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case.  The Request is premature as expert discovery has not commenced, depositions have not been scheduled, and trial exhibits have not been determined.

Abacus objects to this Request to the extent that it seeks materials shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other privilege or protection. Abacus will withhold or redact responsive materials that are privileged or protected.

Based on the above objections, Abacus will not produce documents responsive to this Request at this time.

DATED: October 20, 2025                Respectfully submitted,

                                       /s/ Alex Zuckerman

                                       **QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP**
                                       Alex Zuckerman (*pro hac vice*)
                                       alexzuckerman@quinnemanuel.com
                                       295 5th Avenue, 9th Floor
                                       New York, NY 10016
                                       (212) 849-7000

                                       Jason D. Sternberg (Fla. Bar No. 72887)
                                       jasonsternberg@quinnemanuel.com
                                       David M. Walsh (Fla. Bar No. 1048823)
                                       davidwalsh@quinnemanuel.com
                                       2601 South Bayshore Drive, 15th Floor
                                       Miami, FL 33133
                                       (305) 402-4880

                                       Kathleen S. Messinger (*pro hac vice*)
                                       kathleenmessinger@quinnemanuel.com
                                       865 South Figueroa Street, 10th Floor
                                       Los Angeles, CA 90017
                                       (213) 443-3000

                                       *Attorneys for Plaintiff
                                       Abacus Global Management, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 20, 2025, a true and correct copy

of the foregoing document was electronically served on Defendants' counsel via

electronic mail.

/s/   *Alex Zuckerman*
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com