**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ABACUS GLOBAL MANAGEMENT, INC., a corporation,
Plaintiff,

v.

COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,
Defendants.

Case No. 6:25-cv-01401-RBD-RMN

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S FIRST MOTION TO COMPEL**

Defendants Coventry First LLC and Alan Buerger (together, "Defendants") hereby file this Response in Opposition to Plaintiff Abacus Global Management, Inc.'s ("Abacus") First Motion to Compel, Dkt. 66, seeking documents and communications between Defendants and government entities about Abacus, Lapetus, or related to the "Defamatory Statements." *See* Requests for Production ("RFPs") Coventry Nos. 29-31, Buerger Nos. 30-32. These RFPs are irrelevant to the claims and defenses in this litigation because Defendants' communications with a government agency cannot form the basis of a defamation claim nor could they provide circumstantial evidence of actual malice. However, Defendants have also offered a compromise position that Abacus has failed to meaningfully engage with.

First, any communications that Defendants had with regulators are protected by state and federal law privileges and thus cannot form the basis of a defamation claim. Indeed, the First Amended Complaint does not identify those communications

as among the allegations supporting Plaintiff's defamation claims. Dkt. 38 ¶¶ 193-238.[1] Florida law immunizes from defamation liability "statements of a citizen to a political authority regarding matters of public concern." *See Nodar v. Galbreath*, 462 So. 2d 803, 809-10 (Fla. 1984). And courts have also long recognized a privilege from liability "to protect First Amendment petitioning of the government from claims brought under federal and state laws including … common-law tortious interference with contractual relations." *Silverhorse Racing, LLC v. Ford Motor Co.*, 232 F. Supp. 3d 1206 (M.D. Fla. 2017) (internal marks omitted). Abacus is therefore not "entitled to discovery" regarding these communications. Dkt. 66 at 2. Because any communications with government entities cannot make up the basis of Abacus's claims, they necessarily "do[] not pertain to a claim or defense" and are thus "irrelevant." *Wrangen v. Pa. Lumbermans Mut. Ins. Co.*, 593 F.Supp. 2d 1273, 1278 (S.D. Fla. 2008).

Abacus's thin assertion that it may find circumstantial evidence of actual malice of defamation in Defendants' private communications with regulators is also unavailing. Abacus does not explain how confidential communications with regulators about potential wrongdoing could prove that any alleged statement was made "'with knowledge that it was false or with reckless disregard of whether it was false or not.'" *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) (quoting *New York Times Co. v. Sullivan,* 376 U.S. 254, 280 (1964)). Nor could it.

---

[1] Abacus's Motion to Compel now seems to suggest they *do* rely on these allegations. But that only further highlights the problems with their shotgun pleading approach. *See* Dkt. 66-6 at 1-3.

Nevertheless, Defendants offered a compromise position that Abacus rejected with little discussion. Dkt. 66-6 at 4. Defendants offered to ascertain whether the government entities would assent to the productions. This proposal would ensure that confidentiality concerns were addressed and respected, *see e.g.*, Fla. Stat. §§ 624.319(3), 626.601(6), 626.989(5). But Abacus rejected that common-sense approach.

## CONCLUSION

WHEREFORE, Defendants request this Court deny Abacus's First Motion to Compel, Dkt. 66, in its entirety.

## LOCAL RULE 3.01(g) CERTIFICATION

Defendants certify that on November 4, 5, and 7, 2025, and January 5 and 7, 2026, Counsel for Defendants met and conferred with counsel for Plaintiff, via teleconference, to no avail. Between those conferrals, Defendants sent several substantive letters in a good faith effort to resolve the issues raised by this Motion. *See* Dkts. 68-9–68-16. Despite such efforts, the parties were unable to resolve the above-referenced disputes.

Dated: January 13, 2026

Respectfully Submitted,

*/s/ Andrew J. Levander*

ANDREW J. LEVANDER (*pro hac vice*)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
andrew.levander@dechert.com

ERIC AUSLANDER (*pro hac vice*)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006

MICHAEL H. MCGINLEY (*pro hac vice*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

ALFRED J. BENNINGTON, JR.
GLENNYS ORTEGA RUBIN
BENJAMIN F. ELLIOTT
SHUTTS & BOWEN LLP
300 South Orange Ave.
Suite 1600
Orlando, FL 32801

*Counsel for Defendants Coventry First LLC and Alan Buerger*

## CERTIFICATE OF SERVICE

All counsel who are deemed to have consented to electronic service are being served with a true and correct copy of the Motion via electronic mail on January 13, 2026 through the Court's electronic filing system.

*/s/ Andrew J. Levander*
ANDREW J. LEVANDER