**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ABACUS GLOBAL MANAGEMENT, INC., a corporation,
Plaintiff,

v.

COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,
Defendants.

Case No. 6:25-cv-01401-RBD-RMN

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL**

Defendants Coventry First LLC and Alan Buerger (together, "Defendants") hereby file this Response in Opposition to Plaintiff Abacus Global Management, Inc.'s ("Abacus") Second Motion to Compel, Dkt. 67, seeking documents and communications related to Coventry's core business model, including its financials, valuations, market activities, and trade secrets. *See* Requests for Production ("RFPs") Nos. 43–51, 66–67 (Coventry) and 43–49 (Buerger), Dkt. 66-1. These RFPS are irrelevant to the litigation and an inappropriate effort by Abacus to use the discovery process to conduct competitive intelligence.

As a threshold matter, the premise of Abacus's motion is false. Defendants have agreed to produce swaths of business records that are *relevant* to the parties' claims and defenses. They have simply drawn the line at invasive requests that are *irrelevant*. Courts have long held that discovery may not "roam in the shadow zones of relevancy." *Benz v. Crowley Logistics, Inc.*, 2016 WL 11587289, at *2 (M.D. Fla. June

17, 2016). Courts are particularly reluctant to permit plaintiffs to leverage lawsuits to mine competitors for irrelevant business information. *See Pediatric Servs. of Am., Inc. v. Kendrick,* 2019 WL 580786, at *3 (N.D. Fla., Jan. 17, 2019) (denying plaintiff's request for "proprietary business forms" irrelevant to plaintiff's defamation claim).

Abacus sued Defendants concerning allegedly defamatory statements about *Abacus's* core business practices. FAC (Dkt. 38) ¶¶ 199, 214. *Coventry's* business practices are not the focus of the litigation. Nor is Abacus correct that it could support its claims by showing that Coventry employs similar business practices. *See* Dkt. 67 at 2-3. Abacus must prove that Defendants' statements about *Abacus* were false. Coventry's core business model does not address that issue. And Abacus's sole example is Buerger's comments on discount rates, which were not based on Coventry's own practices, but instead reflect general market considerations and valuation principles. *See* Dkt. 67 at 3 (quoting FAC ¶¶ 105, 106). Discount rates are "realistic" or "grossly overstated" based on each company's unique set of inputs. Coventry's discount rates will thus have no bearing on whether Abacus has inflated its own value to investors through its own ever-decreasing discount rates.

Abacus's effort to draw false comparisons also fails because the two businesses are fundamentally different. Abacus is a publicly traded company whose investors rely on representations about its business practices. This case is, in large part, about whether those representations were accurate. By contrast, Coventry is a private company, whose business practices are not at issue. This distinction matters, not

because there is an "absolute bar to discovery" on that basis, Dkt. 67 at 2, but because it undermines Abacus's effort to compare apples to oranges.

Finally, the existence of a confidentiality agreement does not justify sweeping and invasive discovery into the trade secrets of Abacus's chief competitor. Even with a confidentiality agreement, discovery must be relevant to a claim or defense. The information sought by Abacus's Motion does not meet that requirement.

## CONCLUSION

WHEREFORE, Defendants request this Court deny Abacus's Second Motion to Compel, Dkt. 67, in its entirety.

## LOCAL RULE 3.01(g) CERTIFICATION

Defendants certify that on November 4, 5, and 7, 2025, and January 5 and 7, 2026, Counsel for Defendants met and conferred with counsel for Plaintiff, via teleconference, to no avail. Between those conferrals, Defendants sent several substantive letters in a good faith effort to resolve the issues raised by Plaintiff's Motion. *See* Dkts 68-9–68-16. Despite such efforts, the parties were unable to resolve the above-referenced disputes.

Dated: January 13, 2026

Respectfully Submitted,

*/s/ Andrew J. Levander*

ANDREW J. LEVANDER (*pro hac vice*)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
andrew.levander@dechert.com

ERIC AUSLANDER (*pro hac vice*)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006

MICHAEL H. MCGINLEY (*pro hac vice*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

ALFRED J. BENNINGTON, JR.
GLENNYS ORTEGA RUBIN
BENJAMIN F. ELLIOTT
SHUTTS & BOWEN LLP
300 South Orange Ave.
Suite 1600
Orlando, FL 32801

*Counsel for Defendants Coventry First LLC and Alan Buerger*

## CERTIFICATE OF SERVICE

All counsel who are deemed to have consented to electronic service are being served with a true and correct copy of the Motion via electronic mail on January 13, 2026 through the Court's electronic filing system.

*/s/ Andrew J. Levander*
ANDREW J. LEVANDER