**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br><br>Defendants. | Case No.: 6:25-cv-01401-RBD-RMN |

**PLAINTIFF'S SHORT FORM MOTION FOR A PROTECTIVE ORDER WITH RESPECT TO DEFENDANTS' SUBPOENA TO ACUMEN**

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Abacus Global Management, Inc. ("Abacus") moves for a protective order with respect to the subpoena to Acumen Financial Advantage LLC ("Acumen") issued by Defendants Coventry First LLC ("Coventry") and Alan Buerger (the "Subpoena"). Ex. A.[1] A protective order is appropriate because the Subpoena "seek[s] irrelevant information beyond the permissible scope of discovery." *Continuum on S. Beach Condo. v. QBE Ins. Corp.*, 338 F.R.D. 668, 670 (S.D. Fla. 2021).

[1] A party's challenge to a subpoena is timely where, as here, no deadlines have been affected and there is no prejudice. *Turner v. Allstate Ins. Co.*, 2016 WL 7155751, at *1 (M.D. Ala. Dec. 7, 2016). *See also id.* (Rule 45 deadline for nonparty's objections not applicable to challenge by party); *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, 2018 WL 2387580, at *4 (S.D. Cal. May 24, 2018) (no waiver where subpoena overbroad).

Acumen connects Abacus with organizations interested in structured products and custom investment strategies. Like several other entities Defendants have subpoenaed in this case, *see* Exs. B–H, Acumen's only connection to this case is that it has a business relationship—or has contemplated a potential business relationship—with Abacus. But this does not tie a third party to the claims and defenses in this case. This court should require Defendants to withdraw the Subpoena for the following reasons:

***First***, any relevant information in Acumen's possession is likely obtainable through party discovery. *See Continuum*, 338 F.R.D. at 671 (protective order appropriate because "much of the relevant information requested by Defendant would be obtainable more easily from Plaintiff itself"). For example, it is likely that Abacus possesses many or all of the "Documents and Communications Concerning or with Abacus, including those Concerning Abacus's business practices, valuation methods, and Offerings" that Defendants seek from Acumen. Ex. A at 16. And given that Abacus is still negotiating search terms, the Subpoena is premature.

***Second***, the Subpoena, which seeks all "Documents and Communications Concerning or with Abacus" for more than two years, *id.*, is grossly overbroad. Even assuming that some of Acumen's documents are relevant, "Defendant[s] ha[ve] made no attempt to limit the scope of [the]

subpoena to such documents." *Paxton v. Landesk Software, Inc.*, 332 F.R.D. 368, 369 (M.D. Fla. 2019).

***Third***, there is good reason to believe Defendants' pursuit of discovery of Acumen is its latest effort to interfere with Abacus's growing position in the industry. *See* Dkt. 38 ¶¶ 2–18. Indeed, Defendants have even subpoenaed clients of ***Acumen*** seeking documents related to "any actual or potential investment in any fund or investment vehicle invested in or collateralized by life insurance or life settlement policies." Ex. I at 15; Ex. J at 16. Like Acumen, these parties unlikely to have unique documents related to the real issues here. Irrelevant and abusive discovery cannot proceed. *Grayson v. No Labels, Inc.*, 2021 WL 8199893, at *3–5 (M.D. Fla. Oct. 15, 2021). The Court should order Defendants to withdraw the Subpoena.

**Federal Rule of Civil Procedure 26(c)(1) Certificate**

Pursuant to Federal Rule of Civil Procedure 26(c)(1), I hereby certify that Plaintiff's counsel conferred in good faith with Defendants' counsel in an effort to resolve this dispute without court action.

**Local Rule 3.01(g) Certificate**

Pursuant to Local Rule 3.01(g), I hereby certify that Plaintiff's counsel conferred with Defendants' counsel by video conference in advance of filing this motion. Defendants oppose the relief requested in this motion.

DATED: January 26, 2026

*/s/ Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
Osvaldo Rodriguez (Fla. Bar No. 1039307)
osvaldorodriguez@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Attorneys for Plaintiff Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 26, 2026, a true and correct copy of the foregoing document was electronically served via the CM/ECF system on all parties authorized to accept service by CM/ECF.

*/s/ Alex Zuckerman*

Alex Zuckerman