# Exhibit H

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br>Plaintiff,<br><br>v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br>Defendants. | Case No. 6:25-cv-01401-RBD-RMN<br><br>Judge Roy B. Dalton, Jr.<br><br>Magistrate Judge Robert M. Norway |

**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM TO NON-PARTY**

Please take notice that, pursuant to Rule 45 of the Federal Rules of Civil Procedure and Local Rule 3.04 of the Middle District of Florida, Defendants have issued the attached subpoena duces tecum directed to: Northland Securities, Inc., c/o Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301, for immediate service on said non-party and said subpoena to be responded to within the time frame set forth therein.

Dated: November 14, 2025

Respectfully Submitted,

*/s/ Alfred J. Bennington, Jr.*

| | |
|---|---|
| MICHAEL H. MCGINLEY, ESQ. (*pro hac vice*)<br>BRIAN A. KULP, ESQ. (*pro hac vice*)<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104 | ALFRED J. BENNINGTON, JR., ESQ.<br>GLENNYS ORTEGA RUBIN, ESQ.<br>BENJAMIN F. ELLIOTT, ESQ.<br>SHUTTS & BOWEN LLP<br>300 South Orange Ave.<br>Suite 1600 |

| | |
|---|---|
| Telephone: (215) 994-4000<br>Facsimile: (215) 994-2222<br>michael.mcginley@dechert.com<br>brian.kulp@dechert.com<br><br>ERIC AUSLANDER, ESQ. (*pro hac vice*)<br>DECHERT LLP<br>1900 K Street, NW<br>Washington, DC 20006<br>Telephone: (202) 261-3300<br>Facsimile: (202) 261-3333<br>eric.auslander@dechert.com | Orlando, FL 32801<br>Telephone: (407) 423-3200<br>Facsimile: (407) 425-8316<br>bbennington@shutts.com<br>grubin@shutts.com<br>belliott@shutts.com<br><br>ANDREW J. LEVANDER, ESQ. (*pro hac vice*)<br>DECHERT LLP<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 698-3500<br>Facsimile: (212) 698-3599<br>andrew.levander@dechert.com |

*Counsel for Defendants Coventry First LLC and Alan Buerger*


**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2025, a copy of the subpoena has been served via email on counsel for Plaintiff at the addresses set out in the Service List below.


*<u>/s/ Alfred J. Bennington, Jr.</u>*
ALFRED J. BENNINGTON, JR., ESQ.
SHUTTS & BOWEN LLP
300 South Orange Ave.
Suite 1600
Orlando, FL 32801
Telephone: (407) 423-3200
Facsimile: (407) 425-8216


**<u>SERVICE LIST</u>**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Zuckerman
295 5th Avenue, 9th Floor
New York, NY 10016
alexzuckerman@quinnemanuel.com

Jason D. Sternberg
David M. Walsh
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
jasonsternberg@quinnemanuel.com
davidwalsh@quinnemanuel.com

Kathleen S. Messinger
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
kathleenmessinger@quinnemanuel.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

ABACUS GLOBAL MANAGEMENT, INC.
*Plaintiff*
v.
COVENTRY FIRST LLC AND ALAN BUERGER
*Defendant*

Civil Action No. 6:25-CV-01401

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Northland Securities, Inc., c/o Corporation Service Co., 1201 Hays Street, Tallahassee, FL 32301

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Schedule A

| Place: Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, NY 10036, or as otherwise agreed by the parties | Date and Time: 11/28/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/14/2025

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Alfred J. Bennington, Jr.
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Coventry First LLC and Alan Buerger, who issues or requests this subpoena, are:

Alfred J. Bennington, Jr., bbennington@shutts.com, (407) 423-3200, 300 South Orange Ave, Suite 1600, Orlando, FL 32801

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 6:25-CV-01401

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Federal Rule of Civil Procedure 45, Defendants request the production of documents identified below.

**DEFINITIONS**

Terms used herein shall have the following meanings:

1. The term "Abacus" means Abacus Global Management, Inc., and its current and former agents, employees, representatives, affiliates, officers, directors, partners, managers, predecessors in interest, and subsidiaries, and anyone acting or purporting to act on its behalf, including without limitation Abacus Settlements, LLC, Longevity Market Assets, LLC, Abacus Life, Inc., Abacus Enhanced Income Fixed LP, Abacus Enhanced Income Plus LP, Abacus Premier Income Fixed LP, Abacus Premier Income Plus LP, National Insurance Brokerage, LLC, Carlisle Management Company S.C.A., and ABL Longevity Growth & Income Fund.

2. The term "Abacus Press Release" means the press release issued by Abacus, dated June 10, 2025 and titled "Abacus Refutes Misleading Balance Sheet Claims With Independent Third-Party Actuarial Valuation."

