**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ABACUS GLOBAL MANAGEMENT, INC., a corporation,
Plaintiff,

v.

COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,
Defendants.

Case No. 6:25-cv-01401-RBD-RMN

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER WITH RESPECT TO ACUMEN**

Defendants Coventry First LLC and Alan Buerger (together, "Defendants") file this Response in Opposition to Plaintiff Abacus Global Management, Inc.'s ("Abacus") Motion for a Protective Order with Respect to Defendants' Subpoena to Acumen Financial Advantage LLC ("Acumen"), Dkt. 80.

First, Abacus's Motion should be denied as untimely. "A motion for [a] protective order is generally untimely if it [is] made after the date discovery material was to be produced." *Andrews v. CSX Transportation, Inc.*, 2009 WL 10670852, at *1 (M.D. Fla. Jan. 7, 2009) (alterations in original) (quotation marks omitted). And here, Abacus is almost two months too late.

Defendants issued the Subpoena to Acumen on November 26, 2025, and required compliance by December 10, 2025. *See* Dkt. 80-1 at 2. Abacus received notice of the Subpoena the same day it was issued to Acumen, *see* Ex. A, yet filed its

Motion nearly *seven weeks* after the Subpoena's date of compliance. And Abacus offers no justification for its delay. This failure to show good cause "alone is a sufficient basis for denying the Motion for [a] Protective Order." *LSM Technologies PTY LTD v. Sy-Klone Co., LLC*, 2023 WL 5934538, at *5 (M.D. Fla. Aug. 17, 2023).

Even setting aside the untimeliness of the Motion, Abacus's arguments for protection are unavailing. The Subpoena seeks relevant and proportional information that is unobtainable elsewhere. Abacus's First Amended Complaint raises a tortious-interference claim, alleging that Defendants interfered with Abacus's "business relationships with several large investors" including an unspecified "credit union." Dkt. 38 ("FAC") ¶ 247. Acumen is the lynchpin of these business relationships, exclusively facilitating more than $260 million of investment into Abacus from various credit unions. *See* Ex. B at 3-4, 11-14, 25, 32.

Acumen is also likely in possession of unique evidence that would help determine the accuracy of Defendants' statements about Abacus. *See* FAC ¶¶ 199, 214. As an arm of Abacus's distribution and investment communications, Acumen packages and explains Abacus's business model to potential investors. These external communications, plus Acumen's related internal communications, would reveal whether Defendants' views on Abacus's business practices and methodologies are supported by those documents.

The same week that Acumen agreed to produce documents responsive to the Subpoena, *see* Ex. C at 2-6, Abacus informed Defendants of its intent to file this Motion. But the parties did not complete a substantive conferral prior to Abacus's

filing. Because Defendants only seek to obtain evidence necessary to the litigation, they have continued discussions with Abacus to reach a compromise position. Granting Abacus's Motion would short-circuit this process and deprive Defendants of their ability to properly litigate this case. Defendants thus propose that in addition to their ongoing conferral obligations, the parties file a status report regarding this dispute on February 9, 2026.

**CONCLUSION**

WHEREFORE, Defendants respectfully request this Court deny Abacus's Motion, Dkt. 80, in its entirety. At a minimum, Defendants request this Court hold the Motion in abeyance while the parties continue to confer.

Dated: February 2, 2026

Respectfully Submitted,

*/s/ Andrew J. Levander*

MICHAEL H. MCGINLEY (*pro hac vice*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

ALFRED J. BENNINGTON, JR.
GLENNYS ORTEGA RUBIN
BENJAMIN F. ELLIOTT
SHUTTS & BOWEN LLP
300 South Orange Ave.
Suite 1600
Orlando, FL 32801

ANDREW J. LEVANDER (*pro hac vice*)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
andrew.levander@dechert.com

ERIC AUSLANDER (*pro hac vice*)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006

*Counsel for Defendants Coventry First LLC and Alan Buerger*

## CERTIFICATE OF SERVICE

All counsel who are deemed to have consented to electronic service are being served with a true and correct copy of the Motion via electronic mail on February 2, 2026 through the Court's electronic filing system.

*/s/ Andrew J. Levander*
ANDREW J. LEVANDER