**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br>　　　　　Defendants. | Case No. 6:25-cv-01401-RBD-RMN<br><br>**DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM OF LAW TO SEAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Pursuant to M.D. Fla. L.R. 1.11(b), Defendants Coventry First LLC ("Coventry") and Alan Buerger ("Mr. Buerger") (together, "Defendants"), respectfully submit this Motion to Seal their Answer, Affirmative Defenses, and Counterclaims and Exhibits thereto (collectively, the "Answer and Counterclaims"), to comply with their obligations under the Parties' Confidentiality Agreement.

**INTRODUCTION**

On June 25, 2026, this Court granted in part Defendants' Motion to Dismiss Abacus Global Management, Inc.'s ("Abacus's") First Amended Complaint ("FAC"). Dkt. 100. Defendants now file their Answer and Counterclaims, Dkt. 101, which includes reference to and attachment of documents bearing confidentiality designations. Because these documents are critical to the fair resolution of this dispute, Defendants request that, should this Court find that the designating parties have a

1

legitimate interest in protecting these documents, they be filed in unredacted form
under seal.

## I.    Items Proposed for Sealing

Defendants seek an Order directing that the following items be filed under seal,
while leaving the redacted versions of those items on the Court's public docket:

1. Exhibit 1: Defendants' Answer, Affirmative Defenses, and Counterclaims, unredacted version, Dkt. 101.

2. Exhibit 2: ABL00082742, unredacted version, Ex. 2 to Dkt. 101.

3. Exhibit 3: ABL00082744, unredacted version, Ex. 3 to Dkt. 101.

4. Exhibit 4: GT007292, unredacted version, Ex. 4 to Dkt. 101.

5. Exhibit 5: GT00018, unredacted version, Ex. 5 to Dkt. 101.

6. Exhibit 6: ABL00200121, unredacted version, Ex. 6 to Dkt. 101.

7. Exhibit 7: ABL00078082, unredacted version, Ex. 7 to Dkt. 101.

8. Exhibit 8: ABL00215526, unredacted version, Ex. 8 to Dkt. 101.

9. Exhibit 9: GT004072, unredacted version, Ex. 9 to Dkt. 101.

10. Exhibit 10: GT004000, unredacted version, Ex. 10 to Dkt. 101.

11. Exhibit 11: ABL00198280, unredacted version, Ex. 11 to Dkt. 101.

12. Exhibit 12: ABL00176674, unredacted version, Ex. 12 to Dkt. 101.

13. Exhibit 13: ABL00024669, unredacted version, Ex. 13 to Dkt. 101.

14. Exhibit 14: ABL00177296, unredacted version, Ex. 14 to Dkt. 101.

15. Exhibit 15: ABL00176953, unredacted version, Ex. 15 to Dkt. 101.

16. Exhibit 16: ABL00009625, unredacted version, Ex. 16 to Dkt. 101.

17. Exhibit 17: ABL00216070, unredacted version, Ex. 17 to Dkt. 101.

18. Exhibit 18: LSI020156, unredacted version, Ex. 18 to Dkt. 101.

19. Exhibit 19: LSI006951, unredacted version, Ex. 19 to Dkt. 101.

20. Exhibit 20: LSI001844, unredacted version, Ex. 20 to Dkt. 101.

21. Exhibit 21: LSI021545, unredacted version, Ex. 21 to Dkt. 101.

22. Exhibit 22: ABL00103519, unredacted version, Ex. 22 to Dkt. 101.

23. Exhibit 23: GT086988, unredacted version, Ex. 23 to Dkt. 101.

24. Exhibit 24: GT00125, unredacted version, Ex. 24 to Dkt. 101.

25. Exhibit 25: GT106895, unredacted version, Ex. 25 to Dkt. 101.

26. Exhibit 26: GT00126, unredacted version, Ex. 26 to Dkt. 101.

27. Exhibit 27: ABL00022725, unredacted version, Ex. 27 to Dkt. 101.

28. Exhibit 28: ABL00197813, unredacted version, Ex. 31 to Dkt. 101.

29. Exhibit 29: GT00017, unredacted version, Ex. 32 to Dkt. 101.

30. Exhibit 30: A copy of a Limited Partnership agreement for Abacus Premier Income
    Fixed, LP, unredacted version, Ex. 33 to Dkt. 101.

