## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br><br>    Plaintiff,<br><br> v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br>    Defendants. | Case No. 6:25-cv-01401-RBD-RMN<br><br>**DEFENDANTS' RENEWED MOTION TO SEAL AND INCORPORATED MEMORANDUM OF LAW TO NARROWLY REDACT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS, PURSUANT TO LOCAL RULE 1.11** |

Pursuant to Local Rule 1.11, Defendants Coventry First LLC ("Coventry") and Alan Buerger ("Mr. Buerger") (together, "Defendants"), request leave to file a narrowly redacted version of the Answer, Affirmative Defenses, and Counterclaims, Dkt. 101, and Exhibits thereto (collectively, the "Answer and Counterclaims") on the public docket.

## INTRODUCTION

On July 9, 2026, Defendants filed their initial Motion to Seal an unredacted version of their Answer and Counterclaims. Dkt. 102. Defendants did so consistent with the Parties' Confidentiality Agreement, which Defendants understood required them to file any document marked "Confidential" or "Highly Confidential" under seal. *See id.* at 4. This Court denied Defendants' initial Motion to Seal, holding that it is insufficient "to simply state that the documents are protected by the parties'

1

confidentiality agreement without showing why that is the case." Dkt. 103.

In light of the Court's Order, Defendants have reassessed each proposed redaction without relying on the Parties' Confidentiality Order as an independent basis for sealing. Defendants do not believe that most of the information and documents designated confidential by Abacus or third parties warrant sealing. Accordingly, Defendants seek only limited redaction of information in, and exhibits attached to, the Answer and Counterclaims. Specifically, Defendants seek to redact portions of documents containing information regarding (a) insureds' names, (b) life insurance policy identification numbers, and (c) truly confidential business relationships and negotiations. Besides these three categories of documents, all other portions of the Answer and Counterclaims should be filed unredacted on the public docket.

## I.    Items Proposed to Be Submitted On the Public Docket with Narrow Redactions

Defendants seek an Order directing that the following items be filed with partial redactions, to remove only personal information related to individual life insurance policies or information containing truly confidential business relationships or negotiations, on the public docket. These documents, with their proposed redactions, are listed below:[1]

---

[1] In most instances, the producing parties already redacted personal identifying information, including the insureds' names. Defendants therefore move to redact the insureds' names to the extent they were not already redacted. Even if this Court were to deny Defendants' Motion as it concerns redacting truly confidential business relationships, Defendants request that the Court permit redactions of insureds' names. Moreover, consistent with the requirements set forth in Fed. R. Civ. P. 5.2, Defendants also intend to redact the dates of birth in the spreadsheets produced as Exhibits 29 and 30 of the Answer and Counterclaims. Those two documents—L&E000134 and L&E000002—were not designated confidential by Abacus or any third party.

**A.** Exhibit 1: A narrowly redacted version of Defendants' Answer, Affirmative Defenses, and Counterclaims.

**B.** Exhibit 2: ABL000176674, redacting negotiation terms, Dkt. 101-12.

**C.** Exhibit 3: ABL00177296, redacting negotiation terms, Dkt. 101-14.

**D.** Exhibit 4: ABL00176593, redacting negotiation terms, Dkt. 101-15.

**E.** Exhibit 5: ABL00216070, redacting negotiation terms, Dkt. 101-17.

**F.** Exhibit 6: GT00125, redacting policy identifications, Dkt. 101-24.

**G.** Exhibit 7: ABL00197813, redacting policy identifications, Dkt. 101-31.

**H.** Exhibit 8: GT00017, redacting policy identifications, Dkt. 101-32.

**I.** Exhibit 9: ABL00078179, redacting policy identifications, Dkt. 101-36.

**J.** Exhibit 10: ABL00001256, redacting negotiation terms, Dkt. 101-38.

**K.** Exhibit 11: ABL00086134, redacting agreement terms, Dkt. 101-43.

**II. Name, Mailing Address, Email Address, and Telephone of Person Authorized to Retrieve a Sealed, Tangible Item[2]**

DECHERT LLP
Andrew J. Levander
(andrew.levander@dechert.com)
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
212-698-3599

Michael H. McGinley
(michael.mcginley@dechert.com)
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
215-994-2463

Eric Auslander
(eric.auslander@dechert.com)
1900 K Street, NW
Washington, DC 20006

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Zuckerman
(alexzuckerman@quinnemanuel.com)
295 5th Avenue, 9th Floor
New York, NY 10016
212-849-7000

Jason D. Sternberg
(jasonsternberg@quinnemanuel.com)
Osvaldo Rodriguez
(osvaldorodriguez@quinnemanuel.com)
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
305-402-4880

Kathleen S. Messinger
(kathleenmessinger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor

---

[2] Counsel at the law firms Pugsley Wood LLP, Nardella Law, and Falkenberg Ives LLP, may retrieve only their own clients' confidential documents, while all other Counsel may retrieve all documents marked with a confidentiality designation.

