**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br><br>Defendants. | Case No.: 6:25-cv-01401-RBD-RMN |

**PLAINTIFF'S MOTION AND INCORPORATED MEMORANDUM OF LAW TO SEAL CERTAIN EXHIBITS TO DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Pursuant to Local Civil Rule 1.11 and the Court's Order (ECF No. 103), Plaintiff Abacus Global Management, Inc. ("Abacus") respectfully submits this Motion to Seal Certain Exhibits to Defendants' Answer, Affirmative Defenses, and Counterclaims. Defendants Coventry First LLC and Alan Buerger (collectively, "Defendants") previously sought to seal their Answer, Affirmative Defenses, and Counterclaims (collectively, "Defendants' Answer") along with certain exhibits attached thereto. *See* ECF No. 102. On July 10, 2026,

Magistrate Judge Norway rejected Defendants' request for failing "to make a showing why each redaction/sealing is necessary to protect the privacy interests of the parties." ECF No. 103 (the "Order"). Magistrate Judge Norway further noted that "[t]he parties must identify and make a showing of necessity for each redacted portion of the document" and ordered any renewed motion to "be filed on or before July 17, 2026." *Id.* Finally, the Court reminded the parties of their obligations under Local Civil Rule 3.01(g). *Id.* We respond to each of the Court's concerns below and respectfully request that the Court seal the documents referenced herein.

**1. Documents for Proposed Sealing**

Abacus proposes to file under seal the following exhibits to Defendants' Answer, which are appended as Exhibits to this Motion and filed under temporary seal:

| Ex. # | Document | Ex. # | Document |
|---|---|---|---|
| 1 | Dkt. 101-2 (ABL00082742) | 2 | Dkt. 101-3 (ABL00082744) |
| 3 | Dkt. 101-4 (GT007292) | 4 | Dkt. 101-5 (GT000018) |
| 5 | Dkt. 101-6 (ABL00200121) | 6 | Dkt. 101-7 (ABL00078082) |
| 7 | Dkt. 101-8 (ABL00215526) | 8 | Dkt. 101-9 (GT004072) |
| 9 | Dkt. 101-10 (GT004000) | 10 | Dkt. 101-12 (ABL00176674) |
| 11 | Dkt. 101-15 (ABL00176953) | 12 | Dkt. 101-17 (ABL00216070) |
| 13 | Dkt. 101-18 (LSI020156) | 14 | Dkt. 101-19 (LSI006951) |
| 15 | Dkt. 101-20 (LSI001844) | 16 | Dkt. 101-22 (ABL00103519) |
| 17 | Dkt. 101-23 (GT086988) | 18 | Dkt. 101-24 (GT00125) |

| | | | |
|---|---|---|---|
| 19 | Dkt. 101-25 (GT106895) | 20 | Dkt. 101-26 (GT00126) |
| 21 | Dkt. 101-27 (ABL00022725) | 22 | Dkt. 101-31 (ABL00197813) |
| 23 | Dkt. 101-32 (GT00017) | 24 | Dkt. 101-34 (ABL00144380) |
| 25 | Dkt. 101-35 (ABL00232270) | 26 | Dkt. 101-36 (ABL00078179) |
| 27 | Dkt. 101-37 (ABL00079027) | 28 | Dkt. 101-38 (ABL00001256) |
| 29 | Dkt. 101-39 (ABL00011441) | 30 | Dkt. 101-40 (ABL00051306) |
| 31 | Dkt. 101-41 (LSI026397) | 32 | Dkt. 101-42 (GT00143) |
| 33 | Dkt. 101-43 (ABL00086134) | 34 | Dkt. 101-44 (LSI011034) |

**2. Legal Standard**

As the Eleventh Circuit has explained, litigants wishing to seal documents must balance the "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), against litigants' legitimate concerns in protecting sensitive business information. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Regions Bank v. Kaplan*, 2017 WL 5633151, at *1 (M.D. Fla. Nov. 21, 2017) ("The Court has a duty to balance the public's right of access against the party's interest in confidentiality."). While there is a presumption of public access, Courts grant leave to seal where there exists "a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

Good cause is required to overcome the presumptive common law right of public access. *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 n.2 (11th Cir. 2021) (citing Fed. R. Civ. P. 26(c)(1). In evaluating

whether good cause exists to seal documents, courts consider a variety of factors, including the following:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

**3. Basis for Sealing**

Good cause exists to seal each exhibit referenced above because each implicates highly sensitive, proprietary aspects of Abacus's business operations. And the *Romero* factors here weigh squarely in favor of sealing. To wit, sealing would neither impair court functions nor hamper any party's "opportunity to respond to the information." *Id.* at 1246. Indeed, Defendants previously requested the exact same relief before the Court (ECF No. 102), and all parties have access to the information Abacus seeks to seal, so no party will be harmed or disadvantaged by sealing. Conversely, Abacus risks serious harm to its business if its confidential, proprietary information is made public. Indeed, the documents Abacus seeks to seal—many of which have been designated by Abacus or third parties as "Highly Confidential"—concern highly sensitive, nonpublic aspects of Abacus's business, including proprietary

formulas and related information, disclosure of which would harm Abacus's "legitimate privacy interests." *Romero*, 480 F.3d at 1246. The documents Abacus seeks to seal do not concern public officials or public concerns, and there are no less onerous options that exist because, to adequately protect Abacus's privacy interests, the documents would need to be so heavily redacted that they would be rendered illegible if a less onerous path were attempted.

