**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br>　　　　　Defendants. | Case No. 6:25-cv-01401-RBD-RMN<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION AND INCORPORATED MEMORANDUM OF LAW TO SEAL CERTAIN EXHIBITS TO DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Defendants Coventry First LLC ("Coventry") and Alan Buerger ("Mr. Buerger") (together, "Defendants") respond in opposition to Plaintiff Abacus Global Management, Inc.'s ("Abacus") Motion to Seal Certain Exhibits to Defendants' Answer, Affirmative Defenses, and Counterclaims (the "Motion"), Dkt. 105.

## INTRODUCTION

Abacus's documents—much less the documents of third parties—do not warrant sealing. Abacus has made no showing that these documents contain trade secrets nor that there is any other good cause to keep them hidden from public view. In fact, the opposite is true. The documents Abacus wishes to keep concealed directly bear upon—and even contradict—Abacus's own representations to both the public and this Court. This Court should therefore deny Abacus's Motion.

1

## ARGUMENT

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). Both the First Amendment and the common law recognize a strong presumption in favor of the public's right to view and inspect "***pleadings***, docket entries, orders, affidavits, or depositions duly filed." *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1569 (11th Cir. 1985) (emphasis added). Therefore "[t]he filing of documents under seal is disfavored by the Court." *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010).

To overcome this strong presumption, a litigant "must establish good cause." *SuperCooler Techs., Inc. v. Coca Cola Co.*, 2023 WL 12187724, at *2 (M.D. Fla. Apr. 21, 2023). To seal documents on the basis that they contain "sensitive business and competitive information," the movant "***must show*** that it consistently treated the information as closely guarded secrets, that the information represents substantial value to the party, that it would be valuable to the party's competitors, and that it derives its value by virtue of the effort of its creation and lack of dissemination." *Id.* at *1-2 (quotation marks omitted) (alterations adopted) (emphasis added).

Courts in this district therefore deny motions to seal based on a blanket claim that documents contain "proprietary information" where, as here, the movant "has not presented any evidence, such as a declaration or affidavit, showing that the documents at issue meet any of the foregoing elements." *Rodriguez v. Magic Burgers,*

2

*LLC*, 2021 WL 3017528, at *2 (M.D. Fla. Mar. 24, 2021); *see also Day v. Barnett Outdoors, LLC,* 2017 WL 10275971, at *3 (M.D. Fla. Aug. 23, 2017) (same). Indeed, "[a] request to seal in this context is 'a big ask' that needs to be supported by more than conclusory legal argument and an attorney's say-so." *SuperCooler*, 2023 WL 12187724, at *2.

Abacus has failed to make such a showing. Abacus claims—without any evidence, affidavit, or declaration—that it "risks serious harm to its business if its confidential, proprietary information is made public" regarding (1) Abacus's investment in Lapetus Solutions, Inc. ("Lapetus"), (2) its policy and portfolio valuations, (3) its communications about the length and accuracy of Lapetus life expectancies, and (4) policy valuations and life expectancy estimates from the now-defunct Lapetus. Dkt. 105 at 4–7. But Abacus's own public statements and public filings in this litigation are replete with discussions of these very topics. Abacus is fine with making public representations about its investment in Lapetus, the inputs to its valuation processes, its beliefs about Lapetus's life expectancy accuracy, and Lapetus's approach to life expectancies—so long as it can control what is disclosed and concealed.

Abacus conflates embarrassment with confidentiality. *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.* 924 F.3d 662, 676 (3d Cir. 2019). After bringing this case and making a myriad of public statements about the allegations in this case, Abacus now seeks to bury under seal its own documents which contradict its public

statements.[1]  That is not "good cause" to hide these documents from public view. Indeed, "[e]xposure comes with the territory of seeking court intervention."  *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1260 (S.D. Fla. 2019).

Abacus has not demonstrated good cause to seal these documents.  Abacus's sweeping and categorical request to file 34 documents under seal is contrary to this Court's direction that "[t]he parties must identify and make a showing of necessity for each redacted portion of [a] document."  Dkt. 103.  And Abacus's arguments for why these documents are sensitive or proprietary are belied by both the text of these documents and Abacus's own public statements and filings before this Court on these very topics.

*First*, Abacus seeks to conceal documents concerning its investment in Lapetus. Abacus argues these documents are worthy of sealing because they contain "nonpublic, confidential information that discloses specific dollar amounts of Abacus investments."  Dkt. 105 at 5.  Abacus provides no evidence or affidavit detailing the proprietary nature of its investment in the now defunct Lapetus.  In fact, almost two years ago, Abacus publicly disclosed that it "holds a convertible promissory note in the amount of $1,000,000 . . . issued by Lapetus."  *See* Abacus Response Letter to SEC at 2 (Nov. 4, 2024), http://bit.ly/4bVxaLT.  Abacus also stated publicly that this

---

[1]  Indeed, just last week, in an article in *The Deal*, Abacus's CEO Jay Jackson erroneously claimed that Abacus has "demonstrably proven false" Defendants' claims.  Ex. A. at 2.  And, in that same article, Abacus's counsel asserted that Defendants' statements in this litigation are "without basis in fact."  *Id.* at 3.  But the very documents at issue in Abacus's Motion to Seal—and which Abacus now seeks to conceal from the public—are cited by Defendants in their Answer and Counterclaims to demonstrate that their statements about Abacus's business practices *are* based in fact and entirely accurate.

