**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation, <br><br> Plaintiff, <br><br> v. <br><br> COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual, <br><br> Defendants. | Case No.: 6:25-cv-01401-RBD-RMN |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION TO SEAL AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Local Civil Rules 1.11 and 3.01, Plaintiff Abacus Global Management, Inc. ("Abacus") respectfully submits this Opposition to Defendants' Renewed Motion to Seal and Incorporated Memorandum of Law to Narrowly Redact Their Answer, Affirmative Defenses, and Counterclaims.

## INTRODUCTION

For the two years leading up to this litigation, Coventry First, LLC ("Coventry"), and its founder, Alan Buerger, have been trying to generate ill will in the public square about Abacus. As a representative from short seller Morpheus Research testified earlier this month, Coventry "had an incentive to

1

make [Abacus] look bad" and "[Mr. Buerger] was attempting and succeeding at catalyzing a public conversation . . . about Abacus."  Ex. A, Transcript of Deposition of Casey McGoff, July 2, 2026, at 39:19–20.  This lawsuit, and the parties' heavily negotiated Confidentiality Agreement, put a stop to that deluge.  Defendants were, for a time, abiding by their commitments not to expose their competitor's business strategies to the whole world.  Now, nine months and tens of thousands of documents into discovery, Defendants are pursuing their ends by other means: the gratuitous filing of Abacus's confidential business information on the public docket of this Court, which Abacus only agreed to produce because Defendants' counsel promised to give appropriate protection to these sensitive documents.

Despite an earlier agreement to seal all of these documents, Defendants now move to severely narrow their original sealing motion, seeking to redact only "portions of documents containing information regarding (a) insureds' names, (b) life insurance policy identification numbers, and (c) truly confidential business relationships and negotiations."  Dkt. 104 at 2 ("Defendants' Motion to Seal").  Defendants have not explained what constitute "truly confidential business relationships and negotiations" or how they determined when such documents merit protection.  Otherwise, Defendants argue that all other portions of the Answer and Counterclaims, including the appended Exhibits, should be filed on the public docket.  *Id.*

2

Plaintiff opposes in part this portion of Defendants' Motion to Seal.[1]  The documents at issue contain highly sensitive information that, if made public at this early stage of the case, will only cause further harm to Abacus's business and reputation.  Defendants' plan to file these documents on the public docket is an opportunistic attempt to selectively use documents produced in discovery to further harm Abacus's reputation and business prospects.

## ARGUMENT

The Court should reject the portion of Defendants' Motion to Seal that seeks the public filing of the documents cited in footnote 1.  The documents Defendants seek to unseal contain highly sensitive and confidential information that will harm Abacus's business.  *See Sesame Workshop v. SeaWorld Parks & Ent., Inc.*, 2023 WL 6161784, at *2 (M.D. Fla. Sept. 21, 2023) (parties are "permit[ed] . . . to file confidential business information under seal where such documents' exposure could 'violate the parties' privacy

---

[1]    Abacus specifically objects to the unsealing and public filing of the following documents listed at p. 5, fn. 3 of Defendants' Sealing Motion: ABL00082742 (Dkt. 101-2); GT007292 (Dkt. 101-4); GT00018 (Dkt. 101-5); ABL00078082 (Dkt. 101-7); ABL00103519 (Dkt. 101-22); GT086988 (Dkt. 101-23); GT00126 (Dkt. 101-26); ABL00022725 (Dkt. 101-27); ABL00144380 (Dkt. 101-34); ABL00232270 (Dkt. 101-35); ABL00079027 (Dkt. 101-37); ABL00011441 (Dkt. 101-39); ABL00051306 (Dkt. 101-40); LSI026397 (Dkt. 101-41); and GT00143 (Dkt. 101-42).  ABL00022725 (Dkt. 101-27) also contains inadvertently produced attorney work product and Abacus intends to claw it back from discovery.  Abacus also proposes to file certain documents with redactions, *see* Discussion *infra*.

or proprietary interests'" (quoting *Pat. Asset Licensing, LLC v. Bright House Networks, LLC*, 2016 WL 2991057, at \*2 (M.D. Fla. May 24, 2016))).

