# EXHIBIT B

| From: | McGinley, Michael |
|---|---|
| To: | Alex Zuckerman; Kulp, Brian; Kathleen Messinger; Levander, Andrew; Auslander, Eric; Glennys Ortega Rubin; Benjamin F. Elliott; Bud Bennington; David Walsh; Jason Sternberg; Compton, Riley; Jones, Julie |
| Subject: | RE: Abacus v. Coventry First, et al. - Protective Order |
| Date: | Tuesday, October 14, 2025 6:16:26 PM |
| Attachments: | Abacus v. Coventry Protective Order (Dechert 10.14.25 - Redline).docx |

**[EXTERNAL EMAIL from michael.mcginley@dechert.com]**



Alex,

Respectfully, the statements below are not what we understood your position to be on our calls. We have explained from the beginning that Alan Buerger needs to be able to assist us in preparing his defense because Abacus has sued him in his individual capacity.

To that end, in the first call when we discussed Section 7.3, you expressed the idea of dropping Mr. Buerger in exchange for a stipulation that he was acting in his capacity working for Coventry. We said we'd take that back to our clients. We then circulated an updated protective order that left Sections 7.3 and 7.4 in place, explaining that we wanted to discuss those outstanding issues on the phone. When Section 7.3 came up again during our second call, you again indicated that the parties could solve the issue of Mr. Buerger having access to documents by dismissing him and stipulating that he was acting in his capacity for Coventry. We now understand that you apparently did not have your client's authorization when you twice made that proposal. Given your revised position, we have provided an alternative in the attached document, which takes you up on your suggestion for a third-level category of documents. As you noted on the call last week, that third level should be narrow. You also stated that your client's concern, in particular, was with disclosing HIPAA-protected information such as social security numbers and contact information. We get that. We have therefore added what is essentially a third level, allowing Abacus to redact sensitive personal information from Mr. Buerger's view.

We believe this alleviates the concerns that you articulated, while still allowing Mr. Buerger to prepare his defense. That, in our view, strikes the appropriate balance. Anything broader would be unwarranted and fundamentally unfair to Mr. Buerger. Abacus has "put trade secrets and otherwise sensitive financial information at issue through the claims in [its] complaint." *Core Labs. LP v. AmSpec, LLC*, 2017 WL 1144430, at *3 (S.D. Ala. June 16, 2017). "Having done so, [it] may not then prejudice [Mr. Buerger's] ability to defend against those claims by insisting that [he] not be able to examine and consult with [his] counsel about such key evidence that is being presented against [him]"—particularly not in a case where he is being sued personally for millions of dollars. *Id.*; *see also, e.g., CareersUSA, Inc. v. Guerrero*, 2014 WL 12862246, at *3 (S.D. Fla. July 16, 2014) (rejecting "Plaintiff's concern about disclosing information to potential competitors" through an AEO category because those "concerns [were] outweighed by Defendants' interest in properly defending th[e] case"); *Water Tree Ventures, LLC v. Giles*, 2019 WL 13162408, at *3 (N.D. Fla. Apr. 26, 2019) (similar).

As to Section 7.4, we explained in our previous email that we would send our proposed language for that section once we heard from you on the stipulation. That language is in the

attached as well. As you'll see, it reflects the notice mechanism that you proposed in our previous call. The parties cannot unilaterally go to the government authorities. Instead, they must first provide notice to the designating party and an opportunity for that party to seek appropriate protections. Please let us know if that remains agreeable to you.

Finally, we are glad you have no objection to memorializing this as a written agreement. We've made some cosmetic changes to reflect that and have added a sentence in section 12.3 which Judge Dalton said is required to enforce confidentiality agreements.

