# EXHIBIT C

| | |
|---|---|
| **From:** | Nicole Arata |
| **To:** | Auslander, Eric; Alex Zuckerman |
| **Cc:** | Kathleen Messinger; McGinley, Michael; Levander, Andrew; Bud Bennington; Glennys Ortega Rubin; Benjamin F. Elliott; Jason Sternberg; Osvaldo Rodriguez; QE-Abacus-Lit |
| **Subject:** | RE: Abacus v. Coventry: Defendants" AEO Designations & "SBI" Redactions |
| **Date:** | Wednesday, July 15, 2026 3:50:39 PM |

Counsel,

Please confirm Defendants will produce un-redacted versions of its remaining SBI documents and provide a date by which we can expect their production.  To the extent that Defendants continue to assert an "extremely narrow exception" to removing SBI redactions, please explain the exception and your basis for asserting it.

Best,

**Nicole Arata**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**
111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7150
nicolearata@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Auslander, Eric <Eric.Auslander@dechert.com>
**Sent:** Thursday, June 18, 2026 6:27 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Cc:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; McGinley, Michael <Michael.McGinley@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Bud Bennington <bbennington@shutts.com>; Glennys Ortega Rubin <grubin@shutts.com>; Benjamin F. Elliott <belliott@shutts.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Osvaldo Rodriguez <osvaldorodriguez@quinnemanuel.com>; QE-Abacus-Lit <qe-abacus-lit@quinnemanuel.com>
**Subject:** RE: Abacus v. Coventry: Defendants' AEO Designations & "SBI" Redactions

**[EXTERNAL EMAIL from eric.auslander@dechert.com]**

Alex,

We plan to remove redactions on all of these documents, with one extremely narrow
exception that we can discuss with you early next week.

Thanks,
Eric

**Eric Auslander**
Associate

**Dechert LLP**
+1 202 261 3319 Direct
eric.auslander@dechert.com
dechert.com

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, June 18, 2026 4:39 PM
**To:** Auslander, Eric <Eric.Auslander@dechert.com>
**Cc:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; McGinley, Michael
<Michael.McGinley@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Bud
Bennington <bbennington@shutts.com>; Glennys Ortega Rubin <grubin@shutts.com>; Benjamin F.
Elliott <belliott@shutts.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Osvaldo
Rodriguez <osvaldorodriguez@quinnemanuel.com>; QE-Abacus-Lit <qe-abacus-
lit@quinnemanuel.com>
**Subject:** RE: Abacus v. Coventry: Defendants' AEO Designations & "SBI" Redactions

Eric, we have not heard from you, and it is now the end of the week (tomorrow is a
federal holiday).  We will plan to file our motion to compel unredacted version of these
documents on Monday, and we can meet and confer at your convenience next week.

Alex

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Monday, June 15, 2026 4:21 PM

**To:** Auslander, Eric <Eric.Auslander@dechert.com>
**Cc:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; McGinley, Michael
<Michael.McGinley@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Bud
Bennington <bbennington@shutts.com>; Glennys Ortega Rubin <grubin@shutts.com>; Benjamin F.
Elliott <belliott@shutts.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Osvaldo
Rodriguez <osvaldorodriguez@quinnemanuel.com>; QE-Abacus-Lit <qe-abacus-
lit@quinnemanuel.com>
**Subject:** RE: Abacus v. Coventry: Defendants' AEO Designations & "SBI" Redactions

Eric,

To the extent you still plan to assert SBI status over any of these documents, please
advise us of your availability to meet and confer preceding our motion.

Best,
Alex

---

**From:** Auslander, Eric <Eric.Auslander@dechert.com>
**Sent:** Thursday, June 11, 2026 7:00 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Cc:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; McGinley, Michael
<Michael.McGinley@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Bud
Bennington <bbennington@shutts.com>; Glennys Ortega Rubin <grubin@shutts.com>; Benjamin F.
Elliott <belliott@shutts.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Osvaldo
Rodriguez <osvaldorodriguez@quinnemanuel.com>; QE-Abacus-Lit <qe-abacus-
lit@quinnemanuel.com>
**Subject:** RE: Abacus v. Coventry: Defendants' AEO Designations & "SBI" Redactions

**[EXTERNAL EMAIL from eric.auslander@dechert.com]**

---

Alex,

We are reviewing the documents you reference and plan to make an overlay production
following our review.  We note that your most recent production from last evening includes
improper redactions of internal policy identifiers that the parties agreed weeks ago to produce
in unredacted form. Please confirm you will do so.

