# EXHIBIT 45

July 2, 2026 30(b)(6) C.McGoff – Deposition

HIGHLY CONFIDENTIAL

Page 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


*******************************************************

ABACUS GLOBAL MANAGEMENT, INC.,
a corporation

                                    CASE NO.
              Plaintiff,            6:25-cv-1401-RBD-RMN
vs.

COVENTRY FIRST LLC, a limited
liability company; and
ALAN BUERGER, an individual,

              Defendants.


*******************************************************

HIGHLY CONFIDENTIAL

VIDEOTAPED 30(b)(6) DEPOSITION OF CASEY McGOFF,
REPRESENTATIVE OF MORPHEUS RESEARCH LLC
July 2, 2026
9:07 AM to 3:42 PM
Richmond, Virginia

Job No. FLA 8298349
Reported by:  Leslie D. Etheredge, RMR, CCR

HIGHLY CONFIDENTIAL

Page 2

Videotaped 30(b)(6) Deposition of CASEY McGOFF, Representative of Morpheus Research LLC, taken by and before Leslie D. Etheredge, Registered Merit Reporter, Certified Court Reporter and Notary Public in and for the Commonwealth of Virginia at Large, pursuant to the Federal Rules of Civil Procedure and by Notice of Deposition, commencing at 9:07 AM, July 2, 2026, at the location of MCGUIREWOODS LLP, 800 East Canal Street, Richmond, Virginia.

APPEARANCES OF COUNSEL:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
BY:  ALEX ZUCKERMAN, ESQUIRE
295 5th Avenue, 9th Floor
New York, New York 10016
212.849.7234
alexzuckerman@quinnemanuel.com
Counsel for the Plaintiff
and
QUINN EMANUEL URQUHART & SULLIVAN, LLP
BY:  KATHLEEN S. MESSINGER, ESQUIRE
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
213.443.3737
kathleenmessinger@quinnemanuel.com
Counsel for the Plaintiff

DECHERT LLP
BY:  MICHAEL H. MCGINLEY, ESQUIRE
Cira Centre, 2929 Arch Street
Philadelphia, Pennsylvania 19104
215.994.2463
michael.mcginley@dechert.com
Counsel for the Defendants

HIGHLY CONFIDENTIAL

Page 3

APPEARANCES OF COUNSEL:  (continuing)

PUGSLEY WOOD LLP

BY:  BRYAN A. WOOD, ESQUIRE

53 State Street, Suite 500

Boston, Massachusetts 02109

617.665.7979

bryan@pugsleywood.com

Counsel for Morpheus Research LLC and the

Deponent, Casey McGoff


ALSO PRESENT:

Ren Angle, Videographer


Jason Sternberg, Esquire, Quinn Emanuel Urquhart &

Sullivan, LLP (via Zoom)


Brady Cobb, Esquire, In-House Counsel for Abacus

Global Management, Inc. (via Zoom)


Eric Auslander, Esquire, Dechert, Inc. (via Zoom)

Amy Welsh, Esquire, In-House Counsel for Coventry

First LLC (via Zoom)

HIGHLY CONFIDENTIAL

Page 4

                        I N D E X

WITNESS:                                        PAGE


CASEY McGOFF
        Examination By Mr. Zuckerman            9



                    E X H I B I T S


NO.     DESCRIPTION                             PAGE
Exhibit 1    Morpheus Research June 4, 2025       9
             report

Exhibit 2    Subpoena dated 9/17/2025             25

Exhibit 3    Simon Smart report, Bates            29
             ABL_MR_0000713 to 857
Exhibit 4    Evaluating Life Expectancy           36
             Evaluations, Bates Bauer 0000158
             to 176
Exhibit 5    Document titled Interviewee          38
             #7/Interview Date: 04/17/2025,
             Bates ABL_MR_0006407 to 6423
Exhibit 6    Email, Bates LSI012352 to 12353      44
Exhibit 7    January 29, 2024 letter, Bates       52
             CF00024792 to 24800

Exhibit 8    Email, Bates CF00024763              54

Exhibit 9    Letter, Bates CF00024764 to          54
             24773
Exhibit 10   Letter, Bates CF00024774 to          55
             24780

HIGHLY CONFIDENTIAL

Page 5

Exhibit 11    Emails, Bates CF00028021 to        65
              28030

Exhibit 12    Article titled Lapetus              69
              Actual-To-Expected Deaths Study,
              Bates ABL_MR_0002089 to 2093

Exhibit 13    Petition for Writ of Mandamus       81
              and Expedited Hearing for
              Violations of Florida's Public
              Records Act

Exhibit 14    Text messages, Bates CF00021508     86
              to 21510

Exhibit 15    Document titled Coventry Study      87
              of Lapetus Life Expectancies:
              January 2022 through April 2024,
              Bates ABL_MR_0001128

Exhibit 16    Article titled Abacus Reports       98
              Another Quarterly Profit
              Increase

Exhibit 17    Email chain, Bates CF00005036 to    100
              5037

Exhibit 18    5/1/24 email, Bates CF00011966      103
              to 11968

Exhibit 19    Email chain, Bates CF00009209 to    105
              9211

Exhibit 20    May 1, 2024 letter, Bates           118
              CF00029000 to 29004

Exhibit 21    February 28, 2025 letter with       123
              attachments, Bates LSI001651 to
              1673

