# EXHIBIT 46

ABL00687053

# AGREEMENT

This agreement ("Agreement") is entered into as of May __, 2026, by and between Morpheus Research LLC ("Morpheus") and Abacus Global Management Inc. ("Abacus") (collectively, the "Parties").

WHEREAS, Abacus is a party to a lawsuit captioned *Abacus Global Management, Inc. v. Coventry First LLC and Alan Buerger* (Civil Action No. 6:25-cv-1401-RMN) ("Coventry Litigation"); and

WHEREAS, Abacus properly served a non-party subpoena on Morpheus in the Coventry Litigation ("Morpheus Subpoena");

WHEREAS, the Parties have agreed to resolve their disputes concerning the discovery requests arising out of the Morpheus Subpoena;

NOW THEREFORE, as a condition of and in consideration of Morpheus's agreement to produce documents and provide truthful and complete testimony in response to the Morpheus Subpoena, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. Production of Documents

Morpheus shall produce all relevant, non-privileged documents in response to the Morpheus Subpoena.

2. Deposition Testimony

(a) Morpheus shall make a corporate representative available for a deposition (no later than the close of fact discovery in the Coventry Litigation) concerning the following subject matter topics: (a) the allegations in the Amended Complaint in the Coventry Litigation; (b) the research reports about Abacus that Morpheus published on June 4, 2025, and June 12, 2025, including all preparatory research, interviews, drafts, support materials, and related documents and communications; and (c) all Morpheus communications with Defendants Coventry First LLC and Alan Buerger, including their employees, agents, representatives, and attorneys.

(b) Morpheus shall only provide truthful testimony in the Coventry Litigation, including both deposition and trial testimony, and Morpheus acknowledges that a failure to comply with this obligation shall constitute a breach of the Agreement.

3. Mutual Release of Claims

In return for the good and valuable consideration described herein, the Parties hereby fully, forever, irrevocably, and unconditionally release, remise, and discharge each other and their respective subsidiaries, affiliates, predecessors, successors and assigns, and all of their respective past and present partners, principals, officers, directors,

members, managers, employees, agents, representatives, attorneys, plan administrators, insurers and fiduciaries (each in their individual and corporate capacities) (collectively, the "Released Parties") from any and all claims, charges, complaints, subpoenas, demands, actions, causes of action, suits, rights, debts, sums of money, costs, accounts, covenants, contracts, agreements, promises, omissions, damages, obligations, liabilities, and expenses (including attorneys' fees and costs), of every kind and nature that the Parties ever had, now have, or ever will have, other than claims arising out of or related to a breach of this Agreement, against any or all of the Released Parties, whether known or unknown, including without limitation all claims arising out of any federal and/or state constitution, statute, common law, or regulation, including without limitation actions sounding in defamation, commercial disparagement, commercial tort, infliction of emotional distress, misrepresentation, fraud, reliance, invasion of privacy, breach of contract, and breach of the covenant of good faith and fair dealing; *provided, however,* that the Agreement does not release claims that cannot be waived by law and nothing in the Agreement shall constitute or be interpreted as an admission of liability or wrongdoing on the part of any of the Released Parties.

4. Mutual Non-Disparagement

In return for the good and valuable consideration described herein, following the date on which both Parties have executed the Agreement, neither Party shall make any statement – whether orally or in writing and regardless of whether such statement is truthful – nor take any action that: (a) knowingly or recklessly disparages the other Party, or any of its respective employees, agents, contractors, and/or other affiliates; (b) knowingly or recklessly causes, encourages, or condones, in any way, directly or indirectly, the making of any such statement or the taking of such actions by anyone else; or (c) knowingly makes any statement or takes any action that foreseeably could harm the reputation or goodwill of the entities and/or persons referenced in this Paragraph 4 of the Agreement; provided that Abacus may not be found in breach of this section for any statement made in a court proceeding in support of its claims in the Coventry Litigation. The post-execution publication by a third party of any statement made by a Party prior to the execution of the Agreement shall not be subject to the provisions of this Paragraph 4.

5. Other Covenants, Representations and Warranties

(a) The Parties have full capacity and are permitted by applicable law to enter into and carry out the obligations under the Agreement;

(b) The Parties are not, and do not reasonably expect to be, bound by any restrictions that would prohibit them from performing their respective obligations under the Agreement;

(c) The Parties shall cause their respective employees, agents, contractors, and other affiliates to comply with Section 3, 4, 5, and 6 of the Agreement;

(d) The foregoing covenants, representations, and warranties shall be ongoing and continuing

and if at any time either Party becomes aware of any occurrence that could make any of the foregoing incomplete or inaccurate, that Party shall immediately notify the other Party of the occurrence of such event.

