**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br><br>Defendants. | Case No.: 6:25-cv-01401-RBD-RMN |

**PLAINTIFF'S TIME SENSITIVE MOTION AND INCORPORATED MEMORANDUM OF LAW TO EXTEND CERTAIN SCHEDULING ORDER DEADLINES**

Plaintiff and Counterclaim Defendant Abacus Global Management, Inc. ("Abacus") by and through their undersigned counsel, hereby move to extend the Case Management and Scheduling Order (the "CMSO") (ECF No. 42). This motion is time sensitive because the first CMSO deadline is approaching on August 6, 2026, and as such, Plaintiff requests this Court's ruling by August 5, 2026. The Parties agree that good cause for extension of the CMSO exist, but disagree about the length of the extension.

## I. INTRODUCTION

Plaintiff moves to extend the discovery deadlines by three months, as well as to extend substantive motion deadlines and the trial date. There is good cause to extend these deadlines: Defendants' Answer, Affirmative Defenses, and Counterclaims, filed on July 9, 2026, introduce new issues that require additional party and non-party discovery and documents that have not yet been produced will need to be incorporated into the expert witness reports.

Plaintiff has diligently produced over 95,000 documents in this action, taken three depositions, and endeavored to schedule additional depositions. An extension of case management deadlines will permit the Parties to incorporate the extensive document production into their remaining depositions and expert disclosures in an orderly and efficient manner.

Plaintiffs have diligently worked in good faith to resolve discovery issues, including proactively beginning discussions with Defendants' counsel regarding case extensions in early June. Defendants delayed conversation until after their counterclaims were filed and then on July 20, Defendants provided Plaintiffs with a proposed schedule for four-month extension that the Parties agreed to in principle.

Then, at the eve of the current discovery deadline for Plaintiffs to submit its expert disclosures, Defendants rescinded their proposal for four-month extension and refused to compromise beyond offering a six-week extension,

including refusing to participate in good faith in a joint motion. Given the delay caused by Defendants' dilatory tactics and the new issues presented in their counterclaims, a six-week extension is not sufficient to remove the prejudice to Plaintiff. Without a three-month extension, Plaintiff will be prejudiced by having to prepare its expert reports before significant discovery has taken place, granting Defendants a significant unfair advantage in the litigation of the claims and defenses. The requested extension is the first request to adjust any case management deadlines in this action.

## II. RELEVANT FACTUAL BACKGROUND

1. On June 30, 2025, Plaintiff filed its Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Case No. 2025-CA-006191-o Div. 43, ECF No. 1, which Defendants removed to this Court on July 25, 2025.

2. On September 18, 2025, Plaintiff filed its First Amended Complaint. ECF No. 38.

3. On October 6, 2025, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 42.

4. On October 6, 2025, this Court entered the Case Management and Scheduling Order (the "CMSO"). ECF No. 42.

5. From the Court's entry of the CMSO through present, the Parties have engaged in significant and voluminous discovery efforts. The Parties have

served a combined five sets of requests for production, totaling hundreds of requests and have met and conferred for many hours throughout the case to negotiate in good faith the scope of discovery. The Parties have also served dozens of subpoenas on third parties for relevant information, and have received tens of thousands of documents from those third parties.

6. During the document discovery phase of this case, the Parties have largely worked cooperatively and diligently to negotiate and resolve disputes without significant Court intervention. In total, Plaintiff and Defendants have only filed three motions to compel requiring only one discovery hearing. ECF No. 66.

7. On January 29, 2026, the Court granted Plaintiff's Second Motion to Compel (ECF No. 67), ordering Defendants to produce additional documents. ECF. No. 85.

8. On June 1, 2026, Plaintiff proposed to Defendants a two-month extension of case deadlines. Ex. A at 6-7.

9. On June 10, Defendants responded indicating that "[i]f the court does not fully dismiss [the] suit, we will likely bring counterclaims that could expand the scope of discovery. We would prefer not to go to the court twice on a new schedule." Ex. A at 5-6.

