**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation, | |
| Plaintiff, | Case No.: 6:25-cv-01401-RBD-RMN |
| v. | |
| COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual, | |
| Defendants. | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S TIME SENSITIVE MOTION AND INCORPORATED MEMORANDUM OF LAW TO EXTEND CERTAIN SCHEDULING ORDER DEADLINES**

Defendants Coventry First LLC ("Coventry") and Alan Buerger (together, "Counterclaimants" or "Defendants"), by and through their undersigned counsel, hereby respond to Plaintiff Abacus Global Management, Inc.'s ("Abacus") Time Sensitive Motion to extend the Case Management and Scheduling Order ("CMSO"), Dkt. 122 (the "Motion").

## I.    INTRODUCTION

Abacus has not demonstrated good cause for a three-month extension to the CMSO deadlines.  Instead, Defendants believe that a four-to-six-week extension of the existing deadlines is appropriate.  Abacus's Motion rests

1

entirely on the premise that Defendants' counterclaims and the parties' negotiations around a potential extension create sufficient cause to extend case deadlines by three months. Abacus also posits that it is entitled to a three month extension because it is likely, at some point in the future, to request leave to amend its pleading once again—although the deadline to amend its pleading has passed and discovery has only served to show that Abacus's core allegations are demonstrably false. That is not sufficient to demonstrate good cause for such a lengthy extension.

Abacus initially proposed a two-month extension to the CMSO deadlines in June 2026. Abacus's initial proposal, however, moved only some—but not all—of the future case deadlines and would have resulted in an illogical schedule, including by setting the end of fact discovery one month *after* summary judgment motions. After Defendants filed their Answer, Affirmative Defenses, and Counterclaims ("Answer and Counterclaims"), and assessed the case's needs, the parties negotiated the parameters of a potential joint proposal for a comprehensive extension of all future case deadlines. Defendants' ultimate proposal for a four-to-six-week extension was close to Abacus's initial proposal but better reflected case needs and Defendants' desire that Abacus's false claims be adjudicated as quickly as possible. This Court should deny Abacus's Motion for a three-month extension and instead extend the CMSO deadlines by four-to-six weeks in accordance with the schedule provided below.

## II.    MEMORANDUM OF LAW

"A scheduling order 'may be modified only for good cause and with the judge's consent.'" *Wojcik v. Sch. Bd. Orange Cnty.*, 2021 WL 3571497, at *1 (M.D. Fla. Apr. 29, 2021) (quoting Fed. R. Civ. P. 16(b)(4)).

### A. Abacus's Motion Does Not Demonstrate Good Cause

Abacus has failed to demonstrate good cause for a three-month extension.    Neither the potential discovery related to Defendants' counterclaims nor Abacus's hypothetical motion for leave to amend its First Amended Complaint ("FAC") justifies a three-month extension.

*First*, Abacus claims that Defendants' counterclaims filed nearly a month ago will "require additional written discovery and depositions" justifying a three-month extension. Mot. at 10. Defendants disagree. The counterclaims asserted relate to issues and facts already underlying Abacus's claims in the First Amended Complaint—namely, Abacus's use of Lapetus's materially short and flawed life expectancies, Abacus's misuse of its unlawful investment in Lapetus to harm Coventry, and Abacus's initiation of this lawsuit in an effort to shut down Defendants' public speech and mislead the public. Counterclaims, Dkt. 120 ¶¶ 92-113.  Each of these claims relates to issues and facts raised in the FAC that have been core to the ongoing litigation and therefore do not require extensive additional discovery.  Indeed, the only "never before raised" allegations that Abacus cites are those about ***Abacus's own***

3

*business*, including "Abacus's acquisition of an insurance brokerage and its management of investment funds launched in 2025." Mot. at 5. An additional four-to-six weeks, rather than three months, is a more appropriate extension to complete discovery on these topics.

