# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ABACUS GLOBAL
MANAGEMENT, INC.,

      Plaintiff,

v.

                                   Case No. 6:25-cv-1401-RBD-RMN

COVENTRY FIRST LLC; and ALAN
BUERGER,

      Defendants.

_____

## **ORDER**

Before the Court is Plaintiff's motion to modify the Case Management and Scheduling Order ("CMSO"). (Doc. 122; *see* Doc. 123.)

Defendants removed this defamation case on July 25, 2025. (Doc. 1.) Defendants filed their answer and counterclaims on July 9, 2026. (Doc. 101.) Currently, Plaintiff's expert reports are due on August 6, 2026, discovery closes in October, dispositive motions are due in November, the pretrial conference is in March 2027, and trial is set for the April 2027 term. (Doc. 42.) Plaintiff now moves to modify those deadlines, arguing that the parties need additional time to conduct discovery given the recency of Defendants' counterclaims and difficulties scheduling depositions and document production for the expert reports. (Doc. 122.) The parties agree that an extension is warranted, but they disagree on its

length: Plaintiff wants three months, while Defendants want four to six weeks. (*Id.* at 2; Doc. 123, pp. 6–10.)

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the Order's requirements." *Strubel v. Hartford Ins. Co. of the Midwest*, No. 8:09-cv-1858, 2010 WL 11507711, at *1 (M.D. Fla. June 18, 2010).

Here, in light of the parties' active efforts to timely complete discovery, the fact that Plaintiff sought extensions in advance of relevant deadlines, and the relative recency of the case being removed just over a year ago, the Court finds good cause to extend the schedule. Given the complexity of the case, Plaintiff's request for a three-month extension is well taken. The Court will enter an amended CMSO extending all outstanding deadlines by three months.

One note of caution: this new schedule does *not* extend the amendment deadline. Plaintiff indicated that it intends to seek leave to amend its complaint for a second time. (Doc. 122, p. 6.) While there is good cause to grant the *timely* motion to extend the outstanding deadlines, the Court sees no good cause to extend the amendment deadline, which passed nearly nine months ago—or the excusable neglect that would justify such a belated extension. The Court of course will not prejudge a motion that has not been filed, but it is not inclined to restart this case

2

with fresh pleadings, which *would* significantly disrupt the calendar.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's motion (Doc. 122) is **GRANTED**.

2. An amended CMSO will be entered by separate order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 6, 2026.

ROY B. DALTON, JR.
United States District Judge