**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br><br>Defendants. | Case No.: 6:25-cv-01401-RBD-RMN |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus" or "Plaintiff"), through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 15 and 16, files this Motion For Leave ("Motion") to File a Second Amended Complaint. In support of its Motion, Plaintiff states as follows:

## PRELIMINARY STATEMENT

Abacus's First Amended Complaint (ECF No. 38) alleges that Defendants Coventry First LLC ("Coventry") and Alan Buerger ("Buerger," and, with Coventry, "Defendants") waged a defamatory campaign to drive down Abacus's stock and market standing, falsely claiming that Abacus uses nonparty Lapetus as its primary life-expectancy provider, that Lapetus systematically and improperly

underestimates life expectancies, and that Abacus is therefore overvaluing its assets and manufacturing earnings.

Despite discovery delays, evidence now shows that Coventry's disparaging statements both predate the filing of this action (indeed, going at least as far back as August 2023) and extend well into this litigation. And the statements are far more extreme than those pleaded in the First Amended Complaint. Coventry has told third parties, including in the media, that Abacus is a [redacted] and a [redacted] and that Abacus "can't not implode." Worse, Coventry is now using this litigation as an opportunity for more damaging and defamatory conduct, issuing a press release (the "August 4 Press Release") just days after this Court unsealed certain documents on July 29, 2026. These new statements are not "a step in the judicial process" subject to the litigation privilege; rather, they are a calculated effort to weaponize discovery exchanged pursuant to a confidentiality agreement so that Coventry can continue trumpeting its false claims about Abacus. *Emergency Recovery, Inc. v. Gov't Emps. Ins. Co.*, 2024 WL 2332167, at *3 (M.D. Fla. Mar. 13, 2024) (citation modified) (quoting *Ball v. D'Lites Enters., Inc.*, 65 So. 3d 637, 641 (Fla. Dist. Ct. App. 2011). In short, the allegations in the First Amended Complaint no longer cover the length and breadth of Coventry's wrongdoing.

These facts, occurring only recently, warrant re-pleading at this stage because Abacus could not have moved to amend any earlier. Abacus's claims for defamation *per se* were not dismissed until June 25, 2026, and Coventry's latest defamatory press release did not occur until this month. Viewed in this light,

Abacus's Motion is prompt, occurring less than six weeks after this Court's ruling on defamation *per se* and just two weeks after Coventry's latest disparaging remarks. Nor is the amendment prejudicial; Abacus's proposed amendment requires no additional discovery, since Coventry's wrongheaded conspiracy theories are the same as they ever were, and regard the same subject matter.

A copy of Abacus's proposed Second Amended Complaint, with proposed amendments marked in redline, is attached as **Exhibit A.** A clean copy of Abacus's proposed Second Amended Complaint is attached as **Exhibit B.**[1] As detailed below, there is good cause to grant leave:

***First***, Abacus diligently pursued the discovery that revealed the new statements that are defamatory *per se*.

***Second***, the amendment is not futile, as the Court has already declined to dismiss some of these claims.

***Third***, Coventry is not prejudiced by an amendment that adds statements Coventry itself made, and it should not be rewarded for the delay and ongoing conduct that makes amendment necessary.

[1] Per Judge Norway's instruction at the July 29, 2026 Hearing on the Parties' Motions to Seal, Abacus submits at Exhibits A&B versions of its proposed Second Amended Complaint redacted to prevent disclosure of material designated Highly Confidential by Defendants or nonparties. *See* ECF No. 117. This Motion is redacted for the same reason. Upon filing this Motion, Abacus will confer with Defendants and, if necessary, submit a joint sealing motion. At that time, Abacus will file under seal a fully unredacted version of the proposed Second Amended Complaint or, if the parties agree no redactions are necessary, Abacus will file publicly.

Based on the foregoing reasons, and as discussed below, Plaintiff respectfully requests that the Court grant leave to amend.

