**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ABACUS GLOBAL MANAGEMENT, INC., a corporation,

Plaintiff,

v.

COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,

Defendants.

Case No.: 6:25-cv-01401-RBD-RMN

**JOINT MOTION AND INCORPORATED MEMORANDUM OF LAW TO SEAL ABACUS'S PROPOSED SECOND AMENDED COMPLAINT AND MOTION FOR LEAVE (DKT. 126), AND DEFENDANTS' RESPONSE IN OPPOSITION TO ABACUS'S MOTION FOR LEAVE (DKT. 137)**

Pursuant to M.D. Fla. Local Rule 1.11(b) and the Court's instruction at Dkt. 117, Plaintiff and Counterclaim Defendant Abacus Global Management, Inc. ("Abacus"), and Defendants Coventry First LLC ("Coventry") and Alan Buerger ("Buerger" and, together with Coventry, "Counterclaimants" or "Defendants" and together with Abacus, the "Parties"), by and through their undersigned counsel, respectfully submit this Joint Motion to Seal Abacus's Motion for Leave, Dkt. 126, attached Proposed Second Amended Complaint, Dkt. 126-2,[1] and Coventry's

[1] Abacus also filed with its Motion for Leave a redline showing changes between the First and Second Amended Complaint. *See* Dkt. 126-1.

Opposition to Plaintiff's Motion for Leave, Dkt. 137 and the exhibit attached thereto.[2]

## I. Items for Proposed Sealing

### A. Abacus's Position

#### 1. *Motion for Leave (Dkt. 126), Redline (Dkt. 126-1) and Proposed Second Amended Complaint (Dkt. 126-2)*

Neither party seeks to seal or redact anything in Abacus's Motion for Leave or Proposed Second Amended Complaint. Accordingly, as soon as practicable, Abacus will file a public, unredacted version of these documents.

#### 2. *Defendants' Opposition to the Motion for Leave (Dkt. 137)*

As to Defendant's Opposition to the Motion for leave, Ex. D, Abacus seeks an order maintaining each redaction currently in place, because each pertains to and quotes from a document that the Court previously ordered to be sealed, and the case is not at a "later stage" that warrants revisiting these determinations made just barely more than a month ago. *See* July 29, 2026 Tr. of Hr'ng on Motions to Seal at 31-32. The documents and substance Abacus seeks to seal are set forth at **Appendix A**.

The exhibits at Dkt. 121-4 through 124-6 were previously sealed by the Court for good cause. *See* Dkt. 115 and July 29, 2026 Tr. of Hr'ng on Motions to Seal at 31. Dkt. 121-4 concerns a highly confidential Abacus Valuation Methodology that the

---

[2] The Motion for Leave, Dkt. 126, is attached hereto in unredacted form as **Exhibit A**. The redline of the Proposed Second Amended Complaint, Dkt. 126-1, is attached hereto in unredacted form as **Exhibit B**. The Proposed Second Amended Complaint, Dkt. 126-2, is attached hereto in unredacted form as **Exhibit C**. Defendants' Opposition, Dkt. 137, is attached hereto in unredacted form as **Exhibit D**, and the Exhibit attached thereto, Dkt. 137-1, is attached in unredacted form as **Exhibit E**. A fully unredacted copy of this motion is attached hereto as **Exhibit F**.

parties discussed at length during the hearing on the Motions to Seal. *See* July 29, 2026 Tr. of Hr'ng on Motions to Seal at 11, 16-17, 26. In their Opposition, Counterclaimants have incorrectly asserted that this document describes how Abacus conducts a valuation of its entire portfolio. *See* Ex. D at 3. This is untrue. On its face, the document makes clear that it concerns ABL Technologies, not Abacus Global Management. *See* Dkt. 121-4 at 1. The fact the document bears Abacus's logo is unsurprising and does not change this basic fact, notwithstanding Defendants' conjecture *infra*. That the Court previously found good cause to seal this document is sufficient reason alone to maintain sealing, as Defendants have no good cause to revisit that ruling. While Abacus recently, publicly changed certain aspects of its valuation methodology for the company as a whole, ABL Technologies has not changed its valuation methodology, nor would it be relevant if that were the case, as this is not a case where a party "has presented no evidence to support its claim that the information in the documents it wishes to seal is confidential." *SuperCooler Techs., Inc. v. Coca Cola Co.*, 2023 WL 12187724, at *2 (M.D. Fla. Apr. 21, 2023). Defendants' speculation to the contrary, *infra*, is rooted in nothing more than *ipse dixit* and their misreading of Abacus's documents. Abacus's representations to the Court on July 29 were true when made and remain so, and no facts have changed that necessitate a different outcome.

