**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br><br>Plaintiff,<br><br>JAY JACKSON,<br>Counterclaim Defendant,<br><br>v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br><br>Defendants and Counterclaimants. | Case No.: 6:25-cv-01401-RBD-RMN<br><br>**JOINT MOTION AND INCORPORATED MEMORANDUM OF LAW TO SEAL OR REDACT PORTIONS OF DEFENDANTS' AMENDED COUNTERCLAIMS, DKT. 127, AND EXHIBITS ATTACHED THERETO** |

Pursuant to M.D. Fla. Local Rule 1.11(b) and the Court's instruction at Dkt. 117, Plaintiff and Counterclaim Defendant Abacus Global Management, Inc. ("Abacus"), and Defendants Coventry First LLC ("Coventry") and Alan Buerger ("Buerger" and, together with Coventry, "Counterclaimants" or "Defendants" and together with Abacus, the "Parties"), respectfully submit this Joint Motion to Seal[1] or Redact Portions of (a) Defendants' Amended Counterclaims, Dkt. 127, attached in unredacted form as **Exhibit 2**, and (b) the Exhibits attached to the Amended

[1] The entirely unredacted version of this Joint Motion—which itself includes material that is temporarily redacted from the public docket pending this Court's Order—is attached as **Exhibit 1** to this Motion.

Counterclaims, Dkts. 127-1–127-21, attached in their unredacted forms as **Exhibits 3–23** of this Motion.

**I. Defendants' Argument**

Defendants propose a balanced approach and believe that the excerpts in the Amended Counterclaims, Dkt. 127 (Ex. 2), relating to three topics—(a) Abacus's outdated valuation methodology, (b) Abacus's use of Lapetus Solutions, Inc. ("Lapetus"), and (c) Lapetus's Life Expectancy Estimates ("LEs") being shorter than others in the industry—should be unredacted and filed publicly. Abacus's actions since the Court's last ruling have confirmed that this content does not warrant redaction. And, at this stage of the litigation, Defendants do not oppose filing the Exhibits attached to the Amended Counterclaims (Dkts. 127-1–127-21, as Exs. 2–22 of this Motion) under seal, should Abacus justify such sealing.[2] The below Appendix identifies each relevant excerpt in the Amended Counterclaims that should be unredacted. *See* **Appendix A.** Moreover, the Parties agree that any excerpts from Dkts. 127-9 through 127-13 (Exs. 11-15) should be filed publicly without redaction.

Defendants do not seek to relitigate the Court's prior Order. *See* Dkt. 115. However, Abacus's own actions since the July 29, 2026 hearing have altered the analysis and undermine any basis for redaction of the specific group of excerpts identified in Appendix A. Those excerpts—twenty-one of which were not subject to

[2] Abacus calls this compromise position "haphazard." *Infra* at 5. But Defendants took this middle-ground position precisely because it would only make public some of the information central to the litigation, while keeping everything else under seal. If it would be less "confusing" to un-redact the documents as well as their excerpts in the Counterclaims, Defendants are amenable to that position.

this Court's prior Order—are at the heart of this suit. And any grounds that Abacus previously had for sealing or redacting some of that content—including the arguments that Abacus's Counsel raised during the July 29, 2026 hearing—are now untenable.

*First*, excerpts from documents about Abacus's now-outdated valuation methods and related internal discussions, *see, e.g.,* Dkts. 127-1, 127-2 (Exs. 3, 4), are not entitled to redactions. In previous filings and at the July 29, 2026 hearing, Counsel for Abacus represented that this content should be sealed because it reflects "how Abacus values its portfolio of policies." *See* July 29, 2026 Tr. of Hr'ng on Motions to Seal at 11:9-10. But, only weeks after making that representation to the Court, Abacus publicly announced that it had, in fact, changed its valuation methodology months before that hearing. A letter from Abacus's Chief Investment Officer informed the public that, "[s]tarting in Q2 2026, [Abacus is] valuing policies under an updated, market based Historical Return Method." *See* https://bit.ly/4xuYVCX at 3.

This recent announcement adopting a new valuation methodology forecloses the representations the Court previously relied upon when sealing that content and reveals that those representations were inaccurate when made. As a result, the analysis for evaluating redactions has shifted—as explained in more detail in the Joint Motion filed simultaneously. There is no doubt that this content is relevant to Abacus's attacks on Defendants' statements about Abacus's valuation practices during the relevant time period. On their face, these documents confirm that Abacus's approach to valuing policies was "[redacted]" Dkt.

121-4 at 3 (emphasis added). But Abacus has now publicly announced that the documents no longer reflect its current valuation practice. Thus, Abacus can no longer claim that disclosure of its outdated methodology would cause it competitive harm.

*Second*, any excerpts from documents about Abacus's rampant use of Lapetus LEs, *see, e.g.,* Dkt. 127-17 (Ex. 19), should not be confidential at this time. Lapetus has gone out of business. There is no legitimate basis to redact language from documents revealing an outdated methodology that used LEs from a now-defunct company—all while Abacus was repeatedly and falsely denying that it relied on Lapetus LEs.

