**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br><br>Plaintiff and Counterclaim Defendant,<br><br>JAY JACKSON,<br>Counterclaim Defendant,<br><br>v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br><br>Defendants and Counterclaimants. | Case No.: 6:25-cv-01401-RBD-RMN |

**PLAINTIFF'S SHORT FORM MOTION TO ENFORCE AND COMPEL TREYLED INSURANCE GROUP, INC. TO COMPLY WITH SUBPOENA PURSUANT TO FED. R. CIV. P. 45**

In January 2026, this Court ordered Defendants to produce "highly relevant" documents concerning "how Coventry operates its business down to the very valuations of the policies . . . and how they're selling them," because that was the apparent basis for Defendants' false claims. Ex. A, Jan. 29, 2026 Hr'g Tr. 29:13-17.

Coventry claimed Abacus manipulated its valuations and exaggerated its earnings. Dkt. 38 ¶ 199. But Coventry omitted two facts it wants quiet: (1) it uses a nearly identical valuation methodology; and (2) ***while it was defaming Abacus, Coventry was profiting more than twice as much as Abacus was from the sale of life insurance policies.*** Ex. B, Cohen Dep. Tr. 154:11-155:4, 161:22-162:8; Ex. C at CF00007702; Exs. D, E.

Now, Abacus seeks an order pursuant to Rule 45 compelling non-party Treyled Insurance Group, Inc. to comply with Abacus's Subpoena dated September 25, 2026 ("Subpoena"), Ex. F, and produce materials related to Coventry's business operations, specifically deposition and hearing records from an arbitration Coventry initiated against Treyled, *Coventry First LLC v. Treyled Ins. Grp., Inc.*, No. 01-21-0017-1115 (Am. Arb. Ass'n Oct. 28, 2021) ("Arbitration"). Ex. G at 9. Treyled consents to the Court's personal jurisdiction in connection with the Subpoena and does not object, provided that production complies with its confidentiality obligations. Ex. H at 2.

*Coventry*, not Treyled, opposes on relevance and confidentiality grounds. But the Court already ruled that this material is relevant and overruled confidentiality concerns where, as here, an adequate confidentiality agreement is in place. Ex. A at 22:5-8. The Court should grant Abacus's motion.

***Relevance***. The Subpoena seeks "[a]ll Documents and Communications Relating to the [Arbitration] hearing testimony and deposition transcripts,

including all exhibits thereto, in the [Arbitration].” Ex. F at 4. The Arbitration, like this action, concerns Coventry’s business operations, including Coventry’s pricing and profits, as Coventry itself admitted. *See* Ex. I at 2 (Coventry explaining it would produce “transactional sales data” in the Arbitration). For instance, the Arbitration included testimony about “Coventry’s ‘average profit’ on life settlement contracts that Coventry purchased.” Ex. G at 11, 13. As this Court previously found, how Coventry prices and values life insurance policies, and what it earns on related transactions, are “highly relevant” to the pending action. Ex. A at 29:13-30:5. That the subpoenaed materials concern the same issues makes them relevant and discoverable under Rule 26’s broad ambit.

***Confidentiality***. The Arbitration’s confidentiality order permits this discovery and specifically contemplates a party’s production of Arbitration-related materials if “ordered to do so by a court of competent jurisdiction.” Ex. J (“Arbitration C.O.”) § XI. And Treyled possesses the documents requested because the Arbitration C.O. allows counsel to retain “deposition transcripts, and the hearing record (including exhibits),” even following final resolution. Ex. J § VIII. Treyled can ensure the continued confidentiality of these documents by stamping them Highly Confidential. Dkt. 54-3 (Confidentiality Agreement) §§ 2.7, 7.1.

Accordingly, Plaintiff respectfully requests that the Court order Treyled to produce the hearing record, deposition transcripts, and related exhibits from the Arbitration.

**Local Rule 3.01(g) Certificate**

Pursuant to Local Rule 3.01(g), I hereby certify that Plaintiff's counsel conferred with Defendants' counsel by phone conference on Friday, November 13th concerning the relief requested in this Motion. Defendants did not provide a position and have not given their position in the time since, despite repeated attempts by Plaintiff's counsel to resolve the dispute. Plaintiff's counsel indicated to counsel for Defendants via email on Monday, November 16th that the parties are an impasse. Counsel for defendants still have not provided a position.

Dated: November 17, 2026

/s/ *Alex Zuckerman*
ALEX ZUCKERMAN, ESQ. (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

JASON D. STERNBERG, ESQ.
(Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
OSVALDO RODRIGUEZ, ESQ.
(Fla. Bar No. 1039307)
osvaldorodriguez@quinnemanuel.com

2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

KATHLEEN S. MESSINGER, ESQ. (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Counsel for Plaintiff Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 17, 2026, a true and correct copy of the foregoing document was electronically served via the CM/ECF system on all parties authorized to accept service by CM/ECF.

*/s/ Alex Zuckerman*
Alex Zuckerman