# EXHIBIT H

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ABACUS GLOBAL MANAGEMENT, INC., a corporation,<br><br>Plaintiff and Counterclaim Defendant,<br><br>JAY JACKSON,<br>Counterclaim Defendant,<br><br>v.<br><br>COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,<br><br>Defendants and Counterclaimants. | Case No.: 6:25-cv-01401-RBD-RMN |

**STIPULATION BETWEEN ABACUS GLOBAL MANAGEMENT, INC. AND TREYLED INSURANCE GROUP INC. TO RESOLVE MOTION TO COMPEL DOCUMENTS PURSUANT TO SUBPOENA**

WHEREAS, Plaintiff Abacus Global Management, Inc. ("Abacus") has caused a Subpoena to Produce Documents, Information, or Object or to Permit Inspection of Premises in a Civil Action (attached hereto as Exhibit 1, the "Subpoena") dated September 25, 2026 to be issued to Treyled Insurance Group Inc. ("Treyled");

WHEREAS, the Subpoena commands Treyled to comply with it in Houston, Texas;

WHEREAS, Treyled does not object to producing the transcripts and exhibits from the Arbitration (i.e., documents sought by the Subpoena) so long as the production complies with all relevant confidentiality orders;

WHEREAS, Defendant Coventry First LLC ("Coventry") has objected to Treyled's production of documents (attached hereto as Exhibit 2) responsive to the Subpoena;

WHEREAS, Federal Rule of Civil Procedure 45(f) permits transfer of a subpoena-related motion to the issuing court upon consent of the person subject to the subpoena;

WHEREAS, Treyled consents to the jurisdiction of the United States District Court for the Middle District of Florida in this action, Case No.: 6:25-cv-01401-RBD-RMN, for the limited purpose of resolving Abacus's Motion to Compel Treyled's compliance with the Subpoena;

NOW, THEREFORE, Treyled and Abacus stipulate and agree that, except as provided herein, Treyled's consent to personal jurisdiction does not extend to any other purpose or proceeding.

**IT IS SO STIPULATED, THROUGH COUNSEL FOR PLAINTIFF AND NONPARTY TREYLED INSURANCE GROUP, INC.**

DATED: November 17, 2026

/s/ *Alex Zuckerman*
ALEX ZUCKERMAN, ESQ. (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

JASON D. STERNBERG, ESQ.
(Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
OSVALDO RODRIGUEZ, ESQ.
(Fla. Bar No. 1039307)
osvaldorodriguez@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

KATHLEEN S. MESSINGER, ESQ.
(*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Counsel for Plaintiff Abacus Global Management, Inc.*

*/s/ James W. Maxson*
*Counsel for Nonparty Treyled Insurance Group Inc.*

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Abacus Global Management, Inc.
*Plaintiff*
v.
Coventry First LLC and Alan Buerger
*Defendant*

Civil Action No. 6:25-cv-1401-RBD-RMN

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: TREYLED INSURANCE GROUP INC.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment 1

| Place: Quinn Emanuel Urquhart & Sullivan LLP<br>700 Louisiana St., Suite 3900, Houston, TX 77002 | Date and Time:<br>10/12/2026 9:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/25/2026

*CLERK OF COURT*

OR

_______________________
*Signature of Clerk or Deputy Clerk*

/s/ Alex Zuckerman
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Abacus Global Management Inc. , who issues or requests this subpoena, are:
Alex Zuckerman; Quinn Emanuel Urquhart & Sullivan LLP; 295 5th Ave., 9th Floor, New York, NY 10016; alexzuckerman@quinnemanuel.com; 212-849-7000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 6:25-cv-1401-RBD-RMN

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________

______________________________________________________________

______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________

______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT 1**

Pursuant to Federal Rule of Civil Procedure 45 and the accompanying subpoena ("Subpoena"), you are hereby requested to produce for inspection and copying the Documents and Communications identified below:

**DEFINITIONS & INSTRUCTIONS**

The requests above are subject to and incorporate the following definitions and instructions, regardless of whether upper or lower case letters are used:

1. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by or through any oral, written, or electronic means, including without limitation speech, writings, language (machine, foreign, or otherwise), computer electronics of any kind, e-mail, text messages, iMessage, WhatsApp messages, Telegram messages, Signal messages, Discord messages, social media (including without limitation any posts, direct messages, or other communications through, without limitation, Facebook, Instagram, and X), chat logs with any artificial intelligence or large language model (including without limitation ChatGPT, Claude, Grok, Gemini, and Copilot), magnetic and or optical disks, floppy disks, compact discs, CD-ROM discs, smart phones, sound, radio or video signals or recordings, telecommunications, telephone, teletype, facsimile, microfilm, stored photographs or videos of any type, or other media of any kind.

2. "Coventry" means Coventry First LLC and includes any of its subsidiaries, affiliates, predecessors, or successors, and any partners, officers, directors, employees, or agents acting on its behalf.

3. "Coventry Arbitration" means the arbitration initiated by Coventry against Treyled Insurance Group, Inc. and Daniel Zeplain before the American Arbitration Association with AAA case number 01-21-0017-1115.

4. "Document" is used in its broadest sense and shall mean, without limitation, any written, typed, graphic, or printed matter, in its entirety, including any addenda, supplements, amendments, revisions, exhibits, and appendices thereto, and in its original form (or copies thereof where originals are unavailable), together with any copies thereof bearing notations, memoranda, or other written information not on the original, including, but not limited to, correspondence, memoranda, notes, drafts, records, letters, envelopes, telegrams, teletypes or telecopy messages, facsimile messages, e-mails, contracts, agreements, statistical statements and records, financial statements, trade letters, press releases, plans, schedules, comparisons, telephone logs and messages, articles, magazines, newspapers, resolutions, minutes or transcripts of meetings, inter-office and intra-office communications, electronic mail/message, charts, graphs, photographs, audio recording, videos, films, tapes, discs and diskettes, data cells, print-outs, computer input data, computer output data, computer runs, including without

limitation, electronically sensitive storage media such as microfiche, microfilm, computer disk, magnetic tapes, including any deleted files and any archived files, and any preliminary data or revisions of the foregoing, or other tangible things which constitute or contain matters within the scope of the Federal Rules of Civil Procedure, and which are within the possession, custody, or control of You or any past or present agent, employee, consultant, attorney, or any other Person acting on Your behalf. The term "Document" also includes the file, folder, tabs, and label attached to or containing any Document.

5. "Person" means any natural person, firm, partnership, association, joint venture, corporation, limited liability company, government agency, or other organization, or legal or business entity.

6. "Relating to" means constituting, compromising, concerning, containing, mentioning, pertaining to, involving, describing, depicting, discussing, commenting on, embodying, referring to, responding to, supporting, setting forth, showing, disclosing, explaining, or summarizing, either directly or indirectly, in whole or in part, as the context makes appropriate, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

7. "You" or "Treyled" means Treyled Insurance Group, Inc. and includes any of its subsidiaries, affiliates, predecessors, or successors, and any partners, officers, directors, employees, or agents acting on its behalf.

8. In producing documents and other materials, You shall furnish all responsive documents or things in Your possession, custody or control, regardless of whether such documents or materials are possessed directly by You or Your agents, employees, representatives, affiliates, partners, or investigators.

9. The relevant timeframe for any of the Document Requests is from at least October 28, 2021, to May 16, 2024, unless otherwise noted.

## DOCUMENTS REQUESTED

1. All Documents and Communications Relating to the arbitration hearing testimony and deposition transcripts, including all exhibits thereto, in the Coventry Arbitration.

# EXHIBIT 2

**From:** Madeline Silverman <MSilverman@gfmlaw.com>
**Sent:** Wednesday, October 7, 2026 4:39 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Cc:** Neil R. Lapinski <NRLapinski@gfmlaw.com>
**Subject:** FW: Notice of Subpoena

**[EXTERNAL EMAIL from msilverman@gfmlaw.com]**

Alex,

See our exchange below regarding the Treyled subpoena. It looks like you'll need to file a motion to compel. Attached is the confidentiality order from the Treyled Arbitration. Happy to talk.

