# EXHIBIT J

**AMERICAN ARBITRATION ASSOCIATION**

| | |
|---|---|
| COVENTRY FIRST LLC,<br><br>*Claimant,*<br><br>v.<br><br>TREYLED INSURANCE GROUP, INC., AND DANIEL ZEPLAIN,<br><br>*Respondents.* | AAA Case No.: 01-21-0017-1115 |

**CONFIDENTIALITY ORDER**

WHEREAS the parties agree that pre-hearing discovery in the above-captioned arbitration will involve the production of confidential, sensitive, commercial, financial or business information, the Panel enters the following Confidentiality Order limiting the disclosure of such information pursuant to the agreement of the parties UDB.

**I. Scope**

A. Confidential Information. All documents, information, electronically stored information ("ESI"), testimony, or other things furnished by a party or non-party in conjunction with this arbitration that the party or non-party considers in good faith to contain, reflect, or comment upon proprietary, confidential, sensitive, commercial, medical, compensation, financial or business information ("Confidential Information") may be designated CONFIDENTIAL and furnished to the parties pursuant to the terms of this Confidentiality Order. The party receiving the Confidential Information shall treat it as proprietary information and shall not use or disclose the information except as set forth in this Confidentiality Order.

B. Highly Confidential—Attorneys' Eyes Only Information. Extremely sensitive

Confidential Information, including technical and competitively-sensitive information, the disclosure of which to another party or non-party would create a substantial risk of serious financial or other harm that could not be avoided by less restrictive means. By way of example and not limitation, Highly Confidential—Attorneys' Eyes Only Information includes, but is not limited to: transactional sales data; non-public research or analysis; regulatory information; customer information; financial, marketing, or strategic information; business-planning information; trade secrets; and pricing information.

C. The provisions of this Confidentiality Order extend to all Confidential or Highly Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admission, deposition transcripts, deposition exhibits, and any other discovery materials and tangible things that are produced, made available for inspection, disclosed, or filed in this arbitration, including any copies, notes, abstracts, or summaries of the foregoing materials.

D. Counsel of Record. As used herein, "Counsel of Record" shall mean Williams & Connolly LLP; Gordon, Fournaris & Mammarella, P.A.; and all other Claimant and Respondent counsel of record and their respective partners, associates and staff.

**II. Designation of Confidentiality**. Documents or information may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY within the meaning of this Confidentiality Order in the following ways:

A. Documents. In the case of documents and the information contained therein,

designation shall be made by means of the following legend placed on each page of any such document: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

B. Other Discovery. In the case of interrogatory answers, responses to requests for admissions and the information contained therein, designation shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY. The following legend shall be placed on the front of any set of discovery responses containing any information designated under this Confidentiality Order: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION."

C. Depositions. In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential or Highly Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from counsel to the court reporter, with copies to Counsel of Record, within 30 days of receipt of the final deposition transcript or copy thereof. The entire deposition transcript (including exhibits) shall be treated as Confidential or Highly Confidential Information under this Confidentiality Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own

deposition during this thirty-day period. Counsel also may agree to extend the time period for providing such designations. Before the above-referenced 30-day period (and any agreed-to extension thereof) has passed, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript: "TREAT AS HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION UNTIL FURTHER DESIGNATION." After the above-referenced 30-day period (and any agreed-to extension thereof) has passed, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing any information designated under this Confidentiality Order: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION." If all or part of a videotaped deposition is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, the videocassette or other videotape container shall be labeled with the legend provided for in paragraph II(a) above.

D. Electronically Stored Information. To the extent that matter stored or recorded in the form of ESI is produced by any party in such form, the producing party may designate such matter as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY by affixing electronic brands to each document to be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY. Whenever any party to whom ESI designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY is produced reduces such material to hard-copy form, such party shall

ensure that the electronic branding is maintained on any hard copies of the documents. To the extent that any party or counsel for any party creates, develops or otherwise establishes any ESI, including any database, disc or tape, which contains information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, that party and/or its counsel must take all necessary steps to ensure that access to that ESI is properly restricted to those persons who, by the terms of this Confidentiality Order, may have access to the information.

III. **<u>Use of Confidential or Highly Confidential Information</u>**. Confidential or Highly Confidential Information shall be used by any party, other than the producing party, solely for the purpose of conducting this arbitration or in any court proceeding to confirm, vacate, or modify the award in this arbitration, with the sole exception of disclosure under legal compulsion (after notice and opportunity to be heard have been provided in accordance with paragraph XI below).

