**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ABACUS GLOBAL MANAGEMENT, INC., a corporation,

Plaintiff,

v.

COVENTRY FIRST LLC, a limited liability company; ALAN BUERGER, an individual,

Defendants.

Case No. 6:25-cv-01401

**DEFENDANTS' TIME SENSITIVE SHORT FORM MOTION TO ENFORCE SUBPOENA AND COMPEL PRODUCTION OF DOCUMENTS FROM NON-PARTY KPMG LLP**

COVENTRY FIRST LLC and ALAN BUERGER ("Coventry") move, pursuant to the Court's Order [DE 63] and Rule 45(d)(2)(B)(i), to compel KPMG LLP ("KPMG"), Plaintiff's current auditor, to produce documents responsive to Coventry's subpoena ("Subpoena"). **Exhibit A**. Plaintiff objects without moving to quash or seeking a protective order.

Coventry designates this as time sensitive as this discovery informs presently scheduled depositions and requests a ruling by December 4.

Plaintiff places its auditors at the center of this case. It alleges that Coventry's "core claim" is that Abacus relies on Lapetus estimates "to intentionally overvalue the policies it buys and sells," and Plaintiff relies on its auditor's "unqualified opinions, including as to [Abacus's] valuation approach." [DE 38 ¶¶ 6, 76]. The Subpoena seeks KPMG's documents concerning those subjects. Ex. A, Req. Nos. 1–3.

*First*, Plaintiff's objection lacks effect. "[A] party cannot object to a subpoena…but rather, must seek a protective order or make a motion to quash." *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2016 WL 4163560, at *4 (M.D. Fla. Aug. 5, 2016). Plaintiff did neither. Any objection is also untimely: Plaintiff received notice of the Subpoena on September 17, 2026, but did not "object" until November 10, 2026. *See* Fed. R. Civ. P. 45(d)(2)(B). A party lacks standing to challenge a subpoena absent "a 'personal right or privilege,'" *Davis v. State Farm Mut. Auto. Ins. Co.*, 347 F.R.D. 370, 372-73 (M.D. Fla. 2024), and relevance supplies none.

*Second*, responsive documents are relevant. Discovery revealed that after succeeding Grant Thornton as Plaintiff's auditor, KPMG reviewed Grant Thornton's work. **Exhibits B, C**. Indeed, Plaintiff disclosed to the SEC (presumably because of KPMG's review) that it is determining whether "corrections are required" to "previously filed periodic reports, potentially dating back to June 30, 2025" which is within the relevant time of this case. **Exhibit C**. Assessment of the past audit bears directly on the truth of Coventry's statements.

*Third*, Plaintiff's accountant privilege objection is untimely; *Centennial*, 2016 WL 4163560, at *3; and waived. Plaintiff permitted disclosure of Grant Thornton records including communications with KPMG. Ex. B. *See 7-Eleven, Inc. v. George*, No. 6:08-cv-2091-Orl-35GJK, 2010 WL 11508171, at *3 (M.D. Fla. Feb. 17, 2010) (Privilege waived where party "failed to timely object to subpoena"). The privilege is also waived given that Plaintiff placed auditor opinion at-issue in this case. *See Savino*

*v. Luciano*, 92 So. 2d 817, 819 (Fla. 1957). Nor has Plaintiff identified any privileged document, and blanket assertions do not suffice. *In re Renco Grp. Inc.*, 164 F.4th 1336, 1344 (11th Cir. 2026). Finally, the scope of the accountant privilege should not extend to public auditors. *See e.g. United States v. Arthur Young & Co.*, 465 U.S. 805, 817–18 (1984); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. KPMG Peat Marwick*, 742 So. 2d 328, 330 (Fla. Dist. Ct. App. 1999), *approved*, 765 So. 2d 36 (Fla. 2000).

WHEREFORE, Coventry requests the Court compel KPMG to produce responsive documents within seven days of the Court's order.

**LOCAL RULE 3.01(g) CERTIFICATE**

Pursuant to Local Rule 3.01(g), counsel for Coventry conferred by telephone with counsel for KPMG and Plaintiff on November 13, 2026, regarding the relief requested in this Motion. Plaintiff opposes the requested relief. KPMG opposes the requested relief but takes no position on Plaintiff's assertion of the accountant-client privilege.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Respectfully submitted,

Dated: November 22, 2026

*/s/ Benjamin F. Elliott*
ALFRED J. BENNINGTON, JR., ESQ.
GLENNYS ORTEGA RUBIN, ESQ.
BENJAMIN F. ELLIOTT, ESQ.
SHUTTS & BOWEN LLP
300 South Orange Ave.
Suite 1600
Orlando, FL 32801
Telephone: (407) 423-3200
Facsimile: (407) 425-8316
bbenington@shutts.com
grubin@shutts.com
belliott@shutts.com

*Counsel for Defendants Coventry First LLC and Alan Buerger*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 22, 2026, a true and correct copy of the foregoing document was electronically served via the CM/ECF system on all parties authorized to accept service by CM/ECF. Furthermore, a true and correct copy of the foregoing document was transmitted to counsel for non-party KPMG LLP via electronic mail to the following:

Melissa B. Coffey
Foley & Lardner LLP
106 East College Avenue, Suite 900
Tallahassee, FL 32301
mcoffey@foley.com

Should counsel for KPMG, LLC decline to accept service, undersigned will take steps to serve non-party KPMG, LLC through process server and will submit an updated certificate of service if necessary.

*/s/ Benjamin F. Elliott*
BENJAMIN F. ELLIOTT, ESQ.