3. The terms "and" and "or" have both the conjunctive and disjunctive meanings, and the terms "each," "any," and "all" mean "each and every."

4. The term "Alan Buerger" means Alan Buerger, the Executive Chairman and co-founder of Coventry.

5. The term "Communication" means any form of contact, disclosure, transfer, or exchange of information, whether documentary, written, or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including letters, memoranda, minutes, reports, emails, text messages, SMS messages, instant messages, ephemeral messages, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, and any other form of communication or correspondence.

6. The term "Concerning" means alluding to, confirming, constituting, comprising, containing, commenting upon, discussing, describing, embodying, evaluating, evidencing, identifying, in connection with, involving, mentioning, noting, pertaining to, probative of, relating to, reflecting, referring to, regarding, setting forth, supporting, stating, showing, touching upon, dealing with, assessing, recording, bearing upon, connected with, in respect of, about, indicating, memorializing, proving, suggesting, having anything to do with, contradicting, or summarizing in any way, directly or indirectly, in whole or in part, the subject matter referred to.

7. The term "Coventry" means Coventry First LLC and its current and former agents, employees, representatives, affiliates, officers, directors, partners, managers, predecessors in interest, and subsidiaries, and anyone acting or purporting to act on its behalf.

8. The term "Document" is used in a comprehensive sense, as contemplated by Rule 1001 of the Federal Rules of Evidence or Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, any and all written, printed, typed, recorded, filmed, punched, transcribed, taped, charted, photographed, photostatted, photocopied, or other graphic matter of any kind or nature, however produced, reproduced, or stored, in any format including paper, digital, electronic, or otherwise, whether sent or received or neither, and whether permanent or temporary, including all originals, drafts, copies, and non-identical copies bearing notations or marks not found on the original(s). The term "Document" specifically includes email, audio and video tapes, microfiche, notes (handwritten and typed), internal memoranda, facsimiles, telexes, telephone records, electronic mail, SMS messages, text messages, messages sent via instant messaging tools, online platforms or mobile apps, other electronically stored information ("ESI") (including any exchange of information between computers and all information stored in an electronic form or computer database), tape recordings (and transcripts of them), voicemail recordings, voicemail transcriptions, letters, drafts, non-identical copies, audit papers, ledgers, books of accounts, and files maintained on or in computer hard drives, servers, portable diskette drives, laptop computers, floppy diskettes, or off-site backup computer files. A draft or non-identical copy is a separate Document within the meaning of this term. For the avoidance of doubt, any request for "Documents" includes Communications.

9. The term "identify" means, with respect to Documents, to state the type of Document; the date appearing on the Document or, if it has no date, the date or approximate date such Document was prepared; the author(s), addressee(s), and recipient(s) of the Document; and the names of the person(s) having present possession, custody, or control of the Document.

10. The term "including" means including but not limited to. The term "includes" has a correlative meaning.

11. The term "Lapetus" means Lapetus Solutions, Inc. and its current and former agents, employees, representatives, affiliates, officers, directors, partners, managers, predecessors in interest, and subsidiaries, and anyone acting or purporting to act on its behalf, including Lapetus Life Event Solutions.

12. The term "Morpheus Research Reports" refers to (i) the publication titled "Abacus Global Management: This $740 Million SPAC Is Yet Another Life Settlements Accounting Scheme Manufacturing Fake Revenue By Systematically Underestimating When People Will Die" and dated June 4, 2025, available here: https://www.morpheus-research.com/abacus/; and (ii) the publication titled "Abacus' Scattered Response Failed To Refute Any Of Our Allegations & Contradicted Its Own Statements To The SEC. We Reveal New Evidence Of Abacus Insiders Engaging In Undisclosed Related Party Dealings And Of Carlisle Round-Tripping Policies" and dated June 12, 2025, available here: https://www.morpheus-research.com/abacus-response/.

13. The term "Northland Capital Markets" means its current or former agents, employees, representatives, affiliates, officers, directors, partners, managers, predecessors in interest, and subsidiaries, and anyone acting or purporting to act on its behalf.

14. The term "You" means Northland Securities, Inc. and its current or former agents, employees, representatives, affiliates, officers, directors, partners, managers, predecessors in interest, and subsidiaries, and anyone acting or purporting to act on its behalf, including Northland Capital Markets. The term "Your" has a correlative meaning.

**INSTRUCTIONS**

1. References to any natural person include that natural person's agents, attorneys, representatives, employees, and successors.