31. Exhibit 31: ABL00144380, unredacted version, Ex. 34 to Dkt. 101.

32. Exhibit 32: ABL00232270: An unredacted copy of email correspondence between
    Abacus and Longevity Market Assets personnel, Ex. 35 to Dkt. 101.

33. Exhibit 33: ABL00078179, unredacted version, Ex. 36 to Dkt. 101.

34. Exhibit 34: ABL00079027, unredacted version, Ex. 37 to Dkt. 101.

35. Exhibit 35: ABL00001256, unredacted version, Ex. 38 to Dkt. 101.

36. Exhibit 36: ABL00011441, unredacted version, Ex. 39 to Dkt. 101.

37. Exhibit 37: ABL00051306, unredacted version, Ex. 40 to Dkt. 101.

38. Exhibit 38: LSI026397, unredacted version, Ex. 41 to Dkt. 101.

39. Exhibit 39: GT00143, unredacted version, Ex. 42 to Dkt. 101.

40. Exhibit 40: ABL00086134, unredacted version, Ex. 43 to Dkt. 101.

41. Exhibit 41: LSI011034, unredacted version, Ex. 44 to Dkt. 101.

42. Exhibit 42: McGoff Dep.: unredacted version of a 30(b)(6) deposition of Morpheus
    Research LLC, unredacted version, Ex. 45 to Dkt. 101.

43. Exhibit 43: ABL00687053, unredacted version, Ex. 46 to Dkt. 101.

## II.   The Reason that Filing the Items is Necessary

Abacus's FAC is built on a set of factual premises about its business practices. Defendants' Answer and Counterclaims refute these factual premises, as dramatically and effectively shown through these confidential documents.  And Defendants' allegations in their Counterclaims are similarly buttressed by the facts found in these confidential documents.  The inclusion of these documents is therefore necessary for Defendants to respond to Abacus's FAC and litigate its case.

## III.   The Reason that Sealing the Items is Necessary

Pursuant to Section 12.3 of the Parties' Confidentiality Agreement, a Party may not file "Protected Material" on the public record without either written permission from the Designating Party or a Court Order.  This Court enforces written confidentiality agreements where the agreement (1) includes the required statement prohibiting unsealed filings absent a court order, and (2) is signed by the necessary parties and attorneys.  *See* Case Management and Scheduling Order, Section II. H, Dkt. 42.  The Parties' agreement meets these conditions, and the documents referenced in Section I have been designated as "Protected Material" pursuant to such agreement.

## IV.   No Less Restrictive Alternative is Available

The entirety of the Answer and Counterclaims and their attached Exhibits are necessary for the Court to adjudicate this dispute.  The confidential documents not only refute Abacus's assertions in its FAC, but also provide critical support to Defendants' affirmative counterclaims. Redacting the material quoted from these

documents would thus leave this Court with a woefully incomplete picture of the issues in this case. The confidential documents reveal the falsity of Abacus's statements regarding, among other things, Abacus's reliance on Lapetus, Lapetus's materially short life expectancy estimates, and Abacus's use of Lapetus to overvalue the policies on its books. And these documents demonstrate that Abacus knew these allegations were false when it filed its FAC.

## V.    Proposed Duration of the Seal

Defendants propose that the documents referenced herein remain sealed until further order of the Court or ninety days after the case is closed and all appeals exhausted. *See* M.D. Fla. L.R. 1.11(e).

## VI.    Name, Mailing Address, Email Address, and Telephone of Person Authorized to Retrieve a Sealed, Tangible Item

DECHERT LLP
Andrew J. Levander
(andrew.levander@dechert.com)
Three Bryant Park
1095 Avenue of the Americas
New York, NY 20036
212-698-3599

Michael H. McGinley
(michael.mcginley@dechert.com)
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
215-994-2463

Eric Auslander
(eric.auslander@dechert.com)
1900 K Street, NW
Washington, DC 20006
202-261-3300

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Alex Zuckerman
(alexzuckerman@quinnemanuel.com)
295 5th Avenue, 9th Floor
New York, NY 10016
212-849-7000

Jason D. Sternberg
(jasonsternberg@quinnemanuel.com)
Osvaldo Rodriguez
(osvaldorodriguez@quinnemanuel.com)
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
305-402-4880