202-261-3300

SHUTTS & BOWEN LLP
Benjamin F. Elliott
(belliott@shutts.com)
300 South Orange Ave.
Suite 1600
Orlando, FL 32801
407-423-3200

PUGSLEY WOOD LLP
Bryan A. Wood
53 State Street, Suite 500
Boston, MA 02109
617-665-7979

Los Angeles, CA 90017; 213-443-3000

NARDELLA LAW
Paul N. Mascia
(pmascia@nardellalaw.com)
135 W Central Blvd Unit 300
Orlando, FL 32801
321-663-3909

FALKENBERG IVES LLP
Thomas F. Falkenberg
(tff@falkenbergives.com)
230 W. Monroe, Suite 2220
Chicago, IL 60606
312-566-4801

### III.   Memorandum of Law in Support of Partial Redaction

"[T]he integrity of the judiciary is maintained by the public's right of access to court proceedings." *Teledyne Instruments, Inc. v. Cairns*, 2013 WL 5874584, at *1 (M.D. Fla. Oct. 31, 2013).  The parties' pleadings are among the core judicial documents to which the public right of access applies.  *See, e.g.*, *FTC v. AbbVie Prods.*, 713 F.3d 54, 62 (11th Cir. 2013) ("A complaint, which initiates judicial proceedings, is the cornerstone of every case . . . and access to the complaint is almost always necessary if the public is to understand a court's decision.").  And this Court has explained that "[i]f the only thing necessary to secure a seal were a mere declaration that a document is confidential, no judicial review would be needed and the open docket would be bare, indeed." *Ward v. EZCORP, Inc.*, 2016 WL 7666133, at *1 (M.D. Fla. Feb. 29, 2016).

The "common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest

4

in keeping the information confidential.'"  *Teledyne,* 2013 WL 5874584, at *1 (quoting

*Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

Under this standard, only three categories of documents in the Answer and Counterclaims warrant redaction: (a) insureds' names, (b) life insurance policy identification numbers, and (c) truly confidential business arrangements, such as the negotiation or terms of an individual policy transaction.  The documents at the heart of the Answer and Counterclaims demonstrate that Lapetus Solutions, Inc. ("Lapetus") is widely recognized—both within Abacus and throughout the industry— as being shorter than other LE providers, *see, e.g.,* Ex. 2, and that Abacus heavily relied on Lapetus LEs, *see, e.g.*, Ex. 6.  While that core content does not warrant redaction, it is appropriate to redact individual policy names and numbers to protect any individual's privacy interests as well as a confidential business negotiation.

All other documents referenced in or attached to the Answer and Counterclaims do not warrant redaction or sealing.[3]  Below are some of the most obvious examples

---

[3] The full list of documents designated "Confidential" or "Highly Confidential" that Defendants do not believe warrant full sealing, by Bates Numbers when available, is: ABL00082742 (Dkt. 101-2), ABL00082744 (Dkt. 101-3), GT007292 (Dkt. 101-4), GT00018 (Dkt. 101-5), ABL00200121 (Dkt. 101-6), ABL00078082 (Dkt. 101-7), ABL00215526 (Dkt. 101-8), GT004072 (Dkt. 101-9), GT004000 (Dkt. 101-10), ABL00198280 (Dkt. 101-11), ABL00024669 (Dkt. 101-13), ABL00009625 (Dkt. 101-16), LSI020156 (Dkt. 101-18), LSI006951 (Dkt. 101-19), LSI001844 (Dkt. 101-20), LSI021545 (Dkt. 101-21), ABL00103519 (Dkt. 101-22), GT086988 (Dkt. 101-23), GT106895 (Dkt. 101-25), GT00126 (Dkt. 101-26), ABL00022725 (Dkt. 101-27), Limited Partnership Agreement for Abacus Premier Income Fixed, LP (Dkt. 101-33), ABL00144380 (Dkt. 101-34), ABL00232270 (Dkt. 101-35), ABL00079027 (Dkt. 101-37), ABL00011441 (Dkt. 101-39), ABL00051306 (Dkt. 101-40), LSI026397 (Dkt. 101-41), GT00143 (Dkt. 101-42), LSI011034 (Dkt. 101-44), Deposition of Morpheus Research LLC (Dkt. 101-45), ABL00687053 (Dkt. 101-46).

of documents that have been designated as "Confidential" or "Highly Confidential" by Abacus or a third party but do not meet the standard for sealing or redaction:

- Multiple emails from Abacus's Jay Jackson to Abacus employees in which Jackson outlines his efforts to exert influence over Lapetus. *See, e.g.,* ABL00082742, Dkt. 101-2; *see also* ABL00215526, Dkt. 101-8.

- An email from Abacus's Armando Cabrera to Jay Jackson and other Abacus employees, in which Cabrera explains the impact to Abacus's portfolio valuation if Abacus switched from using Lapetus Life Expectancies (LEs), to a different LE provider.  ABL00078082, Dkt. 101-7.