**4. The Documents**

***Documents concerning investments in or by Abacus.*** Exs. 1, 7, 16, 24, 31–32, 34. These documents consist of emails by and among Abacus employees concerning specific investments by or in Abacus and related discussions internal to Abacus. This is nonpublic, confidential information that discloses specific dollar amounts of Abacus investments, has no public value, and disclosure disadvantages Abacus, putting it at a competitive disadvantage. This district recognizes a party's compelling privacy interests under the circumstances. *See, e.g.*, *Sesame Workshop v. SeaWorld Parks & Entm't, Inc.*, 2023 WL 6161784, at *2 (M.D. Fla. Sept. 21, 2023) (collecting cases for the proposition that parties are "permit[ed] . . . to file confidential business information under seal where such documents' exposure could 'violate the parties' privacy or proprietary interests'").

***Documents concerning aspects of Abacus's proprietary, life-expectations formula and policy valuations.*** Exs. 2–6, 8–10, 17–23, 25–

27, 33. These documents consist of emails and policy documents by or among Abacus concerning Abacus's "secret sauce"—its proprietary formula it uses to conduct valuations and supporting documentation and discussion. Disclosure of this information would prove disastrous to Abacus's business and put it at a significant, competitive disadvantage. Florida federal courts routinely grant sealing motions under the circumstances. *Id.*

***Documents concerning specific policies acquired or considered by Abacus.*** Exs. 11, 12, 28. These three documents contain information regarding specific life insurance policies held or considered by Abacus. These documents contain incredibly specific information, disclosure of which cannot possibly serve a compelling, public policy interest. *See Runion v. Bernard*, 2023 WL 3763740, at *1 (M.D. Fla. June 1, 2023) ("Generally speaking, sealing a document is warranted if necessary to keep the information confidential, ***or if the document is not related to public concern***.") (emphasis added).

***Documents concerning aspects of Lapetus's proprietary, life-expectations formula and policy valuations.*** Exs. 13–15, 29–30. Defendants' Answer makes numerous, false accusations about Abacus and its business. Exhibits 18–20 and 39–40 reference sensitive aspects of Lapetus's business that implicate or threaten to implicate Abacus valuations and other, confidential and nonpublic aspects of its business. Lapetus is not a party to this litigation; it was driven out of business in large part due to Coventry's

attacks. *See* ECF No. 38 at paras. 186–191. Still, these documents concern real, current aspects of Abacus's business. Because these documents show proprietary, nonpublic, and highly confidential information they are entitled to sealing. *See Sesame Workshop*, 2023 WL 6161784, at *2; *see also Suffoletto v. Ferrao*, 2010 WL 11622752, at *2 (M.D. Fla. July 1, 2010) (allowing party to seal documents that "contain confidential and proprietary business and financial information some of which relates to entities not a party to this action").

Per Local Civil Rule 1.11(b)(5), Abacus requests that the above documents remain under seal until the conclusion of this action or until otherwise ordered by the Court. Per Local Civil Rule 1.11(b)(8), Abacus has filed alongside this motion and memorandum the documents sought to be sealed, under seal, in full, unredacted form. Abacus respectfully requests that the Court maintain these documents under seal unless and until the Court denies the Motion to Seal.

**<u>Local Rule 3.01(g) Certificate</u>**

Pursuant to Local Rule 3.01(g), I hereby certify that Plaintiff's counsel conferred with Defendants' counsel regarding the relief requested in this Motion in person on July 10, 2026 and more recently via email in advance of filing this motion. Defendants indicated most recently that they oppose the relief requested in this motion.

DATED: July 17, 2026

*/s/ Jason D. Sternberg*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
Teodora Pasca (*pro hac vice*)
teodorapasca@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
Osvaldo Rodriguez (Fla. Bar No. 1039307)
osvaldorodriguez@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Nicole Arata (*pro hac vice* )
nicolearata@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100

*Attorneys for Plaintiff Abacus Global Management, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on July 17, 2026, a true and correct copy of the foregoing document was electronically served via the CM/ECF system on all parties authorized to accept service by CM/ECF.

*/s/ Jason D. Sternberg*
Jason D. Sternberg