4

investment "would not grant [Abacus] any influence or control over Lapetus's governance or business decisions." *Id*.; *see also* First Amended Complaint ("FAC"), Dkt. 38 ¶ 135. Thus, emails discussing this investment—including emails regarding whatever influence or control this investment may give Abacus over Lapetus—directly relate to issues of public concern, including Abacus's public statements and Florida's public policy against life settlement providers having influence over life expectancy providers. *See* Fla. Stat. § 626.99175(6).

*Second*, Abacus seeks to conceal documents concerning Abacus's processes for valuing its publicly disclosed portfolio. Dkt. 105 at 5–6. Abacus argues that these processes are its "secret sauce" and are therefore worthy of sealing. *Id.* at 6. But nothing in these documents reveals any "secret sauce" at all. Unsurprisingly, then, Abacus provides no evidence that there is anything secret about these documents. *See id*. Nor has Abacus provided any evidence that it closely guarded this purported confidential information. To the contrary, Abacus has made repeated public representations about the life expectancy inputs to its supposed "secret sauce" portfolio valuation methodology. Most notably, these statements include that "Abacus does not 'rely on Lapetus to value its portfolio.'" *See* Press Release, Abacus Refutes Misleading Balance Sheet Claims With Independent Third-Party Actuarial Valuation, Abacus Global Mgmt. (June 10, 2025), https://bit.ly/4hkChsE; FAC ¶ 141 ("nor does Abacus use Lapetus as part of its valuation"). Therefore, documents that relate to whether Abacus uses Lapetus to value its publicly disclosed balance sheet—a topic that ***Abacus has already publicly discussed***—are not trade secrets that warrant sealing.

*Third*, Abacus seeks to conceal documents related to its communications with life settlement brokers about the length and accuracy of Lapetus's life expectancies, and Abacus's knowledge of Lapetus's reputation for having short life expectancies. Dkt. 105 at 6. This, too, is a matter about which Abacus has made public statements. Indeed, in an SEC filing for the ABL Longevity Growth and Income Fund, Abacus publicly represented that "Lapetus Solutions provides the most conservative (i.e. longest) life expectancy predictions." ABL Longevity Growth and Income Fund Form N-2, at 3 (Nov. 22, 2024). Documents demonstrating Abacus had knowledge that Lapetus was dramatically shorter than other life expectancy providers are therefore not protected trade secrets.

*Fourth*, Abacus seeks to conceal documents related to the former business of Lapetus, including documents concerning the accuracy of Lapetus's life expectancy estimates, its board meeting minutes, and its regulatory disclosures. Dkt. 105 at 6. Abacus argues that these documents contain sensitive information which "implicate[s] or threaten[s] to implicate Abacus valuations." Dkt. 105 at 6. But that is precisely why they should be unsealed. The only way Abacus's statement makes sense is if its valuations turn on the accuracy (or inaccuracy) of Lapetus's life expectancies—which would contradict Abacus's representation to the public and this Court that "Abacus has ***never said that it uses Lapetus to value the assets on its balance sheet, nor has it ever done so***." FAC ¶ 11 (emphasis in original). Furthermore, Abacus also fails to explain

why it—instead of Lapetus, who had the opportunity to file its own motion to seal—moved to seal Lapetus's documents while Lapetus sits idly by.[2]

In short, Abacus has failed to provide any specific support for its claims that these documents constitute sensitive information worthy of overcoming the public's right to view them.  Accordingly, this Court should deny Abacus's Motion.

## CONCLUSION

Defendants respectfully request that this Court deny Abacus's Motion to Seal in its entirety with prejudice.

Dated: July 24, 2026                          Respectfully Submitted,

                                                          */s/ Andrew J. Levander*

Michael H. McGinley (*pro hac vice*)    Andrew J. Levander (*pro hac vice*)
DECHERT LLP                              DECHERT LLP
Cira Centre                                  Three Bryant Park
2929 Arch Street                          1095 Avenue of the Americas
Philadelphia, PA 19104                 New York, NY 10036
                                          Telephone: (212) 698-3500
Alfred J. Bennington, Jr.             Facsimile: (212) 698-3599
Glennys Ortega Rubin               andrew.levander@dechert.com
Benjamin F. Elliott
SHUTTS & BOWEN LLP
300 South Orange Ave.              Eric Auslander (*pro hac vice*)
Suite 1600                                DECHERT LLP
Orlando, FL 32801                   1900 K Street, NW
                                          Washington, DC 20006

*Counsel for Defendants Coventry First LLC and Alan Buerger*

---

[2] In addition to Lapetus, Abacus also unilaterally seeks to suppress documents from two other non-parties:  Grant Thornton and Morpheus.  But Defendants gave Grant Thornton and Morpheus notice of this Court's Order inviting motions to seal on the exhibits to Defendants Answer, Affirmative Defenses, and Counterclaims and Defendants' position that these documents should not be sealed.  Grant Thornton and Morpheus then did not file any motions to seal their own documents.