This information includes, but is not limited to, the following:

- Textbook examples of confidential business information such as pricing data and assessments, valuations of notes or shares, and other specific financial information that Abacus has a clear business interest in keeping confidential.[2]

- Documents reflecting internal strategy discussions, confidential business practices, and the intimate details of Abacus's valuation methodology—all of which, if released, would put Abacus at a competitive disadvantage.[3]

- Confidential communications with or by Abacus's former auditor, Grant Thornton.[4] The fact that the confidential and proprietary information of non-parties may also be disclosed by making these documents public further supports keeping them under seal. *See Suffoletto v. Ferrao*, 2010 WL 11622752, at \*2 (M.D. Fla. July 1, 2010) (allowing party to seal documents that "contain confidential and proprietary business and

---

[2]  *See, e.g.*, ABL00103519 (Dkt. 101-22) (note purchase agreement between Lapetus and an Abacus affiliate containing sale and purchase terms and valuation information); ABL00011441 (Dkt. 101-39) (internal Abacus emails discussing pricing information and practices); ABL00051306 (Dkt. 101-40) (a confidential life expectancy analysis pertaining to the Carlisle portfolio); and LSI026397 (Dkt. 101-41) (draft letter of intent from Abacus to the Board of Directors of Lapetus regarding a proposed transaction).

[3]  *See, e.g.*, GT00018 (Dkt. 101-5), ABL00078082 (Dkt. 101-7), and GT004072 (Dkt. 101-9) (documents detailing and applying Abacus's valuation methodology); GT086988 (Dkt. 101-23) (confidential audit document containing analysis regarding determining fair value amounts on balance sheet, marked Highly Confidential – Attorney's Eyes Only).

[4]  *See, e.g.*, GT00126 (Dkt. 101-26), GT00143 (Dkt. 101-42) (accounting memoranda assessing whether Abacus and Lapetus are related parties); LSI020156 (Dkt. 101-18) (communications from Lapetus representatives explaining their own methodology); LSI006951 (Dkt. 101-19), LSI001844 (Dkt. 101-20) (Lapetus A/E reports); GT004000 (Dkt. 101-10) (internal communications of Abacus's former auditors).

financial information some of which relates to entities not a party to this action").

Granting Defendants' request to unseal these documents will only further Defendants' goals of misleading the public about Abacus. As Casey McGoff of Morpheus Research has testified in this case, Mr. Buerger and Coventry have already shifted the conversation around Abacus with their falsehoods. Ex. A at 134:4–7 ("[Defendants] definitely wanted . . . the investing community to believe that Abacus's assets were overvalued."). Allowing Defendants to publicize their favorite snippets from hundreds of thousands of pages of documents obtained from Abacus in discovery creates a significant risk these documents will be picked up by media outlets and that Coventry will once again distort the public's understanding of Abacus.

This is not the first time Defendants have sought to publicize private information in their quest to discredit Abacus: as alleged in Plaintiff's Amended Complaint, Coventry engaged in a similar exercise when it sought public disclosure of certain information and sought to intervene in proceedings involving Lapetus before the Florida Office of Insurance Regulation. *See* Dkt. 38 at paras. 131–42; Petition for Writ of Mandamus and Expedited Hearing for Violations of Florida's Public Records Act, *Coventry First LLC v. Fla. Office of Ins. Regul. & Lapetus Sols., Inc.*, Case No. 2025 CA 000463 (Fla. 2d Cir. Ct. Mar. 21, 2025); Coventry First LLC's Mot. to Intervene as Party Defendant,

5

*Lapetus Sols., Inc. v. Fla. Office of Ins. Regul.*, Case No. 2025 CA 000516 (Fla. 2d Cir. Ct. Apr. 10, 2025).  Defendants have made it clear that they are intent on injecting negative publicity about Abacus into the public discourse.  And, as this Court has acknowledged, Defendants are in a unique position to cause damage to Abacus's business.  *See* Tr. of Motion to Compel Hearing, January 29, 2026, at 30:10–14 ("[Q]uite frankly, the way I see it is that it is harder for Abacus to convince [Defendants] not to put money into the market, ***but it is easier for [Defendants] to convince market actors not to invest in Abacus.  I think that's the whole basis of this lawsuit.***" (emphasis added)).