Thanks,

Mike

**Michael H. McGinley**
Partner

**Dechert LLP**
+1 215 994 2463 Direct
+1 484 256 1393 Mobile
michael.mcginley@dechert.com
dechert.com

**From:** Alex Zuckerman
**Sent:** Friday, October 10, 2025 11:38 PM
**To:** McGinley, Michael ; Kulp, Brian ; Kathleen Messinger ; Levander, Andrew ; Auslander, Eric ; Glennys Ortega Rubin ; Benjamin F. Elliott ; Bud Bennington ; David Walsh ; Jason Sternberg ; Compton, Riley ; Jones, Julie
**Subject:** RE: Abacus v. Coventry First, et al. - Protective Order

Mike,

To be clear, we did not indicate that we would drop Alan Buerger if you provided the stipulation in your email; we only agreed to discuss that stipulation, if you made it, with our client. They do not accept your offer.

As for the Protective Order, we have no objection to memorializing it as a written agreement. However, that cosmetic change gets us no closer to resolving the major sticking points, which have lingered for far too long already. It has now been one month since Abacus first shared its draft Protective Order with you for comment. On September 19, you shared a redline with two changes that Abacus could not accept: First, you amended Section 7.3(a) to permit the direct disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information to Mr. Buerger; second, you added Section 7.4, which would allow any Receiving Party "to disclose to appropriate governmental authorities any information or item designated 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY' that the Receiving Party believes in good faith constitutes evidence of unlawful activity."

We then discussed Defendants' edits on a subsequent meet and confer call, in which we articulated specific and valid reasons for why Defendants' proposals were a non-starter for Abacus. However, in the spirit of compromise, Abacus attempted to address Defendants' concerns by crafting procedural mechanisms by which Mr. Buerger would be able to see Abacus's AEO-designated documents and Defendants would be able to make appropriate disclosures to governmental authorities, taking into consideration that Defendants have a history of running to the governmental authorities when it suits their interests.

Despite the parties having met and conferred twice, and despite Abacus's attempts to reach a compromise on these provisions, your position has not changed. In fact, you rejected

Abacus's compromise proposal on disclosures to Mr. Buerger and Abacus's compromise proposal on disclosures to governmental authorities.

And as for Abacus's deletion of your Section 7.4, nothing Abacus's draft protective order precludes you from complying with your legal obligations to report unlawful conduct, to the extent any such obligations exist.

Given Defendants' unwillingness to compromise or propose solutions of their own, we are prepared to bring these issues before the magistrate for prompt resolution. We therefore write to provide our legal positions, and ask that you respond in kind:

- *First*, Abacus has good reason to limit disclosures of its highly confidential information to Mr. Buerger and to reject your revisions to Section 7.3(a). In disputes over the scope of a protective order, courts in the Middle District of Florida have found that AEO designations are appropriate to prevent disclosure when the parties are competitors. *Smart Commc'ns Holding, Inc. v. Correct Sols., LLC*, No. 8:20-CV-1469-T-30JSS, 2020 WL 10498681, at *2 (M.D. Fla. Dec. 2, 2020) (collecting cases). This is true **even when the competitor party is an individual with special industry expertise**, like Mr. Buerger. *See, e.g. Tolbert v. Discovery, Inc.*, No. 4:18-CV-00680-KOB, 2020 WL 9256994 (N.D. Ala. Jan. 23, 2020) (rejecting argument that individual's "knowledge of the entertainment industry" made her "integral to the effective pursuit of her case," entering a protective order with an AEO designation, and noting that the plaintiff "will have access to the basics of the protected information through her attorney, and she has not provided a compelling reason why her input is necessary regarding the detailed specifics of protected financial information."); *In Woodbridge Structured Funding, LLC v. Pina*, No. 16-81408-CV, 2016 WL 11812243 (S.D. Fla. Oct. 12, 2016) ("Because Plaintiffs and Pina are direct competitors, disclosure of Plaintiffs' trade secrets and customer lists to Pina could cause Plaintiffs substantial injury. While Pina's access will be limited, his attorney will still be able to access AEO information to prepare for trial."). Mr. Buerger's knowledge of the industry is not a "compelling reason" to grant him access to Abacus's most sensitive information, and he has provided no other grounds.