Thanks,
Eric

**Eric Auslander**
Associate

**Dechert LLP**

+1 202 261 3319 Direct
eric.auslander@dechert.com
dechert.com

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Tuesday, June 9, 2026 2:33 PM
**To:** Auslander, Eric <Eric.Auslander@dechert.com>
**Cc:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; McGinley, Michael
<Michael.McGinley@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Bud
Bennington <bbennington@shutts.com>; Glennys Ortega Rubin <grubin@shutts.com>; Benjamin F.
Elliott <belliott@shutts.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Osvaldo
Rodriguez <osvaldorodriguez@quinnemanuel.com>; QE-Abacus-Lit <qe-abacus-
lit@quinnemanuel.com>
**Subject:** RE: Abacus v. Coventry: Defendants' AEO Designations & "SBI" Redactions

Eric,

Following up on the remainder of your improper SBI redactions.  Please let us know if
you plan to produce those documents in an unredacted form.  Otherwise please let us
know your availability for a final meet and confer this week before we file our motion.

Best regards,
Alex

---

**From:** Auslander, Eric <Eric.Auslander@dechert.com>
**Sent:** Tuesday, June 2, 2026 11:14 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Cc:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; McGinley, Michael
<Michael.McGinley@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Bud
Bennington <bbennington@shutts.com>; Glennys Ortega Rubin <grubin@shutts.com>; Benjamin F.
Elliott <belliott@shutts.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Osvaldo
Rodriguez <osvaldorodriguez@quinnemanuel.com>; QE-Abacus-Lit <qe-abacus-
lit@quinnemanuel.com>
**Subject:** Re: Abacus v. Coventry: Defendants' AEO Designations & "SBI" Redactions

**[EXTERNAL EMAIL from eric.auslander@dechert.com]**

Counsel:

As we have noted, the Confidentiality Agreement provides that "No Party waives any right it
otherwise would have to object to disclosing or producing any information or item on any

group not addressed in this Confidentiality Agreement." Confidentiality Agreement ¶ 12.2. Florida law provides an affirmative protection for trade secret information, granting parties "a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by that person if the allowance of the privilege will not conceal fraud or otherwise work injustice." Fla. Stat. § 90.506. Federal courts have also permitted sensitive business information redactions in suits between competitors "despite the existence of a protective order," because no matter how "well-intentioned" the party receiving this information may be, the party cannot fully "compartmentalize all [they] ha[ve] learned" simply because a protective order mandates that they do. *Grand River Enters. Six Nations, Ltd. v. King*, 2009 WL 222160, at *3 (S.D.N.Y. Jan. 30, 2009). Other courts have permitted redactions in similar circumstances, as well. *Wells Fargo Sec. LLC v. LJM Investment Fund L.P.*, 2022 WL 614399, at *3 (S.D.N.Y. Mar. 2, 2022); *LPD N.Y., LLC v. Adidas Amer. Inc.,* 2020 WL 6784179, at * 1 (E.D.N.Y. Nov. 17, 2020); *Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC,* 2022 WL 621957, at *23 (S.D.N.Y. Mar. 3, 2022); *Drossin v. Nat'l Action Fin. Servs., Inc.*, 2008 WL 5381815, at *5 (S.D. Fla. Dec. 19, 2008).

Notwithstanding the above, we are reviewing the documents you cite below to determine whether the redacted information should be produced. However, sending an email over the weekend and demanding a Tuesday production is not reasonable. Indeed, to date neither party has re-produced documents with challenged redactions. And your May 25 production, which came after the parties' agreement to produce policy identifiers, continued to improperly redact much of that information (by contrast, Defendants' most recent production provided policy identifiers without redaction). We will address the redactions you cite below as expeditiously as possible.

Best,
Eric



**Eric Auslander**
Associate

**Dechert LLP**
1900 K Street, NW
Washington, DC 20006
+1 202 261 3319 Direct
eric.auslander@dechert.com
dechert.com

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Saturday, May 30, 2026 10:29 AM
**To:** Auslander, Eric <Eric.Auslander@dechert.com>
**Cc:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; McGinley, Michael
<Michael.McGinley@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>;
Bud Bennington <bbennington@shutts.com>; Glennys Ortega Rubin <grubin@shutts.com>;
Benjamin F. Elliott <belliott@shutts.com>; Jason Sternberg
<jasonsternberg@quinnemanuel.com>; Osvaldo Rodriguez
<osvaldorodriguez@quinnemanuel.com>; QE-Abacus-Lit <qe-abacus-lit@quinnemanuel.com>
**Subject:** RE: Abacus v. Coventry: Defendants' AEO Designations & "SBI" Redactions

Counsel,

As discussed on our May 19, 2026 meet and confer, redactions for Sensitive Business
Information ("SBI") are not permitted under the Confidentiality Agreement and any
sensitivities related to the identities of Coventry clients are adequately addressed by the
AEO designation under the Agreement.  Coventry's use of redactions for SBI has
impermissibly impeded our access to relevant information.  **Please remove the SBI
redactions and re-produce these documents by June 2, 2026**.