Exhibit 22    Email chain, Bates CF00007702 to    150
              7705

Exhibit 23    Document titled Interviewee #19/    156
              Interview Date: 04/25/2025,
              Bates ABL_MR_0006647 to 6664

Exhibit 24    6/4/25 Josh May email, Bates        181
              CF00028467 to 28484

HIGHLY CONFIDENTIAL

Page 6

Exhibit 25   Morpheus Research June 12, 2025   183
             report

Exhibit 26   Email chain, Bates CF00028362 to   186
             28462

Exhibit 27   Abacus Global Management press      199
             releases, June 10, 2025

Exhibit 28   Email chain, Bates                  203
             ABL_MR_0002502 to 2505

Exhibit 29   Agreement, Bates ABL00687053 to     218
             687058

HIGHLY CONFIDENTIAL

Page 115

commissioned those studies and released those press releases?

MR. McGINLEY:  Objection.

A.    I really can't say the direction the investigation would have gone, I can't go back in time and re-live it without that information.

I think it's very possible that we would have written a report that was extremely similar to what we have here in Exhibit 1, if Coventry had never put out a press release, but, of course, I can't say that for sure.

Q.    I mean not just the press release. The press release, the studies, the talk at the LISA conference.  I mean those things -- Do you agree, those things take up pages of this report; right?

A.    I mean what catalyzed our research and investigation was a trusted researcher we had worked with in the past coming to us and telling us that, in his belief, there were red flags with this business, many red flags, one of which was a competitor criticizing their methodology for valuing their portfolio and their policies.

Q.    I'm not asking you what catalyzed it. I'm just saying there are pages in this report,

HIGHLY CONFIDENTIAL

Page 175

highlighting that as a risk.

Q.    An industry expert besides Alan Buerger told you that Abacus's portfolio was overvalued because Lapetus life expectancies are too short?

A.    I mean I don't think people were saying for certain they know this absolutely, but that was absolutely highlighted in clear terms, yeah.

Q.    So you said today that Abacus is still committing a fraud, at the beginning of the day, you said that.

A.    That's my personal belief.  I think the portfolio -- I think the returns are too good to be true.  I think the -- I think there's a lot -- well, there's a lot of reasons that I believe that, but that would probably be too much to go into today, but that is my belief, yeah.

Q.    What are the returns that are too good to be true?

A.    Well, as I said earlier, there's lots of different frameworks you can look at.  Net income, EBITDA, gain on sale, the unrealized gains relative to overall size of the portfolio.

        I mean I haven't looked at the last

HIGHLY CONFIDENTIAL

Page 182

the time we published our report.  I think, if we had known that, we likely would have highlighted it.  I don't think so.

Q.    In your experience investigating companies and bad actors, and so on and so forth, if you have one competitor reaching out to another company's auditor, is it possible that the one contacting the auditor is the one engaged in a scheme and not the one being audited?

MR. McGINLEY:  Objection.

A.    Anything's possible.

Q.    Did it ever occur to you that Coventry is making all these statements because they have the incentive to ruin Abacus's good name?

MR. McGINLEY:  Objection.

A.    As I said at the beginning of our meeting today, we immediately viewed all of Coventry's claims with an immense amount of skepticism, as we do whenever we see a competitor criticizing another competitor.

Q.    And how many months did you spend working on the first report?

A.    I would say approximately 2 months.

Q.    How many months did you spend working on the second report you wrote about Abacus?

HIGHLY CONFIDENTIAL

Page 221

COMMONWEALTH OF VIRGINIA, AT LARGE, to wit:

I, LESLIE D. ETHEREDGE, a Registered Merit Reporter, Certified Court Reporter and Notary Public for the Commonwealth of Virginia at Large, do hereby certify that CASEY McGOFF appeared before me, was sworn by me and was thereupon examined by counsel; and that the foregoing is a true, correct and full transcript of the testimony adduced, to the best of my ability.

I further certify that I am neither related to nor associated with any counsel or party to this proceeding, nor otherwise interested in the event thereof.

Given under my hand in Chesterfield, Virginia, this 7th day of July, 2026.

LESLIE D. ETHEREDGE
Registered Merit Reporter, Certified
Court Reporter and Notary Public for the
Commonwealth of Virginia at Large

My commission expires:
February 28, 2027
Notary Registration No:  116406

HIGHLY CONFIDENTIAL

Page 223

BRYAN A. WOOD, ESQUIRE

bryan@pugsleywood.com

                              July 7, 2026

RE: Abacus Global Management v. Coventry First

    And Buerger, Alan

    7/2/2026, 30(b)(6) Casey McGoff (#8298349)

    The above-referenced transcript is available for

review.

    Casey McGoff should read the testimony to

verify its accuracy. If there are any changes,

Casey McGoff should note those with the reason

on the attached Errata Sheet.

    Casey McGoff should, please, date and sign the

Errata Sheet and email to the deposing attorney as well as

to Veritext at Transcripts-fl@veritext.com and copies will

be emailed to all ordering parties.

    It is suggested that the completed errata be returned 30

days from receipt of testimony, as considered reasonable

under Federal rules*, however, there is no Florida statute

to this regard.

    If the witness fails to do so, the transcript may be used

as if signed.

              Yours,

              Veritext Legal Solutions


 *Federal Civil Procedure Rule 30(e)/Florida Civil Procedure

  Rule 1.310(e).