6. Miscellaneous

(a) Assignment, Entire Agreement, Counterparties. The Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors, and assigns. All warranties and covenants of the Parties contained herein shall survive any termination of the Agreement. The Agreement may only be modified with the written consent of the Parties, and no oral waiver or amendment shall be effective. The Agreement contains the entire agreement of the Parties and supersedes all prior or contemporaneous negotiations, correspondence, understandings, and agreements between the Parties with respect to the matters referenced herein. The Agreement is not intended to confer on any person other than the Parties any rights or remedies hereunder. The Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of, which together shall be considered one and the same instrument;

(b) Governing Law. The Agreement shall be governed by and construed and interpreted in accordance with the laws of Florida, without regard to that state's conflict of laws principles;

(c) Notices. All notices, requests, demands, and other communications hereunder must be in writing and shall be deemed to have been fully given and received when delivered personally, when transmitted by email with receipt acknowledged, one business day after being deposited for next-day delivery with a nationally recognized overnight delivery service, or three days after being mailed by first class mail, charges and postage prepaid, to the Party to receive such notice at such Party's address set forth below or any other address that such Party may specify by notice to the other Party:

- Morpheus: c/o Pugsley Wood LLP, 53 State Street, Suite 500, Boston, MA 02109
- Abacus: Dani Theobald, 333 S. Garland Ave, 15th Floor Orlando, FL 32801

(d) Severability. The invalidity or unenforceability of any provision, word, phrase, clause, sentence, paragraph, or section hereof shall in no way affect the validity or enforceability of any other provision, word, phrase, clause, sentence, paragraph, or section hereof, and any such invalid or unenforceable provision that is overbroad in scope, duration, or coverage shall be deemed narrowed to the broadest term permitted by applicable law and shall be enforced as narrowed. If one or more of the provisions in the Agreement are deemed invalid or unenforceable, then the remaining provisions will continue in full force and effect.

(e) Amendments and Waivers. The Agreement may only be amended with the written consent of the Parties. Any waiver provided by a Party hereunder must be in a writing signed by such Party.

IN WITNESS WHEREOF, the undersigned hereby agree to the Agreement as of the date of full execution by all Parties:

| MORPHEUS RESEARCH LLC | ABACUS GLOBAL MANAGEMENT, INC |
|---|---|
| By: ______________________ | By: *Jay Jackson* |
| Name: ____________________ | Name: Jay Jackson |
| Title: _____________________ | Title: CEO |
| Date: ____________ | Date: 6/4/2026 |

(c) Amendments and Waivers. The Agreement may only be amended with the written consent of the Parties. Any waiver provided by a Party hereunder must be in a writing signed by such Party.

IN WITNESS WHEREOF, the undersigned hereby agree to the Agreement as of the date of full execution by all Parties:

| MORPHEUS RESEARCH LLC | ABACUS GLOBAL MANAGEMENT, INC |
|---|---|
| By: Casey McGoff | By: ______ |
| Name: Casey McGoff | Name: ______ |
| Title: Principal | Title: ______ |
| Date: 07/06/2026 | Date: ______ |

# Abacus_Litigation_Morpheus_Release_Agreement

Final Audit Report 2026-06-08

| | |
|---|---|
| Created: | 2026-06-03 |
| By: | Bryan Wood (bryan@pugsleywood.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAwzPfitzQuR0OBdTkqytATQdNIXf2qhpY |

## "Abacus_Litigation_Morpheus_Release_Agreement" History

Document created by Bryan Wood (bryan@pugsleywood.com)
2026-06-03 - 3:21:49 PM GMT

Document emailed to Casey McGoff (casey.mcgoff@gmail.com) for signature
2026-06-03 - 3:21:54 PM GMT

Email viewed by Casey McGoff (casey.mcgoff@gmail.com)
2026-06-03 - 5:36:34 PM GMT

Document e-signed by Casey McGoff (casey.mcgoff@gmail.com)
Signature Date: 2026-06-08 - 1:12:41 AM GMT - Time Source: server - Signature Appearance Selected: TYPE

Agreement completed.
2026-06-08 - 1:12:41 AM GMT

Adobe Acrobat Sign