10. On June 25, 2026, the Court granted in part and denied in part Defendants' Motion to Dismiss. ECF No. 100. The Court denied Defendants'

Motion to Dismiss as to Plaintiff's defamation and Florida Deceptive and Unfair Trade Practices ("FDUTPA") claims. *Id.*

11. Following the Court's June 25, Order, on July 9, 2026, Defendants filed their Answer and Affirmative Defenses and Counterclaims to Plaintiff's First Amended Complaint. ECF No. 101. Defendants raise over a dozen defenses to Plaintiff's defamation and FDUTPA claims. S*ee id.*, Affirmative and Other Defenses ¶¶ 1-45. In addition, Defendants raised three causes of action in their Counterclaims, which included allegations on subject matter never before raised in the parties' negotiations over discovery, such as Abacus's acquisition of an insurance brokerage and its management of investment funds launched in 2025. *Id.*, Counterclaims ¶¶ 50-51; 70-74; 92-113.

12. Both Parties agree that additional party and non-party discovery will be required by the Parties to address Defendants' defenses and Counterclaims.

13. At the July 10, 2026 deposition of a Coventry employee, counsel for the Parties conferred regarding proposed schedule extension, and agreed that counsel for Defendants would propose a schedule extension. *See* Ex. B.

14. On July 20, counsel for Defendants proposed an extension of the schedule that extended deadlines by over four months. Plaintiff assumed that counsel for Defendants had authority to make such a proposal, and that such

proposal was approved by Defendants Coventry and Alan Buerger before proposed to Plaintiff. Ex. B.

15. On July 26, 2026, counsel for Plaintiff's counsel provided a draft Joint Motion for Extension of the Case Management Schedule to Defendants' counsel that adopted Defendants' proposed four-month extension terms. Ex. C at 7.

16. During a meet and confer to resolve outstanding discovery issues on July 27, 2026, counsel for Defendants represented that it would confer with local counsel on the draft motion and would send edits to the motion early that week. *See* Ex. C at 6-7. During the meet and confer, counsel for Plaintiff also informed counsel for Defendants that Plaintiff intends to seek leave to amend its complaint in light of the robust discovery in this case. Specifically, Plaintiff intends to amend its complaint because discovery has revealed additional defamatory statements that Defendant Alan Buerger made to journalists and Coventry made to regulators, and additional statements in Coventry's published studies of Lapetus that we now know to be false. ***Both Parties agreed in principle to the schedule proposed by Defendants on July 20, 2026*** and agreed to mutually exchange and identify party witnesses it sought to depose next and that such party depositions would likely commence after Labor Day under the new agreed upon schedule.

17. With that understanding, the parties exchanged their next targets for deposition, aiming for dates in late August or early September at the earliest, with the understanding that these targets were not the exhaustive list of intended deponents. Ex. A at 2.

18. Plaintiff sought to schedule depositions for three Coventry employees, marking the third time that Plaintiff requested dates of availability for a specific Coventry witness that has yet to be provided and scheduled. Ex. A at 2. Abacus has diligently reached out to the witnesses identified by Defendants and provided availability for both of them, with one to be scheduled in early September. Ex. A at 1. Coventry's routine delays in providing dates of availability for depositions of party witnesses exemplifies why a three-month extension is needed.

19. Defendant informed Plaintiff on July 31, ***seven weeks after Plaintiff first proposed a two-month extension, and eleven days since Defendants proposed a four-month extension, that it now objects to requesting more than one month extension.*** Ex. C at 3-7. Defendants represented that they would begin Party depositions in September. Defendants' representations gave Plaintiff the impression that the parties would jointly move for the four-month extension on which both sides had agreed, but now Defendants insist on a shorter case extension. Defendants have refused to commit to making their key party witnesses available within

the six week window their extension would provide for Plaintiffs to submit expert reports.

20. While Defendants' counsel now represents they will commit to taking fact witness depositions in August, to date there are now two confirmed third-party depositions scheduled to take place in August (with the possibility of a third), and Abacus's counsel already has several pre-existing depositions in August for a different case that were scheduled, in part, based on counsel's representations regarding the case schedule. Despite their purported commitment to proceeding with deposition discovery, ***today*** they refused deposition dates we offered and refused to offer their dates for their own witnesses. Ex. A at 1.

21. Defendants are producing documents as ordered by this Court. *See* ECF. No. 85. This will almost certainly result in the production of documents that the Parties' expert witnesses will rely on.