Moreover, Abacus has yet to seek *any* discovery related to the counterclaims which were raised nearly one month ago. If Abacus believed that these counterclaims required extensive written discovery, Abacus could have propounded discovery requests and begun the process to work through discovery related to the counterclaims. But Abacus has not done so.

*Second*, negotiations between the parties related to a motion to extend case deadlines does not itself justify a three-month extension of all case deadlines—especially where Abacus first believed that two months would have been sufficient. Abacus points to "the delay caused" by negotiations between the parties as a reason that "a six-week extension is not sufficient to remove the prejudice to Plaintiff." *Id*. at 3. But nowhere does Abacus justify why three months is the antidote to its perceived prejudice when Defendants' initial July 20 extension proposal came just 14 days before Abacus filed its Motion, and the parties continued to negotiate in good faith in the ensuing two weeks.

Further, Abacus's own recent actions undermine its pleas. Abacus claims that it was Defendants who "refus[ed] to participate in good faith in a joint motion." *Id*. But Defendants had been working in good faith with Abacus

to draft and revise a streamlined, joint proposal with competing argument sections for this Court to consider up until late last night, when Abacus decided to file its own Motion.

*Third*, Abacus's hypothetical, future decision to seek leave to amend its pleadings does not warrant a three-month extension.  It is true that Abacus admitted to Defendants' counsel during a meet and confer on July 27 that Abacus's allegations in the FAC needed to be amended.  And as set forth in Defendants' counterclaims, Defendants agree that many allegations in the FAC are provably false and contradicted by Abacus's own documents produced in discovery.  But Abacus has no automatic right to amend.  And Abacus's failure to investigate its own case prior to filing its complaint, and its failure to remedy core factual misstatements in the FAC over the past 10 months of discovery, do not constitute sufficient cause for Abacus to drag out this litigation further in order for it to take a third bite at the apple.  On the contrary, Abacus's strategic decision to stand on allegations that its own evidence disproves counsels *against* allowing Abacus to drag out the litigation and delay dispositive motions.

Because Abacus has not demonstrated good cause for a three-month extension of all case deadlines, this Court should deny Abacus's Motion.

## B. Defendants' Narrower Proposal Is Appropriate

Instead of Abacus's three-month extension, Defendants propose a schedule that provides the Parties sufficient time to adjudicate this case without unnecessary delay. And it reflects their willingness to compromise on a reasonable schedule in light of Plaintiff's originally proposed extension of two months—which would have placed opening summary judgment briefing in the middle of the December holidays.

Defendants' proposed schedule will allow for an efficient and orderly adjudication of this case. Defendants have scheduled several depositions for August and early September, and they have committed to taking fact witness depositions throughout August, September, October, and the beginning of November. Defendants' proposed extension provides sufficient time to complete the remaining depositions. And Defendants' timeline would also permit expert depositions to occur in the second and third weeks of November.

The schedule would then provide four weeks between the close of discovery and summary judgment and *Daubert* briefing. Defendants' proposed extension also enables a trial before the summer of next year, which has this case on track to be adjudicated within two years of Abacus's initial filing of the suit. That timeline is appropriate.

On July 9, 2026, Defendants filed their Answer and Counterclaims to Plaintiff's FAC. Defendants' Answer and Counterclaims, along with their

6

attached Exhibits, explain how the evidence produced by Plaintiff and numerous third-parties exposes the core premises in Plaintiff's FAC as demonstrably false. And that evidence further reveals that Plaintiff **knew** those premises to be false when it filed this suit.