## BACKGROUND

### I. PROCEDURAL HISTORY

On June 30, 2025, Plaintiff filed a Complaint against Coventry and its Co-Founder and Chairman Buerger in Florida state court. *See generally* ECF No. 1-1. Plaintiff alleged that Defendants had defamed it by falsely claiming that Abacus uses non-party Lapetus as its primary life expectancy provider to value the policies on its balance sheet, that Lapetus underestimates life expectancies, and that Abacus is therefore overvalued and fraudulently manufacturing earnings. *Id.*

On July 25, 2025, Defendants removed the case to this Court. *Id.* Defendants moved to dismiss on August 29, 2025. ECF No. 31. Abacus served its first set of requests for production ("RFPs") on Defendants on September 8, 2025. On September 18, 2025, Abacus filed its First Amended Complaint. ECF No. 38. On October 6, 2025, the Court entered the Case Management and Scheduling Order ("CMSO"), requiring the parties to amend the pleadings by November 12, 2025. ECF No. 42. Defendants moved to dismiss the First Amended Complaint on October 14, 2025, but neither sought a stay of discovery nor produced any documents prior to the amended deadline. ECF No. 47. In fact, Abacus did not receive its first responsive document productions from Coventry until February 11, 2026—almost three months *after* the amendment deadline had passed.

The Court partially granted and partially denied Defendant's Motion to Dismiss on June 25, 2026. ECF No. 100. As is relevant here, the Court dismissed Count III of the First Amended Complaint on the ground that Abacus had not alleged any statement "defamatory on its face." *Id.* at 10 (citation omitted). Discovery remains open in this case; Abacus has deposed two non-party witnesses and deposed its first party witness on July 10, 2026. To date, Coventry has not deposed any witnesses.

## MEMORANDUM OF LAW

Where, as here, a party seeks leave to amend after a scheduling order deadline has passed, Rule 16(b)'s good cause standard "is the proper guide for determining whether a party's delay may be excused." *Allan v. Falcon Transp. Co.*, 2018 WL 6626796, at *4 (M.D. Fla. Apr. 6, 2018) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)). This good cause standard permits modification if the existing schedule "cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (internal quotation marks omitted) (quoting advisory committee's note to 1983 amendment). Courts recognize that good cause exists where the non-moving party fails to cooperate in discovery. *See, e.g.*, *Blue Heron Com. Group, Inc. v. Webber*, 2018 WL 6045252, at *2-3 (M.D. Fla. Nov. 19, 2018). Courts also consider other factors, such as whether amendment will allow the parties to have their claims fully decided on the merits. *See Smith v. Neurointernational Healthcare, LLC*, 707 F. Supp. 3d 1266, 1269 (M.D. Fla. 2023) (explaining that district courts should "liberally grant leave

to amend" so long as a party can have their claims "heard on the merits"). Further, good causes exist when new allegations arise out of discovery "disclose[d] . . . well after the deadline for amended pleadings." *Hayes Healthcare Servs., LLC v. Meacham*, 331 F.R.D. 441, 443 (S.D. Fla. 2019).

Supplemental pleading under Rule 15(d) is the proper vehicle for parties seeking to bring pleadings up-to-date with "new facts" that "change the amount . . . of the relief requested in the original pleading." *Lussier v. Dugger*, 904 F.2d 661, 670 (11th Cir. 1990) (citation omitted). In general, courts "liberal[ly] allow[]" supplemental pleadings unless the pleadings "assert[] an entirely new theory of recovery" at a late stage in the litigation. *Cowen v. Sec'y of State of Georgia*, 2025 WL 3216878, at *4 (11th Cir. Nov. 18, 2025); *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir. 2008). The 15(d) standard is the same standard applicable under Rule 15(a). *Cowen v. Sec'y of State of the State of Georgia*, 2025 WL 3216878, at *4 (11th Cir. Nov. 18, 2025). In construing Rule 15(a), the Supreme Court has held that:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

District courts thus have "limited discretion in denying leave to amend, and should grant a motion to amend unless there are substantial reasons to deny it."