Dkt. 121-5 and 121-6 are no different. Each is an email in which Abacus officers discuss highly confidential aspects of the business, including specific valuation amounts. As with the Valuation Methodology, the Court previously agreed that such documents should remain under seal. Dkt 121-5 discusses the impact of Lapetus LEs

on Abacus's discount rate. That certain of this information was reported to Abacus's auditors, of course, does not make it less confidential or heighten the public interest in these documents, as companies routinely disclose highly confidential information to their own auditors. Dkt. 121-6 is similar. Devoid of any context, Defendants can pick and choose documents and piece them together to create a misleading perception of Abacus's most sensitive information. But as the Court previously explained, "the public's access itself really turns on the importance of the documents to the case." July 29, 2026 Tr. of Hr'ng on Motions to Seal at 31. Defendants' attempts to make this case about these cherry-picked, irrelevant internal valuations only makes the point: the metrics Abacus uses to evaluate its business fairly encompass a variety of approaches, none of which bear on Defendants' defamation. Because the Court previously found good cause to seal, because there is no good cause to revisit that ruling and no public value in disclosing Abacus's internal discussion about various valuation metrics, Abacus requests that the Court again find these documents entitled to sealing.

B. Defendants' Position

1. *Motion for Leave (Dkt. 126), Redline (Dkt. 126-1) and Proposed Second Amended Complaint (Dkt. 126-2)*

Because Defendants intend to take a consistent and principled approach, they do not request sealing of the content in Abacus's Motion for Leave and Proposed Second Amended Complaint. However, as explained below, Abacus has failed to take the same principled position across all filings in this case.

2. *Defendants' Opposition to the Motion for Leave (Dkt. 137)*

Defendants take a balanced approach and request that in the context of this filing—which concerns Abacus's effort to alter its pleadings—the excerpts currently redacted be unsealed, while sealing the underlying Exhibits. Particularly in the context of a motion seeking to fundamentally alter Abacus's pleadings, relevant content that is not a trade secret should not be sealed.

Abacus can no longer maintain that the valuation methods and internal discussions quoted in Defendants' Opposition are entitled to blanket redaction. In previous filings and at the July 29, 2026 hearing, Counsel for Abacus said this content should be sealed because it reflects "how Abacus values its portfolio of policies," July 29, 2026 Tr. of Hr'ng on Motions to Seal at 11:9-10. But only weeks later, Abacus publicly announced that it had changed its valuation methodology months earlier. In an August 2026 press release and letter, Abacus said that "[s]tarting in Q2 2026, [it is] valuing policies under an updated, market based Historical Return Method." *See* https://bit.ly/4xuYVCX at 3.

This recent public announcement forecloses the representations the Court previously relied upon when sealing that content. It also reveals that those representations were inaccurate when made. As a result, the analysis has shifted. The content of this document confirms that, at that relevant time, Abacus's approach to valuing policies was "[redacted]." **Dkt. 121-4 at 3** (emphasis added). And that is what Abacus told the Court. But

Abacus has now publicly announced that the documents no longer reflect its current valuation practice. As a result, Abacus can no longer claim "the information represents substantial value to the party," or "that it derives its value by virtue of the effort of its creation and lack of dissemination." *SuperCooler Techs., Inc. v. Coca Cola Co.*, 2023 WL 12187724, at *2 (M.D. Fla. Apr. 21, 2023). Abacus should not be able to shield key facts from public view while seeking to withdraw false allegations in its FAC.

Having abandoned its previous position, Abacus now concocts new, flawed theories for why this content should be kept from the public's view.

*First*, Abacus asserts that **Dkt. 121-4** "concerns ABL Technologies, not Abacus Global Management." *Supra* at 3. But that cannot be squared with Abacus's representation to the Court that this document reflects "how Abacus values ***its*** portfolio of policies," July 29, 2026 Tr. of Hr'ng on Motions to Seal at 11:9-10 (emphasis added). And the evidence indicates this is Abacus's general methodology created by one of its divisions. Abacus's own FAC represents that ABL Technologies "is one of four divisions of the public entity, Abacus Global Management, Inc.," Dkt. 38 at 24. The document bears the markings and ticker for Abacus's publicly traded company. And Abacus acknowledges it used, updated quarterly, and provided this methodology to its auditor, Grant Thornton, for the public accounting audits that Grant Thornton performed.[3]