*Third*, excerpts from documents about Lapetus's LEs being shorter than its peers should also be filed publicly for the same reasons. Indeed, Abacus already agreed to unseal documents revealing Lapetus's remarkably short estimates. *See, e.g.,* Dkt. 120-18 (Ex. 20) (showing that Lapetus's actual-to-expected ratio was a remarkably low 41.5%). The same approach here would warrant unsealing of similar content here.

This balanced approach fits within the Court's prior analysis, while accounting for Abacus's own recent actions. Abacus has previously misstated its own business practices—including Abacus's valuation methodology, its use of Lapetus, and Lapetus's tendency to produce short estimates—in public filings without redactions. *See, e.g.,* Dkt. 38 at ¶¶ 6, 7 (First Amended Complaint); Dkt. 126-1 at ¶¶ 6, 7 (Proposed SAC). Abacus has also issued various press releases mischaracterizing developments in this litigation. *See, e.g.,* Dkt. 105-1 at 4 n.1. Abacus may not peddle a public narrative and, in the same breath, invoke concerns of confidentiality to prevent the public from seeing the truth within its own documents.

**II. Abacus's Argument**

Abacus agrees with Coventry that previously sealed documents should remain under seal. Abacus further seeks an order maintaining each redaction currently in place in Defendants' Counterclaims to the extent each pertains to and quotes from a document that the Court previously ordered to be sealed, or that is sealed in connection with this Motion.

First, the case is not at a "later stage" that warrants revisiting determinations made just barely more than a month ago. *See* July 29, 2026 Tr. of Hr'ng on Motions to Seal at 32:19–24. To the extent any documents are kept under seal, excerpts, quotations, or references concerning those documents should be redacted. To allow only the most sensitive information Coventry has selectively excerpted from these documents to be made public is a nonsensical approach that turns the standard for sealing highly confidential, sensitive information on its head, allowing only the most sensitive, non-public information to be disclosed and preventing disclosure of the underlying materials. Defendants have put forward no justification for this haphazard approach, particularly where the Court previously ordered the underlying documents to be sealed; unsealing snippets of documents Coventry wishes to quote from while leaving the balance of the information under seal is not a "middle ground approach;" it is confusing, unprincipled, and lacks any legal justification.

Coventry intentionally misconstrues valuation methodology documents to suggest that Abacus's actions since July 29 require a different outcome. The valuation methodology documents at Dkts. 127-1 through 127-8 still represent a proprietary

process developed by Abacus and its subsidiaries; disclosure of that process would impair Abacus's competitive position. That Abacus itself recently modified its publicly audited and reported valuation process does not render these documents any less valuable, nor does it render any of Abacus's representations at the July 29 hearing inaccurate. And the fact that Coventry has attached eight separate valuation methodologies to its filing appears to be an attempt to flood the docket with Abacus's proprietary information not relevant to the suit, a gambit Coventry has attempted previously. *See* Dkt. 108 at 5–6 (explaining how Coventry has previously used the courts to air negative publicity about its competitors); *see also* July 29, 2026 Tr. of Hr'ng on Motions to Seal at 26:17–27:16 (Coventry's counsel agreeing that Coventry "did not actually have to attach these documents" to its original counterclaims).

As to documents concerning Lapetus and Lapetus LEs, Dkt. 127-17 through Dkt. 127-21, the Court previously ordered substantially similar documents sealed, recognizing that "the Court is not really in a position to know," at this stage of the case, "which documents themselves are going to be the cornerstones[.]" July 29, 2026 Tr. of Hr'ng on Motions to Seal at 31:17–20. And, as is clear on the face of these documents, each contains highly detailed, confidential information regarding specific policy information, including names, dates of birth, policy values, and policy IDs. Further, Lapetus went out of business well before the July 29 hearing, making irrelevant Defendants' argument that the Court should unseal these documents *now* because Lapetus is no longer in business. The fact these documents come from the files of a third party is not a reason to unseal them. *See Suffoletto v. Ferrao*, 2010 WL

11622752, at *2 (M.D. Fla. July 1, 2010) (allowing party to seal documents that "contain confidential and proprietary business and financial information some of which relates to entities not a party to this action").

Abacus further seeks to seal the filings at Dkt. 127-14 through 127-16, which Defendants to not address *supra*. Dkt. 127-14 and -15 are copies of Abacus's Confidential Placement Memorandum, a confidential document shared with investors for the purpose of evaluating potential investments with Abacus. These documents are not publicly disclosed, explain proprietary aspects of Abacus's strategy, and are not relevant to the defamation claims at the core of this action. Moreover, there is no public interest in this information; Abacus discloses relevant, public information regarding its investment strategy through its SEC filings, while the Placement Memoranda add proprietary, non-public information, the disclosure of which could harm Abacus. Finally, Dkt. 127-16 is a copy of the Limited Partnership Agreement of Abacus Premier Income Fixed, LP. As with the above documents, the Partnership Agreement has no relevance to the core issues in this case, nullifying the interest in public disclosure. *See* July 29, 2026 Tr. of Hr'ng on Motions to Seal at 31:13–17 ("[T]he public's access itself really turns on the importance of the documents to the case.").