See you Friday.

Best,

Maddy

**Madeline Silverman, Esquire**
**MSilverman@gfmlaw.com**
Check out our website here

**1925 Lovering Avenue**
**Wilmington, DE 19806**
**302-652-2900 (telephone)**
**302-652-1142 (telefax)**

GORDON, FOURNARIS & MAMMARELLA, P.A. does not accept or request changes to wiring instructions via e-mail or fax. If you receive wiring instructions from our firm, call a trusted number at our office and speak to the individual who provided the instructions.

Attention: This electronic message and all contents contain information from the law firm of Gordon, Fournaris & Mammarella, P.A. which may be privileged, confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately and destroy the original message and all copies.

---

**From:** Madeline Silverman <MSilverman@gfmlaw.com>
**Sent:** Wednesday, October 7, 2026 4:28 PM
**To:** Brown, Kenneth <KBrown@wc.com>
**Cc:** Neil R. Lapinski <NRLapinski@gfmlaw.com>
**Subject:** RE: Notice of Subpoena

Ken,

We take your email to mean that Coventry First will not consent to Treyled's production of documents responsive to the Subpoena. We will let Quinn Emmanuel know. If they move to compel, we will alert you immediately so that Coventry First can intervene to protect any rights it may have under the Confidentiality Order. It's worth reminding you that the only documents that the Subpoena seeks are the transcripts and exhibits, nothing to do with "work product" or Coventry First's production in the Arbitration.

Best,

Maddy

**Madeline Silverman, Esquire**
**MSilverman@gfmlaw.com**
Check out our website here

**1925 Lovering Avenue**
**Wilmington, DE 19806**
**302-652-2900 (telephone)**
**302-652-1142 (telefax)**

GORDON, FOURNARIS & MAMMARELLA, P.A. does not accept or request changes to wiring instructions via e-mail or fax. If you receive wiring instructions from our firm, call a trusted number at our office and speak to the individual who provided the instructions.

Attention: This electronic message and all contents contain information from the law firm of Gordon, Fournaris & Mammarella, P.A. which may be privileged, confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately and destroy the original message and all copies.

---

**From:** Brown, Kenneth <KBrown@wc.com>
**Sent:** Tuesday, October 6, 2026 3:51 PM
**To:** Madeline Silverman <MSilverman@gfmlaw.com>
**Cc:** Neil R. Lapinski <NRLapinski@gfmlaw.com>
**Subject:** RE: Notice of Subpoena

You don't often get email from kbrown@wc.com. Learn why this is important

Madeline and Neil,

For the reasons that follow, Coventry objects to the production by Treyled Insurance Group, Inc. ("Treyled") of any documents in response to the subpoena ("Subpoena") Treyled received in the lawsuit captioned *Abacus Global Management, Inc v. Coventry First LLC and Alan Buerger*, C.A. No. 6:25-cv-1401-RDB-RMN (M.D. Fla.) ("the Abacus Litigation").

First, as you are aware, the requested documents are subject to the Confidentiality Order entered on April 22, 2022 in the arbitration between Coventry First LLC and Treyled Insurance Group Inc., AAA case number 01-21-0017-1115 (the "Arbitration"). As you also know, section XI of the Confidentiality Order specifically prohibits Treyled from producing or disclosing the Requested Documents "until ordered to do so by a court of competent jurisdiction." No court has ordered such production here.