IV. **<u>Disclosure of Confidential or Highly Confidential Information</u>**.

A. Access to information designated CONFIDENTIAL pursuant to this Confidentiality Order shall be limited to:

i. counsel for the parties (including in-house counsel for the parties), as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this arbitration;

ii. outside photocopying, data processing, graphic production, stenographers, or videographers employed by the parties or their counsel to assist in this arbitration;

iii. any outside expert who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting and/or testifying in this arbitration;

iv. any party or any director, officer or employee of a party charged with the responsibility for making business decisions dealing directly with the resolution of this arbitration;

v. any person whose testimony is taken or is to be taken by deposition or at trial in this arbitration who in good faith is required to be shown or questioned about such material in order to assist counsel for the parties in the preparation or the conduct of this arbitration, provided disclosing counsel determines in good faith that the disclosure is appropriate to the effective prosecution or defense of the arbitration;

vi. any person who authored or received the particular material sought to be disclosed to that person (provided that the document has not been altered since that person authored or received the material);

vii. this Panel or any Court exercising jurisdiction with respect to this arbitration, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this arbitration; and

viii. any other person to whom the party producing the information agrees in writing.

B. Access to information designated as HIGHLY CONFIDENTIAL—

ATTORNEYS' EYES ONLY pursuant to this Confidentiality Order shall be limited to the persons identified in paragraphs IV(A)(i)–(iii) and (vi)–(viii).

V. **Notification of Confidentiality Order**. Confidential or Highly Confidential Information shall not be disclosed to persons described in paragraphs IV (B), (C), (D), or (E) unless and until such person has executed a Certification in substantially the form attached hereto as Exhibit A. The originals of such Certifications shall be maintained by counsel for the party who obtained them until the final resolution of this arbitration. Upon a showing of good cause to the panel, copies of all executed Certifications shall be provided to the counsel for opposing parties within 30 days. This prohibition includes either direct or indirect disclosure, including but not limited to any disclosure by counsel or experts.

VI. **Objections to Designations**. A party shall not be obligated to object to the propriety of a Confidential or Highly Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent objection thereto. In the event a party objects to the designation under this Confidentiality Order by another party of any material, the objecting party shall consult with the other party to attempt to resolve their differences. The objecting party shall advise the designating party in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it. Within five business days of receiving the written objection, the designating party shall advise whether the designation will be removed. The party responding to the objection must have a good faith basis for defending its designation. If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may apply to the panel for a ruling that the material shall not be so

treated, giving notice to the party which has produced the material. The producing party has the burden of supporting its designation. If the parties are unable to reach an accord and if no application to the panel is made, the material will remain as designated. Any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY, but which is subject to a dispute as to its proper designation, shall be treated in accordance with its putative designation pending resolution of the dispute.

VII. **Preservation of Rights and Privileges**. Nothing contained in this Confidentiality Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Confidentiality Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential or Highly Confidential Information, or of any right which any party may have to assert such privilege at any stage of this arbitration.

VIII. **Return of Materials**. Within 21 days after the final resolution of this arbitration or any court proceeding to confirm, vacate, or modify the award in this arbitration, all Confidential or Highly Confidential Information produced by a party, including copies, abstracts, summaries or other information, shall be destroyed or, at the request of the party that produced the information, returned to counsel for that party. As to those materials that contain or reflect Confidential or Highly Confidential Information, but which constitute or reflect counsel's work product, Counsel of Record for the parties shall be entitled to retain such work product in their files in accordance with the

provisions of this Confidentiality Order, so long as it is clearly marked to reflect that it contains information subject to Confidentiality Order. Counsel shall be entitled to retain pleadings, deposition transcripts, and the hearing record (including exhibits) even if such materials contain Confidential or Highly Confidential Information, so long as such materials, in accordance with the provisions of this Confidentiality Order, are clearly marked to reflect that they contain information subject to Confidentiality Order. Counsel retaining court reporters shall have the responsibility for ensuring their compliance with this paragraph and shall notify counsel for the other parties when compliance is complete.