2. References to any non-natural person (*e.g.*, corporation, partnership) include that non-natural person's respective predecessors, successors, divisions, subsidiaries, parents, assigns, and affiliates, foreign or domestic, each other person that is directly or indirectly, wholly or in part, owned by, controlled by, or associated with them, and any others acting or purporting to act on their behalf for any reason, and the present and former officers, directors, partners, managers, advisors, representatives, servants, employees, assigns, attorneys, and agents of any of them.

3. The use of the singular form of any word includes the plural and vice versa.

4. The use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of each request all responses that might otherwise be considered outside its scope. Whenever a term is used herein in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods.

5. If You object to any of the following requests ("Requests"), state the reasons for Your objections. If You object to any part of a Request, specify the part. Similarly, if You do not object to a particular Request, but are unable to respond fully to that Request, respond to the fullest extent possible and provide an explanation for your lack of a full response.

6. If, in responding to any of the following Requests, You encounter any ambiguity or confusion in construing either the Request or a Definition or Instruction relevant to a Request, set forth the matter deemed ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the Request using that interpretation, and explain with particularity the construction or interpretation selected by You in responding to the Request.

7. You are required to produce all Documents and Communications, wherever located, that are described below and that are in your possession, custody or control, or to which You have access.

8. All Documents should be Bates labeled, and should be produced in single page TIFF images (except that excel spreadsheets and other such file types that

include logical formulae or files that, when converted to image format, take on an appearance noticeably different from the one the running-native file took when viewed on a computer screen, should be produced in native, with a "nativelink" file) with extracted text or OCR at the Document level and with the following load files: LFP, OPT and DAT. TIFF images should be 300 DPI Group IV compressed TIFF images. The load files should be provided as delimited load files. All metadata should be provided, including (at a minimum) the following: BEGDOC, ENDDOC, BEGATTACH, ENDATTACH, Page Count, Author, From, To, Cc, Bcc, Custodian, Date Sent, Time Sent, Subject, File Name, Date Last Modified, Time Last Modified, Time Created, MD5Hash and NATIVELINK (link to native on media if applicable).

9. Each Request seeks production of every responsive Document in its entirety, without abbreviation or expurgation, including attachments and/or other matters affixed thereto, notwithstanding that portions of a Document may contain information that is not responsive. You should produce all drafts as well as final versions of a Document, as well as copies that are not identical to the original Document, whether due to handwritten notations, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

10. You should produce all responsive Documents as they are kept in the usual course of business, and as to each Document, identify the file or location from which it was taken, as well as the name, affiliation, and position for the custodian involved.

11. If any Document responsive to any particular Request is withheld in whole or in part based upon a claim of attorney-client privilege, the work product doctrine, or upon any other legal ground, You shall submit, with respect to each Document so withheld, a privilege log supporting the application of the privilege or work product protection. If You claim privilege or any other basis for nondisclosure with regard to only part of a document, produce all other parts of the Document. If a Document is withheld on the ground of privilege, state the specific basis for the claim of privilege, and provide the following information: (i) the date appearing on the Document; (ii) a description of the general nature of the Document (*e.g.*, whether it is a letter, memorandum, e-mail, etc.); (iii) the author of the Document; and (iv) the identity of each person to whom the Document was addressed and the identity of each person to whom a copy was sent.

12. Unless otherwise specified in an individual Request, these Requests seek Documents and information prepared, sent, provided, received, or in Your possession during the period from July 1, 2023, through and including the present (the "Relevant Period").

**<u>DOCUMENTS TO BE PRODUCED</u>**

1. Documents and Communications Concerning or with Abacus, including Abacus's business practices and valuation methods, and any transactions involving You and Abacus.

2. Documents and Communications Concerning any reports, analyses, recommendations, or ratings of Abacus, including all related data.

3. Documents and communications discussing or reflecting any strategic planning, coordination, or information sharing between You and Your investment banking or corporate finance professionals with respect to Abacus.

4. Documents and Communications Concerning any inputs, reviews, edits, or suggested changes by any investment banker, corporate finance professional, or capital markets professional to any report, model, recommendation, or rating issued or proposed to be issued by You Concerning Abacus.

5. Documents and Communications Concerning or with Lapetus.

6. Documents and Communications Concerning the Morpheus Research Reports, including any work, research, analysis, reviews, discussions, or assessments You performed regarding such reports or the claims or allegations asserted therein.

7. Documents and Communications Concerning any violations, deviations, or exceptions, as they relate to Abacus, to Your policies, procedures, or compliance guidelines governing interactions between analysts and investment banking, corporate finance, or capital markets personnel.

8. Documents and Communications Concerning the Abacus Press Release.

9. Documents and Communications Concerning the "Lewis and Ellis valuation" referenced in the Abacus Press Release.