Kathleen S. Messinger
(kathleenmessinger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017; 213-443-3000

5

SHUTTS & BOWEN LLP
Benjamin F. Elliott
(belliott@shutts.com)
300 South Orange Ave.
Suite 1600
Orlando, FL 32801
407-423-3200

PUGSLEY WOOD LLP
Bryan A. Wood
53 State Street, Suite 500
Boston, MA 02109
617-665-7979

NARDELLA LAW
Paul N. Mascia
(pmascia@nardellalaw.com)
135 W Central Blvd Unit 300
Orlando, FL 32801
321-663-3909

FALKENBERG IVES LLP
Thomas F. Falkenberg
(tff@falkenbergives.com)
230 W. Monroe, Suite 2220
Chicago, IL 60606
312-566-4801

## VII.    Memorandum of Legal Authority Supporting Seal

"[T]he integrity of the judiciary is maintained by the public's right of access to court proceedings." *Teledyne Instruments, Inc. v. Cairns*, 2013 WL 5874584, at *1 (M.D. Fla. Oct. 31, 2013). That "common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" *Id.* (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Teledyne Instruments, Inc.*, 2013 WL 5874584, at *1 (quoting *Romero*, 480 F.3d at 1246).

6

Defendants do not dispute that several of these factors favor disclosure on the public record. Most notably, the information concerns issues of public concern. Abacus's lawsuit is, at bottom, an attempt to stymie Defendants' participation in a public debate and mask the fraudulent business practices of a public company. Defendants thus file this Motion to comply with the Parties' Confidentiality Agreement, but otherwise defer to the designating parties to offer any further support for why protection is warranted.

Should this Court find that protection is warranted, then filing the wholly unredacted Answer and Counterclaims and their attached Exhibits under seal is necessary to adjudicate this dispute. There is no question as to the reliability of the information, sealing does not implicate any party's ability to respond to the information, and no less onerous alternative to sealing the materials exists.

## CONCLUSION

Should the Court conclude that protection of the documents designated confidential is warranted, then Defendants respectfully request that the unredacted versions of those documents be filed under seal.

Dated: July 9, 2026

Respectfully Submitted,

*/s/ Andrew J. Levander*

Michael H. McGinley (*pro hac vice*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

Alfred J. Bennington, Jr.
Glennys Ortega Rubin
Benjamin F. Elliott
SHUTTS & BOWEN LLP
300 South Orange Ave.
Suite 1600
Orlando, FL 32801

Andrew J. Levander (*pro hac vice*)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
andrew.levander@dechert.com

Eric Auslander (*pro hac vice*)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006

*Counsel for Defendants Coventry First LLC and Alan Buerger*

## INTERESTED THIRD PARTIES AND LOCAL RULE 3.01(g)
## CERTIFICATION OF CONFERRAL

Consistent with M.D. Fla. L.R. 1.11(b)(7), Counsel for Defendants have identified that Lapetus Solutions, Inc., Grant Thornton LLP, and Morpheus Research LLC (collectively, the "Non-Parties") may have an interest in establishing or maintaining the seal as to certain proposed items for sealing. *See supra* Section I. The list of Counsel for these Non-Parties is identified in Section VI of this Motion.

Pursuant to M.D. Fla. L.R. 3.01(g), Counsel for Defendants certify that they have conferred with Counsel for Abacus and any Non-Party that designated any of the proposed items for sealing confidential, and any Non-Party that Defendants deemed might have an interest in establishing or maintaining the seal. *See* M.D. Fla. L.R. 1.11(b)(7). Counsel for Abacus, Lapetus Solutions Inc., and Morpheus Research LLC, have consented to the filing of this Motion. Counsel for Grant Thornton LLP did not object to the filing of this Motion.

/s/ *Andrew J. Levander*
ANDREW J. LEVANDER

9

## CERTIFICATE OF SERVICE

Consistent with M.D. Fla. L.R. 1.11(b)(7) Counsel for Defendants certify that they have served on Counsel for Abacus and the Non-Parties that have an interest in any of the proposed items for sealing both (1) this Motion, and (2) unredacted versions of the relevant Exhibits in Section I of this Motion. The Motion and relevant Exhibits were sent via email to the appropriate addresses listed in Section VI of this Motion on July 9, 2026.

/s/ *Andrew J. Levander*
ANDREW J. LEVANDER