- Lapetus's admission—in an email to Abacus and a submission to the Florida Office of Insurance Regulation—related to its Actual/Expected ratio. LSI020156, Dkt. 101-18; LSI006951, Dkt. 101-19.

- A document showing Jay Jackson's revisions to Abacus's press release about the actuarial firm Lewis & Ellis's valuation of Abacus.  *See, e.g.*, ABL00022725, Dkt. 101-27.

These documents do not contain trade secrets or proprietary information that would warrant protection.  They contain evidence of fraudulent business practices that go to the heart of this case.  Abacus made public representations about its operations—both when becoming a public company, and when deciding to file this lawsuit against Defendants to shut down Defendants' speech.  These documents are about the same issues that Abacus has placed at the center of this case.  Their inclusion is therefore

necessary for Defendants to respond to Abacus's FAC and affirmatively litigate their case.   And Abacus's attempt to hide these facts from the public conflates embarrassment with truly confidential business information.  *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.* 924 F.3d 662, 676 (3d Cir. 2019) ("[C]oncern about a company's public image, embarrassment, or reputational injury, without more, is insufficient to rebut the presumption of public access.").

Because Defendants do not believe these documents warrant protection, they have notified the producing parties and invited each of them, if they so wish, to file their own memorandum articulating why they believe sealing or redaction is warranted.  That approach is consistent with this Court's Order that "[t]he *parties*," including Abacus and others, should "identify and make a showing of necessity" as to why *their own documents* warrant protection.  Dkt. 103 (emphasis added).

## CONCLUSION

Abacus's lawsuit is an attempt to stifle Defendants' participation in a public debate about Abacus's problematic business practices. Defendants respectfully submit that Abacus should not be permitted to continue hiding the true facts behind confidentiality designations—while making public filings and issuing press releases that are inconsistent with the evidence produced in this action.  Instead, this Court should permit the public filing of a version of the Answer and Counterclaims that redacts only information regarding (a) insureds' names, (b) life insurance policy identification numbers, and (c) truly confidential business arrangements, such as the negotiation or terms of an individual policy transaction.

Dated: July 17, 2026                      Respectfully Submitted,

                                          */s/ Andrew J. Levander*

Michael H. McGinley (*pro hac vice*)      Andrew J. Levander (*pro hac vice*)
DECHERT LLP                               DECHERT LLP
Cira Centre                               Three Bryant Park
2929 Arch Street                          1095 Avenue of the Americas
Philadelphia, PA 19104                    New York, NY 10036
                                          Telephone: (212) 698-3500
Alfred J. Bennington, Jr.                 Facsimile: (212) 698-3599
Glennys Ortega Rubin                      andrew.levander@dechert.com
Benjamin F. Elliott
SHUTTS & BOWEN LLP                        Eric Auslander (*pro hac vice*)
300 South Orange Ave.                     DECHERT LLP
Suite 1600                                1900 K Street, NW
Orlando, FL 32801                         Washington, DC 20006

*Counsel for Defendants Coventry First LLC and Alan Buerger*

8

## INTERESTED THIRD PARTIES AND LOCAL RULE 3.01(g)
## CERTIFICATION OF CONFERRAL

Consistent with M.D. Fla. L.R. 1.11(b)(7), Counsel for Defendants have identified that Lapetus Solutions, Inc., Grant Thornton LLP, and Morpheus Research LLC (collectively, the "Non-Parties") may have an interest in establishing or maintaining the seal as to certain proposed items for sealing. *See supra* Section I. The list of Counsel for these Non-Parties is identified in Section II of this Motion.

Pursuant to M.D. Fla. L.R. 3.01(g), Counsel for Defendants certify that they have conferred with Counsel for Abacus and any Non-Party that designated any of the proposed items for sealing confidential, and any Non-Party that Defendants deemed might have an interest in establishing or maintaining the seal. *See* M.D. Fla. L.R. 1.11(b)(7). Abacus opposes Defendants' position on the relief sought in this Motion. Counsel for Lapetus has represented that Lapetus defers to Abacus's position; Counsel for Lapetus further represented that Abacus intends to submit a separate motion to seal Lapetus's documents. Grant Thornton LLP takes no position on the relief sought in this Motion. Morpheus Research LLC does not consent to the relief sought in this Motion but does not intend to file a separate motion.

/s/ Andrew J. Levander
ANDREW J. LEVANDER

9

## CERTIFICATE OF SERVICE

Consistent with M.D. Fla. L.R. 1.11(b)(7), Counsel for Defendants certify that they have served on Counsel for Abacus and the Non-Parties that have an interest in any of the proposed items for sealing both (1) this Motion, and (2) unredacted versions of the relevant Exhibits in Section I of this Motion.  The Motion and relevant Exhibits were sent via email to the appropriate addresses listed in Section II of this Motion on July 17, 2026.

/s/ *Andrew J. Levander*
ANDREW J. LEVANDER