Finally, the sensitive business information contained in the documents Defendants wish to unseal is explicitly protected by other rules and agreements between the parties.  The parties extensively negotiated and entered into a Confidentiality Agreement specifically designed to "effectuate and protect the discovery and dissemination of . . . sensitive commercial, financial, or business information, proprietary information, trade secrets, and/or confidential information."  During those negotiations, Defense counsel acknowledged that they would seek Abacus's "trade secrets and otherwise sensitive financial information."  Ex. B, Email from Michael McGinley dated October 14, 2025.  These documents contain that type of information, which Plaintiff, in good faith, has designated as confidential or highly confidential pursuant to the parties' agreement.  Meanwhile, in parallel, Defendants have

6

insisted on redacting Coventry's *own* "sensitive business information" from documents they have produced to Abacus—even though the agreement contemplates no such measures. *See* Ex. C, Email from Nicole Arata dated July 15, 2026. The double standard is telling: at the same time Defendants are concealing their own secrets from discovery (let alone public view), they are trying to broadcast Plaintiff's business strategies, proprietary valuation model, and auditor communications to the broadest possible audience.

Plaintiff's defamation claims have already survived a motion to dismiss. In their answer, Defendants should not be permitted to perpetuate the very conduct and harm that informs and underlies these meritorious claims. Keeping the documents at issue under seal is the only way to protect Abacus's reputation from further damage while the case proceeds.

## PROPOSED REDACTIONS

While Abacus maintains that public disclosure of any of the documents Coventry seeks to unseal is unwarranted for the reasons *supra*, Abacus has proposed redactions to numerous documents as a less-restrictive means to protect only its most confidential, sensitive and proprietary business information. The documents for which Abacus has proposed redactions are: Ex. D (Dkt. 101-3); Ex. E (Dkt. 101-4); Ex. F (Dkt. 101-6); Ex. G (Dkt. 101-8); Ex. H (Dkt. 101-9); Ex. I (Dkt. 101-10); Ex. J

(Dkt. 101-34).[5]  These documents are filed alongside this memorandum, under seal and with proposed redactions highlighted in yellow.

## **CONCLUSION**

For the foregoing reasons, Abacus respectfully requests that the portion of Defendants' Motion to Seal seeking to file unredacted versions of certain documents on the public docket be denied.

Should the Court grant Defendants' Motion to Seal in part and permit the public filing of redacted versions of certain of these documents other than what is described in this memorandum, Abacus respectfully requests that it be permitted to provide input as to the nature and scope of those redactions.

---

[5]  Abacus proposes that the remaining documents above be filed fully under seal.

## Local Rule 3.01(g) Certificate

Pursuant to Local Rule 3.01(g), I hereby certify that Plaintiff's counsel conferred with Defendants' counsel regarding the Motion to Seal that is the subject of this opposition on July 17, 2026. As the parties could not reach agreement, Plaintiff submitted its own Motion to Seal on July 17, 2026 and hereby opposes Defendants' Motion to Seal filed on that same date.

DATED:  July 27, 2026

*/s/  Jason D. Sternberg*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
Teodora Pasca (*pro hac vice*)
teodorapasca@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
Osvaldo Rodriguez (Fla. Bar No. 1039307)
osvaldorodriguez@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

9

Nicole Arata (*pro hac vice* )
nicolearata@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100

*Attorneys for Plaintiff Abacus Global
Management, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2026, a true and correct copy of the foregoing document was electronically served via the CM/ECF system on all parties authorized to accept service by CM/ECF.

*/s/ Jason D. Sternberg*

Jason D. Sternberg