  Furthermore, courts will also apply AEO restrictions to those who are "involved in competitive decision making." *Rubenstein L., P.A. v. Friedman L. Assocs.*, No. 8:16-CV-1511-T-36JSS, 2017 WL 385757, at *2 (M.D. Fla. Jan. 27, 2017) (noting that "[t]he critical inquiry is whether the attorney is involved in competitive decision making such that the attorney would have a difficult time compartmentalizing his knowledge"). Since Mr. Buerger is the Executive Chairman of Coventry, the reasoning in *Rubenstein* applies with equal force here; as a competitive decision maker, he should not have access to highly confidential Abacus information. Lastly, Mr. Buerger's familial relationship with Coventry CEO Reid Buerger is yet another reason to limit Mr. Buerger's access to highly confidential information. *E.g. Sys. W. Performance LLC v. Johnson*, No. 8:20-CV-989-MSS-SPF, 2021 WL 9595557, at *2 (M.D. Fla. Mar. 11, 2021) (preventing lead counsel who was not involved in competitive decision-making from viewing highly confidential documents where the lawyer was "effectively the spouse of and shares a marriage-like relationship with Plaintiff's principal" and so "cannot be expected to keep secrets from her").

- **Second**, your attempts to include a blanket exception from your confidentiality obligations any time you claim a "good faith" belief that you have discovered "unlawful activity" is plainly improper and unnecessary. Your clients are not private attorneys general, and the state and federal agencies do not need your help regulating Abacus. Those agencies have their own means for obtaining information from Abacus, should they come to their own conclusions. See, e.g., *Massachusetts v. Mylan Lab'ys, Inc.*, 246 F.R.D. 87 (D. Mass. 2007) (rejecting a protective order modification that would permit sharing, holding that "the procedurally appropriate way for a third party to gain access to protected discovery materials is through a Fed.R.Civ.P. 24 motion to intervene" and also noted that "third-party law enforcement personnel would be able reasonably to obtain the information through alternative means."); *Harris v. Kellogg, Brown & Root Servs., Inc.*, No. CIV. A. 08-563, 2008 WL 5246017, at *6-7 (W.D. Pa. Dec. 15, 2008) (declining to include a provision allowing blanket sharing with governmental entities in light of a provision allowing the parties to petition the Special Master to share information with non-parties, while also citing Rule 24 and the fact that "[t]he government entities mentioned by Plaintiffs have the ability to obtain information directly from Defendant by other means."); *Graff v. Haverhill N. Coke Co.*, No. 1:09-CV-670, 2011 WL 13161211, at *7-8 (S.D. Ohio Feb. 28, 2011) (same). And in Florida, the court, not the litigants, must decide whether it is appropriate to share sensitive information with a third party. See *Wal-Mart Stores E., L.P. v. Endicott*, 81 So. 3d 486, (Fla. Dist. Ct. App. 2011) ("[A]ny sharing provision that allows for the dissemination of trade secrets to third parties without a court considering whether the material (1) conceals a fraud or (2) works an injustice . . . is per se unlawful.")

In order to avoid unnecessary court intervention and placing a further burden on the Court given the government shutdown, we welcome a meaningful compromise proposed by Defendants, including but not limited to a three-tier confidentiality order that shields categories of information critical to Abacus's competitive advantage from Mr. Buerger. Should Defendants reject Abacus's invitation for compromise, please provide a legal basis for your refusal to budge on these two issues.

Enjoy the long weekend!

Alex

**Alex Zuckerman**

Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
202-270-3474 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
alexzuckerman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** McGinley, Michael
**Sent:** Friday, October 10, 2025 10:48 AM
**To:** Kulp, Brian ; Alex Zuckerman ; Kathleen Messinger ; Levander, Andrew ; Auslander, Eric ; Glennys Ortega Rubin ; Benjamin F. Elliott ; Bud Bennington ; David Walsh ; Jason Sternberg ; Compton, Riley ; Jones, Julie

**Subject:** Re: Abacus v. Coventry First, et al. - Protective Order

[EXTERNAL EMAIL from michael.mcginley@dechert.com]

Hi Alex,

We spoke to our client about the remaining open items on the draft protective order.