As explained during the meet and confer, Abacus's true statement that it was not
requesting client lists does not justify redacting client names that incidentally appear in
otherwise responsive documents.    Moreover, the identities of funds and secondary and
tertiary market partners are relevant to the extent Abacus and Coventry have sold
policies to the same investors, considering the allegations involve Coventry's
interruption to Abacus's client relationships, as well as Coventry's claim that Abacus's
investors are "stupid."  Abacus has not redacted this information, in recognition of its
relevance to liability and damages in this case.  In addition, Coventry has deployed SBI
redactions inappropriately in several other contexts, including those specifically
outlined in the examples below.

We have identified the following list of documents containing SBI redactions that we
specifically ask Coventry re-produce.  This list is not exhaustive of our request and does
not include the 1,000+ documents where Coventry has redacted funder or prospective
purchaser names as SBI, which we also ask that Coventry re-produce for the reasons
stated above.

By June 2, 2026, please re-produce the following documents without SBI redactions.
These documents represent instances where SBI is being used:

1. To redact identities of entities and/or individuals who inquired about, sent information to, or received information from Coventry about Abacus and/or Lapetus:
    1. *i.e.*, CF00026794; CF00018713; CF00027346; CF00026265 and CF00026267 and CF00022918; CF00026263; CF00029741; CF00026833; CF00026968; CF00015147; CF00014703; CF00018450; CF00018536; CF00018537; CF00022920; CF00022923; CF00022924; CF00023330; CF00023332; CF00023334; CF00023581; CF00024062; CF00024064; CF00024114; CF00024118; CF00024761; CF00025091; CF00026068; CF00026109; CF00026216; CF00026220; CF00026228; CF00026230; CF00026261; CF00026307; CF00026323; CF00026340; CF00026609; CF00026613; CF00026618; CF00026827; CF00026829; CF00026831; CF00026836; CF00026840; CF00026905; CF00026932; CF00026933; CF00026935; CF00026939; CF00027012; CF00027016; CF00027017; CF00027036; CF00027064; CF00027067; CF00027070; CF00027076; CF00027079; CF00027082; CF00027088; CF00027147; CF00027178; CF00027199; CF00027204; CF00027346; CF00027348; CF00027936; CF00029741; CF00030445; CF00031968; CF00031909; CF00032580; CF00033243; CF00033286; CF00033380; CF00033409; CF00033477; CF00035059; CF00035064; CF00035317; CF00036380; CF00036401; CF00036456

    1. Specifically, including information related to who Coventry's Lapetus studies and related A/E presentations were prepared for/shared with:
        i. *i.e.*, CF00025091; CF00034468; CF00022506; CF00022767; CF00036395; CF00014598; CF00014624; CF00014657; CF00014974; CF00022506; CF00022926; CF00026998; CF00027028; CF00036394; CF00036733

2. To redact internal messages discussing / speculating about Abacus and/or Lapetus's business practices, including in texts and Teams messages:
    1. *i.e.*, CF00026554; CF0014700; CF00019514; CF00019991; CF00023713; CF00035967; CF00036441; CF00034582; CF00021213; CF00021669; CF00035093; CF00035279; CF00035966; CF00036571; CF00036599

3. To redact PII, usually Policy Numbers:
    1. *i.e.*, CF00015313; CF00016689; CF00015647; CF00015276; CF00016481; CF00016643; CF0006686; CF00016747; CF00028250; CF00028366; CF00028396; CF00028713; CF00028743; CF00032104; CF00015280; CF00015281

4. To redact Order numbers, which are not PII or SBI and, as agreed upon by the parties, should not be redacted.
    1. *i.e.*, CF00016874; CF00016791; CF00016799, and other similar Invoices from Lapetus.