22. In addition, the Parties are producing documents and continue to engage in good faith negotiations of written discovery. To date Plaintiff has produced over 95,000 documents and Defendants have produced over 10,000 documents through a combined total of nineteen productions. Throughout the discovery phase of litigation the parties have conferred on a regular basis and resolved the vast majority of such disputes without this Court's intervention. Despite Plaintiff's best efforts to progress discovery, Defendants have routinely

acted in a dilatory manner, including taking six weeks to respond to Plaintiff's latest discovery letter, and failing to provide dates of availability for party witness despite multiple requests. *See* Ex. A at 1-6.

23. The Parties have subpoenaed various third-parties for documents—Defendants alone have subpoenaed over 30 third-parties—which have produced nearly 40,000 documents to date. Third-party discovery will almost certainly result in the production of documents that the Parties' expert witnesses will rely on.

24. Defendants have not yet taken a deposition in this action, and Plaintiff has taken three depositions to date, including one Party witness. The Parties are diligently scheduling depositions, and have several for August 2026, with additional scheduling ongoing. The proposed timeline will permit the Parties to review the extensive document production, and then properly sequence and complete the remaining fact witness depositions before the completion deadline.

25. Plaintiff's proposed extension will also allow the Parties to complete discovery and fact depositions before expert disclosures, ensuring the expert reports are comprehensive. Plaintiff's proposed extension will prevent undue prejudice to Plaintiff that the current schedule and a shorter extension would create by allowing Defendants to benefit from Plaintiff's expert disclosure and report while fact discovery is still ongoing in earnest.

## III. MEMORANDUM OF LAW

This Court has discretion to enlarge time periods prescribed by the Federal Rules of Civil Procedure for cause shown where a request is made before the expiration of the time period originally prescribed. *See* Fed. R. Civ. P. 6(b)(1); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (district court has "broad discretion" in managing discovery and scheduling). Pursuant to Rule 16(b)(4), a scheduling order may be modified for good cause with the Court's consent. "The primary measure of good cause" in this context "is the movant's diligence in attempting to meet the [CMSO's] requirements." *Kwik-Mart, Inc. v. Ategrity Specialty Insurance Co.*, 2025 WL 1884298, at *2 (M.D. Fla. July 8, 2025) (quotation marks omitted).

Such good cause exists here. The Parties have made diligent attempts to progress case discovery, including producing over 105,000 documents combined, and engaging in good faith efforts to resolve discovery disputes. *See, e.g.*, ECF Nos. 83, 90. Third parties subpoenaed in this action have produced around 40,000 additional documents. The Parties continue to confer in good faith to advance negotiations of search terms for outstanding Requests for Production made prior to the Counterclaims. Despite this diligence, in response to Defendants' July 9, 2026 Counterclaims and Affirmative Defenses, the Parties require additional written discovery and depositions. Due to the

recently increased scope of discovery in this action, it is highly unlikely such discovery could be substantially completed by the current expert disclosure deadline of August 6, 2026.

Defendants have engaged in dilatory tactics, including with respect to discussions regarding this extension and scheduling party depositions. Only after Defendants filed their Answer, Affirmative Defenses, and Counterclaims, have Defendants sought to schedule depositions. Parties have begun taking and are scheduling additional depositions, including several scheduled for August 2026. Defendants proposed a four-month extension on July 20, 2026 which the parties agreed to in principle. Then, after weeks of delay and on the eve of Plaintiff's first case deadline, Defendants changed their tune and now insist on only a six-week extension. As a good faith compromise, Plaintiff now proposes a three-month extension to case deadlines as set forth below.

A three-month extended timeline will allow the Parties to schedule the remaining depositions in an orderly sequence and with the benefit of reviewing the extensive number of documents produced, while accounting for witness availability. To date, Plaintiff has taken three depositions and Defendants have taken none. Depositions are diligently being scheduled, but in light of the additional issues raised by Defendants counterclaims warranting additional document discovery prior to depositions, it is unlikely for the Parties

to be able to complete the remainder of depositions by the current discovery deadline of October 5, 2026.

To ensure that all document productions are complete before expert witness disclosures begin, an extension of the discovery deadlines is needed. Absent an extension, the Parties will need to rewrite the expert reports once document production is complete.