While Defendants are willing to agree to additional time so as not to prejudice either party's ability to complete expert reports and depositions, it is unreasonable to prolong this case for longer than necessary. Doing so would allow Abacus and its counsel to continue disparaging and defaming Defendants in the media—through statements that are flatly inconsistent with the evidence they have produced in the litigation—while distracting and harming Defendants' business. As Defendants explained to Plaintiff during the conferral process on this request, Defendants' position evolved after the publication of a recent press article in which Abacus CEO Jay Jackson was quoted as inaccurately stating that Abacus has "demonstrably proven false" Defendants' claims, and in which Abacus's counsel was quoted as saying that Defendants' assertions were made "without basis in fact." Dkt. 107-1 at 2-3. Abacus and its counsel made those inaccurate press statements knowing that evidence produced by Abacus has shown that Abacus has known for years that Defendants' statements are *true*.

Indeed, as discussed above, during a conferral last week, counsel for Plaintiff acknowledged that various statements in its ten-month-old FAC

cannot be supported by the evidence and thus Abacus intended to seek leave to amend. But Abacus already amended its complaint once as of right. It did so at a time that it knew that its own evidence could not support the allegations it pled in that complaint. And the deadline for Abacus to amend its pleadings passed on November 12, 2025. *See* Dkt. 42 at 3. A baseless desire to reboot the pleadings through an untimely request to amend cannot justify Abacus's excessive extension request.

Abacus's conduct has made clear that it has been abusing this litigation for improper purposes—while relying on pleadings that it knows are refuted by its own evidence. Defendants are willing to agree to an extension that allows both parties to properly adjudicate this dispute. But Abacus's proposal would cause unnecessary delay while Defendants' proposed extension request is a wholly reasonable compromise.

### III.   PROPOSED AMENDED SCHEDULE

Defendants' proposed extensions are provided in the table below.

| Event | Original Deadline | Defendants' Proposal |
|-------|-------------------|----------------------|
| Mediation | October 21, 2026 | November 2026 (Pending Mediator's Availability) |

8

| | | |
|---|---|---|
| Plaintiff's Expert Witness Disclosures and Reports | August 6, 2026 | September 17, 2026 |
| Defendant's Expert Witness Disclosures and Reports | September 7, 2026 | October 19, 2026 |
| Rebuttal Expert Witness Disclosures and Reports (if necessary) | September 21, 2026 | November 2, 2026 |
| Completion of Discovery | October 5, 2026 | November 20, 2026 |
| Summary Judgment, *Daubert*, and *Markman* Motion | November 5, 2026 | December 18, 2026 |
| Pre-Trial Meeting | March 1, 2027 | April 8, 2027 |
| Joint Final Pretrial Statements and Trial Briefs (if necessary) | March 11, 2027 | April 16, 2027 |
| A Single Motion *In Limine* for Each Party and Any Other Motions | February 25, 2027 | April 2, 2027 |
| Final Pretrial Conference | March 18, 2027 10:00 AM | April 23, 2027 10:00 AM |

9

| Revised Trial Materials | March 25, 2027 | April 30, 2027 |
|---|---|---|
| Commencement of the Trial Term | April 5, 2027 | May 5, 2027 |

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Abacus's Motion and instead extend certain deadlines in the Case Management and Scheduling Order as set forth above.

Dated: August 4, 2026                              Respectfully Submitted,

                                                             /s/ Andrew J. Levander

Michael H. McGinley (*pro hac vice*)       Andrew J. Levander (*pro hac vice*)
DECHERT LLP                                       DECHERT LLP
Cira Centre                                          Three Bryant Park
2929 Arch Street                                   1095 Avenue of the Americas
Philadelphia, PA 19104                          New York, NY 10036
                                                           Telephone: (212) 698-3500
Alfred J. Bennington, Jr.                        Facsimile: (212) 698-3599
Glennys Ortega Rubin                           andrew.levander@dechert.com
Benjamin F. Elliott
SHUTTS & BOWEN LLP                        Eric Auslander (*pro hac vice*)
300 South Orange Ave.                          DECHERT LLP
Suite 1600                                            1900 K Street, NW
Orlando, FL 32801                                Washington, DC 20006

*Counsel for Defendants Coventry First LLC and Alan Buerger*

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.

*/s/Andrew J. Levander*
Andrew J. Levander