*Bowers v. U.S. Parole Comm'n*, 760 F.3d 1177, 1185 (11th Cir. 2014) (citation modified); *see also Mendez v. NDR Pahokee, LLC*, 2024 WL 6979556, at *1 (M.D. Fla. Oct. 16, 2024) ("[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."). A district court may deny a motion to amend on the grounds of "undue delay, undue prejudice to the defendants, and futility of the amendment." *Mendez*, 2024 WL 6979556 at *1 (citing *Kendall v. Thaxton Road LLC*, 443 F. App'x 388, 393 (11th Cir. 2011)).

Plaintiff has satisfied both standards. First, Abacus could not have moved to amend any earlier because documentary evidence that Coventry accused Abacus of an infamous crime did not come to light until recently, nor was there any need to until after the Court had dismissed Abacus's claims for defamation *per se*. At the same time, the proposed amendment's limited scope will not prejudice Coventry nor require the parties to re-plead the entire case. Coventry's additional statements to the press repeat the same types of allegations that Abacus stated in the First Amended Complaint. The new allegations only expand the temporal scope of Coventry's liability and the measure of Abacus's damages—they do not introduce a new theory of liability.

## II. THERE IS GOOD CAUSE TO AMEND UNDER RULE 16.

Abacus can show good cause for leave to amend its defamation *per se* allegations because there was no cause to amend until June 2026, at the earliest. There are two reasons for this. First, Abacus did not receive relevant discovery in

a timely manner and prior to the amendment deadline, despite its diligence. Abacus served two sets of RFPs—on September 8, 2025 and November 26, 2025—before receiving *any* documents from Coventry. Despite Abacus's diligence, Coventry did not provide documents until February 2026—three months *after* the deadline to amend the complaint and after being compelled to produce documents that Abacus had requested. ECF No. 85. This hard-won evidence, which did not come to light until after the deadline to amend, strongly supports Abacus's theory of the case: Coventry knew that it was lying, and Coventry sought to undermine its only publicly-traded competitor by accusing it of criminal acts.

In particular, the evidence shows that Coventry accused Abacus of fraud to journalists, stock traders, regulators, and anyone else who would listen. For example, in April 2024, Coventry's General Counsel reached out to the Florida Office of Insurance Regulation, accusing Abacus of [redacted] and that the [redacted] Ex. B ¶ 113. She went on to say that Abacus's use of Lapetus had [redacted] *Id.* ¶ 114. Abacus only learned of these communications on May 25, 2026. Not to be outdone, Abacus learned on July 8, 2026 that Buerger [redacted] Ex.

B ¶ 108. These documents would have supported Abacus's original claim for defamation *per se*, but Abacus did not amend its complaint because Defendant's Motion to Dismiss (ECF No. 47) was still pending at the time. This evidence, disclosed "well after the deadline for amended pleadings," provides good cause for leave to amend. *Hayes Healthcare Servs., LLC v. Meacham*, 331 F.R.D. 441, 443 (S.D. Fla. 2019).

Second, even once Abacus received documents confirming its theory of defamation *per se*, there was no immediate need to amend its complaint. That is, until June 25, 2026, when the Court dismissed Abacus's claim for defamation *per se*. ECF No. 100. Once the Court dismissed the claim, and once Coventry made its additional defamatory statements in the August 4 Press Release, Abacus promptly filed this Motion seeking leave to amend. This is not a case of a plaintiff sitting idly by. *Cf. John Morrell & Co. v. Royal Caribbean Cruises Ltd.,* 243 F.R.D. 699, 701 (S.D. Fla. 2007) (no good cause to amend scheduling order where plaintiff took "little to no discovery in the over fourteen months th[e] case ha[d] been pending"). Abacus's Motion is a timely effort to assert claims that, until June 25, 2026 at the earliest, it had no reason to supplement.