[3] Abacus's positional change on this document suggests Abacus has either been misleading the Court or misleading its auditor. Abacus provided this memorandum to Grant Thornton as the methodology

*Second*, for **Dkts. 121-5 and 121-6 (including the excerpted chart)**, Abacus relies only on this Court's earlier ruling while insisting that nothing has changed. *Supra* at 4. But, again, Abacus publicly changed its methodology since that ruling. These documents are not merely "internal valuations," *supra* at 4. As Abacus now acknowledges, they were reported to its auditor and matches the same portfolio valuation that Abacus reported publicly. *Compare* Dkt. 121-6, at 2 *with* Abacus Q1 2025 10-Q, at 2 (May 8, 2025) (listing $446 million for "Life settlement policies, at fair value"). And Abacus's use of Lapetus to value its portfolio is plainly relevant. The FAC makes quite clear that its theory of defamation relies on the premise that Abacus does not "use[] Lapetus to value the assets on its balance sheet." Dkt. 38 ¶ 11. Lastly, Lapetus has gone out of business. Content about an outdated valuation methodology that relied on inputs from a now-defunct company should not be sealed.[4]

---

it used when valuing its portfolio, and Abacus told this Court the same thing at the July hearing. But Abacus now says this document is not about "how Abacus values its policies." The two positions cannot be reconciled.

[4] Neither party seeks to seal Exhibit E.

Respectfully submitted,

DATED: September 18, 2026

*/s/ Alex Zuckerman*

ALEX ZUCKERMAN, ESQ. (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

JASON D. STERNBERG. ESQ.
(Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
OSVALDO RODRIGUEZ, ESQ.
(Fla. Bar No. 1039307)
osvaldorodriguez@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

KATHLEEN S. MESSINGER, ESQ.
(*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Counsel for Plaintiff Abacus Global Management, Inc.*

Respectfully Submitted,

*/s/ Andrew J. Levander*

ANDREW J. LEVANDER, ESQ. (*pro hac vice*)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
andrew.levander@dechert.com

MICHAEL H. MCGINLEY, ESQ. (*pro hac vice*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
michael.mcginley@dechert.com

ERIC AUSLANDER, ESQ. (*pro hac vice*)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333
eric.auslander@dechert.com

ALFRED J. BENNINGTON, JR., ESQ.
Florida Bar No. 0404985
GLENNYS ORTEGA RUBIN, ESQ.
Florida Bar No. 556361
BENJAMIN F. ELLIOTT, ESQ.
Florida Bar No. 1010706

SHUTTS & BOWEN LLP
300 South Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 423-3200
Facsimile: (407) 425-8316
bbennington@shutts.com
grubin@shutts.com
belliott@shutts.com

*Counsel for Defendants Coventry First LLC and Alan Buerger*

## LOCAL RULE 3.01(G) CERTIFICATION

The undersigned counsel hereby certifies that on August 28 and September 16, 2026, prior to filing this motion, the Parties conferred in good faith and do not agree to the relief sought in this motion.

# Appendix A

*Items for Proposed Sealing*

| Document | Location in Opp. | Substance[5] |
|---|---|---|
| Dkt 121-4 (ABL Fund Valuation Methodology) | Ex. D at 3 | Abacus's own valuation methodology, however, states that it "[redacted]" Dkt. 121-4, at 6 (emphasis added). The valuation methodology goes on to state that [redacted]" *Id.* |
| Dkt. 121-6 (Abacus email concerning fund valuation) | Ex. D at 7, 8 | Indeed, in a May 7, 2025 email Armando Cabrera told Jay Jackson that [redacted]," Dkt. 121-6, at 1. <br> *** <br> Subsequently, in May 2025, Abacus conducted an analysis showing that if it were to "[redacted] while using a similar discount rate, its portfolio value [redacted]. *See* Dkt. 121-6, at 1. This chart from Abacus's ***own analysis*** says it all: [screenshot of chart] |
| Dkt. 121-5 (Abacus email concerning fund valuation) | Ex. D at 8 | Abacus employee estimated that using Lapetus LEs to value Abacus's policy holdings would [redacted] from other, more established and reputable life expectancy providers. Dkt. 121-5, at 1. |

[5] Abacus seeks to maintain the redactions currently in place at Dkt. 137. The highlighted portions in this column show the redactions currently in place, and the full context of the relevant statements is given here for the Court's convenience.