Abacus does not seek to seal—or redact from—the filings at Dkt. 127-9 through Dkt. 127-13.

Respectfully submitted,

DATED: September 18, 2026

Respectfully Submitted,

*/s/ Alex Zuckerman*
ALEX ZUCKERMAN, ESQ. (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

JASON D. STERNBERG. ESQ.
(Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
OSVALDO RODRIGUEZ, ESQ.
(Fla. Bar No. 1039307)
osvaldorodriguez@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

KATHLEEN S. MESSINGER, ESQ.
(*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Counsel for Plaintiff Abacus Global Management, Inc.*

*/s/ Andrew J. Levander*
ANDREW J. LEVANDER, ESQ. (*pro hac vice*)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
andrew.levander@dechert.com

MICHAEL H. MCGINLEY, ESQ. (*pro hac vice*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
michael.mcginley@dechert.com

ERIC AUSLANDER, ESQ. (*pro hac vice*)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333
eric.auslander@dechert.com

ALFRED J. BENNINGTON, JR., ESQ.
Florida Bar No. 0404985
GLENNYS ORTEGA RUBIN, ESQ.
Florida Bar No. 556361
BENJAMIN F. ELLIOTT, ESQ.
Florida Bar No. 1010706
SHUTTS & BOWEN LLP
300 South Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 423-3200

Facsimile: (407) 425-8316
bbennington@shutts.com
grubin@shutts.com
belliott@shutts.com

*Counsel for Defendants Coventry First LLC and Alan Buerger*

## LOCAL RULE 3.01(G) CERTIFICATION

The undersigned counsel hereby certifies that on August 28 and September 16, prior to filing this motion, the Parties conferred in good faith and do not agree to the relief sought in this motion. Defendants have also conferred with Counsel for Grant Thornton LLP and Counsel for Morpheus Research. Counsel for Grant Thornton LLP consents to Defendants' request for relief to file excerpts of Defendants' Amended Counterclaims quoting Grant Thornton LLP's documents, Dkts. 127-1—3 and Dkts. 127-6—127-8, on the public docket and without redactions. And Counsel for Morpheus Research does not consent to the relief sought in this Motion as it relates to the Morpheus deposition at Dkt. 127-10, but also does not intend to seek any sealing or redactions.

*/s/ Andrew J. Levander*
ANDREW J. LEVANDER

## Appendix A – Defendants' Proposed Excerpts To Be Filed Publicly Without Redactions

| Document(s) | Location(s) Of Excerpts In Amended Counterclaims (Ex. 1) | Substance Of Excerpts In Amended Counterclaims |
|---|---|---|
| **Abacus's Valuation Methodology** | | |
| Dkt. 121-3 | Ex. 2 at 4, 14 | Abacus COO and CFO Bill McCauley explaining that when "[redacted]" Abacus chose to "[redacted]" to that end whenever available. |
| Dkt. 121-5 | Ex. 2. at 4, 13 | Outdated analysis showing that use of Lapetus LEs to value Abacus's policy holdings would "[redacted]" to the valuation even "[redacted]" |
| Dkt. 121-6 [Including Chart] | Ex. 2 at 5, 28, 37, 40-41 | Emails about now-defunct Lapetus and its LEs, revealing that if Abacus were to [redacted], its portfolio value [redacted] |
| Dkt. 121-8 | Ex. 2 at 13, 15 | Explanation of Abacus taking its outdated "[redacted]" to develop the "[redacted]" |
| Dkts. 127-1; 127-2; 127-3; 127-4; 127-5; 127-6; 127-7; 127-8 | Ex. 2 at 16 | Outdated valuation methodology documents demonstrating that Abacus continuously employed Lapetus-dependent valuation methodology for years. |
| **Abacus's Use Of Lapetus** | | |
| Dkt. 121-15 | Ex. 2 at 14, 25 | Revealing that Lapetus LEs were a critical input that Abacus used in "[redacted]" of the policies reported on its "[redacted]" |
| Dkt. 121-23 | Ex. 2 at 39 | Abacus's record showing that it predominantly relied on Lapetus. |
| Dkts. 127-17; 127-18; 127-19; 127-20 | Ex. 2 at 37 n.7 | Abacus's records showing that it predominantly relied on LEs from now-defunct Lapetus. |

| Lapetus's LEs Being Shorter Than Other LEs In The Industry | | |
|---|---|---|
| Dkt. 121-26 | Ex. 2 at 41 | Abacus's own employee noting that "[redacted]" |
| Dkt. 127-11 | Ex. 2 at 23 | Independent consultant's acknowledgement that mortality-experience analyses of Lapetus showed [redacted]. |