Second, the Confidentiality Order permits the use of these documents by Treyled and its counsel "solely for the purpose of conducting this arbitration or in any court proceeding to confirm, vacate, or modify the award in this arbitration." Confidentiality Order, Section III. We understand that Gordon, Fournaris & Mammarella, P.A. entered an appearance as counsel for Jay Jackson in the Abacus Litigation on September 9, 2026. Certainly, the use by your firm of materials designated Confidential or Highly Confidential in the Coventry Arbitration on behalf of a different client in the Abacus Litigation would violate this provision. We also understand that the Subpoena was served on Treyled approximately two weeks after your law firm appeared in the Abacus Litigation, the timing of which plainly is not coincidental. It appears that a conflict of interest exists between your firm's duties to Treyled pursuant to the Confidentiality Order and its representation of Jay Jackson in the Abacus Litigation. Please provide details about any steps your firm has taken to address this conflict.

Third, the Subpoena is overly broad on its face. Based on our understanding of the Abacus Litigation, we do not believe the issues addressed in the Arbitration have any relevance to the issues in the Abacus Litigation. Moreover, the Arbitration materials include extremely sensitive and highly confidential trade secrets and personally identifying information, underscoring why such documents were designated as Confidential or Highly Confidential.

We also presume that you have complied with the Return of Materials provision of the Confidentiality Order, which permitted retention only of "counsel's work product, … pleadings, deposition transcripts, and the hearing record (including exhibits)." Confidentiality Order, Section VIII. Please confirm whether any materials beyond these categories have been retained and whether Treyled proposes to produce them in the Abacus Litigation. Please also confirm whether Treyled intends to produce any work product; if so, Coventry intends to subpoena all work product created by your firm in connection with the Coventry Arbitration.

Finally, the Subpoena attempts to circumvent discovery from Coventry—a party to the ongoing Abacus Litigation—by seeking documents from Treyled, a third party which would not possess many of the Requested Documents but for the Arbitration. *See Savant Sys., LLC v. Crestron Elecs., Inc.*, 2012 WL 987404, at *4 (E.D. Pa. Mar. 22, 2012) (protections of a confidentiality order should not be vitiated by an order to produce the same materials in another case).

For all of these reasons, Treyled is not permitted to produce documents in response to the Subpoena. Please confirm no later than tomorrow, October 7, 2026, that you will refrain from doing so.

Best regards,

Ken

Kenneth J. Brown

Williams & Connolly LLP
680 Maine Ave., S.W., Washington, DC 20024
202-434-5818 | vcard | Bio

---

**From:** Madeline Silverman <MSilverman@gfmlaw.com>
**Sent:** Wednesday, September 30, 2026 7:32 PM
**To:** Brown, Kenneth <KBrown@wc.com>
**Cc:** Neil R. Lapinski <NRLapinski@gfmlaw.com>
**Subject:** Notice of Subpoena

Ken,

Treyled Insurance Group, Inc. received a subpoena (the "Subpoena") in the action captioned *Abacus Global Management, Inc v. Coventry First LLC and Alan Buerger*, C.A. No. 6:25-cv-1401-RDB-RMN, pending in the United States District Court for the Middle District of Florida. The Subpoena, attached hereto, seeks the production of information designated Confidential or Highly Confidential Information in the arbitration between Coventry First LLC and Treyled Insurance Group Inc., AAA case number 01-21-0017-1115 (the "Coventry Arbitration"). Specifically, the Subpoena seeks hearing testimony and deposition transcripts, including all exhibits thereto, in the Coventry Arbitration. And so, pursuant to Section XI of the Confidentiality Order entered in the Coventry Arbitration, we are giving you notice of the Subpoena. Please let us know if you consent to Treyled Insurance Group Inc.'s production of documents sought by the Supboena.

Best,

Maddy

**Madeline Silverman, Esquire**
**MSilverman@gfmlaw.com**
Check out our website here

**1925 Lovering Avenue**
**Wilmington, DE 19806**
**302-652-2900 (telephone)**
**302-652-1142 (telefax)**

GORDON, FOURNARIS & MAMMARELLA, P.A. does not accept or request changes to wiring instructions via e-mail or fax. If you receive wiring instructions from our firm, call a trusted number at our office and speak to the individual who provided the instructions.

Attention: This electronic message and all contents contain information from the law firm of Gordon, Fournaris & Mammarella, P.A. which may be privileged, confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately and destroy the original message and all copies.