IX. **Inadvertent or Unintentional Disclosure**. The inadvertent or unintentional disclosure by the producing party of Confidential or Highly Confidential Information, or information subject to a claim of privilege, including, but not limited to, the attorney-client privilege or work-product doctrine (an "Inadvertently Produced Privileged Document"), regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. A producing party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return. If a party receives information that it believes may be subject to a claim of privilege or protection from discovery, the receiving party shall promptly notify the producing party. When a producing party or receiving party identifies such privileged or protected information, the receiving party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall take reasonable steps to retrieve the information from others to

which the party disclosed the information; (3) shall, within five (5) business days of the producing party's request, return to the producing party or destroy the information and destroy all copies thereof; and (4) shall confirm to the producing party the destruction, under (3) above, of all copies of the information not returned to the producing party. No one shall use the fact or circumstances of production of the information in this arbitration to argue that any privilege or protection has been waived. Nothing contained within this paragraph prevents a party from challenging such a designation of documents or information as Confidential or Highly Confidential Information pursuant to the procedures contained in paragraph VI.

X. **No Admissions**. A party's compliance with the terms of this Confidentiality Order shall not operate as an admission regarding the confidentiality, admissibility, or privileged nature of any particular document or information.

XI. **Notice**. Any party or person in possession of Confidential or Highly Confidential Information or an Inadvertently Produced Privileged Document with respect to which the producing party has asserted a claim of privilege in accordance with paragraph IX who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Confidentiality Order, which subpoena seeks production or other disclosure of such Confidential or Highly Confidential Information or an Inadvertently Produced Privileged Document, shall promptly give written notice by electronic mail to counsel for the party who produced or designated the materials as confidential or privileged identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform

the person seeking the Confidential or Highly Confidential Information or an Inadvertently Produced Privileged Document that such Information is either confidential or privileged, subject to Confidentiality Order and may not be disclosed without the consent of the party that produced the Confidential or Highly Confidential Information or designated the document as privileged, or court order. The person subject to the subpoena or other process shall not produce or disclose the requested information until ordered to do so by a court of competent jurisdiction.

XII. **Non-Parties**. This Confidentiality Order shall apply to non-parties who are obliged to provide discovery, by deposition, production of documents or otherwise, in this arbitration, unless the non-party waives the protection of this Confidentiality Order. This Confidentiality Order shall also apply to non-parties who are afforded access to documents or information produced during discovery in this arbitration, whether by deposition, production of documents or otherwise.

XIII. **Violation**. Any party to this arbitration may file a motion requesting the panel to sanction or hold in contempt of panel anyone who violates the terms of this Confidentiality Order.

XIV. This Confidentiality Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the panel made upon reasonable written request.

Dated: April 21, 2022

WILLIAMS & CONNOLLY LLP

/s/ David Randall J. Riskin
Kenneth J. Brown
kbrown@wc.com
David Randall J. Riskin
driskin@wc.com
Thomas K. White
twhite@wc.com
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Claimant*

GORDON, FOURNARIS &
MAMMARELLA, P.A.

/s/ Neil R. Lapinski
Neil R. Lapinski, Esq.
1925 Lovering Avenue
Wilmington, DE 19806
Telephone: (302) 652-2900
Email: nlapinski@gfmlaw.com

*Counsel for Respondents*

IT IS SO ORDERED this 22d day of April, 2022 pursuant to the agreement of the parties LDB

Lawrence D. Berger
Chair, for the Panel

**AMERICAN ARBITRATION ASSOCIATION**

| | |
|---|---|
| COVENTRY FIRST LLC,<br><br>*Claimant,*<br><br>v.<br><br>TREYLED INSURANCE GROUP, INC., AND DANIEL ZEPLAIN,<br><br>*Respondents.* | Arbitration Number: 01-21-0017-1115 |

**CERTIFICATION**

1. My name is ______________________________.

2. I live at ____________________________.

3. I am employed as (state position) ______________________________ by (state name and address of employer) ____________________________________________________.

4. I have been given a copy of the Confidentiality Order in this arbitration and read it. I agree to be bound by the Confidentiality Order. I will not reveal Confidential or Highly Confidential Information to anyone, except as allowed by the Confidentiality Order. I will not use Confidential Information for any purpose except as allowed by the Confidentiality Order. I will maintain all such Confidential or Highly Confidential Information in a secure manner to prevent unauthorized access to it. No later than 21 days after the conclusion of this action, I will return the Confidential or Highly Confidential Information to the counsel who provided me with the Confidential or Highly Confidential Information or destroy the Confidential or Highly Confidential Information.

5. I hereby consent to the jurisdiction of the arbitration panel for the purpose of enforcing the Confidentiality Order.

6. I declare under penalty of perjury that the foregoing is true and correct.

Date: ______________________________

City and State where sworn and signed: ______________________________

Printed name: _________________________

Signature: _________________________