As an initial matter, we noticed in Judge Dalton's case scheduling order from the other day that stipulated protective orders are "strongly discouraged." Judge Dalton prefers instead to "enforce a written agreement" between the parties that is not entered as an order. To that end, we propose to memorialize this as a written agreement instead of a stipulated protective order. Do you agree?

As to the remaining items, we've discussed your proposal regarding Section 7.3 with our clients. During our last call, you indicated that your client would drop Alan Buerger as an individual defendant if we were to stipulate that he acted in his capacity for Coventry with respect to the statements he is alleged to have made in paragraphs 199 and 214 of the FAC. We are willing to agree to that stipulation, if all claims against Mr. Buerger in his individual capacity are voluntarily dismissed with prejudice. That would then resolve the open issue on 7.3.

Please let us know if that remains agreeable to you. If so, we can send along that update along with language aimed at resolving 7.4 later today.

Thank you,

Mike

---

**From:** Kulp, Brian <Brian.Kulp@dechert.com>
**Sent:** Friday, October 3, 2025 3:22:23 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Levander, Andrew <andrew.levander@dechert.com>; McGinley, Michael <Michael.McGinley@dechert.com>; Auslander, Eric <Eric.Auslander@dechert.com>; Glennys Ortega Rubin <grubin@shutts.com>; Benjamin F. Elliott <belliott@shutts.com>; Bud Bennington <bbennington@shutts.com>; David Walsh <davidwalsh@quinnemanuel.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Compton, Riley <Riley.Compton@dechert.com>; Jones, Julie <Julie.Jones@dechert.com>
**Subject:** RE: Abacus v. Coventry First, et al. - Protective Order

Thanks Alex. I'll circulate an invite.

**Brian Kulp**

Associate

**Dechert LLP**

Cira Centre

2929 Arch Street

Philadelphia, PA 19104

+1 215 994 2290 Direct

+1 484 467 5869 Mobile

brian.kulp@dechert.com

dechert.com

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Friday, October 3, 2025 3:14 PM
**To:** Kulp, Brian <Brian.Kulp@dechert.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Levander, Andrew <andrew.levander@dechert.com>; McGinley, Michael <Michael.McGinley@dechert.com>; Auslander, Eric <Eric.Auslander@dechert.com>; Glennys Ortega Rubin

<grubin@shutts.com>; Benjamin F. Elliott <belliott@shutts.com>; Bud Bennington
<bbennington@shutts.com>; David Walsh <davidwalsh@quinnemanuel.com>; Jason
Sternberg <jasonsternberg@quinnemanuel.com>; Compton, Riley
<Riley.Compton@dechert.com>; Jones, Julie <Julie.Jones@dechert.com>
**Subject:** RE: Abacus v. Coventry First, et al. - Protective Order

Brian – we are available to speak at 4 pm ET on Monday.

Have a nice weekend.

**From:** Kulp, Brian <Brian.Kulp@dechert.com>
**Sent:** Friday, October 3, 2025 8:01 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Kathleen Messinger
<kathleenmessinger@quinnemanuel.com>; Levander, Andrew
<andrew.levander@dechert.com>; McGinley, Michael <Michael.McGinley@dechert.com>;
Auslander, Eric <Eric.Auslander@dechert.com>; Glennys Ortega Rubin
<grubin@shutts.com>; Benjamin F. Elliott <belliott@shutts.com>; Bud Bennington
<bbennington@shutts.com>; David Walsh <davidwalsh@quinnemanuel.com>; Jason
Sternberg <jasonsternberg@quinnemanuel.com>; Compton, Riley
<Riley.Compton@dechert.com>; Jones, Julie <Julie.Jones@dechert.com>
**Subject:** RE: Abacus v. Coventry First, et al. - Protective Order

==[EXTERNAL EMAIL from brian.kulp@dechert.com]==

Alex,

Thanks for sending this along. Attached is our redline. Do you have some time on Monday at 10
AM or 4 PM ET for a call to discuss the few remaining items?