5. To redact fund or secondary/tertiary market party names when relevant to the allegations in the First Amended Complaint, including interference with Abacus's customer relations and defamatory statements, and including because they are related to sale based on Lapetus policies.
    1. *i.e.*, CF00015276; CF00016686; CF00016481; CF00018737; CF00025080; CF00025087; CF00026601; CF00020789; CF00020796; CF00026937; CF00028016; CF00027125; CF00027983; CF00028035; CF00031925; CF00032104; CF00036376; CF00036613; CF00036728.

Best,

Alex

---

**From:** Alex Zuckerman
**Sent:** Friday, May 15, 2026 10:23 PM
**To:** Eric Auslander <Eric.Auslander@dechert.com>
**Cc:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Michael McGinley <Michael.McGinley@dechert.com>; Andrew Levander <andrew.levander@dechert.com>; Bud Bennington <bbennington@shutts.com>; Glennys Ortega Rubin <grubin@shutts.com>; Benjamin F. Elliott <belliott@shutts.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Osvaldo Rodriguez <osvaldorodriguez@quinnemanuel.com>; QE-Abacus-Lit <qe-abacus-lit@quinnemanuel.com>
**Subject:** Re: Abacus v. Coventry: Defendants' AEO Designations & "SBI" Redactions

Eric, please send a zoom for that time.

> On May 15, 2026, at 4:43 PM, Auslander, Eric <Eric.Auslander@dechert.com> wrote:
>
> <mark>[EXTERNAL EMAIL from eric.auslander@dechert.com]</mark>
>
> ---
>
> Kat,
>
> We are available to meet and confer on Tuesday between 1:30-2:30 if that window works for you.

Thanks,
Eric

**Eric Auslander**
Associate

**Dechert LLP**
+1 202 261 3319 Direct
eric.auslander@dechert.com
dechert.com

---

**From:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Sent:** Friday, May 15, 2026 1:08 PM
**To:** Auslander, Eric <Eric.Auslander@dechert.com>; McGinley, Michael <Michael.McGinley@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Bud Bennington <bbennington@shutts.com>; Glennys Ortega Rubin <grubin@shutts.com>; Benjamin F. Elliott <belliott@shutts.com>
**Cc:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Osvaldo Rodriguez <osvaldorodriguez@quinnemanuel.com>; QE-Abacus-Lit <qe-abacus-lit@quinnemanuel.com>
**Subject:** RE: Abacus v. Coventry: Defendants' AEO Designations & "SBI" Redactions

Eric,

We requested a response to my email below by May 12, yet you have neither provided a response nor provided your availability to meet and confer on any outstanding issues.  Please provide a response today.

Regards,
Kat

---

**From:** Kathleen Messinger
**Sent:** Tuesday, May 5, 2026 11:44 AM
**To:** 'Auslander, Eric' <Eric.Auslander@dechert.com>; McGinley, Michael <Michael.McGinley@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Bud Bennington <bbennington@shutts.com>; Glennys Ortega Rubin <grubin@shutts.com>; Benjamin F. Elliott <belliott@shutts.com>
**Cc:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Osvaldo Rodriguez <osvaldorodriguez@quinnemanuel.com>; QE-Abacus-Lit <qe-abacus-lit@quinnemanuel.com>
**Subject:** RE: Abacus v. Coventry: Defendants' AEO Designations & "SBI" Redactions

Counsel,

We write to respond to your April 17 email and address the issues you raised both in that email and in Section II of your May 1 letter.

*AEO Confidentiality*

Thank you for agreeing to re-designate the 92 documents cited in our April 10 email from AEO to Confidential.  With respect to the typographical error in our April 10 email, we were referring to CF00002393, an example of Defendants' communication with Professors Daniel Bauer and Nan Zhu.  As we flagged in our initial email, the 92 documents cited are merely illustrative of the deficiencies in certain categories of produced documents (*e.g.*, Defendants' documents and communications with members of the media or public relations firms about Abacus and documents and communications with Professors Bauer and Zhu).   Please (1) confirm that you have or will re-review and provide an overlay of all of the re-designated documents in the identified categories; (2) provide the overlay by Tuesday, May 12.

Regarding the 41 documents that you identified in your April 17 email, we have reviewed the documents and agree to re-designate those documents and documents of the same categories from AEO to Confidential.  Given the disparate sizes of the parties' respective productions, any total re-review would not be reciprocal, nor would it be necessary given our continued communication and cooperation on these designations.  As such, we think it makes sense to re-review and re-designate documents on a categorical basis as identified by the parties.