To avoid prejudicing any Party, a corresponding extension of the subsequent case deadlines is also needed because the Parties need a reasonable amount of time to incorporate discovery, including the expert reports, into their dispositive motions. The requested extension will therefore provide the Parties with a realistic timetable to complete discovery and properly frame the issues for trial. M.D. Fla. L.R. 3.08(a)–(b).

## IV. PROPOSED AMENDED SCHEDULE

The Parties agree that good cause exists to extend certain deadlines in the Case Management and Scheduling Order, but do not agree on the exact schedule. The below chart sets forth the original case deadlines; Defendants' July 20th extension proposal seeking four-month extensions; and Abacus's compromise proposal seeking a three-month extension. Plaintiff respectfully requests this Court extend the deadlines by three months as set forth in Plaintiff's Proposed Extension column below:

| **Event** | **Original Deadline** | **Defendants' July 20th Proposal and Agreed-Upon Deadlines (4-5 months)** | **Plaintiff's Proposed Extension (3 months)** |
|---|---|---|---|
| Mediation | October 21, 2026 | February 24, 2027 | **January 21, 2027** |
| Plaintiff's Expert Witness Disclosures and Reports | August 7, 2026 | December 7, 2026 | **November 6, 2026** |
| Defendant's Expert Witness Disclosures and Reports | September 7, 2026 | January 7, 2027 | **December 7, 2027** |
| Rebuttal Expert Witness Disclosures and Reports (if necessary) | September 21, 2026 | January 21, 2027 | **December 21, 2026** |
| Completion of Discovery | October 5, 2026 | February 5, 2027 | **January 15, 2027** |
| Summary Judgment, *Daubert*, and *Markman* Motion | November 5, 2026 | March 15, 2027 | **February 5, 2027** |
| Pre-Trial Meeting | March 1, 2027 | August 9, 2027 | **June 1, 2027** |
| Joint Final Pretrial Statements and Trial Briefs (if necessary) | March 11, 2027 | August 14, 2027 | **June 11, 2027** |

| | | | |
|---|---|---|---|
| A Single Motion *In Limine* for Each Party and Any Other Motions | February 25, 2027 | July 31, 2027 | **May 25, 2027** |
| Final Pretrial Conference | March 18, 2027 10:00 AM | August 21, 2027 | **June 18, 2027 10:00 AM** |
| Revised Trial Materials | March 25, 2027 | August 28, 2027 | **June 25, 2027** |
| Commencement of the Trial Term | April 5, 2027 | September 6, 2027 | **July 6, 2027** |

## IV. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court extend certain deadlines in the Case Management and Scheduling Order. Plaintiff respectfully requests that the court adopt the deadlines set forth in the fifth column above, and Defendants respectfully request that the Court adopt the deadlines set forth in the fourth column above.

## LOCAL RULE 3.01(G) CERTIFICATION

The undersigned counsel hereby certifies that on July 31, 2026, and August 3, 2026, prior to filing this motion, the Parties conferred in good faith and do not agree to the relief sought in this motion. After weeks of Plaintiff's continued pressing for agreement on a case management schedule, and agreeing to the four-month schedule extension proposed by Defendants on July 20, 2026, Defendants now insist on only a six-month extension. In a good faith attempt to reduce the burden on this Court, on August 3, 2026 at 11:51AM, Plaintiffs sent Defendants a joint motion with placeholders for Defendants' positions, and at 10:17PM Defendants sent a redlined version that failed to provide the Defendant's position on the facts and instead deleted Plaintiff's position, rendering a Joint Motion untenable given the time sensitivity of the relief sought. The Parties agree that extension is needed in this case but do not agree on the scope of that extension.

## LOCAL RULE 3.08(B) CERTIFICATION

The undersigned counsel for Plaintiff further certifies that Plaintiff Abacus has been consulted and consents to the requested continuance of the trial term.

Respectfully submitted,

DATED: August 3, 2026

/s/ ***Alex Zuckerman***

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Nicole Arata (*pro hac vice*)
nicolearata@quinnemanuel.com
111 Huntington Avenue, Suite 520
Boston, MA 02199
(617) 712-7100

*Attorneys for Plaintiff and Counterclaim Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 3, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.

*/s/ Alex Zuckerman*
Alex Zuckerman