## III. COVENTRY'S POST-FILING STATEMENTS MAY BE ADDED UNDER RULE 15.

In addition to the statements discovered only after November 2025, Abacus seeks to add tortious acts that it could not have pleaded earlier because ***they had not yet occurred***. Contending that Abacus "Misled Its Investors" and "knowingly relied on unusually short life expectanc[ies]," the August 4 Press

Release repeats the disparaging statements that led Abacus to sue Coventry in the first place. These "new facts" are precisely the type of supplement contemplated by Rule 15(d) and the *Lussier* court. *Lussier*, 904 F.2d at 670. Further, similar statements have already survived a Motion to Dismiss (*see* ECF No. 100 at 2-3), so their addition will not prolong or complicate disposition of this case.

Finally, the proposed amendment is neither futile nor prejudicial. Discovery remains ongoing (with a deadline in January 2027) and Coventry has yet to depose a single witness in this case. ECF No. 125; *see Mitsubishi Heavy Indus., Ltd. v. Gen. Elec. Co.*, 2011 WL 13269739, at *4 n.2 (M.D. Fla. June 14, 2011) (no prejudice where depositions had not yet been taken). Nor does the proposed amendment "raise[] a new legal theory" on the eve of trial. *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995) ("[P]rejudice can result where a proposed amendment . . . would require the gathering and analysis of facts not already considered by the opposing party."). On the contrary, the August 4 Press Release states the same defamatory claims that this Court already sustained in denying in part in its ruling on Defendants' Motion to Dismiss. *See* ECF No. 100. Statements like these, made to "the world at large" rather than participants in these proceedings, are precisely the kind of "defamatory information [published] to the . . . media" that the litigation privilege does not protect. *Ball v. D'Lites Enters., Inc.*, 65 So. 3d 637, 639, 641 (Fla. Dist. Ct. App. 2011) (holding that statements on defendant's website accusing plaintiffs of a "hoax" are not protected); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 277 n.8 (1993) (stating that absolute

immunity does not extend to publication except as "required or authorized by law . . . for the proper conduct of the judicial proceedings"). And courts have identified press releases in particular as beyond the litigation privilege when parties assert "extraneous commentary" about the filings. *Emergency Recovery, Inc. v. Gov't Emps. Ins. Co.*, 2024 WL 2332167, at *3 (M.D. Fla. Mar. 13, 2024).

In fact, with the exception of Coventry's own press release, the proposed amendment pleads statements on the same subject matter already at issue, that Coventry made in the same time period that Abacus alleged in its original complaint.

Coventry's recent conduct is evidence not only of its ongoing "scheme to destroy Abacus" (ECF 100 at 7) but also that Defendants "ha[ve] been abusing this litigation for improper purposes." ECF 123 at 8. Amendment is warranted because full and fair litigation of all of Defendants' defamatory statements, including the most outrageous and recent ones, is necessary to ensure the parties can "have their claims heard on the merits." *Smith v. Neurointernational Healthcare, LLC*, 707 F. Supp. 3d 1266, 1269 (M.D. Fla. 2023) (granting leave to file a second amended complaint to add a punitive damages claim and drop certain defendants).

## **CONCLUSION**

For the foregoing reasons, Abacus respectfully requests that the Court grant leave to file a Second Amended Complaint.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that Plaintiff's counsel conferred with Defendants' counsel on August 18, 2026 by teleconference, who advised that Defendants oppose Plaintiff's request for relief set forth herein on the basis that Abacus did not share a draft version of the proposed Second Amended Complaint with Defendants in advance of filing.

Respectfully submitted,

DATED: August 18, 2026

*/s/ Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Nicole Arata (*pro hac vice*)
nicolearata@quinnemanuel.com
111 Huntington Avenue, Suite 520
Boston, MA 02199
(617) 712-7100

*Attorneys for Plaintiff and Counterclaim Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 18, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.

*/s/ Alex Zuckerman*
Alex Zuckerman