Thanks,

Brian

**Brian Kulp**

Associate

**Dechert LLP**

Cira Centre

2929 Arch Street

Philadelphia, PA 19104

+1 215 994 2290 Direct

+1 484 467 5869 Mobile

brian.kulp@dechert.com

dechert.com

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Sunday, September 28, 2025 1:16 PM
**To:** Kulp, Brian <Brian.Kulp@dechert.com>; Kathleen Messinger
<kathleenmessinger@quinnemanuel.com>; Levander, Andrew
<andrew.levander@dechert.com>; McGinley, Michael <Michael.McGinley@dechert.com>;
Auslander, Eric <Eric.Auslander@dechert.com>; Glennys Ortega Rubin
<grubin@shutts.com>; Benjamin F. Elliott <belliott@shutts.com>; Bud Bennington

<bbennington@shutts.com>; David Walsh <davidwalsh@quinnemanuel.com>; Jason
Sternberg <jasonsternberg@quinnemanuel.com>; Compton, Riley
<Riley.Compton@dechert.com>; Jones, Julie <Julie.Jones@dechert.com>
**Subject:** RE: Abacus v. Coventry First, et al. - Protective Order
Brian – our edits to the protective order, as discussed on Friday, are attached.
Best regards,
Alex

**From:** Kulp, Brian <Brian.Kulp@dechert.com>
**Sent:** Friday, September 19, 2025 10:08 PM
**To:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Levander, Andrew
<andrew.levander@dechert.com>; McGinley, Michael <Michael.McGinley@dechert.com>;
Auslander, Eric <Eric.Auslander@dechert.com>; Glennys Ortega Rubin
<grubin@shutts.com>; Benjamin F. Elliott <belliott@shutts.com>; Bud Bennington
<bbennington@shutts.com>; Alex Zuckerman <alexzuckerman@quinnemanuel.com>; David
Walsh <davidwalsh@quinnemanuel.com>; Jason Sternberg
<jasonsternberg@quinnemanuel.com>; Compton, Riley <Riley.Compton@dechert.com>;
Jones, Julie <Julie.Jones@dechert.com>
**Subject:** RE: Abacus v. Coventry First, et al. - Protective Order

<mark>**[EXTERNAL EMAIL from brian.kulp@dechert.com]**</mark>

Kat,
Please see attached for our markup of the protective order. I hope everyone has a nice
weekend.
Best,
Brian
**Brian Kulp**
Associate

**Dechert LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
+1 215 994 2290 Direct
+1 484 467 5869 Mobile
brian.kulp@dechert.com
dechert.com

**From:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Sent:** Wednesday, September 10, 2025 7:15 PM
**To:** Levander, Andrew <andrew.levander@dechert.com>; McGinley, Michael
<Michael.McGinley@dechert.com>; Kulp, Brian <Brian.Kulp@dechert.com>; Auslander, Eric
<Eric.Auslander@dechert.com>; Glennys Ortega Rubin <grubin@shutts.com>; Benjamin F.
Elliott <belliott@shutts.com>; Bud Bennington <bbennington@shutts.com>
**Cc:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Jason Sternberg

<jasonsternberg@quinnemanuel.com>; David Walsh <davidwalsh@quinnemanuel.com>

**Subject:** Abacus v. Coventry First, et al. - Protective Order

Counsel –

As promised, attached please find Abacus's proposed Protective Order. Let us know if you have any proposed edits.

Thanks,

Kat

**Kathleen S. Messinger McCarty**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3737 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
kathleenmessinger@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you