*SBI*

Regarding Defendants' Sensitive Business Information ("SBI") redactions, the Confidentiality Agreement contemplates marking such information as "Highly Confidential – Attorneys' Eyes Only" only to the extent that disclosure creates a substantial risk of competitive harm.  This is the approach Abacus has taken—consistent with the parties' intent and purpose of the AEO designation under Section 2.7 of the Confidentiality Agreement— and this is the approach we expect Defendants to take.  Defendants have been able to identify potential commercial relationships that are not relevant to this case (and issued subpoenas to related third parties) precisely because Abacus is not redacting "Sensitive Business Information" from its

productions.  Further, Defendants' invocation of Section 12.2 of the Confidentiality Agreement falls flat.  Section 12.2 merely preserves the parties' ability to object to disclosure of information not addressed in the Confidentiality Agreement.  It certainly does not give Defendants a right to unilaterally redact SBI, the disclosure of which is clearly contemplated by the Agreement.  Indeed, the recitals and Section I confirm the Agreement was intended to cover and apply to, among other things, "***sensitive*** . . . ***business information***."  Confidentiality Agreement at 1-2 (emphasis added).  Thus, Defendants have no discernable basis to redact SBI and obstruct Abacus's attorneys and experts from reviewing such information.

Please confirm you will re-review and re-produce documents and communications that have been improperly redacted for SBI.  If you refuse, please provide your availability to meet and confer next week (May 11-15), so that we may determine if we're at an impasse and must seek Court intervention.

*Redactions and Metadata*
We agree to re-review PII-redactions and re-produce documents containing policy identifiers to ensure that only PII is redacted, and not the parties' internal identifiers.  We agree to re-produce any "blank" redactions such that they specify their purpose (PII versus Privilege).  Please confirm you will do the same.  *See, e.g.*, CF00018459.

For the avoidance of doubt, we specifically agree that the below information is <u>not</u> PII and should not be redacted for PII purposes.  Please confirm (1) the parties' mutual understanding and (2) that Defendants are not and will not redact such information as PII.

1. Case ID / Insured ID / Case Reference numbers that are internal to the parties (although retaining PII-redactions for Policy Numbers provided by insurance companies)
2. Face value of policies
3. Age
4. Time zone
5. Case owner (Employee names)
6. Life Expectancies
7. Fund IDs
8. Secondary and tertiary market counterparties

Certain metadata fields for documents redacted for PII were not produced because they were identified as containing PII, namely the subject, file name, and file path.  We note that this approach appears to be consistent with Defendants' approach (*i.e.*, scrubbing certain metadata fields that contain PII).  *See, e.g.*, CF00015272–CF00016747 (scrubbing "Email Subject" metadata where the subject lines contain PII redactions).

*Document Formats*

The nine documents you identified as native Excels are actually native png files containing images of excel spreadsheets, thus, when imaged for redaction and production they were produced in that format.  We agree to re-produce these documents with corrected redactions for PII, but the format will remain.  To our knowledge, we have not produced documents in improper formats or withheld native versions of spreadsheets and we generally agree to re-produce any native excels erroneously produced as PDFs to ensure excel documents are produced in their native form.

*Production of Responsive Documents*

Abacus's productions are still ongoing.  Abacus will continue to produce responsive documents, including the categories listed, and has to date produced numerous board minutes and materials and internal chat messages.

Regards,
Kat

---

**From:** Auslander, Eric <Eric.Auslander@dechert.com>
**Sent:** Friday, April 17, 2026 6:59 PM
**To:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; McGinley, Michael <Michael.McGinley@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Bud Bennington <bbennington@shutts.com>; Glennys Ortega Rubin <grubin@shutts.com>; Benjamin F. Elliott <belliott@shutts.com>
**Cc:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Osvaldo Rodriguez <osvaldorodriguez@quinnemanuel.com>; QE-Abacus-Lit <qe-abacus-lit@quinnemanuel.com>
**Subject:** RE: Abacus v. Coventry: Defendants' AEO Designations & "SBI" Redactions

**[EXTERNAL EMAIL from eric.auslander@dechert.com]**

Counsel

We write to address the issues you raised in your email below concerning the confidentiality designations and the redactions in Defendants' productions to date, as well as to raise mis-designations and additional issues we have identified in our initial review of Abacus's productions.

**Defendants' Productions**

*Confidentiality Designations*

We have reviewed the 92 documents you cite below and agree to re-designate them as Confidential provided Abacus redesignates its documents in accordance with the same standards. Please note that we believe your citation to CF0000239 is a typographical error; please let us know if you meant to reference a document other than those listed here. Regarding re-review of AEO-designated documents, in light of the volume Abacus's improper designations as noted below, we propose a reciprocal review of all AEO-designated documents by both parties.

*Sensitive Business Information*

In limited instances, Defendants have redacted as Sensitive Business Information ("SBI") a small amount of information limited to (i) client/counterparty/nonaffiliated funder names; and (ii) order numbers/policy identifiers. As a preliminary matter, your below assertion that permitted redactions "are limited to 'protected health information, social security numbers, personal addresses, personal email addresses, and personal phone or fax numbers'" is incorrect. The Confidentiality Agreement provides that "No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Confidentiality Agreement." Confidentiality Agreement § 12.2. We have redacted information similar to redactions you made, but in the interest of forthrightness, and consistent with Section 12.2 of the Confidentiality Agreement, we have labeled such redactions as "SBI" rather than concealing the reason for redactions or incorrectly identifying business information as PII, as Abacus has done.

With respect to category (i), in recognition of the irrelevance of counterparty/client names to this case, you previously represented—including during the January hearing—that Abacus is "not seeking client lists" and "not seeking lead lists like policies Coventry is considering." Jan. 29, 2026 Hr'g Tr. at 13:15-18. As such, we have redacted client/counterparty/unaffiliated policy funder names from documents produced. Abacus has in certain instances similarly redacted what we understand are the names of its counterparties, including Tertiary Market

counterparties, and incorrectly designated these redactions "PII." *See, e.g.*, ABL00059478; ABL00307439. Our approach of redacting Secondary Market counterparties as PII and Tertiary Market counterparties and other unaffiliated policy funder names as SBI is appropriate. Having reviewed the documents you identified and consistent with this approach, we agree to produce unredacted versions of CF00014598; CF00014624; CF00014700; and CF00014703. We will not produce unredacted versions of CF00014974; CF00015147; or CF00015150.

Regarding category (ii), we redacted order numbers/policy identifiers that are not relevant to Abacus's stated purpose of determining whether Coventry's valuations and transaction prices are similar to those of Abacus. Notably, Abacus has also chosen to redact policy numbers, policy IDs, or case references, in myriad documents, despite the fact that its own policy identifiers are relevant to the propriety or impropriety of any related party sales of those policies. Abacus has made hundreds, if not thousands, of these redactions. *E.g.*, ABL00335402; ABL00329113; ABL00327779; ABL00327692; ABL00323827; ABL00197433; ABL00313429; ABL00214769; ABL00214767; ABL00312344; ABL00072764. Despite the text you included in these redactions suggesting they are protecting "PII," such information is not personally identifiable information under the Confidentiality Agreement, as your email confirms. We propose that both parties may redact policy numbers (i.e. those provided by life insurance companies), but not (i.e. both parties would un-redact) case ID/insured ID numbers that we understand are internal to the parties in this case. Please confirm if you agree with this approach and that you will reproduce documents accordingly.

**Abacus Production Deficiencies**

The issues identified below reflect our preliminary review of your document productions. We expect that the examples listed herein will permit you to correct the numerous deficiencies throughout your productions. We reserve our right to raise additional deficiencies as our review continues.

*Improper Confidentiality Designations*

Abacus has failed to comply with the parties' Confidentiality Agreement by improperly designating hundreds of documents either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" despite failing to meet the standards for such designation, as laid out in the Confidentiality Agreement. For example, notwithstanding your position below that Defendants' *emails* with Donna Horowitz should not be considered AEO—and which we are now agreeing to downgrade—you have stamped similar emails as well as public articles written by Ms. Horowitz as AEO. Most of these documents are not confidential at all. *See, e.g.,* ABL00013084; ABL00020690; ABL00025536; *see also* communications with

The Deal (ABL00217904; ABL00079146). You have also designated as AEO other public articles (*e.g.*, ABL00079137; ABL00050905), public court filings (*e.g.* ABL00149594); press releases (*e.g.*, ABL00044347; ABL00051303; ABL00074144; ABL00078192; ABL00081811; ABL00091446; ABL00091517); public presentations (*e.g.*, ABL00022449; ABL00015600); and public regulatory filings (*e.g.*, ABL00017989; ABL00019558; ABL00020799; ABL00030639; ABL00043129; ABL00043631; ABL00048157; ABL00050777; ABL00085187; ABL00088368; ABL00088967; ABL00122255; ABL00130450; ABL00130461; ABL00147787; ABL00148331; ABL00148902; ABL00149721; ABL00163415; ABL00168859; ABL00169987; ABL00170692; ABL00297779; ABL00333298).  As described above, please confirm whether you will agree to a reciprocal re-review of all AEO communications produced by the parties.

*Improper PII Redactions*

 As we note above, you have also improperly redacted information that is designated as PII.  *See, e.g.*, ABL00337828 (redacting face value, age, and time zone); ABL00001339 & ABL00001325 (redacting Case Owner, which we understand are Abacus employees); ABL00171903 (redacting Abacus employee names in the context of their qualifications); ABL00305807 (redacting LEs); ABL00309183 (same); ABL00309336 (same); ABL00309828 (same); ABL00309830 (same); ABL00309916 (same); ABL00309362 (redacting virtually all information, including LEs); ABL00309490 (same); ABL00309686 (same); ABL00312290 (same); ABL00312326 (same); ABL00312870 (same); ABL00312911 (same); ABL00307439 (redacting Fund IDs).  If Abacus takes the position that the only bases for redaction are the categories you cite below (protected health information, social security numbers, personal addresses, personal email addresses, and personal phone or fax numbers), please provide your basis for redacting these and other documents containing business information, rather than personal information, as PII.  Otherwise, please produce unredacted versions of all improperly redacted documents.

Please confirm you will re-review PII redactions and remove any improper redactions.

*Improper "Blank" Redactions*

 In addition to improperly designating business information and employee names as PII, you have also added redactions to countless documents with no reason provided—*i.e.*, they say only "Redacted" rather than "Redacted – PII" or "Redacted – Privilege," etc.  *See, e.g.*, ABL00338259; ABL00231715; ABL00212583; ABL00246889; ABL00227738; ABL00246380; ABL00218399; ABL00289576; ABL00186427; ABL00336705; ABL00200235; ABL00217380;

ABL00267661.  For some of these redactions, it is wholly unclear what type of information is being redacted.  For others, it appears reasonably clear that there is no basis for redaction on any basis that we can discern.

Please confirm you will re-review all "blank" redactions and remove or edit them accordingly.

*Improper Meta Data Withheld and Improper Document Formats*

We appreciate you correcting your first production of materials, which excluded relevant meta data for redacted documents. We have identified that this issue has persisted in your subsequent productions. *E.g.*, ABL00001142; ABL00001152; ABL00001165; ABL00052228; ABL00052238; ABL00075884; ABL00138061; ABL00138636; ABL00171903; ABL00180980; ABL00254164; ABL00254169. Please produce an overlay with all non-privileged, unredacted meta data.

In addition, you produced documents that are characterized as native Excels but appear to be excerpted PDFs rather than natives.  *E.g.*, ABL00309183; ABL00309336; ABL00309362; ABL00309639; ABL00309664; ABL00309686; ABL00312290; ABL00312870; ABL00312911.  Please produce such documents in the manner in which they are kept in the ordinary course of business.

*Failure to Produce Responsive Documents*

While our review of Abacus's productions is ongoing, we have already identified several areas where Abacus has failed to produce documents, including categories of documents you represented would be provided.  Those categories include, but are by no means limited to: all data tapes provided on the Tertiary Market; all responsive board minutes and board materials; and internal Teams messages, Slack messages, or other messaging services or platforms.

Please confirm whether you will supplement your production to include documents responsive to Defendants' requests, and which you specifically represented during meet and confer negotiations that Abacus would produce.

**Third-Party Productions**

We understand that you have received third party productions that you have not provided to Defendants.  Please provide all such productions by Tuesday, April 21.

Thanks,
Eric

**Eric Auslander**
Associate

**Dechert LLP**
+1 202 261 3319 Direct
eric.auslander@dechert.com
dechert.com

**From:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Sent:** Friday, April 10, 2026 11:20 PM
**To:** McGinley, Michael <Michael.McGinley@dechert.com>; Levander, Andrew
<andrew.levander@dechert.com>; Auslander, Eric <Eric.Auslander@dechert.com>;
Bud Bennington <bbennington@shutts.com>; Glennys Ortega Rubin
<grubin@shutts.com>; Benjamin F. Elliott <belliott@shutts.com>
**Cc:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Jason Sternberg
<jasonsternberg@quinnemanuel.com>; Osvaldo Rodriguez
<osvaldorodriguez@quinnemanuel.com>; QE-Abacus-Lit <qe-abacus-
lit@quinnemanuel.com>
**Subject:** Abacus v. Coventry: Defendants' AEO Designations & "SBI" Redactions

Counsel,

We write concerning Defendants' failure to comply with the parties'
Confidentiality Agreement.  As you'll recall, we extensively negotiated the scope
and terms of the Confidentiality Agreement in anticipation of sharing each party's
respective confidential and proprietary business information.  The executed
Confidentiality Agreement is a result of those negotiations and includes key
provisions that specifically identify what constitutes "Highly Confidential –
Attorneys' Eyes Only" and the Personal Identifying Information (PII) that is
permitted to be redacted.

Nevertheless, we have identified several instances in which Defendants have
improperly applied the AEO designation for documents and communications that
are, at best, "Confidential."  For example, Defendants have tagged as AEO
multiple email communications with Donna Horowitz (a third-party).  *See, e.g.*,
CF00009241; CF00009243; CF00009246; CF00009249; CF00009209;
CF00009212; CF00009216; CF00009230; CF00009232; CF00009234;
CF00009141; CF00011885; CF00011887; CF00015237; CF00008737;
CF00008877; CF00008879; CF00009012; CF00009014; CF00011873;
CF00007928; CF00008563; CF00007863; CF00007715;  CF00007718;
CF00007693; CF00008075; CF00007645; CF00007646; CF00007652;

CF00007653; CF00007655; CF00008411; CF00005032; CF00005034; CF00004868; CF00004869; CF00004870; CF00004805; CF00004806; CF00004762; CF00004764; CF00004843; CF00004858; CF00004860; CF00004862; CF00004865; CF00004866; CF00005228; CF00005240; CF00005257; CF00004615; CF00004616; CF00004617; CF00004622; CF00004625; CF00005038; CF00005513; CF00005516; CF00007592; CF00007593; CF00007596; CF00007600; CF00007602; CF00007604; CF00015237.  It is hard to see how these communications, and others like them, constitute "[e]xtremely sensitive 'Confidential Information or Item,' disclosure of which . . . would create a ***substantial risk of competitive harm***" to Coventry.  Confidentiality Agreement § 2.7 (emphasis added).  In fact, to the contrary, Alan Buerger's communications with Ms. Horowitz that were tagged as AEO appear to show not only that Mr. Buerger was further defaming Abacus, but that he was attempting to use a news publication to amplify his message(s).  Other improperly designated AEO communications, include but are not limited to: CF00012552; CF00005420; CF00009257; CF00011966; CF00009072 CF00012669; CF00004339; CF00008587; CF00008588; CF00008590; CF00008593; CF00007888; CF00007890; CF00001079; CF00008550; CF00008194.  Several of these communications appear to be exclusively about ***Abacus***.  It is also unclear how Defendants' communications with Professors Daniel Bauer and Nan Zhu "create a substantial risk of competitive harm."  *See, e.g.*, CF00004493; CF0000239; CF00002405; CF00004119; CF00012600; CF00002302; CF00004437; CF00004365; CF00004373; CF00004426; CF00004350; CF00002301.

While merely illustrative, none of the above-identified communications appear to fit the definition of AEO under the Confidentiality Agreement, and given Defendants' over-designation of AEO, all AEO communications must be re-reviewed and downgraded accordingly.

In addition, we have identified a handful of documents that have been redacted for "sensitive business information," despite nothing in the Confidentiality Agreement permitting such redactions.  Indeed, the Confidentiality Agreement is clear that redactions are limited to "protected health information, social security numbers, personal addresses, personal email addresses, and personal phone or fax numbers."  Confidentiality Agreement § 7.3(a).  Accordingly, Abacus has not applied any "sensitive business information" redactions to any of the tens of thousands of documents it has produced thus far.  While not an exhaustive list, the following documents must be re-produced immediately without redactions for "SBI":  CF00014598; CF00014624; CF00014700; CF00014703; CF00014974; CF00015147; CF00015150.

These practices have hindered our ability to consult with our client, as we are entitled to do.  Accordingly, please confirm by no later than April 17, 2026 that

Defendants will (1) review documents they have designated as AEO and either downgrade and reproduce the documents, or provide a written explanation justifying why they should remain AEO; and (2) re-produce unredacted versions of documents Defendants previously redacted for "SBI," or provide a written explanation justifying why Defendants are entitled to redact "SBI" despite the existence of an agreed-upon Confidentiality Agreement that does not permit such redactions.

Regards,
Kat

**Kathleen S. Messinger McCarty**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3737 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
kathleenmessinger@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you